

August 13, 2024

By ECF
Hon. Laura Taylor Swain
United States District Court
  for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

### *Panini America, Inc. v. Fanatics, Inc. et al.*, **Case No. 23-cv-09714-LTS[1]**

Dear Judge Swain:

We write on behalf of Plaintiff Panini America, Inc. ("Panini") to bring to the Court's attention the final arbitration award rendered on July 30, 2024 (the "Final Award") by the arbitration Tribunal in *Panini America, Inc. v. National Football League Players Incorporated*, AAA Case No. 01-23-0003-7163 ("Arbitration"), a copy of which is attached hereto.[2]

In the Final Award, the Tribunal, chaired by the Honorable Michael Mukasey (Ret.), concluded that National Football League Players Incorporated ("NFLPI") invalidly, and in breach of its contractual obligations, purported to terminate a license agreement with Panini worth hundreds of millions of dollars a year. The Fanatics Defendants were not a party to the Arbitration, and the Final Award properly notes that the Tribunal's decision did "not address or purport to resolve any of the issues involved in" the various litigations between Panini and Fanatics. Final Award at 3-4. The Final Award is also express in finding that Panini had not presented "evidence that anyone at Fanatics had undue influence over [NFLPI's] decision" to wrongfully terminate its license agreement with Panini. *Id.* at 29-30.

The Tribunal, however, made a number of findings in the Final Award that are relevant to the Court's consideration of the Fanatics Defendants' pending motion to dismiss in the above-referenced action. This motion to dismiss presumes, from its first sentence, that Panini's amended complaint "tries to turn procompetitive conduct… into an antitrust violation," which, the Fanatics Defendants argue, is not the proper basis for a "viable antitrust case." Dkt. 100, Fanatics Mem. in Supp. of Mot. to Dismiss at 1. The Final Award, however, reinforces that—to the contrary—Panini has an ample, plausible basis to plead that Fanatics's conduct is driven by anticompetitive intentions and has caused, and will continue to cause, anticompetitive effects.

To start, the Final Award recognizes that the dispute in the Arbitration "stems from the entry into the trading-card market of a group of entities collectively known as Fanatics; ***Fanatics's effort to inflict competitive injury on an established trading-card company, Panini America, Inc.*** ('Panini'); and the subsequent attempts by National Football League Players

---

[1] Related case: *Fanatics Collectibles TopCo, Inc. v. Panini S.p.A.*, Case No. 1:23-cv-06895-LTS.
[2] The attached copy of the Final Award is a public version that reflects limited redactions of confidential information agreed by the parties.



Incorporated ('NFLPI') to mitigate the fallout." Final Award at 3 (emphasis added). The Final Award also recognizes that, after entering the trading card market, "Fanatics then took a series of steps apparently designed to hurt Panini's business," including by poaching members of Panini management and "sign[ing] exclusive contracts to license the publicity rights of some of the NFL's most promising rookie quarterbacks." *Id.* at 7-8. Notably, the Fanatics Defendants' motion papers seek to characterize such conduct as nothing more than "procompetitive" competition for "skilled employees" and "player autographs." Fanatics Mem. in Supp. of Mot. to Dismiss at 22. But the Tribunal, after a full factual hearing, concluded that such actions were actually "designed to hurt Panini" and credited evidence showing that even "Fanatics's future partner NFLPI viewed" Fanatics' efforts to sign exclusive autograph contracts with rookies "as harmful to NFLPI's own interests." Final Award at 8.

In short, the Tribunal recognized that the Fanatics Defendants had indeed taken "aggressive steps to reduce Panini's competitiveness," *Id.* at 3, as the Amended Complaint alleges. Fanatics's attacks on the well pleaded allegations of the complaint are irrelevant at this stage of the litigation. The Tribunal's decision evidences that those attacks are also contrary to the facts.

Respectfully submitted,

*/s/ David Boies*
David Boies

Encl.

cc:    Counsel of Record (by ECF)