August 15, 2024

**VIA ECF**

Hon. Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Panini America, Inc. and Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-JHR
[Related to Case No. 1:23-cv-06895-JHR]

Dear Judge Swain:

On behalf of the Fanatics entities in the above-referenced case, we write in response to Panini's August 13 letter improperly requesting that the Court accept and consider in connection with the pending motion to dismiss a redacted version of the Final Decision and Award in the arbitration between the National Football League Players Incorporated ("NFLPI") and Panini in which Fanatics was not a party. As an initial matter, it is highly inappropriate for Panini to make such a submission, given that Fanatics' motion to dismiss—based on the deficiencies found within Panini's Amended Complaint—is fully briefed and submitted (ECF No. 99). *See, e.g.*, *Encore Dermatology Inc. v. Glenmark Pharms. Ltd.*, 2020 WL 7586958, at *4 n.3 (D.N.J. Dec. 22, 2020) (denying "motion to take notice of supplemental authority" where such authority was actually evidence outside the scope of "consideration on a motion to dismiss"); *United States v. Strock*, 2018 WL 647471, at *5 n.1 (W.D.N.Y. Jan. 31, 2018) (declining to consider "new facts outside the scope of the facts in the Complaint" raised in "supplemental authority"). We therefore respectfully request that it be disregarded.

Moreover, the Award was rendered in a confidential arbitration in which Fanatics was not a party. As a non-party (unlike Panini), Fanatics did not (because it could not) present its own evidence and arguments on the disputed issues in that proceeding. Accordingly, the panel's statements about Fanatics have not been tested through the adversarial process, are not binding or preclusive on non-party Fanatics, and should be given no weight in these proceedings. *See, e.g., Usina Costa Pinto S.A. Acucar E Alcool v. Louis Dreyfus Sugar Co.*, 933 F. Supp. 1170, 1176 (S.D.N.Y. 1996) (arbitral decision did not bind non-party witness). In its letter, Panini touts various "findings" against Fanatics, but these are not "findings" at all. Rather, such statements merely reflect Panini's own unchallenged allegations about Fanatics. Fanatics sharply disputes those allegations.

But even if the Court considers Panini's improper filing (which it should not), the arbitral decision fully supports Fanatics. A central tenet of Panini's case before this Court and in the arbitration was that Fanatics allegedly "induc[ed] the NFL Players Association to purport to terminate its agreement with Panini." ECF No. 69 ¶ 207; *see also id.* ¶¶ 179-87. But the arbitral panel concluded, "after extensive discovery, a third-party subpoena for documents and testimony, and live testimony from a corporate representative of Fanatics" that "the evidence does not bear out Panini's allegations." ECF No. 113-1 at 29. Instead, the arbitration panel expressly found to the contrary: that "[i]t is undisputed that [Lloyd Howell, Executive Director of the NFLPA and Chairman of the NFLPI] *alone* made the decision to terminate the License Agreement" with Panini. *Id.* (emphasis added). The panel went on to conclude: Panini "presented *no evidence* that anyone at Fanatics had undue influence over Howell's decision," which "**was *not* based on any collusive conduct with Fanatics**." *Id.* at 29-30 (emphases added). These findings, though not pertinent to Fanatics' pending motion to dismiss, actually contradict the allegations in Panini's Amended Complaint. *See, e.g.*, ECF No. 69 ¶¶ 179-87.

Respectfully submitted,

**LATHAM & WATKINS LLP**

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
lawrence.buterman@lw.com

**QUINN EMANUEL URQUHART & SULLIVAN LLP**

*/s/ Michael B. Carlinsky*
Michael B. Carlinsky
51 Madison Ave, 22nd Floor
New York, NY 10010
(212) 849-7000
michaelcarlinsky@quinnemanuel.com

*Counsel for Defendants*

cc: All Counsel of Record via ECF