```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF NEW YORK
     -------------------------------:

     PANINI AMERICA, INC.,           : Case No.: 23-CV-9714

                     Plaintiff,      :

          v.                         :

     FANATICS COLLECTIBLES           : New York, New York

     INTERMEDIATE HOLDCO, INC.,      : March 10, 2025

     et al.,                         :

                     Defendants.:

     -------------------------------:

             TRANSCRIPT OF STATUS CONFERENCE HEARING

            BEFORE THE HONORABLE VALERIE FIGUEREDO

                UNITED STATES MAGISTRATE JUDGE

     APPEARANCES:

     For Plaintiff:          BOIES, SCHILLER & FLEXNER LLP
                             BY:  David Boies, Esq.
                                  Stuart Singer, Esq.
                             333 Main Street
                             Armonk, New York 10504

     For Defendant:          LATHAM & WATKINS LLP
                             BY:  Lawrence E. Buterman, Esq.
                                  Amanda Reeves, Esq.
                             1271 Avenue of the Americas
                             New York, New York 10020

     For Defendant:          QUINN EMANUEL
                             BY:  Kathryn D. Bonacorsi, Esq.
                                  Ted Ovrom, Esq.
                             295 Fifth Avenue
                             New York, New York 10016


     Proceedings recorded by electronic sound recording;
     Transcript produced by transcription service.

           AMM TRANSCRIPTION SERVICE   631.334.1445
```

```
 1              THE DEPUTY CLERK:  Good morning.  This is
 2    the matter of Fanatics Collectibles Topco, Inc. v.
 3    Panini S.P.A.; Case Number: 23-cv-6895; and Panini
 4    America, Inc. v. Fanatics, Inc., et al.; Case
 5    Number: 23-cv-9714.  The Honorable Valerie Figueredo
 6    presiding.
 7              Counsels, can you please make your
 8    appearances for the record.  And it will be just for
 9    those that will be speaking during this conference.
10              For Fanatics Collectibles Topco, please
11    make your appearances.
12              MR. BUTERMAN:  Good morning.  This is Larry
13    Buterman, from Latham & Watkins, on behalf of the
14    Fanatics entity.  With me, and who may be speaking,
15    depending on the inquiries, are my partner, Amanda
16    Reeves, as well as Kathryn Bonacorsi and Ted Ovrom
17    from Quinn Emanuel.
18              THE DEPUTY CLERK:  For Panini America?
19              MR. BOIES:  Good morning, Your Honor.  This
20    is David Boies.  And also on the phone is my
21    partner, Stuart Singer, who also will be speaking
22    today.
23              THE COURT:  Good morning, everyone.  This
24    is Judge Figueredo.
25              My apologies.  It took me slightly longer
```

```
 1    than I thought to get on the call, but the system
 2    was a bit slow, and so I apologize for being tardy.
 3              I have the letter that the parties
 4    submitted at ECF 152.  It sounds, though -- and I
 5    might be misremembering our December conference, or
 6    the last -- I think that that was the last one we've
 7    had -- where it sounded like at that time Panini was
 8    also attempt -- there's four categories of documents
 9    that Panini focused on at page 2 of the letter at
10    ECF 152.  And I recall, at least if I'm not
11    misremembering, at our last conference, these were
12    the same categories of documents that Panini had
13    raised an argument based on their sensitivity or
14    competitive sensitivity, given that the two parties
15    are competitors in the same market.
16              And so am I remembering that correctly, if
17    anyone wants to just confirm?
18              MR. BUTERMAN:  Yes, Your Honor.  This is
19    Larry Buterman from Latham & Watkins.
20              So when we had the last conference, which
21    was a couple of months ago, the issue surrounding
22    these four additional requests came up.  And at the
23    time, Fanatics did raise the issue of the
24    sensitivity of these materials, much like the
25    sensitivity of the license agreements that were part
```

```
 1   of the prior dispute.  And what I had said at the
 2   time -- and it's Fanatics' position, and I'll repeat
 3   it again -- is that we do not understand and have
 4   never been told why it is necessary that Panini get
 5   these most sensitive materials now.  And what we
 6   said at the time is that we are open to pushing
 7   discovery forward beyond what has happened already,
 8   which is, frankly, pretty extensive.  We laid it out
 9   in the letter.  But we are fine moving discovery
10   forward.
