

April 2, 2025

**<u>Via ECF</u>**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      **Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS (S.D.N.Y. 2023)**

Dear Judge Figueredo:

      We write on behalf of Plaintiff, Panini America, Inc., seeking an order compelling Fanatics to comply with Your Honor's December 12, 2024 Order (the "Production Order") requiring Fanatics to produce its six license agreements with the major sports leagues and players associations (the "Agreements").

      Chief Judge Swain rejected Fanatics' Rule 72 appeal of the Production Order on March 10, 2025. Following this decision, Panini promptly demanded that Fanatics produce the Agreements. On March 17, 2025, Fanatics refused, claiming that they were working diligently to comply with the notice and consent requirements under the license agreements. Fanatics added that they may reach out prior to production to schedule a meet and confer on redacting competitively sensitive and irrelevant terms from the Agreements.

      This Court should reject what amounts to an effort on Fanatics' part to re-litigate the terms of the Production Order and delay compliance. For over half a year, Fanatics has resisted production of the Agreements on the basis, among others, of contractual obligations of non-disclosure to the leagues and players associations. The parties' respective positions concerning this issue and others were considered by the Court over the course of five submissions by the parties, *see* ECF Nos. 120, 129, 130, 131, 133, and two separate Court conferences, ECF No. 126 (11/7/24 Hr'g Tr.); ECF No. 136 (12/12/24 Hr'g Tr.). In the Production Order, the Court rejected Fanatics' arguments and ordered production of the Agreements "now." ECF No. 136 at 4:8-14. The Court specifically ruled that the interests of third parties could be adequately protected by requiring production pursuant to an "attorneys'-eyes-only" designation.

      The parties met and conferred and discussed the issue of Fanatics' production of the Agreements for over five months, culminating in the rejection of Fanatics' appeal. Given the core importance of the Agreements to Panini's claims and the fact that the Court has accounted for commercial sensitivities by ordering the Agreements produced with attorney's-eyes-only protections, redactions are unwarranted. Panini demanded production by Friday, March 28, which Fanatics ignored, requiring this application for relief.



## Argument

As Your Honor and Chief Judge Swain have already recognized, the Agreements "are at the heart of Panini's antitrust claims," are relevant, and must be produced. ECF No. 136 at 6:9-25. The Production Order squarely required production of these Agreements on December 12. To the extent Fanatics' Rule 72 Objection relieved it of any immediate production obligation, Chief Judge Swain overruled this objection on March 10, meaning Fanatics no longer has any possible basis for resisting compliance with the Production Order. Its continued obstruction should be summarily rejected for at least two reasons:

First, the time has long passed for any third-party licensors to assert whatever rights they may think they have to intervene based on purported notice-and-consent rights in the Agreements. According to Fanatics, those licensors received the required contractual notice by January 3. If the licensors believed they had legitimate interests that the Court was required to consider, it was their obligation to make their positions known, but they did not. Fanatics cannot justify its continued refusal to produce the Agreements based on the supposed rights of third parties who have failed—for three months—to voice any objection or to take any action of their own.

Second, this Court should not be deterred by the possibility that licensors might request some as-yet-to-be-determined redactions of the Agreements. Your Honor already addressed Fanatics' concerns by requiring that the Agreements be produced with an attorney's-eyes-only designation. ECF No. 136 at 6:9-25 ("it's quite commonly the case that, in an antitrust case, a party may be required to produce commercially sensitive information to a competitor, but that doesn't counsel [sic] against delaying the production of the documents that are at the heart of Panini's antitrust claims").[1] Indeed, the law is clear that confidentiality agreements with third parties do not excuse a litigant from producing discoverable materials. *See Hicks v. Leslie Feely Fine Art, LLC*, 2021 WL 3617208, at *4 (S.D.N.Y. Aug. 13, 2021) ("Even documents that are subject to third-party confidentiality agreements or understandings may be discoverable under Rule 26.").

Based on the Court's prior orders, Panini urges the Court to reject Fanatics' suggestion that ***any*** redactions of the Agreements should be required in light of the attorneys'-eyes-only protections in the Protective Order and require immediate production of the Agreements. Alternatively, the Court should order Fanatics to produce the Agreements with any proposed redactions ***now***, with any meet-and-confer discussions about the propriety of those redactions to follow. Any other approach would just reward Fanatics' continued dilatory tactics and obstructionism.

---

[1] Indeed, Fanatics' counsel has previously argued to this Court that privacy interests are "sufficiently guarded" by an attorney's-eyes-only designation. Plaintiff Raymond A. Mirra's Memorandum of Law in Support of His Motion to Compel Discovery, *Mirra v. Jordan*, 2016 WL 11518505 (S.D.N.Y. Jan. 27, 2016) (citing *In re Currency Conversion Fee Antitrust Litig.*, 2004 WL 848171, at *1 (S.D.N.Y. Apr. 21, 2004)).



                                      Respectfully submitted,

                                      */s/ David Boies*
                                      David Boies

cc: All Counsel of Record (by ECF)