April 7, 2025

**Via ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, No. 1:23-cv-09714-LTS-VF

Dear Judge Figueredo:

We write on behalf of Fanatics in response to Panini's April 2, 2025 letter motion ("Letter Motion") seeking an order compelling Fanatics to produce its six license agreements with major sports leagues and players associations (the "Agreements"). ECF No. 169.

Once again, Panini is manufacturing a problem where none exists, and violating the Court's Protective Order in the process. In light of the Court's motion to dismiss decisions, Fanatics will produce all Agreements, and is following the proper process to do so. Fanatics explained on numerous occasions that production of the Agreements would contractually require discussion and coordination with each of the six third-party licensors, who have certain advanced-notice and consent rights under the Agreements' terms. *E.g.*, ECF No. 120 at 3; ECF No. 129 at 4 n.2, ECF No. 146 at 14. On January 3, 2025, Fanatics formally notified the six licensors of the *potential* production of the license agreements at issue. ECF No. 147 at ¶ 5. But it was not until March 10, 2025—less than a month ago—that the District Court issued an order on Fanatics' Motion to Dismiss and overruled as moot Fanatics' Rule 72 Objection to Your Honor's Order to produce the Agreements. ECF No. 164. On March 14, 2025, Fanatics formally notified the licensors of the Court's decision, and that the Court had ordered production of the Agreements. Since providing that update, numerous licensors have notified Fanatics that they object to the production of the Agreements without appropriate redactions. Fanatics is now working diligently with the licensors to negotiate redactions to competitively-sensitive contractual terms unrelated to the core issues of this case.

As is becoming a trend in this matter, Panini's letter motion is procedurally improper. The Protective Order explicitly requires the parties to meet and confer regarding proposed redactions. ECF No. 158-2 at ¶ 14 ("Should either party wish to redact non-responsive portions of a responsive document for confidentiality reasons, the parties shall meet and confer regarding the proposed redactions."). That is a provision that Panini specifically requested and agreed to. And Section II.c.1 of this Court's Individual Practices in Civil Cases explicitly states that "[t]he Court will not hear any discovery dispute unless the moving party (including a non-party seeking relief) has first conferred in good faith with any adverse party to resolve the dispute. An exchange of

letters or emails alone does not satisfy this requirement.  Counsel must respond promptly and in good faith to any request from another party to confer in accordance with this paragraph." Consistent with the Protective Order and Your Honor's Individual Practices, Fanatics communicated to Panini an intention to meet and confer regarding limited redactions of competitively sensitive and irrelevant terms.  Instead of scheduling a meet and confer, Panini filed a Letter Motion to compel production of the Agreements with zero redactions.  Panini's demand is thus an improper end run around a mutually agreed-upon and Court ordered process.

Panini urges the Court to reject the suggestion that "***any*** redactions of the Agreements should be required" and order their immediate, unredacted production.  ECF No. 169 at 2 (emphasis in original).[1]  Unredacted production of these Agreements would ignore the rights of the Licensors and expose confidential and proprietary information.  And Your Honor has acknowledged that these third parties have independent rights with respect to these Agreements. Dec. 12, 2024 Hr'g Tr. 63:10-13.  This includes the right to request redactions of commercially sensitive and *irrelevant* information prior to production.  While Panini may choose to disregard proper procedures, Fanatics refuses to do so.

Moreover, Panini's suggestion of bad faith delay makes no sense whatsoever.  Discovery in this case is only just beginning.  Although the Court has not yet set an end-date for discovery, both parties have indicated that they do not anticipate fact discovery closing for *at least* a year. And indeed, given the recently-filed related class action complaint in *Scaturo v. Fanatics et al.*, 25-cv-2202 (S.D.N.Y. Mar. 17, 2025), which contains the same underlying factual allegations but names various leagues and players associations as defendants alongside Fanatics, the issues surrounding discovery may need to be further addressed and coordinated.  Under these circumstances, there is no prejudice to Panini (or strategic benefit to Fanatics) from Fanatics following the proper and required process before turning over non-parties' confidential information.  Nor has Panini identified any prejudice whatsoever that it faces from the minimal additional time required for Fanatics to comply with its notice-and-consent obligations to the third-party licensors.

Accordingly, Fanatics respectfully submits that Panini's motion should be denied.  To the extent any disputes remain on this issue as of May 1, 2025, Fanatics proposes that they be discussed at the discovery conference currently scheduled for that day.

                                                   Respectfully submitted,

| | |
|---|---|
| */s/ Michael B. Carlinsky*\* | */s/ Lawrence E. Buterman* |
| Michael B. Carlinsky | Lawrence E. Buterman |
| Christopher D. Kercher | **LATHAM & WATKINS LLP** |
| Kathryn D. Bonacorsi | 1271 Avenue of the Americas |

---

[1] Panini also states the Agreements will receive an "Attorney's Eyes Only" designation.  This is incorrect.  The Protective Order calls for the Agreements to be designated "Outside Counsel Eyes Only."  ECF No. 158-2 at ¶ 4.

Sami H. Rashid
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
51 Madison Ave, 22nd Floor
New York, NY 10010
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
christopherkercher@quinnemanuel.com
samirashid@quinnemanuel.com

Derek L. Shaffer
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
1300 I Street NW, 9th Floor
Washington, DC 20005
(202) 538-8000
derekshaffer@quinnemanuel.com

\* /s/ signature used with consent in accordance with ECF Rule 8.5(b)

cc: All Counsel of Record (via ECF)

New York, NY 10020
(212) 906-1200
lawrence.buterman@lw.com

Amanda P. Reeves
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
amanda.reeves@lw.com

Christopher S. Yates
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-6538
chris.yates@lw.com