

April 10, 2025

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      **Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS (S.D.N.Y. 2023)**

Dear Judge Figueredo:

      We write on behalf of Plaintiff, Panini America, Inc., in further support of its April 2, 2025 letter motion to compel Fanatics to comply with Your Honor's December 12, 2024 Order requiring Fanatics to produce its six license agreements with the major sports leagues and players associations (the "Agreements").

      Panini's request complies with Section II.c.1 of Your Honor's Individual Practices in Civil Cases and is otherwise procedurally proper. Your order resulted from multiple rounds of meet and confers, followed by briefing, and hearings on the issue. Because the district court rejected Fanatics' appeal on March 10, 2025, the order is due to be enforced without an additional round of meet and confers. What is not procedurally proper is Fanatics' effort to use the meet-and-confer process to obtain further delay. Your Honor noted at the hearing on December 12, 2024, that this case had then been pending for over a year and that delay prejudices the Plaintiff. ECF No. 136 (12/12/24 Hr'g Tr.) at 7:1-5. The case has now been pending for over twenty months, and Fanatics persists in resisting production of the six license agreements which Your Honor described at the hearing as the crux of Panini's claims and ordered produced "now."

      Fanatics complains that it needs more time to address the licensors' objections to production of the Agreements without "appropriate redactions." That time has long since passed. Prior to the December 12 hearing, Fanatics opposed Panini's request for the Agreements by arguing that the Agreements contained "commercially sensitive" information which required pre-production notice to third parties, and that was a reason they should not be produced until the outcome of the motions to dismiss was known. *See* ECF No. 131. Your Honor rejected Fanatics' argument stating: "[Fanatics'] argument is that these agreements are commercially sensitive. But that concern can be addressed by requiring that the agreements be produced with an attorney's-eyes-only designation." ECF No. 136 at 6:9-13. Your Honor should not allow Fanatics to now relitigate the issue of redactions, but order the production of the Agreements "now." As Your Honor observed on December 12, Fanatics and the licensors' interests in confidentiality are adequately protected by the attorney's-eyes-only designation.



Panini further disputes that any redactions of the Agreements are appropriate under the Protective Order. The Protective Order provides for the redaction of "non-responsive portions of a responsive document for confidentiality reasons[.]" ECF No. 160 at 6. It strains credulity to think that any provisions in the Agreements, which specifically pertain to sports trading cards and are at the heart of this dispute, would be non-responsive.

While Panini strongly disagrees that redactions are appropriate given the Court's order to produce the Agreements under an attorney's-eyes-only designation and the scope of redactions permitted by the Protective Order, at a minimum, Fanatics should produce the documents immediately with its proposed redactions.

Fanatics has deflected Panini's efforts to obtain the Agreements since Chief Judge Swain issued her order on Fanatics' motion to dismiss nearly a month ago. But ordering production of the Agreements now will only benefit the case. As Your Honor recognized at the December 12 hearing, "[t]here's been no real progress" in this case and "[d]elay itself prejudices the plaintiff." ECF No. 136 at 7:3-5.

For these reasons, Panini respectfully requests that the Court order Fanatics to produce the Agreements now. Fanatics should not be permitted to delay further and wait until the May 1, 2025 hearing to produce the Agreements. Given Your Honor's order was issued over three months ago and Fanatics' appeal was rejected, production of the Agreements should occur forthwith.

Respectfully submitted,

*/s/ David Boies*
David Boies

cc: All Counsel of Record (by ECF)