UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PANINI AMERICA, INC.,

                        Plaintiff,                        **23-cv-9714 (LTS) (VF)**
                                                                              **23-cv-6895 (LTS) (VF)**

            -against-

FANATICS, INC. et al,                                                    **ORDER**

                        Defendants.
------------------------------------------------------------------X
FANATICS COLLECTIBLES TOPCO, INC.,

                        Plaintiff,

            -against-

PANINI S.P.A.,

                        Defendant.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

        On May 30, 2025, the Fanatics Defendants ("Fanatics") submitted a letter motion concerning a dispute with Panini America, Inc. ("Panini") stemming from certain redactions by Fanatics to terms and financial figures in its six license agreements with various sports leagues and player associations. See ECF No. 179. Panini opposes the redactions. See ECF No. 180. Fanatics submitted the license agreements with the proposed redactions to the Court for *in camera* review. The Court reviewed the license agreements and held a conference on July 2, 2025, to address the dispute. For the reasons discussed below, Fanatics is directed to produce the license agreements to Panini without redactions.

        As an initial matter, the licensing agreements, which concern sports trading cards, are the basis of the antitrust claims in this case. See, e.g., ECF No. 164 at 2-3, 11-12, 15-18,

20-21. And the redacted provisions at issue—relating to "financial figures," "bespoke commercial terms," and "termination provisions" (see ECF No. 179 at 2-3)—are all directly relevant to whether Fanatics offered the sports leagues better products and terms than Panini offered in its negotiations for the licenses.[1]

Fanatics argues that disclosure of these financial figures, definitions, and terms would be detrimental to competition and to Fanatics' competitive business strategy. The Court is mindful that Panini and Fanatics are direct competitors, and that if new licensing opportunities arise, both may be competing for the same business. But redacting core aspects of the licensing agreements that are plainly relevant to the claims at issue here unfairly hinders Panini when there are other measures in place to protect Fanatics' business interests. First, Panini has agreed to receive the licensing agreements under an "Outside Counsel Eyes' Only" designation. Under the Protective Order, the licensing agreements and the information contained therein cannot be disclosed to Panini by counsel. See ECF No. 160 at ¶ 11. Second, the Protective Order limits how the information obtained by counsel can be used. Counsel may use the information "solely for use in connection" with this action, "and not for any other purpose or in any other litigation or proceeding." Id. at ¶ 7. This provision addresses Fanatics' concern that Plaintiffs' counsel may use information gleaned from the licensing agreements in advising Panini in future business negotiations. What's more, Plaintiffs' counsel represented during the conference that, although Panini does not have in-house counsel, the firm advises Panini with regards to litigation matters only.

---

[1] Although Fanatics contends that its redactions are narrowly tailored, some redactions do not appear to concern competitively sensitive information, the disclosure of which would harm Fanatics' business interests. See, e.g, MLBPA Agreement, dated Apr. 17, 2021, at ¶ 27(b). Additionally, some provisions that were redacted would seem to be commercially standard terms that might be expected to appear in similar agreements. See, e.g., MLB Agreement, dated May 10, 2021, at ¶ 10.

For these reasons, Fanatics is directed to produce the licensing agreements to Panini without redactions. As discussed at the conference, because this is a non-dispositive order, Fanatics, if it wishes to do so, may file an objection to this order within 14 days of the date of this order. <u>See</u> Fed. R. Civ. P. 72(a). The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 179.

**SO ORDERED.**

DATED:   New York, New York
         July 2, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge