# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

PANINI AMERICA, INC.,

*Plaintiff*,

v.

FANATICS, INC., FANATICS, LLC,
FANATICS COLLECTIBLES
INTERMEDIATE HOLDCO, INC.,
FANATICS SPV, LLC, and FANATICS
HOLDINGS, INC.,

*Defendants.*

Case No. 1:23-cv-09714-LTS-VF
[Related to Case No. 1:23-cv-06895-LTS-VF]

## FEDERAL RULE OF EVIDENCE 502(d) STIPULATION AND [PROPOSED] ORDER

This Stipulation and [Proposed] Order ("Order") is entered pursuant to Federal Rule of Evidence 502(d). Subject to the provisions of this Order and consistent with Paragraph 16 of the Confidentiality Stipulation and Protective Order entered in the above-captioned action and the related action *Fanatics Collectibles Topco, Inc. v. Panini S.p.A*, No. 1:23-cv-06895-LTS-VF (S.D.N.Y. Aug. 7, 2023) (collectively, the "Actions"), the production or disclosure in the Actions of any documents and accompanying metadata that a producing party thereafter claims to be privileged or protected from discovery ("Protected Documents"), including under the attorney-client privilege, work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, or any other immunity from discovery (collectively, "privilege or protection"), does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such Protected Documents as to the receiving party or any third parties in this or in any other state or federal proceeding solely by virtue of

1

such production or disclosure. This Order provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Documents. Federal Rule of Evidence 502(b) does not apply to any disputes regarding Protected Documents, and instead this Order governs all disputes regarding Protected Documents. Nothing contained herein requires the production of Protected Documents.

1.    **CLAWBACK AGREEMENT**

In the event that a producing party discovers that it produced Protected Document(s), it shall provide written notice of the claim of privilege or protection to the receiving party, or to both Plaintiff and Defendant if a producing party is a non-party, sufficiently identifying the Protected Document(s) (a "Clawback Notice"). Promptly after serving a Clawback Notice, the producing party must identify the basis for the privilege claimed and must include at least the information required by Rule 26(b)(5)(A)(ii). That a particular basis or argument may not have been raised in this process does not, however, limit the producing party from raising that basis or argument in response to a challenge ultimately presented to the Court, provided that the additional basis or argument is raised during the parties' meet-and-confer process.

Within ten (10) business days of providing the Clawback Notice, the producing party shall provide (i) if only a portion of the document contains privileged or protected material, a new copy of the document utilizing the same Bates number(s) as the original that has been redacted to protect the privileged or protected material; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same Bates number(s) as the original noting that the document has been withheld. Any Protected Document that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures set forth in the Parties' ESI Protocol.

2.    **PROCEDURES  FOLLOWING  CLAWBACK  NOTICE**

a)    Within ten (10) business days of receipt of a Clawback Notice (regardless of whether the receiving party agrees with or plans to challenge the producing party's claim of privilege or protection), the receiving party must use reasonable efforts to sequester, return, or destroy the Protected Document(s), and all copies thereof, and certify to the producing party when this sequester, return, or destruction is complete.

b)    A party receiving a Clawback Notice shall use reasonable efforts to sequester, redact, or destroy any notes or other work product that refers to or excerpts the contents of the Protected Document.  If a receiving party challenges a claim that a Protected Document specified in a Clawback Notice is privileged or protected, the receiving party shall notify the producing party of its challenge.  For the avoidance of doubt, the receiving party's challenge notice must reasonably describe the anticipated grounds for the receiving party's challenge. That a particular basis or argument may not have been raised in the receiving party's original challenge notice does not, however, limit the receiving party from raising that basis or argument in the challenge ultimately presented to the Court, provided that the additional basis or argument is raised during the parties' meet-and-confer process.

c)    Promptly after receiving notification of the challenge, the parties shall make a good faith effort to resolve or narrow the areas of disagreement. If the meet-and-confer process does not resolve the dispute, the moving party must request a discovery conference with the Court, by Letter-Motion, as required by Local Civil Rule 37.2. In making any challenge, the moving party must abide by, and may present the materials to the Court *in camera* for a determination of the challenge in accordance with, Rule 26(b)(5)(B).

3.    **PROCEDURE UPON DISCOVERY BY A RECEIVING PARTY OF PRODUCED PROTECTED DOCUMENTS**

In the event that a receiving party discovers that it has received or examined document(s) that it reasonably believes are or may be privileged or protected, the receiving party promptly shall stop reading or reviewing the document and (i) sequester the document(s), and (ii) within seven (7) business days of such discovery, notify the producing party or non-party (and any other party with a copy) of the possible production or disclosure by identifying the Bates range(s) of the document the receiving party reasonably believes are or may be privileged or protected, and were or may have been produced or disclosed (a "Production Notice"). Upon the producing party receiving a Production Notice, if the producing party determines that the subject documents are privileged or protected, and timely serves a Clawback Notice within 10 (ten) business days of receipt of the Production Notice, the receiving party shall use reasonable efforts to sequester, return, or destroy the Protected Document(s) as described in Section 2 above, and the producing party shall promptly provide any replacement images as described in Section 2 above.

**SO STIPULATED AND AGREED.**

Dated: July 8, 2025

COUNSEL FOR PANINI                          COUNSEL FOR FANATICS[1]

*/s/ Eric Brenner*                           */s/ Lawrence E. Buterman*
Eric Brenner                                 Lawrence E. Buterman
BOIES SCHILLER FLEXNER LLP                   LATHAM & WATKINS LLP
55 Hudson Yards                              1271 Avenue of the Americas
New York, NY 10001                           New York, NY 10020
(212) 446-2315                               (212) 906-1264
ebrenner@bsfllp.com                          lawrence.butterman@lw.com

---

[1] Panini uses electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.

4

SO ORDERED this _____ day of _____, 2025.


_____
**HON. VALERIE FIGUEREDO**
UNITED STATES MAGISTRATE JUDGE