UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

PANINI AMERICA, INC.,

       Plaintiff,

  -v-                                                   No. 23-CV-09714-LTS-VF

FANATICS, INC.,
FANATICS, LLC,
FANATICS COLLECTIBLES
INTERMEDIATE HOLDCO, INC.,
FANATICS SPV, LLC,
and FANATICS HOLDINGS, INC.,

       Defendants.

-------------------------------------------------------x

## Order

        In a July 7, 2025 Order (the "Order"), Judge Figueredo directed "Fanatics . . . to produce the licensing agreements to Panini without redactions." (Docket entry no. 183 ("Order") at 3.) The Fanatics entities in the above-captioned matter ("Fanatics") now object to Judge Figueredo's Order, asking the Court to enter "a narrow modification of the Order so that it expressly prohibits any lawyer from Boies Schiller Flexner LLP who obtains access to unredacted copies of Fanatics' license agreements from advising Panini in connection with ongoing or future negotiations of sports trading card license agreements or opportunities." (Docket entry no. 190 at 1.) For the following reasons, Fanatics' objection is overruled, and Judge Figueredo's Order is affirmed.

        Magistrate judges "are afforded broad discretion in resolving discovery disputes." Pac. Life Ins. Co. v. Bank of New York Mellon, 571 F. Supp. 3d 106, 112 (S.D.N.Y. 2021)

(citation omitted).  Such non-dispositive matters are subject to "highly deferential" review, under the "clearly erroneous or contrary to law" standard.  Id. (citation omitted).  A "party seeking to overturn a magistrate judge's decision thus carries a heavy burden."  In re Hulley Enterprises Ltd., 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019) (citation omitted).  "'An order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed' and is 'contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure.'"  Pac. Life Ins. Co., 571 F. Supp. 3d at 112 (citation omitted).

        Fanatics contends that the Protective Order (docket entry no. 160) provides inadequate protection due to the risk that "attorneys who obtain confidential competitive information cannot unlearn or disregard that information when participating in future negotiations."  (Docket entry no. 190 at 7.)  Judge Figueredo considered this risk and determined that the Protective Order sufficiently "addresses Fanatics' concern that Plaintiffs' counsel may use information gleaned from the licensing agreements in advising Panini in future business negotiations" (Order at 2), especially in light of the representation by Panini's counsel (Boies Schiller Flexner LLP) that it "advises Panini with regards to litigation matters only," (id.; see also docket entry no. 188 at 23 (Boies Schiller representing "Our role is litigation counsel for Panini in this litigation and when other litigations come up.  We're not their corporate lawyers.  We're not their transactional lawyers.")).  Judge Figueredo's decision was not clearly erroneous or contrary to law.

        The Protective Order provides that the licensing agreements at issue "shall not be disclosed summarized, described, characterized, or otherwise communicated to any person, except[, inter alia, Panini's outside counsel], and only to the extent reasonably necessary to

prosecute and defend the Actions." (Protective Order ¶ 11.) That is, the licensing agreements will not be disclosed to Panini and will be disclosed to Boies Schiller attorneys "only to the extent reasonably necessary to prosecute and defend the Actions." (Id.) Furthermore, the Protective Order restricts the disclosure and use of the licensing agreements "solely for use in connection with the Actions and not for any other purpose or in any other litigation or proceeding." (Id. ¶ 7.) The overly broad prophylactic protection sought by Fanatics here reaches far beyond the measures in the Protective Order agreed to by the parties. Fanatics seeks to screen any Boies Schiller attorney who has accessed or will access the licensing agreements from ever advising, in any manner whatsoever, Panini in connection with negotiations of sports trading card license agreements or opportunities. Fanatics failed to meet its burden of persuading Judge Figueredo that such far-reaching protection is necessary, in light of the restrictions already in the Protective Order and Boies Schiller's representation that it only advises on litigation matters—and Fanatics has not shown here that Judge Figueredo's decision was clearly erroneous or contrary to law.

Accordingly, Fanatics' objections are overruled, and Judge Figueredo's Order at Docket Entry No. 183 stands. Docket Entry No. 190 is resolved.

SO ORDERED.

Dated: August 12, 2025
New York, New York

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge