**LATHAM & WATKINS**LLP    **quinn emanuel** trial lawyers | new york

September 30, 2025

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> **MEMO ENDORSED**
>
> HON. VALERIE FIGUEREDO
> UNITED STATES MAGISTRATE JUDGE
>
> Dated: October 3, 2025
>
> The motion to seal is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 212.

Re:   *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023)

Dear Judge Figueredo:

     We write on behalf of Fanatics in the above-referenced matter to request permission for the parties to file under seal unredacted versions of their forthcoming letters (including response letters) regarding issues to be addressed at the October 9, 2025 discovery conference. Specifically, portions of the parties' letters will address Panini's requests for documents related to a confidential, closed proceeding involving a non-party to this action. The subject matter of that proceeding is not public knowledge and may not be publicly disclosed absent the non-party's written consent, which has not been sought or obtained. Fanatics therefore submits that good cause exists for sealing. Fanatics has conferred with Panini and understands that Panini does not oppose Fanatics' request for sealing.

     In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed…" *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "competing comparisons," including the "privacy interests of those resisting disclosures." *GoSmile, Inc. v. Levine*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. March 7, 2011) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006)). Protecting sensitive business information is among the "'higher values' consistently recognized by courts in this Circuit" as a "'countervailing factor' that can prevail over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021); *see also In re Novartis & Par Antitrust Litig.*, 2020 U.S. Dist. LEXIS 200820, at *6-7 (S.D.N.Y. Oct. 28, 2020) (granting motion to seal where a party agreed not to disclose the existence or content of agreements with third parties without those third parties' consent).

     Pursuant to the Court's individual rules, the parties will file their proposed sealed versions of their letters electronically through the Court's ECF system and redacted versions of their letters on the docket.

Respectfully submitted,

| | |
|---|---|
| */s/ Michael B. Carlinsky* | */s/ Lawrence E. Buterman* |
| Michael B. Carlinsky | Lawrence E. Buterman |
| Quinn Emanuel Urquhart & Sullivan LLP | Latham & Watkins LLP |
| 295 Fifth Avenue | 1271 Avenue of the Americas |
| New York, NY 10016 | New York, NY 10020 |
| michaelcarlinsky@quinnemanuel.com | lawrence.buterman@lw.com |
| (212) 849-7000 | (212) 906-1264 |
| | |
| *Counsel for Fanatics* | *Counsel for Fanatics* |