LATHAM & WATKINS LLP                                quinn emanuel trial lawyers | new york

December 19, 2025

**Via ECF**

The Honorable Laura Taylor Swain
Chief District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023)

Dear Judge Swain:

We write on behalf of Fanatics in the above-referenced matter to request permanent redactions of certain information filed under seal in connection with Panini's Rule 72 objection to Magistrate Judge Figueredo's November 13, 2025 non-dispositive order on custodians, together with the exhibits attached thereto (Dkt. Nos. 248, 248-1, 248-2, 248-3, "Objection"), and to set forth the basis for this request. The Objection references produced documents designated "Confidential" or "Outside Counsel Eyes Only" by Fanatics pursuant to the Confidentiality Stipulation and Protective Order in this matter (Dkt. No. 160, "Protective Order"). Exhibits A-D to this letter, filed concurrently herewith, reflect Fanatics' proposed redactions to the Objection, consistent with the procedures laid out in the parties' Protective Order:

> To the extent a party wishes to file with the Court documents or information designated as Designated Materials by an opposing party, that party shall file the Designated Materials electronically under seal in accordance with Rule I.g.2 of the Hon. Valerie Figueredo's Individual Practices In Civil Cases. The filing party shall simultaneously serve counsel for the opposing party via email with the materials filed under seal. Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter. The letter shall attach the documents with any proposed redactions. At the same time as the filing, the party seeking permission to seal shall email a copy of the letter to Judge Figueredo's chambers with the proposed redactions highlighted in yellow.

Dkt. No. 160 ¶ 17.

There is good cause for permanent sealing, which Panini does not oppose. Certain of Fanatics' proposed redactions concern terms of confidential license agreements. *See* Ex. D (Dkt. No. 248) at 16, 17. These terms reflect proprietary, competitively sensitive business information that is not publicly known and may not be publicly disclosed absent a non-party's written consent,

which has not been sought or obtained. Indeed, the Protective Order expressly allows non-public license agreement terms to be designated "Outside Counsel Eyes Only." Dkt. No. 160 ¶ 4. The remaining proposed redactions concern other confidential, sensitive business information (including proprietary product, compensation, hiring, and organizational information) and personal information (including email addresses, meeting codes, and phone numbers). *See* Ex. D (Dkt. No. 248) at 19; *see* Exs. A-C (Dkt. Nos. 248-1, 248-2, 248-3). Fanatics therefore submits that good cause exists for sealing.

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed…." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citation omitted). Protecting sensitive business information is among the "'higher values' consistently recognized by courts in this Circuit" as a "'countervailing factor' that can prevail over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021); *see also In re Novartis & Par Antitrust Litig.*, 2020 U.S. Dist. LEXIS 200820, at *6-7 (S.D.N.Y. Oct. 28, 2020) (granting motion to seal where a party agreed not to disclose the existence or content of agreements with third parties without those third parties' consent); *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022) (granting motion to redact sensitive business information that could lead to a competitive disadvantage if disclosed). Moreover, personal information such as email addresses and telephone numbers may be appropriately redacted pursuant to Rule 5.b.i. of Your Honor's Individual Practices.

Pursuant to Your Honor's Individual Practices and the Protective Order, Fanatics will file its proposed sealed versions of these documents and public, redacted versions of the materials electronically through the Court's ECF system and email Your Honor's chambers with unredacted copies of the Objection and proposed redactions highlighted in yellow.

Respectfully submitted,

| | |
|---|---|
| */s/ Michael B. Carlinsky* | */s/ Lawrence E. Buterman* |
| Michael B. Carlinsky | Lawrence E. Buterman |
| Quinn Emanuel Urquhart & Sullivan LLP | Latham & Watkins LLP |
| 295 Fifth Avenue | 1271 Avenue of the Americas |
| New York, NY 10016 | New York, NY 10020 |
| michaelcarlinsky@quinnemanuel.com | lawrence.buterman@lw.com |
| (212) 849-7000 | (212) 906-1264 |
| | |
| *Counsel for Fanatics* | *Counsel for Fanatics* |