**LATHAM&WATKINS** LLP                    quinn emanuel  trial lawyers | new york

December 19, 2025

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023)

Dear Judge Figueredo:

We write on behalf of Fanatics in the above-referenced matter to request permanent redactions and sealing of certain information and documents filed under seal in Panini's September 30, 2025 motions to compel, with certain exhibits attached thereto (Dkt. Nos. 207, 207-1, 207-2, 207-3, 211, "Panini's Motions to Compel"), and to set forth the basis for this request.   Panini's Motions to Compel reference produced documents designated "Confidential" or "Outside Counsel Eyes Only" by Fanatics pursuant to the Confidentiality Stipulation and Protective Order in this matter (Dkt. No. 160, "Protective Order").  Exhibits A-E to this letter, filed concurrently herewith, reflect Fanatics' proposed redactions to Panini's Motions to Compel, consistent with the procedures laid out in the parties' Protective Order:

> To the extent a party wishes to file with the Court documents or information designated as Designated Materials by an opposing party, that party shall file the Designated Materials electronically under seal in accordance with Rule I.g.2 of the Hon. Valerie Figueredo's Individual Practices In Civil Cases.  The filing party shall simultaneously serve counsel for the opposing party via email with the materials filed under seal.  Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter.  The letter shall attach the documents with any proposed redactions.  At the same time as the filing, the party seeking permission to seal shall email a copy of the letter to Judge Figueredo's chambers with the proposed redactions highlighted in yellow.

Dkt. No. 160 ¶ 17.

There is good cause for permanent sealing, which Panini does not oppose.  Certain of Fanatics' proposed redactions and exhibits filed under seal concern terms of confidential license agreements.  *See* Ex. A (Dkt. No. 207) at 2, 3, 8, 10; *see* Ex. E (Dkt. No. 211) at 2, 4.  These license terms reflect proprietary, competitively sensitive business information that is not publicly known

and may not be publicly disclosed absent a non-party's written consent, which has not been sought or obtained. Indeed, the Protective Order expressly allows license agreement terms to be designated "Outside Counsel Eyes Only." Dkt. No. 160 ¶ 4. The remaining proposed redactions and exhibits filed under seal concern other confidential, sensitive business information—namely, non-public information regarding Fanatics' internal organizational, operational, and employment structure. *See* Ex. A (Dkt. No. 207) at 2-4, 8-12; *see* Exs. B-D (Dkt. Nos. 207-1, 207-2, 207-3).[1] Fanatics therefore submits that good cause exists for sealing.[2]

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed…." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citation omitted). Protecting sensitive business information is among the "'higher values' consistently recognized by courts in this Circuit" as a "'countervailing factor' that can prevail over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021); *see also In re Novartis & Par Antitrust Litig.*, 2020 U.S. Dist. LEXIS 200820, at *6-7 (S.D.N.Y. Oct. 28, 2020) (granting motion to seal where a party agreed not to disclose the existence or content of agreements with third parties without those third parties' consent); *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022) (granting motion to redact sensitive business information that could lead to a competitive disadvantage if disclosed).

Pursuant to Your Honor's Individual Practices and the Protective Order, Fanatics will file its proposed sealed versions of these documents and public, redacted versions of the materials electronically through the Court's ECF system and email Your Honor's chambers with unredacted copies of Panini's Motions to Compel and proposed redactions highlighted in yellow.

---

[1]   Fanatics respectfully requests Exhibits B through D be sealed in their entirety.

[2]   Page five of Ex. E (Dkt. No. 211) contains highlighting of subject matter for which the Court previously granted sealing. Dkt. No. 218.

Respectfully submitted,


/s/ Michael B. Carlinsky
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

Counsel for Fanatics

/s/ Lawrence E. Buterman
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1264

Counsel for Fanatics

# MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: December 23, 2025**

Based on the standard set forth in Lugosch v. Pyramid Co., 435 F.3d 110 (2d Cir. 2006) and on the grounds that the documents contain confidential, sensitive business information and the terms of confidential license agreements, the letter motion to seal is GRANTED.

The Clerk of Court is respectfully directed to maintain the viewing restrictions at ECF Nos. 207, 207-1, 207-2, 207-3, 211, 264, 264-1, 264-2, 264-3, 264-4, and 264-5. The Clerk of Court is further directed to terminate the motion at ECF No. 263.