UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PANINI AMERICA, INC.,

                              Plaintiff,                                    **23-cv-9714 (LTS) (VF)**

                  -against-

FANATICS, INC. et al,                                                      **ORDER**

                              Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      On December 9, 2025, Fanatics filed a letter motion seeking an order compelling Panini to produce documents in response to certain Requests for Production ("RFPs"). ECF No. 252. Panini opposed the motion in a letter dated December 12, 2025. ECF No. 257. The dispute was addressed at a conference on December 16, 2025. ECF No. 268. For the reasons stated below, the letter motion is **Granted** in part and **Denied** in part.

- **RFP 73** – documents sufficient to show the number of redemption requests submitted to Panini. This request seeks documents relevant to Panini's contention that it was offering a superior trading card product. Panini has not raised a burden argument and Fanatics seeks only documents sufficient to show, from 2020 to the present, the number of redemption requests made to Panini. Panini argues that such information is not relevant because Panini's internal data was not known to the licensors. But the licensors may have been aware of Panini's redemption problems because the issue was publicly reported, including through Panini's website, and the data Fanatics seeks would help bolster its argument that Panini lost the licenses because its product was inferior. Panini is hereby directed to produce documents responsive to this request.

- **RFP 68** – documents regarding Panini's actual, potential, or contemplated acquisitions of other trading card companies from 2009 to the present. This request is overbroad and Panini has already agreed to produce documents relating to potential acquisitions of certain trading card companies. Fanatics' request for more is overbroad because Panini's Section 2 claim does not focus on acquisitions of other trading card companies (like Topps) in isolation, but instead alleges that

the acquisition was part of a broader course of exclusionary and anticompetitive conduct by Fanatics.

- **RFPs 77-80** – documents related to alleged unlawful or unethical conduct by Panini. These requests are overbroad and Fanatics has not demonstrated that the requests seek information that is relevant to the claims in this case. In that respect, there is no indication that any of the information sought by these requests bore on the licensors' decisions to leave Panini.

The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 252.

**SO ORDERED.**

DATED:   New York, New York
         January 5, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge