UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

PANINI AMERICA, INC.,

        Plaintiff,

    -v-                                     No.  23-CV-09714-LTS-VF

FANATICS, INC.,
FANATICS, LLC,
FANATICS COLLECTIBLES
INTERMEDIATE HOLDCO, INC.,
FANATICS SPV, LLC,
and FANATICS HOLDINGS, INC.,

        Defendants.

---------------------------------------------------------x

ORDER[1]

In a November 13, 2025 Order (the "Order"),[2] Magistrate Judge Figueredo granted in part and denied in part the motion of Panini America, Inc. ("Plaintiff" or "Panini"), to compel the Fanatics entities in the above-captioned matter ("Defendant" or "Fanatics") to add twelve electronically stored information ("ESI") custodians to the twelve from whom Fanatics has agreed to produce ESI.  (Docket entry no. 234 ("Order").)  Judge Figueredo granted Panini's motion as to custodians Omar Wilkes, Elizabeth Galaviz, and Brian Bayne and denied Panini's motion as to the other nine additional custodians.  (Id. at 1.)  Panini now objects to Judge Figueredo's Order, arguing that the nine other custodians should also be added.  (Docket entry no. 248 ("Pl. Objs.").)

---

[1]      All pincites to materials filed on the docket refer to ECF-designated pages.

[2]      This Order followed two rounds of oral argument on October 9, 2025 (docket entry no. 224) and November 7, 2025 (docket entry no. 242).

Magistrate judges "are afforded broad discretion in resolving discovery disputes." Pac. Life Ins. Co. v. Bank of N.Y. Mellon, 571 F. Supp. 3d 106, 112 (S.D.N.Y. 2021) (citation omitted).  Such non-dispositive matters are subject to "highly deferential" review, under the "clearly erroneous or contrary to law" standard.  Id. (citation omitted).  A "party seeking to overturn a magistrate judge's decision thus carries a heavy burden."  In re Hulley Enters. Ltd., 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019) (citation omitted).  "'An order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed' and is 'contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure.'"  Pac. Life Ins. Co., 571 F. Supp. 3d at 112 (citation and internal quotations omitted).

> In the Order, Judge Figueredo applied the following legal standard:

> Generally, "[a]bsent agreement among the parties," a responding party "is entitled to select the custodians most likely to possess responsive information and to search the files of those individuals," and "the court should play no role" in designating custodians unless the choice by the responding party "is manifestly unreasonable or the requesting party demonstrates that the resulting production is deficient."  Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A., 15-CV-293 (LTS) (JCF), 2017 WL 2305398, at *2 (S.D.N.Y. May 18, 2017); see also City of Providence, Rhode Island v. BATS Global Markets, Inc., 14-CV-2811 (JMF), 2020 WL 14051318, at *1 (S.D.N.Y. May 6, 2020).  "[T]he requesting party generally bears the burden of showing the relevance of the documents sought, while the resisting party bears the burden of justifying limiting discovery of relevant documents."  Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co., 297 F.R.D. 99, 107 (S.D.N.Y. 2013).

(Order at 1-2.)  Panini objects to the Order, arguing that Judge Figueredo applied the wrong legal standard.  (Pl. Objs. at 11-19.)

According to Panini, Judge Figueredo improperly "presumed Fanatics' custodian selections were entitled to deference unless Panini showed they were 'manifestly unreasonable.'" (Id. at 15 (quoting Order at 1-2).)  In other words, Judge Figueredo appeared to put the burden on

Panini to show that Fanatics' custodian selection was "manifestly unreasonable." (See Order at 1-2.) This was contrary to law, Panini asserts, because the proper standard derives from Federal Rule of Civil Procedure 26(b). (Id. at 11-15.) Under Rule 26(b), courts apply a two-step framework: (1) first, the requesting party must make a showing that the information sought is relevant and proportional, and (2) then, the burden shifts to the opposing party to justify curtailing discovery. (Id. (citing, e.g., Felder v. Warner Bros. Discovery, No. 23-CV-08487-AT-GS, 2025 WL 1718098, at *3 (S.D.N.Y. June 20, 2025)).) That is, under Rule 26(b), Fanatics bears the burden to justify its custodian selection (after Panini shows relevance and proportionality). Ultimately, according to Panini, the difference between the "manifestly unreasonable" standard and the Rule 26(b) standard is that the former places the burden on Panini to challenge Fanatics' custodian designation, while the latter places the burden on Fanatics to justify its custodian designation. (See Pl. Objs. at 17 (arguing that "[t]he 'manifestly unreasonable' presumption [used by Judge Figueredo] collapses the Rule 26 analysis into a threshold deference to the producing party").) Panini argues that Judge Figueredo's Order was contrary to law because it used the "manifestly unreasonable" standard instead of the Rule 26(b) standard.

