

February 20, 2026

**<u>Via ECF</u>**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

>    Re: ***Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF**
>    **(S.D.N.Y. 2023)**

Dear Judge Figueredo:

We write on behalf of Panini America, Inc. ("Panini") in the above-referenced matter to request permission to file under seal an unredacted version of Panini's Motion to Quash the non-party subpoena issued by Fanatics to Citigroup or alternatively for a Protective Order (the "Motion to Quash"). Specifically, the Motion to Quash contains extremely commercially sensitive information related to the potential sale and marketing of Panini S.p.A. that could be used by competitors to interfere with Panini S.p.A.'s future business plans or potential sales transaction. Panini submits that good cause exists for sealing.

In the Second Circuit, courts may exercise "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed . . . ." *Geller v. Branic Int'l. Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the "common law presumption of access" to judicial documents against "countervailing factors" including "the privacy interests of those resisting disclosure." *Flores v. City of New York*, 2025 WL 2998058, at *2 (S.D.N.Y. Sept. 5, 2025) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). Documents may be sealed if the court finds it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* When weighing privacy interests, courts should "assess the nature and degree of injury, paying heed to the sensitivity of the information and the subject but also to how the person seeking access intends to use the information." *Id.* at *3 (quotations omitted). "Business secrecy" is a well-established factor "that can outweigh the presumption of public access . . . ." *See, e.g.*, *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)) (sealing exhibits "contain[ing] specific, non-public financial statements, sales information and customer lists . . . [that] could advantage [the] [m]ovants' competitors and harm their businesses"); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order . . . requiring . . . confidential . . . commercial information not be revealed . . . .").

Accordingly, Panini respectfully submits that good cause exists to file under seal the Motion to Quash. Pursuant to the Court's individual rules, Panini is filing proposed sealed



documents electronically through the Court's ECF system. Panini is also filing a redacted version of the Motion to Quash publicly on the docket.

Respectfully submitted,

*/s/ Stuart Singer*

David Boies
Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com

James P. Denvir*
Richard A. Feinstein*
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com

*Counsel for Panini America, Inc.*

*\*pro hac vice*

**MEMO ENDORSED**

**HON. VALERIE FIGUEREDO**
**UNITED STATES MAGISTRATE JUDGE**
**Dated: February 24, 2026**

The motion to seal is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 280. The Clerk of Court is further directed to maintain the viewing restrictions at ECF No. 282.

cc:    All Counsel of Record (by ECF)

Page 2 of 2