

March 10, 2026

<u>**Via ECF**</u>

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:  *Panini America, Inc. v. Fanatics, Inc. et al.*, **Case No. 1:23-cv-09714-LTS-VF**
          **(S.D.N.Y. 2023)**

Dear Judge Figueredo:

Panini America, Inc. ("Panini") writes in advance of the March 18, 2026 discovery conference.

Panini seeks an order compelling Fanatics to respond to Panini's Interrogatory 10. "[I]nterrogatories may seek nonprivileged information relevant to any party's claim or defense and proportional to the needs of the case." *Eletson Holdings Inc. v. Levona Holdings Ltd.*, 2025 WL 1898237, at *1 n.2 (S.D.N.Y. July 9, 2025). Local Rule 33.3 limits the scope of permissible interrogatories early in discovery but provides that interrogatories may seek "names of witnesses with knowledge of information relevant to the subject matter of the action." "It is the function of an interrogatory to identify persons with knowledge or information relevant to a claim or defense in order to test a party's assertions." *Eletson Holdings Inc.*, 2025 WL 1898237, at *2.

Interrogatory 10 asks Fanatics to "Identify all Persons with knowledge concerning any discussions with NFLPA concerning NFLPA actually or potentially seeking to terminate its license agreement with Panini prior to the date it would terminate in the ordinary course." Ex. A, Interrogatories, at 10. This Interrogatory is plainly proper, as it seeks the identity of witnesses with information relevant to Plaintiff's claims. Panini alleges that Fanatics induced the NFLPA to terminate its license agreement with Panini in an effort to accelerate the effective date of its own license agreement. Am. Compl. ¶¶ 179–87. These allegations are relevant to Panini's Section 2 claim and its claim that Fanatics tortiously interfered with Panini's existing license agreements. *Id.* ¶¶ 207, 275–281. There is no question that Interrogatory 10 is appropriate and permissible under the Federal and Local Rules.

Fanatics objected to this Interrogatory, stating that "it is currently unaware of any alleged 'discussions' as described in this Interrogatory." Ex. B, R&Os to ROGs, at 14. In a February 20, 2026 letter addressing the deficiencies with Fanatics' responses, Panini pointed out that Fanatics' response was contradicted by documents that it has already produced in this litigation. Ex. C, Feb. 20, 2026 Letter, at 3. FAN-PAN-SDNY00010056 (Exhibit D) and FAN-PAN-SDNY00010058 (Exhibit E) show █████████████████████████████

██████████████████████████████████████████████████

████████████. Additionally, during the arbitration between Panini and NFLPA concerning the termination, ████████████, Fanatics Collectibles' President of Trading Cards ████████████████████████

████████████████████████████████████████████████

████████████ Ex. F, Prelim. Hr'g Tr., FAN-PAN-SDNY00001045 at '1104, pp. 60:6-10. The NFLPA also produced a document in response to a third-party subpoena in which an NFLPA employee states "████████████████████████████████████████████████████████████████████████████████████████████████" Ex. G, PAN-NFLPI-FAN-00000084. This email further suggests that Fanatics communicated with NFLPI and ████████████████████████████████████████████████████████████████████████████████████████████.

The parties discussed Interrogatory 10 at a meet and confer on March 6, 2026, but Fanatics maintained its refusal to provide a proper response. In a March 9, 2026 letter, Fanatics claimed that the communications identified by Panini do not "fall within the scope of this interrogatory as we understand it." Ex. H, March 9, 2026 Letter, at 2. Rather than identify witnesses with knowledge of the relevant discussions, Fanatics offered only to amend its response to Interrogatory 10 to "expressly state its understanding of the limitations on the information sought by this interrogatory." *Id*. This is not an acceptable response—it is an attempt to rewrite the Interrogatory to avoid providing the discovery Panini is entitled to receive.

According to Fanatics, the Interrogatory only encompasses (i) conversations between Fanatics and NFLPA (ii) prior to the date on which NFLPA provided formal notice of its termination of the Panini license (August 21, 2023) (iii) regarding NFLPA "actually or potentially seeking to terminate" the Panini license. *Id*. Fanatics' interpretation is improperly narrow in multiple respects.

*First*, Interrogatory 10 seeks the identity of "all Persons with knowledge concerning any discussions"—not just those who participated in discussions with NFLPA. Ex. A at 10. Thus, individuals who received or participated in internal Fanatics email discussions concerning any potential for termination would fall within the scope of the Interrogatory.

*Second*, the Interrogatory is not limited to conversations that occurred prior to the date of termination; it encompasses discussions that occurred "prior to the date [the agreement] would terminate in the ordinary course." *Id*. Thus, Fanatics' position that the notice of termination would not constitute a discussion regarding NFLPA's decision to terminate is incorrect.

*Finally*, those who participated in discussions with NFLPA about ████████████████████████████████████████████ and ████████████████████████ plainly fall within the scope of this Interrogatory. Ex. G, PAN-NFLPI-FAN-00000084. Fanatics' formalistic reading—limited to direct conversations explicitly discussing termination—ignores the Interrogatory's plain language. Any conversation where it was implied that NFLPA could or should terminate the agreement is clearly covered by the Interrogatory.

Accordingly, Panini respectfully requests that the Court order Fanatics to conduct an appropriate investigation and amend its response to Interrogatory 10 to identify all individuals with knowledge concerning any discussions with NFLPA concerning NFLPA actually or potentially



ordinary course.

Respectfully submitted,

/s/ Stuart Singer

David Boies
Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
Meredith Schultz*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com
mschultz@bsfllp.com

James P. Denvir*
Richard A. Feinstein*
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com

*Counsel for Panini America, Inc.*

**pro hac vice*

cc:    All Counsel of Record (by ECF)