LATHAM&WATKINS LLP                              quinn emanuel trial lawyers | new york

March 13, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge, S.D.N.Y.

Re:    *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714 (S.D.N.Y. 2023)

Dear Judge Figueredo:

Panini's Motion to Compel ("Motion" or "Mot.") should be summarily denied for two reasons. *First*, it is unripe. The Motion seeks to compel a response to an interrogatory that the parties have barely discussed. The parties briefly addressed this interrogatory during a meet and confer on March 6, Fanatics provided a written response explaining its position on March 9, and Panini moved to compel the following day, without any follow up on Fanatics' written position. It is a waste of judicial resources to bring this manufactured and unripe dispute to the Court.

*Second*, Panini's Motion is meritless. Contrary to Panini's suggestions, Fanatics *did* respond to the interrogatory—by stating that it is not currently aware of responsive information. Thus, there is nothing to compel. Panini claims that produced documents "contradict[]" Fanatics' response, but that is false. In fact, the documents that Panini cites show the opposite—namely, that the so-called "discussions" asserted in Panini's interrogatory never occurred.

Moreover, one of the documents that Panini cites in support *has not even been produced in this litigation*. Rather, the Bates and confidentiality stamping show that it is a third party's confidential internal communication, which Panini appears to have retained, used for purposes of this litigation, and filed in blatant violation of a protective order from a closed proceeding. Panini's improper conduct reinforces Fanatics' concerns about sharing confidential materials with Panini, and casts serious doubt on Panini's compliance with the protective order in this action.[1]

For these reasons and those set forth below, the Court should deny Panini's Motion.

## I.    Background

In August 2023, the NFL Players Association ("NFLPA") attempted to terminate its license agreement with Panini. Dkt. No. 69 ¶¶ 182-83. In its Amended Complaint, Panini alleged that Fanatics "induce[d]" that attempted termination. *Id.* ¶ 181. But in an arbitration decision that Panini subsequently filed with the Court, the panel rejected Panini's theory of collusion. Dkt. No. 113-1 at 29-30 ("[NFLPA's] decision … was not based on any collusive conduct with Fanatics.").

Recently, Panini served an interrogatory asking Fanatics to "[i]dentify all Persons with knowledge concerning any discussions with NFLPA concerning NFLPA actually or potentially seeking to terminate its license agreement with Panini prior to the date it would terminate in the ordinary course." Dkt. No. 293-1 at 10 (Interrogatory 10). Fanatics responded that it "is currently unaware of any alleged 'discussions' as described in this Interrogatory" but "reserves the right to amend this Response as discovery progresses." Dkt. No. 293-2 at 14.

---

[1]    *See, e.g.*, Dkt. No. 190 at 9 (noting that Panini's outside counsel have inserted themselves into commercial disputes, causing concerns that they might "misuse their knowledge" of Fanatics' confidential information).

Sixteen days later, Panini sent Fanatics a letter claiming that "Fanatics' response is contradicted by documents that it has already produced in this litigation." Dkt. No. 293-3 at 3. In a subsequent meet-and-confer letter, Fanatics explained why none of the documents Panini cited reflect the alleged "discussions." Dkt. No. 293-8 at 2. Fanatics also stated that it would amend its response to "expressly state its understanding of the limitations on the information sought by this interrogatory." *Id.* Rather than respond to Fanatics' position in writing or engage in good faith dialogue, Panini filed a Motion the next day. *See* Mot.

## II.    Argument

### a.  Panini's Motion Is Unripe

Your Honor's Individual Practices (II.C.1) state: "The Court will not hear any discovery dispute unless the moving party … has first conferred in good faith with any adverse party to resolve the dispute." Intent on manufacturing a dispute, Panini ignored this requirement by filing its Motion one day after receiving Fanatics' written position on Interrogatory 10, and two business days after the parties' only meet and confer, during which Panini's counsel stated—without elaboration—that it "disagree[d]" with Fanatics' reading of the interrogatory. Rather than substantively discuss the arguments and documents cited in the Motion, Panini raised them with this Court. Most of these arguments, and one of the documents, appear for the first time in Panini's Motion—demonstrating the Motion is unripe.

Panini cannot excuse its failure to properly meet and confer by pointing to any alleged delay by Fanatics. Panini served Interrogatory 10 more than 8 months into fact discovery. It then waited sixteen days to follow up on Fanatics' interrogatory responses but demanded "substantive responses" within a few business days. Dkt. No. 293-3 at 1. The parties held a meet and confer, and Fanatics sent a detailed written response the next business day. Dkt. No. 293-8. At that point, the proper course of action was to continue discussions—not for Panini to rush to Court.

### b.  Fanatics Properly Responded to Interrogatory 10

Alternatively, the Court should deny Panini's Motion because Fanatics properly responded to Interrogatory 10. Panini's Motion mischaracterizes Fanatics' response to Interrogatory 10. Fanatics did not simply "object[]" and refuse to respond. Mot. at 1. Rather, Fanatics stated it "is currently unaware of any alleged 'discussions' as described in this Interrogatory." Dkt. No. 293-2 at 14. Yet Panini spends multiple paragraphs explaining why Interrogatory 10 seeks relevant information. That is beside the point. Fanatics is not refusing to provide responsive information—it is simply not aware of any. Thus, there is nothing to compel.

It is incorrect that produced documents "contradict[]" Fanatics' response to Interrogatory 10. Mot. at 1. Interrogatory 10 asks Fanatics to "[i]dentify all Persons with knowledge concerning any *discussions with NFLPA* concerning *NFLPA actually or potentially seeking to terminate its license agreement* with Panini prior to the date it would terminate in the ordinary course." Dkt. No. 293-1 at 10 (emphasis added). As Fanatics explained, the plain language of this interrogatory encompasses (i) conversations between Fanatics and NFLPA (ii) regarding NFLPA "actually or potentially seeking to terminate" (Dkt. No. 293-3 at 3) Panini's license agreement.[2]

---

[2]    Consistent with Panini's allegation that Fanatics "induce[d]" NFLPA to terminate Panini's license agreement, Fanatics also interprets Interrogatory 10 to capture only alleged discussions that occurred prior to NFLPA's notice of termination (August 21, 2023). Dkt. No. 293-8 at 2. But that limitation is immaterial for present purposes.

Fanatics is not aware of any such "discussions." Notably, the documents *Panini* cites are consistent with that response and actually support that there were none. In an email attached to Panini's Motion, ███████████████████████████████████████████████████████████ ████████████████████████████████████████ Dkt. No. 294-1 at 1 (emphasis added). ████████████████████████████████████████████████████████████ ████████████████████████████████████████ Dkt. No. 294-3 at 49:2-7█ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████.

Panini's effort to mischaracterize Fanatics' response as incomplete fails. *First*, Panini cites ██████████████████████████████████████████████████████████ But a ████████████████████████████████████████ is not a "discussion." Dkt. No. 294-2. ████████████████████████████ Dkt. No. 294-1. *Second*, the ████████████████████████████████████████████████████ ████████████████████████████ (Dkt. No. 294-3 at 60:3-18) does not, on its face, "concern[] *NFLPA actually or potentially seeking to terminate* its license agreement with Panini." Dkt. No. 293-1 at 10 (emphasis added). There is no indication from ████████████ that NFLPA was considering termination. And, in fact, the former NFLPA executive ████████████ ████████████played no role in the termination decision. *See* Dkt. No. 113-1 at 29.

Panini's Motion attaches a fourth document (Dkt. No. 294-4)—never shared with Fanatics during the meet-and-confer process—which Panini claims was produced by NFLPA in this litigation. It was not. Rather, the Bates convention ("NFLPI") and confidentiality stamping indicate that this is a confidential document produced by NFLPA in its arbitration against Panini, which Panini was required to destroy after the arbitration concluded. Rather than destroy it, Panini appears to have willfully violated the protective order from that closed proceeding by retaining it, consulting it for purposes of this litigation, and now filing it with the Court. Panini's counsel's conduct undercuts their repeated representations to the Court that they would never violate a protective order, *see, e.g.*, Dkt. No. 194 at 4, and raises serious concerns that Panini has already engaged and will engage in similar violations of the protective order in this action.

In any event, this improperly-used document similarly does not provide any evidence of any responsive "discussion." Rather, it is ████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████ Dkt. No. 294-4. It says nothing about early termination, despite Panini's strained portrayal. Mot. at 2. ████████████████████████████ ████████████████████████████████████████████ Dkt. No. 294-4.

In the end, Panini asks the Court to re-write Interrogatory 10. Panini insists that the "Interrogatory's plain language" captures "[a]ny conversation where it was *implied* that NFLPA *could or should* terminate the agreement." Mot. at 2 (emphasis added). Putting aside its vagueness, that interpretation bears no resemblance to the plain language of Interrogatory 10 and far exceeds it. If Panini wishes to serve a new interrogatory containing this language, it is free to do so. But Panini has no legal basis for asking this Court to compel Fanatics to respond to an interrogatory that Panini has not yet served.

The Court should deny Panini's Motion.

Respectfully submitted,


*/s/ Michael B. Carlinsky*
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1264

*Counsel for Fanatics*