**LATHAM&WATKINS** LLP                    **quinn emanuel** trial lawyers | new york

March 13, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge, S.D.N.Y.

Re:    *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714 (S.D.N.Y. 2023)

Dear Judge Figueredo:

We write on behalf of Fanatics in the above-referenced matter to request permanent redactions and sealing of certain information and documents provisionally filed under seal in Panini's March 10, 2026 motion to compel, with certain exhibits attached thereto (Dkt. Nos. 294, 294-1, 294-2, 294-3, 294-4, "Panini's Motion to Compel"), and Fanatics' forthcoming response letter ("Fanatics' Forthcoming Response"), and to set forth the basis for this request. Panini's Motion to Compel and Fanatics' Forthcoming Response reference information and produced documents designated "Confidential" by a third-party and "Outside Counsel Eyes Only" by Fanatics pursuant to the Confidentiality Stipulation and Protective Order in this matter (Dkt. No. 160, "Protective Order"). Fanatics moves to permanently seal the provisionally sealed portions of Panini's Motion to Compel and the proposed redactions to its Forthcoming Response, consistent with the procedures laid out in the parties' Protective Order:

> To the extent a party wishes to file with the Court documents or information designated as Designated Materials by an opposing party, that party shall file the Designated Materials electronically under seal in accordance with Rule I.g.2 of the Hon. Valerie Figueredo's Individual Practices In Civil Cases. The filing party shall simultaneously serve counsel for the opposing party via email with the materials filed under seal. Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter. The letter shall attach the documents with any proposed redactions. At the same time as the filing, the party seeking permission to seal shall email a copy of the letter to Judge Figueredo's chambers with the proposed redactions highlighted in yellow.

Dkt. No. 160 ¶ 17.

There is good cause for permanent sealing, which Panini does not oppose. Certain of Fanatics' proposed redactions and exhibits to be filed under seal concern license negotiations and final terms of confidential license agreements. *See* Panini's Motion to Compel & Exs. D-G;[1] Fanatics' Forthcoming Response. These license negotiations and final terms reflect proprietary, competitively sensitive business information that is not publicly known and may not be publicly disclosed absent a non-party's written consent, which has not been sought or obtained. Indeed, the Protective Order expressly allows license agreement terms to be designated "Outside Counsel

---

[1] Fanatics respectfully requests Panini's Motion to Compel Exhibits D-G (Dkt. Nos. 294-1 through 294-4) be sealed in their entirety for the reasons discussed in this letter.

Eyes Only." Dkt. No. 160 ¶ 4. Other proposed redactions and exhibits to be filed under seal concern other confidential, sensitive business information—namely, non-public information regarding Fanatics' business plans and operations, licensing relationships, and competitive strategy—and personal information (including email addresses and phone numbers). *See* Panini's Motion to Compel & Exs. D-G; Fanatics' Forthcoming Response. One of Fanatics' proposed exhibits to be filed under seal concerns a document that has not been produced in this litigation, contains sensitive internal business strategy discussions, and was designated "Confidential" by a third party in a closed, confidential proceeding. *See* Panini's Motion to Compel & Ex. G. Fanatics therefore submits that good cause exists for sealing.

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). Protecting sensitive business information is among the "'higher values' consistently recognized by courts in this Circuit" as a "'countervailing factor' that can prevail over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021); *see also In re Novartis & Par Antitrust Litig.*, 2020 U.S. Dist. LEXIS 200820, at *6-7 (S.D.N.Y. Oct. 28, 2020) (granting motion to seal where a party agreed not to disclose the existence or content of agreements with third parties without those third parties' consent); *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022) (granting motion to redact sensitive business information that could lead to a competitive disadvantage if disclosed). Similarly, when "personal information"—"i.e. home addresses, phone numbers, and email addresses"—has "no bearing" on the issues in dispute, "courts in this Circuit" find that "type of personal information [] should be shielded from public disclosure." *Anderson v. New York City Health & Hosps. Corp.*, 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020).

Pursuant to Your Honor's Individual Practices and the Protective Order, Fanatics will file its Forthcoming Response under seal and a public, redacted version electronically through the Court's ECF system and email Your Honor's chambers with an unredacted copy containing proposed redactions highlighted in yellow.

2

Respectfully submitted,


/s/ Michael B. Carlinsky                          
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

Counsel for Fanatics

/s/ Lawrence E. Buterman                          
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1264

Counsel for Fanatics

## MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

Dated: March 16, 2026

The motion for sealing is GRANTED. The Clerk of Court is respectfully directed to maintain the viewing restrictions at ECF Nos. 294, 294-1, 294-2, 294-3, 294-4, and 298. The Clerk of Court is further directed to terminate the motions at ECF Nos. 292 and 297.

3