quinn emanuel trial lawyers | new york

**Via ECF**

The Honorable Valerie Figueredo                                    March 27, 2026
United States District Court Magistrate Judge
Southern District of New York

Re:      *Panini America, Inc. v. Fanatics, Inc. et al.*, No. 1:23-cv-09714 (S.D.N.Y. 2023)

Dear Judge Figueredo:

        We write on behalf of Fanatics in the above-referenced matter to request permission to file under seal unredacted versions of Fanatics' forthcoming Supplemental Letter in Further Opposition to Panini's Motion To Quash ("Letter") and Exhibit 7 thereto.  The Letter quotes from and attaches Exhibit 7, which is a document that Panini produced and designated "Highly Confidential" pursuant to the Confidentiality Stipulation and Protective Order.  *See* ECF No. 160 ("Protective Order").  Exhibit 7 is a presentation containing what Fanatics understands to be non-public market analyses, financial performance data, and strategic information that Panini's former financial adviser, Lincoln International, prepared in connection with a potential sale of Panini.

        The Protective Order provides in relevant part:

        To the extent a party wishes to file with the Court documents or information designated as Designated Materials by an opposing party, that party shall file the Designated Materials electronically under seal in accordance with Rule I.g.2 of the Hon. Valerie Figueredo's Individual Practices In Civil Cases.  The filing party shall simultaneously serve counsel for the opposing party via email with the materials filed under seal.  Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter.  The letter shall attach the documents with any proposed redactions.  At the same time as the filing, the party seeking permission to seal shall email a copy of the letter to Judge Figueredo's chambers, with the proposed redactions highlighted in yellow.

Protective Order ¶ 17.

        In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed[.]"  *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).  In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006).  Protecting sensitive business information, such as "internal analyses" and "business strategies," is among the "higher values consistently recognized by courts in this Circuit" as a "countervailing factor that can prevail over the presumption of public access."  *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (internal quotations omitted); *see Sec. & Exch.*

*Comm'n v. Telegram Grp. Inc.,* No. 19-CV-9439 (PKC), 2020 WL 3264264, at \*3 (S.D.N.Y. June 17, 2020) (collecting cases).

Pursuant to Rule I.g.2. of the Court's Individual Practices In Civil Cases, Fanatics will file sealed versions of the Letter and Exhibit 7 thereto with the proposed redactions highlighted in yellow, provide copies of the same via email, and file redacted versions on the docket.

Respectfully submitted,

*/s/ Michael B. Carlinsky*
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*