

**Via ECF**
The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re: ***Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Response to Fanatics' "Supplemental Opposition"**

Dear Judge Figueredo:

We write on behalf of Panini America, Inc. ("Panini") in response to Fanatics' "supplemental opposition" to Panini's motion to quash Fanatics' third-party subpoena to Citigroup, submitted at ECF No. 309. Fanatics' supplemental letter adds nothing new to its contention that "Panini S.p.A.'s collectibles business is centrally relevant" and that therefore everything about Panini S.p.A.'s business is fair game for discovery—even if it has nothing to do with the plaintiff in this case or the exclusive licenses at issue. As explained below, Fanatics overstates Panini's proposed redactions, ignores the documents it already possesses, and improperly seeks broad, worldwide information on Plaintiff's parent organization without any explanation as to how such discovery bears on the U.S. market alleged here.[1]

As an initial matter, Fanatics' supplemental letter overstates the scope of Panini's proposed redactions. Panini's proposed redactions would primarily cover financial figures and metrics pertaining to Panini S.p.A.'s international business lines that provide no unique insight into Panini America or the exclusive licenses at issue in this litigation. Panini is not seeking to redact the sort of narrative statements highlighted by Fanatics about the nature of Panini S.p.A.'s collectibles business. Moreover, Fanatics is already in possession of numerous documents—including the very Lincoln International documents it attaches to its supplemental letter—that describe the nature and scope of Panini S.p.A.'s business in extensive detail. *See, e.g.*, ECF No. 309-1 (Ex. 7). Fanatics does not even try to explain why it believes the Citigroup materials will provide any unique information about the nature of Panini S.p.A.'s business that Fanatics does not already have from these other sources.

Panini should be given the opportunity to present targeted redactions of irrelevant information consistent with the process that Fanatics itself insisted on including in the Protective Order. The Protective Order entered in this case contains a provision—negotiated at Fanatics' request—allowing parties to redact "non-responsive portions of a responsive document for

---

[1] Fanatics' suggestion that Panini "inexplicably delayed" production of the Lincoln International materials (ECF No. 309 at 1) is baseless. Both parties confirmed at the March 18 conference that they have met their substantial completion obligations, ECF No. 307 (March 18, 2026 Tr.) at 4:9–10, 4:17–18, and both parties continue to produce additional documents on a rolling basis as is customary. And Fanatics is in no position to complain about alleged production delays: Panini sent Fanatics a letter more than two weeks ago identifying significant gaps and missing documents in Fanatics' own production, and Fanatics has yet to even respond.



confidentiality reasons." ECF No. 160 ¶ 14. There is nothing unusual about Panini seeking to withhold targeted, irrelevant information about its non-party parent corporation consistent with the applicable rules and procedures. Fanatics has itself resisted discovery that Panini views as relevant on numerous occasions and has succeeded in a number of instances.[2] Indeed, Fanatics has thus far resisted discovery into its apparel business—including redacting such information from its organizational charts—despite the fact that Fanatics has integrated that business with its trading card business and cross-markets its apparel and sports trading card products.

In any event, none of Fanatics' regurgitated relevance arguments support its position.

*First*, Fanatics touts the fact that Panini S.p.A. is "a defendant in Fanatics' lawsuit." ECF No. 309 at 1. Fanatics does not even attempt to explain how its allegations in that lawsuit make "Panini S.p.A.'s collectibles business" relevant. Fanatics' only remaining claim in that lawsuit concern Panini's alleged statements to Panini America employees to try to prevent Fanatics from raiding more of its employees. Those claims have nothing to do with Panini S.p.A.'s international collectibles business.

*Second*, Fanatics argues that "Panini S.p.A. directs and oversees the interconnected operations of its global subsidiaries, including Panini America." *Id.* at 1. But, as stated numerous times at the conference on Panini's motion, Panini has agreed to produce information bearing on Panini America unredacted. ECF No. 307 (March 18, 2026 Tr.) at 23:22–24:25. Fanatics has not shown that any other "global subsidiaries" are relevant to the allegations here.

*Third*, Fanatics attempts to argue that the Lincoln document shows that "Panini S.p.A.'s international collectibles business" bears on market definition—"namely, that other types of collectibles products, such as international collectibles, entertainment collectibles, stickers, and partially licensed products, are [] part of the relevant market." ECF No. 309 at 1. But Fanatics ignores that this document is not an analysis of the product market for sports trading cards. Rather, it is a sales document for the business of Panini S.p.A., which logically discusses all aspects of that company's businesses, which are in a number of different product markets. The fact that Lincoln International discusses international collectibles, or entertainment cards, and for that matter Panini's publishing business, is not relevant to whether those businesses compete in the same product markets as U.S. trading cards. Moreover, as Panini has made clear, its proposed redactions are targeted at financial figures and metrics about Panini S.p.A.'s international business—not at the type of narrative statements Fanatics highlights about the market.

Panini respectfully requests that the Court deny Fanatics' supplemental opposition and permit Panini to present targeted redactions of irrelevant information for the Court's consideration consistent with the Protective Order. Having successfully litigated for a protective order that encompasses a process for considering redactions of certain sensitive but nonrelevant information, Fanatics should not be allowed to deny Panini the rights to pursue that process.

---

[2] *See, e.g.*, ECF No. 197 at 3 (Fanatics successfully resisted requests seeking documents about Fanatics' Commerce business, "which involves Fanatics' sale of apparel but not trading cards"); *id*. at 2–3 (Fanatics resisted producing documents responsive to requests concerning its equity ownership and voting rights in licensors on the basis that it was not relevant); *id*. at 1–2 (Fanatics opposed multiple requests concerning its acquisition of Topps); ECF No. 226 at 3 (Fanatics resisted discovery seeking NFLPA arbitration materials); *id.* at 2 (Fanatics refused to produce documents concerning individuals' equity interests in Fanatics on relevance grounds); *id*. (Fanatics resisted a request seeking documents about its use of customer data).



Respectfully submitted,

*/s/ Stuart Singer*

David Boies
Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com

James P. Denvir*
Richard A. Feinstein*
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com

*Counsel for Panini America, Inc.*

**pro hac vice*

cc:     All Counsel of Record (by ECF)