**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
PANINI AMERICA, INC.,

                         Plaintiff,                          **23-cv-9714 (LTS) (VF)**

               -against-

                                                  **<u>ORDER</u>**
FANATICS, INC. et al,

                         Defendants.
-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On February 20, 2026, Panini filed a letter motion to quash or for a protective order, as it concerns a non-party subpoena served by Fanatics to Citigroup. ECF No. 282. Fanatics opposed the motion on February 27, 2026. ECF No. 288. The Court held a conference to discuss the dispute on March 18, 2026. ECF No. 306.

The at-issue subpoena to Citigroup contains 14 document requests. ECF No. 281-1. As it concerns request number 8, Panini's request to quash is granted. That request does not appear to seek information relevant to the claims at issue in this litigation. Nor does it appear to seek information relevant to Fanatics' articulated basis for the information it seeks. As Fanatics argued during the conference, the information it seeks through the Citigroup subpoena is relevant to its defense of Panini's claims because it will show how Panini has responded to the loss of the league licenses; the importance of the licenses to Panini's business; what Panini has told a potential acquirer or investor about the impact to its business as a result of the lost licenses; how Panini is portraying itself in the market as it concerns a potential sale of the business; and how Panini itself has defined the relevant market. See ECF No. 306 at 8-9, 17, 32-33. Request 8 does not appear to seek information relevant to any of these grounds.

Turning to the other document requests in the subpoena, Panini does not object to the production of "Panini S.p.A. documents that reflect valuations, issues about exclusive licenses pertaining to Panini America," as well as "any statements that relate to these licenses or the value or the impact of losing them, whether they were made by Panini S.p.A. or Panini America." ECF No. 306 at 31. Panini seeks the ability to redact "completely irrelevant information that's totally about . . . the non-U.S. business." Id. at 37; see also id. at 24-25. Fanatics does not oppose redactions to Panini S.p.A. material if Panini is able to "articulate and substantiate that" the redacted information is "highly commercially sensitive" and "doesn't bear on any of [the] issues" in the case, such as the value of the business, market definition, and how Panini has portrayed itself to potential buyers. Id. at 36. But Fanatics objects to permitting Panini to redact information that it deems irrelevant but which may not be commercially sensitive. Id. at 35-36. Fanatics also seeks the ability to return to Court to challenge any redactions by Panini. Id. at 36. The protective order in this case permits a party to redact "non-responsive portions of a responsive document for confidentiality reasons." ECF No. 160 at ¶ 14.

Following the conference on March 18, Fanatics submitted a supplemental letter that discussed certain materials created by Lincoln International, and Fanatics argued that Panini should not be permitted to redact information that relates to Panini S.p.A.'s international collectibles business. See ECF No. 309. In response to the letter, Panini explained that it is not seeking to redact "the sort of narrative statements highlighted by Fanatics about the nature of Panini S.p.A.'s collectibles business" and instead seeks to redact "primarily" financial figures and metrics pertaining to Panini S.p.A.'s international business lines. See ECF No. 313.

Citigroup is hereby directed to produce responsive Panini S.p.A. materials to Fanatics with redactions only where the information concerns Panini S.p.A. and is non-responsive or

commercially sensitive. However, information in the Panini S.p.A. materials cannot be redacted if it discusses or relates to Panini America or an issue in this case (*i.e.*, market definition, value/importance of the licenses to Panini America's business, value/importance of the license to Panini S.p.A.'s business, what Panini S.p.A. has told potential acquirers about the impact to its business or the business of Panini America from the loss of the licenses, how Panini S.p.A. has portrayed itself in the market for purposes of a potential sale).[1] Additionally, as it concerns Panini S.p.A.'s international collectibles business, Panini can redact only financial figures and metrics, and only if such information is also commercially sensitive. If Panini seeks to redact other information from Panini S.p.A. materials that relate to its international collectibles business (*i.e.*, redactions for non-responsiveness), Panini must file a letter motion, identifying the specific material to be redacted and explaining its grounds for doing so.

All redactions must indicate whether the material was redacted due to commercial sensitivity or non-responsiveness. All Panini S.p.A. materials (whether redacted or not) must be produced by Citigroup with an Outside Counsels Eyes' Only designation. Fanatics will be permitted to challenge a redaction and/or a confidentiality designation, if a dispute arises that cannot be resolved by the parties after a meet and confer. If such a dispute arises, the parties are directed to contact the Court and a procedure will be set in place by which Fanatics can challenge the appropriateness of the redactions and/or confidentiality designation for specific documents.

---

[1] The examples provided herein are illustrative, not exhaustive.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 281 and

282.

**SO ORDERED.**

DATED:        New York, New York
              April 22, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge