**LATHAM&WATKINS**LLP                **quinn emanuel** trial lawyers | new york

**Via ECF**

The Honorable Valerie Figueredo                                April 24, 2026
United States District Court Magistrate Judge, S.D.N.Y.

Re:    *Panini America, Inc. v. Fanatics, Inc. et al.*, No. 1:23-cv-09714 (S.D.N.Y. 2023) —
       Fanatics' Opposition to Panini's Letter Motion on Redactions (ECF No. 314)

Dear Judge Figueredo:

Fanatics opposes Panini's motion for leave to redact significant portions of recent Lincoln International sales materials (ECF No. 314, "Motion" or "Mot."). Panini's Motion is the latest instalment in Panini's ongoing efforts to block critical discovery that will eviscerate Panini's case, including its alleged market definition and damages.

Panini's allegations in this case are irreconcilable with its own representations outside of court. In a press statement released this week, Panini describes itself as "the world's largest sports and entertainment collectibles company."[1] In pitch meetings, Panini is reportedly claiming to be "more valuable" now than it was before Fanatics entered the collectibles industry. ECF No. 288-1 at 6. Yet, at the same time, Panini alleges in this case that Panini has been "eliminated as a competitor" in the market for "Major U.S. Professional Sports Leagues trading cards" due to Fanatics' entry, and seeks billions in damages. ECF No. 69 ¶¶ 12, 71.

Sales materials created by Panini's financial advisors, including Lincoln International and Citigroup, are among the most damning evidence in this case. There, ▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉ CIP at 75. It is those very materials that Panini now seeks to redact.

Panini's Motion must be seen for what it is—an attempt to hide information that will undermine Panini's case. *First*, the redacted information is critically relevant, as this Court recently found in connection with the Citigroup subpoena. ECF No. 316 at 3 (listing numerous examples of "information in the Panini S.p.A. materials" that "cannot be redacted" because it "relates to Panini America or an issue in this case"). *Second*, Panini's conclusory confidentiality concerns fail to establish that the redacted material is so sensitive that it cannot be produced even on an Outside Counsel Eyes' Only ("OCEO") basis. Indeed, it is undisputed that the Confidential Information Presentation ("CIP") at issue has already been broadly disseminated to potential third-party buyers, with no protection beyond an NDA. The suggestion that the same information cannot be shared with Fanatics' outside counsel—in a lawsuit where Panini seeks billions in damages from Fanatics—is outrageous. Panini's Motion should be denied in its entirety.

**I.     The Redacted Information Is Critically Relevant**

**A.     Panini S.p.A.'s Global Collectibles Business Is Relevant**

Panini seeks to redact information regarding "Panini S.p.A.'s global soccer, entertainment, and collectibles licenses," purportedly on relevance grounds. Mot. at 1, 3. That argument is specious, particularly given the governing standard: "Relevance is an extremely broad concept for

---

[1] Panini Blog: *Sue Bird Joins With Panini America For Exclusive Autographed Trading Cards* (April 21, 2026), https://blog.paniniamerica.net/sue-bird-joins-with-panini-america-for-exclusive-autographed-trading-cards.

purposes of discovery," and discovery should be "permitted if there is any possibility that the information sought to be obtained may be relevant to the subject matter of the action." *In re Orthogen Int'l GmbH*, 2026 WL 320454, at *2 (S.D.N.Y. Feb. 5, 2026) (cleaned up and citations omitted); *accord FCX Solar, LLC v. FTC Solar, Inc.*, 2022 WL 3584946, at *2 (S.D.N.Y. Aug. 22, 2022) (Figueredo, M.J.).

Documents concerning Panini S.p.A.'s international collectibles business are essential to assessing Panini's alleged market definition. *See* ECF No. 316 at 2-3. While Panini defines the relevant markets as newly issued, fully licensed (1) mass market and (2) premium MLB, NBA, and NFL trading cards, *see* ECF No. 69 ¶¶ 42-43, 67, information regarding Panini S.p.A.'s global collectibles business will likely show that trading cards within Panini's alleged narrow market compete with other collectibles, international trading cards, entertainment trading cards, and/or partially licensed products. Panini's overbroad redactions would hinder Fanatics' ability to develop this defense. For example, on one slide of the CIP, Panini has redacted ███████████

██████████████████████████████████████████ CIP at 35; *see also* CIP at 39-42, 44.

More generally, there can be no question that Panini S.p.A.'s information is relevant to an assessment of the relevant market. This Court has already held that information in Panini S.p.A. materials is relevant and "cannot be redacted if it discusses or relates to," among other things, "market definition." ECF No. 316 at 3.[2] Panini's own statements and productions confirm the relevance of Panini S.p.A. Panini S.p.A. owns, finances, and directs Panini America, including its licensing decisions. *See, e.g.*, ECF No. 69 ¶¶ 23, 78, 132, 188; *see also* CIP at 55 ████████████

Panini agreed to designate seven Panini S.p.A. executives as document custodians. *See* ECF No. 206-1 at 4; ECF No. 206-2 at 8, 11. And Lincoln International documents from 2021 describe

████████████████████████████████████████████ ECF No. 310 at 1-2;
*see also* CIP at 37 ████████████

Panini's redaction request is fundamentally at odds with the purpose of discovery, which is to "explore avenues of discovery that could reasonably lead to admissible information regarding any of plaintiff's claims or defendant's possible defenses." *Condit v. Dunne*, 225 F.R.D. 100, 109 (S.D.N.Y. 2004). Panini seeks to invert the discovery process by dictating what is relevant and only producing that information. The Court should reject this overreaching request and deny Panini's efforts to deprive Fanatics of information that undercuts Panini's alleged relevant market.

### B.    Panini S.p.A.'s Financial Information Is Relevant

Panini also seeks to redact information related to Panini S.p.A.'s financial performance and projections. Mot. at 2-3. It is remarkable that Panini seeks to redact financial information in a case where Panini alleges billions of dollars in damages, especially when Panini *concedes* that Panini S.p.A.'s financial information is "probative of damages" as of 2021. *Id.* at 3. Panini

---

[2]    In resolving Panini's motion to quash the Citigroup subpoena, the Court allowed Panini to propose redactions of "only financial figures and metrics, and only if such information is also commercially sensitive." ECF No. 316 at 3. Similar proposed redactions cannot be justified here, as Lincoln International materials have already been broadly shared with potential buyers and do not relate to any "████████" sales process. *Compare* ECF No. 282.

nonetheless argues that Panini S.p.A.'s most recent financial information is irrelevant to damages because it was prepared years after the alleged "anticompetitive conduct." *Id.*

This Court should reject Panini's transparent attempt to shield valuation information that will undercut Panini's claimed damages. Because Panini alleges *ongoing* harm, recent information bearing on current and projected financial performance is necessarily relevant. *See* ECF No. 288-6 at 2 ("Fanatics' anticompetitive conduct is ongoing and continues to harm Panini and the market through the present."); ECF No. 69 ¶¶ 240, 248, 258, 298. If Panini S.p.A.'s financial information was "probative" of damages in 2021, it is probative of them today.

In addition, this Court recently held that information in Panini S.p.A. materials "cannot be redacted" if it relates to the "value/importance of the license[s] to Panini S.p.A.'s business, what Panini S.p.A. has told potential acquirers about the impact to its business … [or] how Panini S.p.A. has portrayed itself in the market for purposes of a potential sale." ECF No. 316 at 3. The financial information at issue here was incorporated into materials shared with potential buyers, and is therefore critical to how Panini S.p.A. "portrayed itself in the market" and what it "told potential acquirers about the impact to its business." *Id.* And those financial figures necessarily reflect the "value/importance of the license[s] to Panini S.p.A.'s business," *id.*, because, as Panini admits, the financial information at issue "aggregate[s] results across all of Panini S.p.A.'s global business lines"—including Panini America. Mot. at 2. For example, on several slides of its CIP, Panini has redacted ███████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████ CIP at 21, 75, 76. This financial information is critical and must be produced unredacted.

## II.     The Protective Order Addresses Any Confidentiality Concerns

Finally, even if the redacted information were irrelevant (it is not), the redactions would still be improper because Panini has failed to articulate confidentiality concerns that are serious enough to warrant redactions rather than production on an OCEO basis.

In passing, Panini suggests that "an [OCEO] designation *may provide insufficient protection*," but it never substantiates that assertion. Mot. at 2 (emphasis added). Panini vaguely suggests that the redacted information "could be exploited by competitors to interfere with Panini S.p.A.'s business plans or future transactions," but it never explains how that could happen when the information will be designated OCEO. *Id.* Indeed, the documents at issue are sales materials, which were prepared for and shared with potential third-party buyers under the protection of nothing more than an NDA, refuting Panini's assertions of extreme sensitivity. Panini cannot seriously claim that a court-ordered Protective Order is insufficient, especially when Panini does not provide any basis to believe that Fanatics' outside counsel would violate the Protective Order.

To the contrary, Panini has repeatedly and successfully argued that the Protective Order's confidentiality protections suffice to protect even the most commercially sensitive information, and that it is "unreasonable and offensive" to suggest otherwise. *See* ECF No. 150 at 2; ECF No. 194 at 1-2, 6; ECF No. 188 at 19:19-20:10. This Court and Judge Swain agreed. *See* ECF Nos. 183, 198. Panini cannot argue that the Protective Order is sufficient to protect Fanatics' most sensitive competitive information but insufficient to protect its own. Panini thus comes nowhere close to carrying its burden of justifying the proposed redactions.

Panini's Motion should be denied in its entirety.

/s/ *Michael B. Carlinsky*

Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

/s/ *Lawrence E. Buterman*

Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1264

4