LATHAM&WATKINS LLP          quinn emanuel trial lawyers | new york

**Via ECF**

The Honorable Valerie Figueredo                                    June 12, 2026
United States District Court Magistrate Judge, S.D.N.Y.

Re:     *Panini America, Inc. v. Fanatics, Inc. et al.*, No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023)

Dear Judge Figueredo:

We write on behalf of Fanatics in the above-referenced matter to request permission to file under seal unredacted versions of Fanatics' forthcoming Opposition to Panini's Motion to Compel ("Opposition") and Exhibit 1 thereto.  Exhibit 1 is an email chain between outside counsel for Fanatics and Panini, portions of which quote, reference, or summarize materials designated Confidential, Highly Confidential, or Outside Counsel Eyes Only under the applicable Protective Order (ECF No. 160).  Portions of the Opposition quote from the above-referenced exhibit, and from exhibits to Panini's Motion to Compel that were filed under seal.  Fanatics therefore submits that good cause exists for filing Exhibit 1 and the Opposition with limited redactions.

The Protective Order provides:

> To the extent a party wishes to file with the Court documents or information designated as Designated Materials by an opposing party, that party shall file the Designated Materials electronically under seal in accordance with Rule I.g.2 of the Hon. Valerie Figueredo's Individual Practices In Civil Cases.  The filing party shall simultaneously serve counsel for the opposing party via email with the materials filed under seal.  Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter.  The letter shall attach the documents with any proposed redactions.  At the same time as the filing, the party seeking permission to seal shall email a copy of the letter to Judge Figueredo's chambers, with the proposed redactions highlighted in yellow.

ECF No. 160 ¶ 17.

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed[.]"  *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).  In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006).  Protecting sensitive business information is among the "higher values consistently recognized by courts in this Circuit" as a "countervailing factor that can prevail over the presumption of public access."  *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (internal quotations omitted).

Pursuant to Rule I.g.2 of the Court's Individual Practices In Civil Cases, Fanatics will file sealed versions of the Opposition and Exhibit 1 thereto with the proposed redactions highlighted in yellow, provide copies of the same via email, and file redacted versions on the docket.

Respectfully submitted,

| | |
|---|---|
| */s/ Michael B. Carlinsky* | */s/ Lawrence E. Buterman* |
| Michael B. Carlinsky | Lawrence E. Buterman |
| Quinn Emanuel Urquhart & Sullivan LLP | Latham & Watkins LLP |
| 295 Fifth Avenue | 1271 Avenue of the Americas |
| New York, NY 10016 | New York, NY 10020 |
| michaelcarlinsky@quinnemanuel.com | lawrence.buterman@lw.com |
| (212) 849-7000 | (212) 906-1264 |
| | |
| *Counsel for Fanatics* | *Counsel for Fanatics* |