11            What we've requested from Panini and what
12   we have never received are any requests that don't
13   go to the most sensitive commercial agreements that
14   Fanatics has.  And I assume that if this case
15   survives a motion to dismiss, that Panini will have
16   other document requests that they will serve on
17   Fanatics.  And we do not understand why they have
18   refused to engage with us and provide those types of
19   simple, non-controversial, non-commercially
20   sensitive requests to us.
21            Again, you know, we are of the view that in
22   light of the pending motion to dismiss and the
23   issues that it raises, that discovery should not
24   proceed.  We understand Your Honor's views on that.
25   And, accordingly, we're trying to do what we can.
```

1         We've negotiated the protective order, the
2    ESI protocol.  We've exchanged custodian lists,
3    organizational charts.  We have an upcoming deadline
4    this week to serve initial disclosures.  And so
5    we've done a lot here to position ourselves so that
6    when discovery begins in earnest, if the motion to
7    dismiss is denied in part or in whole, that we can
8    proceed expeditiously.
9         But we just believe that we shouldn't be
10   retreading this argument regarding production of our
11   most sensitive materials.  It's going to be a waste
12   of time.  We have the issue that's now pending
13   before Judge Swain, and Judge Swain's ruling there,
14   as well as the ruling on the motion to
15   dismiss submitted is going to largely resolve that
16   dispute.
17         MR. BOIES:  Your Honor, this is David
18   Boies.
19         We have tried to explain as clearly as we
20   can for months now why these documents are the
21   appropriate documents to start with.  They are at
22   the center of the case.  They define the nature of
23   the case, and they define the other related
24   discovery that's going to be necessary to take.
25   These are the contracts and the agreements that are

```
 1    challenged as anticompetitive.  They go right to the
 2    heart of the case, and they are exactly the kind of
 3    documents that we ought to start with.
 4              We've also gone over for months now the
 5    fact that these can be designated as highly
 6    confidential, and they have a degree of protection
 7    that I think, frankly, in my own view, goes beyond
 8    what is appropriate, but, in any event, fully
 9    protects Fanatics in terms of any legitimate
10    confidentiality concerns that they have.
11              Now, when we were here last year with Your
12    Honor, what Fanatics said is, if we would simply
13    serve a document request, formal document request,
14    they would respond.  We served this formal document
15    request, and there was no dubiety about what we were
16    going to ask for.  We told them what we were going
17    to ask for.  They said they would address this in
18    good faith.  We served the document, and they came
19    back and produced nothing in response to that
20    document request, gave us no counteroffer.  They
21    simply said, no.
22              Now, what I think is clear is that this is,
23    you know -- and I don't blame them for it.  I mean,
24    every defendant tries to delay things.  Every
25    plaintiff tries to move things along.  So that's --
```

```
 1    you know, that's what we do.  But I think that we're
 2    now at the point where we've got to start this
 3    process.  And I would urge the Court to try to
 4    address this issue now because, you know, I think
 5    that it's likely that they are going to appeal Your
 6    Honor's decision.  So if we don't get this started,
 7    it's going to be months and months and months before
 8    we get this discovery, which I think, as I've said
 9    before, is exactly the kind of discovery that we
10    need, not only to prepare the case, but to frame
11    additional discovery.
12              MR. BUTERMAN:  Your Honor, just two quick
13    points in response.
14              First, just to clear up the issue of the
15    last conference and the serving of formal discovery
16    requests, Your Honor will recall that we did not
17    request or demand formal discovery requests for the
18    first set of documents.  Your Honor had raised the
19    issue when we informed the Court that we were
20    planning on appealing the Court's order to Judge
21    Swain -- that we had not done that, and I
22    represented that we would not be making any argument
23    that the failure to serve formal document requests
24    somehow was a reason for the order to be overturned.
25    And, certainly, we did not make that argument.  But
```

1  at the time, we did make clear that we thought that
2  future document requests should go through the
3  standard process of formal discovery requests and
4  formal responses so that the Court would have a full
5  and complete record, both Your Honor and Judge
6  Swain.  And that is why we made the request.
7           We did timely serve objections to those
8  requests.  I think we had made clear that we
9  objected to those requests in whole during the last
10 conference, so I don't think it was a surprise that
11 we objected.
12          But one thing that we did say, Your Honor,
13 in each and every one of our responses, is that we
14 were willing to meet and confer with Panini on these
15 requests.  And despite making that statement, Panini
16 never reached out to us to meet and confer regarding
17 these requests.  And in contravention of Your
18 Honor's rules and, frankly, every Court's rules,
19 they decided to bring this dispute to Your Honor
20 before ever meeting and conferring with us.  And we
21 believe that that in and of itself is a reason to
22 deny this current request as premature.
23          The parties should be required to go
24 through the standard process.  And Your Honor's
25 rules are clear.  It's not just an exchange of

```
 1    letters.  It's supposed to be a phone call.  And I
 2    think that's important, Your Honor, because, again,
 3    we have never understood from Panini why it is that
 4    they need these materials now.  And perhaps during a
 5    meet and confer, they can explain the urgency for
 6    why they need these materials because we don't know
 7    what it is.
 8             I will also say, and I think Mr. Boies and
 9    Mr. Singer will agree, that the parties have worked
10    very cooperatively together, this issue aside.  And
11    we have made a lot of progress on meet and confers.
12    So we were, frankly, a bit surprised that they
13    decided to just bypass the meet and confer process
14    and go straight to Your Honor.  We were -- that's
15    why when the notice came out, we actually didn't
16    even think that there were any live disputes for us
17    to be discussing.
18             The only other thing I wanted to mention
19    briefly, Your Honor, is that Mr. Boies mentioned
20    that these four document requests, the materials
21    that he's seeking now, go to the heart of the case
22    and the conduct being challenged.
23             Actually, by the face of the request, you
24    can see it's the exact opposite.  Mr. Boies has made
25    clear in prior arguments that the issues here are
```

```
 1   the agreements, the license agreements.  That's what
 2   he's argued is at the heart of the case.
 3             These requests are, frankly, fishing
 4   expeditions for all of our other agreements, the
 5   ones that do not go to the heart of the case, with
 6   the hope that he can look at those agreements and
 7   utilize them for building a case, but he has no
 8   basis to suggest that these agreements in any way,
 9   shape or form, have any relevance to this case.
10             In fact, look at Request Number 1.  There's
11   just no reference in the complaint to any of these
12   agreements.  There's a vague request reference to
13   the topic of OneTeam, which is the subject of
14   Request Number 2, and Fanatics' agreements with GCP.
15   Your Honor, it's a Section 7 claim with respect to
16   GCP.  Our agreements with GCP are not going to be
17   relevant to that.  That's a question about the
18   effects of the transaction itself.  And so I think
19   when you look through all of these and Fanatics'
20   agreements with hobby stores, distributors, big-box
21   retailers, Your Honor, this is clearly, at best, a
22   fishing expedition.  And at worst, it raises a lot
23   of the concerns that we previously articulated about
24   what these materials are going to be used for, which
25   brings us back to where we started, which is, why is
```

```
 1    it that Panini cannot serve us with requests that go
 2    to less commercially sensitive materials?
 3              THE COURT:  So I'm just going to --
 4              MR. BOIES:  Your Honor, could I just
 5    correct a couple things, Your Honor?
 6              THE COURT:  Sure.  Could I -- I'm happy to
 7    give everyone a lot of time to speak.  I just -- I
 8    wanted to point something out that just came across
 9    my desk, which I think will change the nature of the
10    discussion.
11              So later today, or at some point today,
12    Judge Swain will docket her decision on the motion
13    to dismiss.  I'm going to give you the basic -- the
14    digest, you know, the conclusion which she's ruled,
15    and I think that might speed along our discussion
16    here.  But, again, this will be on the docket at
17    some point today.
18              So this is in the case ending in 9714.
19    Count 5 of the complaint is dismissed for lack of
20    standing.  Count 6 is dismissed only as to the NFL,
21    NBA and NBPA contracts and the alleged breach of the
22    change-of-control provision in the Panini S.P.A. GCP
23    contracts.
24              Count 7 is dismissed as to Panini's alleged
25    current business relationship with the NBPA and WWE.
```

```
 1    And Count 8 is dismissed to the extent it relies on
 2    plaintiff's generalized allegations of defamatory
 3    communications to the former employees, the leagues,
 4    and the players associations.  The motion is denied
 5    with respect to all other claims.  And the Rule 72
 6    objection to my December 12, 2024 order is overruled
 7    as moot.
 8             That was in the case ending in 9714.  And
 9    then there's also a decision that will be docketed
10    today in case ending 6895.  And as for that one, the
11    motion to dismiss is granted with respect to Counts
12    1 and 3 and denied in all other respects.  The
13    request to consolidate the case is denied without
14    prejudice to renewal.
15             MR. BOIES:  Your Honor, that was very
16    timely.
17             THE COURT:  Yeah.  I figured I should -- it
18    literally just came across, and I thought it would
19    be worth mentioning because I know a lot of these
20    arguments for Fanatics had to do with waiting on the
21    decision.
22             So, you know, now that we have it -- and I
23    realize I just dropped it on you-all, perhaps we can
24    talk about how to proceed with discovery, given that
25    we can move forward now with at least some of the
```

1   claims.

2            MR. BUTERMAN: Your Honor, this is Larry
3   Buterman. May I make a suggestion? And thank you
4   for letting us know about that. It was a lot to
5   take down. And in all candor, I cannot go through,
6   in real time, on the claims and see what has been
7   dismissed and what's no longer relevant and what is
8   relevant.

9            What I would respectfully request is that
10  we adjourn the discussion on discovery until both
11  sides have had the opportunity to review the
12  decision. And then, first, I would suggest that the
13  parties be able to meet and confer to see whether we
14  still have any disputes as to what needs to be
15  produced and what doesn't need to be produced.

16           And after that, if necessary, we reach out
17  to Your Honor for a conference where, in advance, we
18  can put out our respective positions on any
19  remaining issues. I think it would just be too
20  difficult to be deciding these issues on the fly
21  right now without the decision.

22           MR. BOIES: Your Honor, this is David
23  Boies. I don't disagree with counsel that it would
24  be useful for us to actually look at the decision.
25  The only thing I would ask is that we try to reserve

1   a date relatively soon, that we don't wait another
2   month, because while I may be unduly pessimistic, I
3   suspect that we are not going to reach agreement on
4   discovery.  And if that is so, I think it would be
5   desirable to bring it to the Court's attention as
6   promptly as possible.  We'll be prepared to meet and
7   confer with them starting tomorrow.
8           MR. BUTERMAN:  Yeah.
9           And, Your Honor, Mr. Boies' request is fine
10  with us.  We're happy to move this along.  We do
11  need a little time to digest the decision.  I
12  actually don't share Mr. Boies' pessimism.  I
13  believe that we'll probably at least significantly
14  narrow the disputes.
15          But in the meantime, I'm happy if we can --
16  I think it is going to be necessary in the event
17  that we do not agree with one another, that we
18  present the dispute to Your Honor in a letter,
19  similar to what we did with this, in advance of this
20  conference.
21          So what I would request, Your Honor, is
22  maybe if we could set another conference, either for
23  the -- depending on Your Honor's calendar, sometime
24  during the week of the 24th or the 31st.  It's two
25  or three weeks from now.

```
 1                THE COURT:  Yeah, so I'm fine taking that
 2    approach.  We can do it -- excuse me.  We can do
 3    this:  I'm on criminal duty the week of the 24th, so
 4    I can't take on conferences in civil cases, but I
 5    have availability the 31st.  So I can enter an order
 6    scheduling a conference.  I have conferences in the
 7    morning, so it will likely be in the afternoon of
 8    the 31st.
 9                If you have the meet and confer and there's
10    still issues, I do really appreciate it being teed
11    up in a letter.  So if you could do that again, that
12    would be very helpful.  And then I would expect that
13    by the 31st, since it sounded like there had been
14    some discussions, maybe not fully finalized, but you
15    had been working towards submitting a case
16    management report.  So if by the 31st you could have
17    that prepared as well, then I can go ahead and enter
18    that, and you-all can have a schedule.
19                MR. BOIES:  Thank you, Your Honor.
20                MR. BUTERMAN:  Thank you, Your Honor.
21                THE COURT:  Okay.  Let me -- since I have
22    you on the phone, if I schedule it for, let's say,
23    noon on the 31st, does anyone have a conflict?
24                MS. BONACORSI:  Yes, Your Honor.
25                MR. BOIES:  Yeah.  I will be in a
```

```
 1    deposition that day, but if we schedule it at noon,
 2    I can do it during the luncheon recess.  So that
 3    would be great.
 4             THE COURT:  Mr. Boies, would you like me to
 5    give you another day?  I don't want to -- you know,
 6    it is your lunch break, so I am happy to move it.
 7             MR. BOIES:  Well, I --
 8             MR. BUTERMAN:  Yeah, Your Honor, that
 9    deposition involves both sides, Your Honor, so maybe
10    a better -- there might be a different date that
11    would work.  I don't want to -- I want to make sure
12    that my colleagues at Quinn Emanuel can be on as
13    well.
14             MR. BOIES:  I could do -- how would April
15    2nd be?
16             THE COURT:  I can do April 2nd, but it
17    would have to be in the afternoon because I have a
18    settlement conference in the morning.
19             MR. BOIES:  Anytime.  Anytime on April 2nd,
20    Your Honor, would be okay with us, if that works
21    for Fanatics.
22             MR. BUTERMAN:  It works for myself.  And
23    I'll leave Ms. Bonacorsi to speak on behalf of Quinn
24    Emanuel.
25             MS. BONACORSI:  Yes, Your Honor, we can
```

```
 1   make that date work.  And thank you for the
 2   flexibility.
 3           THE COURT:  Of course.  Yeah, I'm happy to
 4   accommodate.
 5           So how about April 2nd at 1:00 p.m.?
 6           MR. BOIES:  That would be great, Your
 7   Honor.
 8           MR. BUTERMAN:  Thank you, Your Honor.
 9           MS. BONACORSI:  Thank you.
10           THE COURT:  Okay.  I'll enter an order
11   scheduling that time, and then if you can just get
12   me the letters raising any disputes by the 31st,
13   that would be great.
14           MR. BOIES:  We will do that, Your Honor.
15           MR. BUTERMAN:  Thank you, Your Honor.
16           THE COURT:  Anyone have anything else they
17   want to add?
18           MR. BUTERMAN:  Not at this time for
19   Fanatics, Your Honor.
20           MR. BOIES:  And not for Panini.
21           THE COURT:  Okay.  Great.
22           So I'll wait to hear from you, and
23   otherwise we'll chat on April 2nd.  Thank you very
24   much.
25           MR. BOIES:  Okay.  Thank you.
```

```
 1            MR. BUTERMAN:  Thank you.
 2            MS. BONACORSI:  Thank you.
 3            MR. BOIES:  Bye.
 4
 5                         0o0
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1
 2                    C E R T I F I C A T E
 3
 4         I, Adrienne M. Mignano, certify that the
 5    foregoing transcript of proceedings in the case of
 6    Panini America, Inc. v. Fanatics, Inc. et al.;
 7    Docket #23CV9714 was prepared using digital
 8    transcription software and is a true and accurate
 9    record of the proceedings.
10
11
12    Signature  ___Adrienne M. Mignano___
13               ADRIENNE M. MIGNANO, RPR
14
15    Date:      March 11, 2025
```