Panini's objections are overruled for two reasons. First, as Panini itself admits, the caselaw is unclear.[3] (Pl. Objs. at 9-10 (noting a "broader inconsistency in the treatment of custodian disputes in this Circuit").) Courts in this Circuit have applied both the "manifestly

---

[3]    Indeed, Panini's counsel (Boies Schiller) has argued the "manifestly unreasonable" standard in the past. See REX - Real Est. Exch., Inc. v. Zillow, Inc., No. 21-CV-0312 (W.D. Wash. June 21, 2022), Dkt. No. 138, at 10 (citing Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A., 15-CV-0293-LTS-JCF, 2017 WL 2305398, at *2 (S.D.N.Y. May 18, 2017)). One of the attorneys who appeared in REX represents Panini here.

unreasonable"[4] and the Rule 26(b) standards.[5]  Because "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority . . . [, a] 'magistrate judge's order simply cannot be contrary to law when the law itself is unsettled.'"  Pall Corp. v. Entegris, Inc., 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008) (quoting Mfg. Admin. & Mgmt. Sys., Inc. v. ICT Grp., Inc., 212 F.R.D. 110, 119 (E.D.N.Y. 2002)); see also Wood v. Mut. Redevelopment Houses, Inc., No. 14-CV-7535-AT, 2019 WL 11590155, at *3 (S.D.N.Y. Apr. 26, 2019); Winfield v. City of New York, No. 15-CV-5236-LTS-KHP, 2017 WL 5054727, at *3 (S.D.N.Y. Nov. 2, 2017); In re Rivastigimine Pat. Litig., 239 F.R.D. 351, 357 (S.D.N.Y. 2006).

Second, even if the Court were to apply Panini's proffered standard, the result would be unchanged.  To analyze proportionality, courts consider the factors set out in Rule 26(b)(1): "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Homeward Residential, Inc. v. Sand Canyon Corp., No. 12-CV-5067-JFK-JLC, 2017 WL 4676806, at *5 (S.D.N.Y. Oct. 17, 2017) (quoting Fed. R. Civ. P. 26(b)(1)).  Before Judge Figueredo, Fanatics argued, among other things, that ESI searches carry high transaction costs and that information retrievable from the additional custodians would likely be duplicative of information retrievable from the already agreed-upon custodians.  (See docket entry no. 213, at 3-5; docket entry no. 242, at 5-6, 34.)  In the Order, Judge Figueredo

---

[4]    See, e.g., Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A., No. 15-CV-0293-LTS-JCF, 2017 WL 2305398, at *2 (S.D.N.Y. May 18, 2017); City of Providence v. BATS Glob. Mkts., Inc., No. 14-CV-2811-JMF, 2020 WL 14051318, at *1 (S.D.N.Y. May 6, 2020).

[5]    See, e.g., Thomas v. City of New York, 336 F.R.D. 1, 2-4 (E.D.N.Y. 2020); Felder v. Warner Bros. Discovery, No. 23-CV-8487-AT-GS, 2025 WL 1718098, at *10 (S.D.N.Y. June 20, 2025).

explained, after reviewing extensive briefing and listening to oral argument, that "it is not readily apparent that these five disputed custodians will have unique, relevant documents not captured by Fanatics' proposed custodians." (Order at 2.) In other words, the discovery sought was not proportional to the needs of the case. Panini has not shown that Judge Figueredo's analysis was "clearly erroneous." See Winfield, 2017 WL 5054727, at *2 ("[T]he fact that 'reasonable minds may differ on the wisdom of granting[, or denying, a party's] motion is not sufficient to overturn a magistrate judge's decision.'" (quoting Edmonds v. Seavey, No. 08-CV-5646-HB, 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009))).

Accordingly, Panini's objections are overruled.

\*     \*     \*

Both parties also move to seal an unredacted version of Panini's objections (docket entry no. 248) and the exhibits attached thereto[6] (docket entry nos. 248-1 to -3). (Docket entry no. 246 (Panini's motion); docket entry no. 260 (Fanatics' motion).) According to the parties, these documents reference materials that were designated "Confidential" or "Outside Counsel Eyes Only" by Fanatics pursuant to the Confidentiality Stipulation and Protective Order in this matter (docket entry no. 160). (Docket entry nos. 246, 260.) Fanatics further asserts that sealing is necessary to protect proprietary, competitively sensitive business information and personal information (including email addresses, meeting codes, and phone numbers). (Docket entry no. 260.) These interests are sufficiently compelling to justify sealing under the standard set forth in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). See Galvan v. Rolling Lawns, Inc., No. 23-CV-6724-CS-VR, 2025 WL 618558, at *3 (S.D.N.Y. Feb.

---

[6]     The exhibits are certain email and text message communications. (Docket entry nos. 248-1 to -3.)

26, 2025) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information." (citing cases)); De Kafati v. Kafati Kafati, No. 22-CV-9906-VSB, 2022 WL 17552457, at *2 (S.D.N.Y. Dec. 9, 2022) ("[T]he sealing of personal information 'such as the applicants' home addresses, personal phone numbers, and email addresses, that is not public' is appropriate so long as that information has no bearing on the issues before the court." (quoting Anderson v. N.Y.C. Health & Hosps. Corp., No. 16-CV-1051-GBD-KHP, 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020))).  Accordingly, Panini's and Fanatics' motions to seal are granted.

\*       \*       \*

For the reasons set forth above, Judge Figueredo's discovery Order was not clearly erroneous or contrary to law, and Fanatics' objections to Judge Figueredo's Order are overruled.  The Court accepts the Order at Docket Entry No. 234, which will stand.  Docket Entry No. 248 is resolved.

Furthermore, Panini's and Fanatics' motions to seal are granted.  The documents filed at Docket Entry Nos. 248, 248-1, 248-2, and 248-3 will remain sealed.  Docket Entry Nos. 246 and 260 are resolved.

SO ORDERED.

Dated: January 20, 2026
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge