# Exhibit 1

| | |
|---|---|
| **From:** | Megan Nyman |
| **To:** | Alicia.Jovais@lw.com; tedovrom@quinnemanuel.com; Jessica Mugler; William Harvey; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; michaelcarlinsky@quinnemanuel.com; derekshaffer@quinnemanuel.com; kathrynbonacorsi@quinnemanuel.com; neilphillips@quinnemanuel.com; Serena.Candelaria@lw.com; ellemahdavi@quinnemanuel.com |
| **Cc:** | Sabria McElroy; Jason Hilborn; Eric Brenner; Stuart Singer; Angela Mangione; Alisha Moriceau; Emily.Viola@lw.com |
| **Subject:** | RE: Fanatics/Panini -- Proposed Custodians |
| **Date:** | Friday, September 26, 2025 5:00:18 PM |

Alicia,

Thank you for your correspondence on the outstanding issues.

**Procedure for Letter Submissions**

We disagree that the Court's order precludes the parties from submitting individual letters. The parties agreed that the moving parties would submit their own letters with an opportunity for each party to respond. Both Judge Figueredo's orders directed the parties to "submit *letters* raising any issues" before October 3, Dkts. 203 & 204, whereas her prior orders directed the parties to submit a "joint status letter," *e.g.*, Dkt. 178.

Panini will submit its letter raising outstanding RFP issues on Tuesday. We also intend to submit our letter motion to compel the additional custodians on Tuesday.

**Panini's RFPs**

Consistent with our email from Tuesday of this week, we will be raising the following issues that the parties have failed to reach a compromise on:

- RFP 4 from Panini's First RFPs for Fanatics' agreements with case breakers, hobby shops, and retailers
- RFPs 74 and 82 concerning OneTeam
- RFP 125 concerning Panini's contract with GCP

Additionally, based on your September 25 letter, we intend to raise the following issues:

- Request 5 (Fanatics' Ownership and Corporate Structure): Fanatics still maintains that it is unwilling to produce documents sufficient to show the individuals or entities that own equity or other financial interests in the named defendants or other relevant Collectibles entities. Panini has already explained that these documents are relevant to reveal conflicts of interest and the scope of Fanatics' influence over the leagues and players associations.
- Request 48 (Customer Data): Fanatics' proposal to narrow this request to include only "license negotiation communications" relating to Fanatics' use of customer data is not sufficient to capture the full scope of documents, including internal documents, reflecting Fanatics' strategy for using its customer data for the marketing and sale of Sports Trading Cards.
- Requests 54 and 56 (Athlete Agreements): Panini does not agree that anonymizing the summary sheets for the individual athlete agreements is sufficient. Separately, Fanatics' proposal that its agreement to produce these summaries should be contingent on Panini producing the full scope of player agreements that Fanatics requests in RFP 3 is improper and inconsistent with what we have discussed in meet and confers. Fanatics has never articulated why Panini's player agreements going back to 2009 are relevant to the claims or defenses in the litigation and Panini has only agreed to a mutual scope of production for player agreements in response to Fanatics' Request 3. To be clear,

our proposal is that both parties produce summaries for NFL and NBA player agreements from January 1, 2021, through July 31, 2025 that identify, for each athlete, the athlete's name, the term of the agreement, the payment terms, the nature of the services covered by the agreement (e.g., autographs, appearances, etc.), and whether it is exclusive or non-exclusive, while reserving the right to demand production of specific agreements later in discovery.  Based on your letter, we understand you do not agree to this. Accordingly, we will raise this issue with the Court.

- Requests 112 and 116 (Equity and Governance Rights): As we have explained, Panini believes that Fanatics' production in response to Request 112 must include the equity agreements. Fanatics also still has not agreed to produce documents sufficient to show in response to Request 116 concerning governance rights.

- Requests 147-149 (*NFLPA v. Fanatics* arbitration): Panini has explained that its requests for readily identifiable documents from the *NFLPA v. Fanatics* arbitration are relevant to its allegations that Fanatics is using its market power to harm Panini in the short term. The conduct at issue in the arbitration is probative of allegations underlying Panini's Section 2 and tortious interference claims, including Panini's allegations that Fanatics has attempted to accelerate its use of NFLPA rights knowing that Panini holds the exclusive license to use these rights. *E.g.*, Am. Compl. ¶¶ 179-187, 207, 276-277.

## Request 83

At this stage, Panini will agree to Fanatics' compromise to produce documents sufficient to show in response to Request 83 concerning Fanatics Live but reserves rights to demand further production of documents responsive to this request after we receive and review Fanatics' productions.

## Start Date for Panini's Productions

- Panini has already agreed to go back to 2009 for its searches for licenses with the major leagues and their respective player associations, pitches to licensors, documents responsive Request 4, contracts for the printing and manufacturing of trading cards responsive to Request 36, and manufacturers Panini has used in response to Request 43. Panini agrees that the parties are at an impasse on Fanatics' request for Panini to go back to 2009 on the broad scope of other requests.

- Panini has already agreed to the time periods for the other requests that you propose in Section (I)(B) of your September 25 letter.

- Your letter of yesterday raises new questions about Panini's 11-16 year-old data. We will work with the client to get answers to your questions to the extent possible. However, we maintain our relevance objections with respect to the pre-2014 data.

## Geographic Scope

Panini does not agree that broad discovery into documents and data concerning Panini's collectibles, including non-trading card products, that are sold worldwide are relevant to this litigation. We are likely at an impasse on your requests for "ex-U.S. data and information." However, we are evaluating the specific requests in your letter and will revert with our final position by Monday. We do not object to you raising this issue if you don't agree with our position.

## Collectibles/Product Scope

Given your position that signed memorabilia may be part of the relevant market, the identities of Fanatics' employees who work on memorabilia products and the structure of that business is relevant. However, we do not intend to raise Fanatics' refusal to produce additional documents responsive to Requests 1 and 6 at the October 9 conference. We reserve the right to raise this at a later time.

**Fanatics' Individual RFPs**

- Request 51: Panini is willing to produce documents sufficient to show payments to NFL, NBA, and MLB rookies going back to 2021. If you believe this is insufficient, we are at an impasse. Fanatics has not even attempted to explain the relevance of any payments to players aside from NFL, NBA, and MLB players.
- Request 67: We agree we are at an impasse.

**Search Terms**

The parties agreed to meet and confer on search terms prior to September 30. We are available to do so Tuesday (9/30) between 9am-10am or between 12pm-2:30 pm. Please let us know your availability.

Best,

**Megan Nyman**
Associate

BOIES SCHILLER FLEXNER LLP

401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(t) 954 356 0011
(m) 954 295 7513
mnyman@bsfllp.com
www.bsfllp.com

---

**From:** Alicia.Jovais@lw.com <Alicia.Jovais@lw.com>
**Sent:** Thursday, September 25, 2025 3:04 PM
**To:** Megan Nyman <mnyman@bsfllp.com>; tedovrom@quinnemanuel.com; Jessica Mugler <jmugler@BSFLLP.com>; William Harvey <wharvey@BSFLLP.com>; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; michaelcarlinsky@quinnemanuel.com; derekshaffer@quinnemanuel.com; kathrynbonacorsi@quinnemanuel.com; neilphillips@quinnemanuel.com; Serena.Candelaria@lw.com; ellemahdavi@quinnemanuel.com
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Jason Hilborn <jhilborn@bsfllp.com>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Angela Mangione <amangione@bsfllp.com>; Alisha Moriceau <amoriceau@bsfllp.com>; Emily.Viola@lw.com
**Subject:** RE: Fanatics/Panini -- Proposed Custodians

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Hi Meg and all,

Please see the attached correspondence, which addresses the issues below and sets forth the issues Fanatics intends to raise at the October 9 conference.

With respect to the briefing schedule, we don't think we can submit individual (versus joint) letters; the parties requested a schedule pursuant to which the moving party would submit an opening letter and the opposing party would submit a response letter, but Magistrate Judge Figueredo's order does not address that issue and does not seem to contemplate separate opening and response letters.  In light of that, we propose the following schedule:

- Friday 9/26 5pm ET – parties send final positions on issues for 10/9 conference

- Tuesday 9/30 5pm ET – parties exchange letters (limited to 5 pages per side) with positions on which they are moving

- Friday 10/3 12pm ET – parties exchange responses (limited to 5 pages per side) on issues they are opposing; no additional edits by moving party

- Friday 10/3 5pm ET – parties each file joint letter on the issues on which they are moving

Would you let us know if this works for you?

Thanks,
Alicia

---

**From:** Megan Nyman <mnyman@bsfllp.com>
**Sent:** Tuesday, September 23, 2025 1:04 PM
**To:** Ted Ovrom <tedovrom@quinnemanuel.com>; Jessica Mugler <jmugler@BSFLLP.com>; William Harvey <wharvey@BSFLLP.com>; Jovais, Alicia (Bay Area) <Alicia.Jovais@lw.com>; Buterman, Larry (NY-DC) <Lawrence.Buterman@lw.com>; Reeves, Mandy (DC) <Amanda.Reeves@lw.com>; Johnson, David (DC) <David.Johnson@lw.com>; Martin, Lindsay (NY) <Lindsay.Martin@lw.com>; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>; Candelaria, Serena (NY) <Serena.Candelaria@lw.com>; Elle Mahdavi <ellemahdavi@quinnemanuel.com>
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Jason Hilborn <jhilborn@bsfllp.com>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Angela Mangione <amangione@bsfllp.com>; Alisha Moriceau <amoriceau@bsfllp.com>; Viola, Emily (NY) <Emily.Viola@lw.com>
**Subject:** RE: Fanatics/Panini -- Proposed Custodians

Counsel,

We write regarding the issues for the October 9 conference relating to Panini's requests for production in -09714. Given the Court's order directing the parties to submit letters raising any issues for the October 9 conference by October 3 (Dkt. 204) and the parties' agreement that the opposing parties have three days to respond to the moving parties' letters (Dkt. 201 at 1), we propose that the moving parties file any letters by September 30. This will allow the opposing parties three business days to file a response and meet the

October 3 deadline. Please let us know if you agree.

In addition to the custodian dispute, we intend to raise the following issues concerning Panini's requests for production on which we have reached impasse:

1. RFP 4 from Panini's First RFPs concerning Fanatics' agreements with Hobby Stores, Distributors, Big-Box Retailers, and Case Breakers
2. RFPs 74 and 82 concerning OneTeam
3. RFPs 124 and 125 concerning Panini's contract with GCP

We are still awaiting Fanatics' positions on the issues described below:

1. RFP 5 (ownership and corporate control) – In our September 4 letter, we agreed to limit this request to documents sufficient to show all individuals or entities that own equity or other financial interests in Fanatics, Inc., Fanatics, LLC, Fanatics Collectibles Intermediate Holdco, Inc., Fanatics SPV, LLC, Fanatics Holdings, Inc., Fanatics Collectibles Topco, and Fanatics Collectibles AB, Inc.
2. RFP 48 (Fanatics' use of customer data) – In our September 4 letter, we agreed to narrow this request to: "All Documents discussing or reflecting Your strategy or rationale for using customer data collected in connection with any of Fanatics's products or services for the marketing or sale of Sports Trading Cards, including, but not limited to, Documents and Communications discussing or analyzing the benefits to Licensors of using this data."
3. RFPs 49, 50, 62, 63 (Fanatics' rationale for entering into NIL and autograph agreements with NBA and NFL athletes) – In our September 4 letter, at our meet and confers on September 5 and 12, and in my September 12 email, we explained that we would accept documents in response to either RFPs 49 and 50 or RFPs 62 and 63 as long as Fanatics agrees to produce documents concerning its business rationale for signing athletes who participate in football or basketball to exclusive individual agreements with terms prior to March 2026 for football or October 2025 for basketball. We also asked Fanatics to confirm it will not withhold documents responsive to RFP 51 that hit on search terms for the refined request.
4. RFPs 83, 90, and 92 (Fanatics' Live, Case Breakers, Retailers, and Card Shops)
   a. RFP 83 – In our September 4 letter, we proposed narrowing this request to "All Documents concerning Your rationale for developing and launching the Fanatics Live platform for Case Breaking."
   b. RFP 84 – We are awaiting your position on whether you will produce documents in response to part (iv) of our further narrowed request proposed in our September 4 letter: "Your Communications with Case Breakers that … discuss exclusivity requirements or limitations on the sale or distribution of Sports Trading Cards applicable to Case Breakers who use, or are considering using, the Fanatics Live platform."
   c. RFP 90 – This request is limited to "All Documents concerning any restrictions or limitations imposed on Retailers regarding the display, promotion, or sale of Sports Trading Cards." Please confirm that Fanatics will produce responsive documents.
   d. RFP 92 – At our September 12 meet and confer and in my email following up on September 12, we proposed narrowing this request to: "Your Communications with Local Card Shops regarding any restrictions or limitations imposed on Local Card Shops regarding the sale of Sports Trading Cards."
5. RFPs 112 and 116 (equity and governance rights)
   a. RFP 112 – In our September 4 letter, we proposed narrowing this request to "documents sufficient to show" if Fanatics agreements that the documents produced will include all the equity agreements.
   b. RFP 116 – In our September 4 letter, we proposed narrowing this request to "documents

sufficient to show" control, voting rights, or other governance rights held by Major U.S. Professional Sports Leagues, Players Associations, or OneTeam in Fanatics.

6. RFPs 145-146 (Texas litigation documents) – In your September 11 email from Ted Ovrom, you stated that you would "agree in principle to produce all documents produced by the individual defendants in the Texas action, provided the individual defendants consent to that production" and that you would "make a good-faith effort to obtain their consent promptly." Please let us know whether you have obtained this consent.

7. RFPs 147-149 (*NFLPA v. Fanatics*) – While reserving rights, we proposed a compromise to narrow these requests to: "All pleadings, legal briefs, orders from the panel, deposition and hearing transcripts (including exhibits), and all settlement related documents and communications (including the settlement agreement(s), all drafts of the settlement agreement exchanged between the parties, and all settlement correspondence exchanged between the parties) in *National Football League Players Ass'n, et al. v. Fanatics SPV, LLC, et al.*, JAMS Ref. No. 542500344."

Please let us know your position on these issues as soon as possible. While we have already met and conferred on these requests, we will continue to make ourselves available over the next week for further discussion if helpful. However, if we don't reach an agreement or receive your position on these issues before September 30, we intend to raise them with the Court.

Best,

**Megan Nyman**
Associate

BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(t) 954 356 0011
(m) 954 295 7513
mnyman@bsfllp.com
www.bsfllp.com

---

**From:** Megan Nyman
**Sent:** Friday, September 12, 2025 5:59 PM
**To:** 'Ted Ovrom' <tedovrom@quinnemanuel.com>; Jessica Mugler <jmugler@BSFLLP.COM>; William Harvey <wharvey@BSFLLP.com>; 'Alicia.Jovais@lw.com' <Alicia.Jovais@lw.com>; 'Lawrence.Buterman@lw.com' <Lawrence.Buterman@lw.com>; 'Amanda.Reeves@lw.com' <Amanda.Reeves@lw.com>; 'David.Johnson@lw.com' <David.Johnson@lw.com>; 'Lindsay.Martin@lw.com' <Lindsay.Martin@lw.com>; 'Michael Carlinsky' <michaelcarlinsky@quinnemanuel.com>; 'Derek Shaffer' <derekshaffer@quinnemanuel.com>; 'Kathryn Bonacorsi' <kathrynbonacorsi@quinnemanuel.com>; 'Neil Phillips' <neilphillips@quinnemanuel.com>; 'Serena.Candelaria@lw.com' <Serena.Candelaria@lw.com>; 'Elle Mahdavi' <ellemahdavi@quinnemanuel.com>
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Jason Hilborn <jhilborn@BSFLLP.COM>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@BSFLLP.com>; Angela Mangione <amangione@bsfllp.com>; Alisha Moriceau <amoriceau@bsfllp.com>; 'Emily.Viola@lw.com' <emily.viola@lw.com>
**Subject:** RE: Fanatics/Panini -- Proposed Custodians

Alicia,

We are writing to follow up on the issues discussed on today's meet and confer.

**Panini Start Date**

As we mentioned near the end of our call, in addition to the requests for which we have previously agreed to extend the search period to 2009, as a compromise, we will agree to conduct searches beginning in 2009 for RFP No. 4 in order to assess the associated burden. We reserve the right to revisit this timeframe should the resulting hit counts prove unreasonable. We maintain our position that Fanatics has not provided any reasonable basis for extending the search period to 2009 for the remaining requests.

**Scope of Products**

To confirm, our proposal is that Fanatics should produce documents responsive to RFP Nos. 1, 6, 13, 96, 97, 100, 101, 102, and 108 concerning the full scope of Collectibles, including all signed memorabilia. Please confirm whether you agree.

**Requests Concerning Athlete NIL/Autographs**

- For RFP Nos. 49, 50, 51, 62, and 63, Fanatics is considering whether it will produce documents concerning its business rationale for signing Athletes who participate in football or basketball to exclusive Individual Athlete Agreements with terms prior to March 2026 for football or October 2025 for basketball. We ask that Fanatics also confirm that, per the parties' prior agreement, it will not withhold documents responsive to RFP No. 51 that hit on the search terms for this refined request.
- For RFP Nos. 54 and 56, Panini will agree to Fanatics' proposal for narrowing these requests to documents sufficient to show the agreements for the time-being, provided that this is mutual as to the request for "Player" Licenses in Fanatics' RFP No. 3 and the documents produced will identify, for each athlete, the athlete's name, the term of the agreement, the payment terms, the nature of services covered by the agreement (*e.g.*, autographs, appearances, etc.), and whether it is exclusive or non-exclusive. Panini reserves all rights on these requests, including the right to request production of specific agreements in full at a later time.

**Requests Concerning Fanatics Live, Retailers, and Card Shops**

- For RFP No. 83, we are awaiting Fanatics' position on whether it will agree to produce documents responsive to the narrowed request we proposed in our 9/4 letter.
- RFP No. 90 is already limited to "All Documents concerning any *restrictions or limitations* imposed on Retailers regarding the display, promotion, or sale of Sports Trading Cards." Please let us know whether you will agree to produce documents in response to this request. If you agree, Panini will withdraw RFP No. 89.
- For RFP No. 92, per our discussion, Panini will narrow this request to: "Your Communications with Local Card Shops regarding any restrictions or limitations imposed on Local Card Shops regarding the sale of Sports Trading Cards." Please let us know whether you will agree.

**Request Concerning KPMG (RFP No. 141)**

While reserving all rights, Panini will withdraw this request if Fanatics confirms that it will not withhold any documents responsive to this request that hit on the search terms for RFP Nos. 134 and 136.

Best,


**Megan Nyman**
Associate

BOIES SCHILLER FLEXNER LLP

401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(t) 954 356 0011
(m) 954 295 7513
mnyman@bsfllp.com
www.bsfllp.com

---

**From:** Megan Nyman
**Sent:** Tuesday, September 9, 2025 8:35 PM
**To:** Ted Ovrom <tedovrom@quinnemanuel.com>; Jessica Mugler <jmugler@BSFLLP.COM>; William Harvey <wharvey@BSFLLP.com>; Alicia.Jovais@lw.com; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>; Serena.Candelaria@lw.com; Elle Mahdavi <ellemahdavi@quinnemanuel.com>
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Jason Hilborn <jhilborn@BSFLLP.COM>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@BSFLLP.com>; Angela Mangione <amangione@bsfllp.com>; Alisha Moriceau <amoriceau@bsfllp.com>; 'Emily.Viola@lw.com' <emily.viola@lw.com>
**Subject:** RE: Fanatics/Panini -- Proposed Custodians

Thanks, Ted. We will send a zoom invite.

Best,


**Megan Nyman**
Associate

BOIES SCHILLER FLEXNER LLP

401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(t) 954 356 0011
(m) 954 295 7513
mnyman@bsfllp.com
www.bsfllp.com

---

**From:** Ted Ovrom <tedovrom@quinnemanuel.com>
**Sent:** Tuesday, September 9, 2025 5:51 PM
**To:** Megan Nyman <mnyman@bsfllp.com>; Jessica Mugler <jmugler@BSFLLP.com>; William Harvey <wharvey@BSFLLP.com>; Alicia.Jovais@lw.com; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>;

Serena.Candelaria@lw.com; Elle Mahdavi <ellemahdavi@quinnemanuel.com>
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Jason Hilborn <jhilborn@bsfllp.com>; Eric Brenner
<EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Angela Mangione <amangione@bsfllp.com>;
Alisha Moriceau <amoriceau@bsfllp.com>; 'Emily.Viola@lw.com' <emily.viola@lw.com>
**Subject:** RE: Fanatics/Panini -- Proposed Custodians

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Megan,

We are available to meet and confer at 10am ET on Friday. We will follow up regarding the remainder of your email.

Best,

**Ted Ovrom**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7069 Direct
212-849-7000 Main Office Number
319-331-8346 Cell
tedovrom@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Megan Nyman <mnyman@bsfllp.com>
**Sent:** Monday, September 8, 2025 7:44 PM
**To:** Ted Ovrom <tedovrom@quinnemanuel.com>; Jessica Mugler <jmugler@BSFLLP.com>; William Harvey
<wharvey@BSFLLP.com>; Alicia.Jovais@lw.com; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com;
David.Johnson@lw.com; Lindsay.Martin@lw.com; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>;
Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi
<kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>;
Serena.Candelaria@lw.com; Elle Mahdavi <ellemahdavi@quinnemanuel.com>
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Jason Hilborn <jhilborn@bsfllp.com>; Eric Brenner
<EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Angela Mangione <amangione@bsfllp.com>;
Alisha Moriceau <amoriceau@bsfllp.com>
**Subject:** RE: Fanatics/Panini -- Proposed Custodians

**[EXTERNAL EMAIL from mnyman@bsfllp.com]**

Counsel,

Panini does not agree with your custodian proposal.  Since we are at an impasse on Fanatics' custodians, we will raise this issue with the Court consistent with the procedure set forth in our last joint submission. In our submission, we intend to argue that the following custodians are appropriate and should be added:

1. Gregory Abovsky, CFO of Fanatics Collectibles
2. Josh Luber, Co-Founder and former Chief Vision Officer of Fanatics Collectibles
3. Omar Wilkes, Head of Athlete Partnerships – Fanatics Collectibles
4. Brian Bayne, VP Athlete Relations
5. Jeffrey Gordon, Former Chief Strategy Officer of Fanatics Collectibles
6. Clay Luraschi, VP Product Development - Fanatics Collectibles
7. Elizabeth Galaviz, Director of Athlete Relations
8. Nick Bell, CEO of Fanatics Collect
9. Saj Cherian, Chief of Staff and Head of Fanatics Ventures
10. Julie Yoo, Senior Vice President of Global Expansion of Fanatics
11. Brian Boyce, Former GCP Account Manager
12. Denise Albero, Former Senior Vice President of Financial Planning and Analysis and Investor Relations

Please clarify whether by stating that you are reverting to your previous proposal of 12 custodians per side, you intend to withdraw your agreement to add Omar Wilkes, Clay Luraschi, and Brian Boyce as custodians.

Additionally, as discussed on Friday's meet and confer and below, we are still awaiting your position on whether you will agree to a mutual production of all documents produced in the Texas litigation. While we believe Galaviz and Bayne are appropriate custodians for other reasons, your agreement to produce all the Texas documents may impact whether we will raise them as additional custodians in our submission. We ask that you provide your position as soon as possible and no later than **Wednesday, September 10**.

We agree to move the date for the search term exchange from today to Wednesday (9/10). However, for purposes of our initial exchange of hit counts, we ask that you include the disputed custodians.

As we previewed on Friday, when we write to the Court regarding custodians, we also intend to raise RFPs on which we have reached an impasse.  These are:

1. RFP No. 4 from Panini's First Requests for Production: Fanatics has refused our proposal to refine this request to mirror Fanatics' own similar request (RFP No. 57). As we noted in our August 19 letter, we have no further suggestions and the parties are at an impasse.
2. RFP Nos. 74 and 82 from Panini's Second Requests for Production (OneTeam Requests): You agreed on Friday that the parties are likely at an impasse on these requests. Please let us know by Wednesday whether your position has changed. Otherwise, we will assume it has not and that the parties are at an impasse.
3. RFP Nos. 124 and 125 from Panini's Second Requests for Production (GCP Requests): Panini's position on these requests has not changed since we raised them with the Court at the conference last month. On Friday, you said that you had a forthcoming written communication addressing these requests that we would receive Friday or today. If we don't hear from you on these requests by Wednesday, we will assume the parties are still at an impasse on these requests.

Separately, we are awaiting Fanatics' position on the following Requests:

1. RFP No. 5: We are awaiting Fanatics' position on whether it will agree to produce in response to the

narrowed version of this request that we proposed in our September 4 letter.

2. RFP No. 48: We are awaiting Fanatics' position on whether it will agree to produce in response to the narrowed version of this request that we proposed in our September 4 letter.

3. RFP No. 112: We are awaiting Fanatics' position on whether it will produce the actual equity agreements in response to this request. The revised request is for "Documents sufficient to show Your provision of equity ownership in Fanatics to Major U.S. Professional Sports Leagues, Team Owners, professional Athletes, Players Associations, and OneTeam, including the equity agreements."

4. RFP No. 116: We are awaiting Fanatics' position on whether it will produce documents sufficient to show control, voting rights, or other governance rights.

5. RFP Nos. 145-146:

    1. We are waiting on Fanatics to clarify whether it will mutually produce all documents in response to these requests. Panini has already agreed to a mutual production of all documents from the Texas litigation.
    2. We are also waiting for Fanatics to clarify whether it intends to produce the documents produced by the employee defendants in the Texas litigation.

Lastly, we would like to schedule a follow-up meet and confer this week to see if we can come to agreement on the following Requests, which we are still discussing:

1. RFP Nos. 49-50 and 54-56: We believe the parties may be at an impasse on these requests but would like to discuss one more time to see if a compromise can be reached. As mentioned during our call on Friday, Panini is prepared to withdraw RFP Nos. 62 and 63 if Fanatics agrees to produce documents in response to RFP Nos. 49 and 50.

2. RFP Nos. 83, 89, 90, 92 and RFP No. 141: We did not have a chance to discuss these RFPs on our last call. For RFP No. 83, we are simply waiting to hear from Fanatics as to whether it will produce documents in response to the narrowed version we proposed in our September 4 letter.

3. RFP Nos. 147-149 (*NFLPA v. Fanatics* litigation): In the interest of compromise, we propose the following narrowed version of this request for the time-being, while reserving all rights: All pleadings, legal briefs, orders from the panel, deposition and hearing transcripts (including exhibits), and all settlement related documents and communications (including the settlement agreement(s), all drafts of the settlement agreement exchanged between the parties, and all settlement correspondence exchanged between the parties) in *National Football League Players Ass'n, et al. v. Fanatics SPV, LLC, et al.*, JAMS Ref. No. 542500344. Please let us know at our next meet and confer whether you will agree to this narrowed request.

We are available for a quick meet and confer on the issues we are still discussing at the following times this week:

**Wednesday, September 10: 3pm-5pm**
**Thursday, September 11: 11am-12pm or 3pm-5pm**
**Friday, September 12: 10am-11am or 2pm-5pm**

Best,

**Megan Nyman**

Associate

## BOIES SCHILLER FLEXNER LLP

401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(t) 954 356 0011
(m) 954 295 7513
mnyman@bsfllp.com
www.bsfllp.com

---

**From:** Ted Ovrom <tedovrom@quinnemanuel.com>
**Sent:** Saturday, September 6, 2025 2:21 PM
**To:** Jessica Mugler <jmugler@BSFLLP.com>; Megan Nyman <mnyman@bsfllp.com>; William Harvey <wharvey@BSFLLP.com>; Alicia.Jovais@lw.com; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>; Serena.Candelaria@lw.com; Elle Mahdavi <ellemahdavi@quinnemanuel.com>
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Hilborn <jhilborn@bsfllp.com>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Angela Mangione <amangione@bsfllp.com>; Alisha Moriceau <amoriceau@bsfllp.com>
**Subject:** RE: Fanatics/Panini -- Proposed Custodians

---

**CAUTION: External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

---

Counsel,

We write in response to your below email regarding custodian negotiations. In addition, given the state of custodian negotiations, we propose exchanging initial search term proposals and hit reports on 9/10, instead of 9/8. Please let us know if you agree.

Panini v. Fanatics (-9714)

- **Number of Custodians**: We do not agree to your latest "compromise," which is not a compromise at all (you are still proposing 20+ custodians per side). We stand by our latest compromise offer of 15 custodians per side, with both parties reserving the right to propose up to three more custodians in the future based on a showing that the additional custodians are likely to possess unique, responsive documents. Our proposal is more than reasonable and reflects a substantial concession on our part (whereas you have hardly budged from your original proposal of 20+ custodians per side). If you do not accept our proposed compromise, we will revert to our previous proposal of 12 custodians per side.

- **Fanatics Custodians**: Nick Bell is the CEO of a separate business. We do not agree that Bell is an appropriate and necessary custodian. Panini's only basis for seeking documents related to the Fanatics Live platform and Fanatics' interactions with breakers is its vague allegation that Fanatics has "coerced" breakers into using the Fanatics Live platform. Am. Compl. ¶ 205. That allegation does not justify adding the CEO of Fanatics Live as a document custodian. We stand by the statements in our

previous correspondence and on meet and confers regarding the other Fanatics custodians you have proposed.

- **Panini Custodians**. Thank you for confirming that Panini will agree to add Anna and Francesca Baroni as custodians. We will wait to hear your position regarding Ivan Faria.

Fanatics v. Panini (-6895): Thank you for confirming that Panini will add Aldo Sallustro as a custodian. We accept your proposed compromise and will add Katie Shea as a custodian if Panini adds Robert Hull as a custodian.

We will respond separately to the other issues you raise below, including the potential production of materials from the Texas case.

We reserve all rights.

**Ted Ovrom**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7069 Direct
212-849-7000 Main Office Number
319-331-8346 Cell
tedovrom@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jessica Mugler <jmugler@BSFLLP.com>
**Sent:** Wednesday, September 3, 2025 9:56 PM
**To:** Ted Ovrom <tedovrom@quinnemanuel.com>; Megan Nyman <mnyman@bsfllp.com>; William Harvey <wharvey@BSFLLP.com>; Alicia.Jovais@lw.com; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>; Serena.Candelaria@lw.com; Elle Mahdavi <ellemahdavi@quinnemanuel.com>
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Hilborn <jhilborn@bsfllp.com>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Angela Mangione <amangione@bsfllp.com>; Alisha Moriceau <amoriceau@bsfllp.com>
**Subject:** RE: Fanatics/Panini -- Proposed Custodians

**[EXTERNAL EMAIL from jmugler@bsfllp.com]**

Ted,

We write in response to your email below regarding custodian negotiations.

Panini v. Fanatics (-9714)

**Number of Custodians.**  As an initial matter, we reject the notion that 20 custodians is "facially excessive in a case where collections will span an 8+ year period."  As we have previously stated, 20+ custodians is not excessive or unusual given the scope and complexity of this litigation—with multiple claims spanning various areas of Fanatics' business. Moreover, as you know, many of Fanatics' custodians have only been there for a few years and will not have documents for the full 8-year period.  We maintain that all of the custodians we have identified are appropriate and proportional to the needs of the case. Nonetheless, in the interest of compromise, we are willing to compromise as follows: 15 custodians per side identified now, with both parties having the right to identify up to five more custodians by January 9, 2026.  After January 9, 2026, the parties reserve the ability to add further custodians upon a good cause showing that the new custodians are likely to possess unique responsive documents.  Please let us know by Friday if you are amenable to this offer.  Otherwise, we will pursue all appropriate custodians that Fanatics has rejected.

**Fanatics Custodians.**  Thank you for confirming that you will add Omar Wilkes, Clay Luraschi, and Brian Boyce as custodians.  We will not rehash each individually rejected custodian here.  Suffice it to say that we do not agree that an individual is not an appropriate custodian simply because other individuals have similar or overlapping knowledge.  For instance, the fact that there were other people "involved in the NFLPA license agreement negotiations" with Mr. Luber does not mean he is not an appropriate custodian that is likely to have uniquely responsive documents to the case.  As to Bayne and Galaviz, we stated our position on your protective order contentions on the call, and we reiterated that we also have other reasons to believe that these individuals have unique responsive documents.  As for Nick Bell, our review of publicly available information, including Fanatics' own website, indicates that – contrary to your repeated representations – he has significant involvement in the Collectibles business. Our position is that he is an appropriate custodian for, at a minimum, our requests concerning Fanatics Live and/or casebreakers, Local Card Shops, equity, and communications about Panini.

As to your statement that "the parties are currently negotiating the scope of a mutual production from the Texas case, so the referenced documents do not justify adding Bayne or Galaviz as custodians" – you stated on August 28 that you would produce documents produced in the Texas litigation only "to the extent those documents are responsive to other requests for which Fanatics has agreed or been ordered to produce documents."  (8/28/25 Letter at 7.)  Panini stands on its position that the parties should jointly seek whatever modifications may be needed to the protective order and agree to produce all Documents produced, and all deposition and hearing transcripts, including exhibits, in *Panini America, Inc. v. Eli Nicholas Matijevich, Jr., et al.*, including the productions from individual Texas defendants such as Bayne and Galaviz. Please confirm that Fanatics will produce all such documents, or if the parties are at an impasse.

**Panini Custodians.**  Panini maintains that Francesca and Anna Baroni, as board members, are not involved in the day-to-day operations of Panini and thus are not appropriate custodians, while also noting that Panini has not pursued board members of Fanatics as custodians.  Nonetheless, in the interest of compromise, Panini does not object to adding Francesca and Anna Baroni to its custodian list.

For the first time yesterday, after the deadline for finalizing custodian negotiations, Fanatics requested that Panini add Ivam Faria to its custodian list because he is now CEO of Panini S.p.A (as of April 22, 2025).  We are discussing this request with our client and will get back to you as soon as possible.

Fanatics v. Panini (-6895)

Thank you for confirming you will add Suzanne Tesi as a custodian.  Regarding Katie Shea, we believe that Ms. Shea is an appropriate custodian and is likely to have unique responsive information to the claims and defenses in this matter.

As to Panini's custodians, we disagree with your summary of our statements on the call and your claim regarding Aldo Sallustro's supposed involvement in any "litigation threats and intimidation against remaining Panini employees." However, we will agree to add him as a custodian.

Regarding Jason Howarth and Bob Hull, we stated on last week's meet and confer that Mr. Howarth and Mr. Hull's documents are largely duplicative of those of Mark Warsop, DJ Kazmierczak, and Giorgio Aravecchia, in that they have emails on the same topics as those custodians. We did not represent – nor could without reviewing all their documents - that they would have no uniquely responsive documents.  Rather, we stated that having eight custodians is not proportional to the needs of this case, especially where there is only one narrow claim.

As a compromise, Panini is willing to add either Jason Howarth or Bob Hull to the custodian list if Fanatics agrees to add Katie Shea.  Please let us know by <u>Friday</u> if you are amenable to this offer.

Thanks,

**Jessica Mugler**
Associate

**BOIES SCHILLER FLEXNER** LLP

1401 New York Avenue, N.W.
Washington, DC 20005
(c) +1 636-697-6497
(d) +1 202-274-1169
jmugler@bsfllp.com
www.bsfllp.com

---

**From:** Ted Ovrom <tedovrom@quinnemanuel.com>
**Sent:** Tuesday, September 2, 2025 5:58 PM
**To:** Jessica Mugler <jmugler@BSFLLP.com>; Megan Nyman <mnyman@bsfllp.com>; William Harvey <wharvey@BSFLLP.com>; Alicia.Jovais@lw.com; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>; Serena.Candelaria@lw.com; Elle Mahdavi <ellemahdavi@quinnemanuel.com>
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Hilborn <jhilborn@bsfllp.com>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Angela Mangione <amangione@bsfllp.com>; Alisha Moriceau <amoriceau@bsfllp.com>
**Subject:** RE: Fanatics/Panini -- Proposed Custodians

**CAUTION: External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

---

Counsel,

We write to follow up on last Wednesday's meet and confer regarding custodian negotiations, and in response to your below email. We have provided our updated positions below regarding the parties' respective proposals. We are available to discuss further this week if helpful.

<u>Panini v. Fanatics (-9714)</u>

**Number of Custodians**. Panini's proposal of a minimum of 20 custodians per side is both arbitrary and facially excessive in a case where collections will span an 8+ year period. In the interest of compromise, however, we are willing to agree to 15 custodians per side, with both parties reserving the right to propose up to three more custodians in the future based on a showing that the newly proposed custodians are likely to possess unique responsive documents. Please let us know if you agree to our proposal.

**Fanatics Custodians**. We maintain that the 12 custodians we have already agreed to are more than sufficient. But, again in the interest of compromise, we are willing to add three more: Omar Wilkes, Clay Luraschi, and Brian Boyce. (As you know, Mr. Boyce departed GCP in December 2023. Our collection of his documents will therefore be limited to documents currently in Fanatics' possession, custody, or control from the time of Mr. Boyce's employment at GCP.)

We disagree with your suggestion below that we merely "restated" information provided by email on last Wednesday's meet and confer, and we also disagree with the implication that the information we provided by email was insufficient. Without repeating everything we have previously said, we note the following:

- <u>Bayne & Galaviz</u>. You stated that Brian Bayne and Liz Galaviz are essential custodians based on your review of documents produced in the Texas case that allegedly show Bayne and Galaviz soliciting Panini employees to join Fanatics. As we explained, reviewing Fanatics' confidential documents from the Texas case to identify custodians for this case is a violation of the Texas protective order, which provides that Fanatics' confidential documents shall be used solely for purposes of that litigation. In any event, the parties are currently negotiating the scope of a mutual production from the Texas case, so the referenced documents do not justify adding Bayne or Galaviz as custodians.

- <u>Greg Abovsky</u>. You suggested that Greg Abovsky is an essential custodian based solely on his title. But Mr. Abovsky began working at Fanatics Collectibles in December 2022. We have already agreed that Glenn Schiffman will be a custodian. As the CFO of Fanatics Holdings Inc. since August 2021, Mr. Schiffman was far more involved than Mr. Abovsky in the events giving rise to Panini's suit.

- <u>Josh Luber</u>. You stated that Josh Luber is an essential custodian because he was involved in negotiations of the NFLPA license agreement. But Mr. Luber is a former employee who departed Fanatics Collectibles in October 2022, and numerous agreed custodians—including Mr. Rubin and Mr. Gertzog—were closely involved in the NFLPA license agreement negotiations, rendering Mr. Luber unnecessary as a custodian.

- <u>Nick Bell</u>. We explained that Nick Bell works in an entirely separate business line (Fanatics Collect, a business focused on live-content-based commerce). You had no response, yet you continue to demand that we add him as a custodian.

- <u>Denise Albero</u>. On Thursday, for the first time, you proposed Denise Albero as a custodian. Following a preliminary investigation, our understanding is that any responsive documents in Ms. Albero's files would likely also be in the files of agreed custodians, including Glenn Schiffman, Michael Rubin, Gary Gertzog, and Tucker Kain, rendering Ms. Albero an unnecessary custodian.

- <u>Saj Cherian, Julie Yoo, & Jeff Gordon</u>. We explained our understanding that these custodians would be

duplicative of agreed custodians, as set forth in our August 25 email. You provided no response but continue to demand that we add them, apparently as part of an effort to reach an arbitrary minimum number of custodians.

**Panini Custodians**. You stated that Anna Baroni and Francesca Baroni would be duplicative of Aldo Sallustro because the Baronis are board members, and thus their relevant communications would be with the executive team, including Mr. Sallustro. At least with respect to Francesca, we have reason to believe that is not true and that she engaged in relevant external correspondence. You stated that you would investigate that and revert. Even if Anna did not engage in external communications, we continue to view her as a necessary custodian due to her role at the top of the Panini organization—especially given Mr. Sallustro's passing. Please provide Panini's final position as to the Baronis. In addition, we understand that Ivan Faria is now the CEO of Panini S.p.A. Please let us know if Panini is willing to add Mr. Faria as a custodian

Fanatics v. Panini (-6895)

**Fanatics Custodians**. You have proposed that we add Suzanne Tesi and Katie Shea as custodians. We maintain that the list of custodians we have already agreed to is sufficient. Even so, in the interest of compromise, we are willing to add Suzanne Tesi as a custodian. As previously explained, our understanding is that Ms. Shea would be duplicative of Ms. Putnam (and Ms. Tesi) and is therefore unnecessary as a custodian.

**Panini Custodians**.

- Aldo Sallustro. Our understanding is that Panini S.p.A leadership, including Aldo Sallustro, was behind the relevant litigation threats and intimidation against remaining Panini employees, even if executives of Panini America helped disseminate the threats. You seemed to acknowledge on Wednesday's meet and confer that Mr. Sallustro was involved in instituting actual litigation against some former employees, which strongly suggests he also would have been involved in threatened litigation. Accordingly, Mr. Sallustro must be added as a custodian.

- Howarth & Hull. You represented to us that Mr. Howarth and Mr. Hull would likely be duplicative of agreed Panini custodians. We are willing to accept that representation, while reserving the right to request that either or both be added as custodians if we determine in the future that they have unique responsive documents.

Organizational Charts

We have located 2024-25 org charts for Fanatics Collectibles, 2022 and 2024-25 org charts for Fanatics Holdings Inc. ("FHI"), and a 2022 org chart for Topps, all of which we will produce promptly. We are continuing to investigate whether there are FHI org charts from other years of the relevant period. If there are, we will produce them promptly. Given the court's recognition that discovery into the Topps acquisition must be narrowed to what remains relevant following the motion to dismiss ruling—i.e., Fanatics' acquisition of the MLB license via that acquisition—we maintain that Topps org charts from other years are not relevant and proportional.

We reserve all rights.

**Ted Ovrom**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7069 Direct
212-849-7000 Main Office Number
319-331-8346 Cell
tedovrom@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jessica Mugler <jmugler@BSFLLP.com>
**Sent:** Thursday, August 28, 2025 1:27 PM
**To:** Ted Ovrom <tedovrom@quinnemanuel.com>; Megan Nyman <mnyman@bsfllp.com>; William Harvey <wharvey@BSFLLP.com>; Alicia.Jovais@lw.com; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>; Serena.Candelaria@lw.com; Elle Mahdavi <ellemahdavi@quinnemanuel.com>
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Hilborn <jhilborn@bsfllp.com>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Angela Mangione <amangione@bsfllp.com>; Alisha Moriceau <amoriceau@bsfllp.com>
**Subject:** RE: Fanatics/Panini -- Proposed Custodians

**[EXTERNAL EMAIL from jmugler@bsfllp.com]**

Ted,

We write to follow up on our meet and confer held yesterday on custodian negotiations.  At this meet and confer, Panini asked for any further information Fanatics had to explain its rejection of Panini's proposed additional custodians, including the basis for Fanatics' representation that each custodian rejected by Fanatics is unlikely to have uniquely responsive information.  In response, Fanatics largely restated the information provided in its August 25 email, adding that the current list of Fanatics' custodians constitutes the top-level executives that Fanatics believes are most relevant to the issues in the case, and that Fanatics assumes important documents of these individuals' subordinates would be in the individuals' files.

We respond to Fanatics' positions on additional custodians for each case below.

**Panini v. Fanatics (Case No. 1:23-cv-09714)**

Based on our meet and confer discussion, the issues in the case, the scope of the case, our investigation of the individuals' roles, and our information to date, we believe the following people are appropriate custodians that need to be added to Fanatics' custodian list:

1. Gregory Abovsky, CFO of Fanatics Collectibles
2. Josh Luber, Co-Founder and former Chief Vision Officer of Fanatics Collectibles

3.  Omar Wilkes, Head of Athlete Partnerships – Fanatics Collectibles
4.  Brian Bayne, VP Athlete Relations
5.  Jeffrey Gordon, Former Chief Strategy Officer of Fanatics Collectibles
6.  Clay Luraschi, VP Product Development - Fanatics Collectibles
7.  Elizabeth Galaviz, Director of Athlete Relations
8.  Nick Bell, CEO of Fanatics Collect
9.  Saj Cherian, Chief of Staff and Head of Fanatics Ventures
10. Julie Yoo, Senior Vice President of Global Expansion of Fanatics
11. Brian Boyce, Former GCP Account Manager

As to Deborah Crawford, Senior VP of Investor Relations for Fanatics Holdings, we asked you to confirm whether or not Ms. Crawford communicates about the collectibles business with investors. However, after further research, we learned that Denise Albero previously oversaw investor relations for Fanatics from 2021 until 2023 and we think she is more likely than Ms. Crawford to have documents responsive to our requests. We are removing Ms. Crawford from our proposed list and replacing her with Ms. Albero. Accordingly, please let us know whether Ms. Albero communicated about the collectibles business in her previous investor relations role.

While Panini believes that the following individuals have relevant information to the claims and defenses in this case, in the interest of compromise and based on your representations on the call, Panini is willing to agree that the following people do not need added to Fanatics' custodian list at this time:

1.  Warren Laufer, Former VP Business Development of Fanatics Collectibles
2.  Suzanne Tesi, Senior VP of Global Human Resources - Fanatics Collectibles
3.  Katie Shea, Talent Acquisition Consultant
4.  Ira Friedman, Former VP of Licensing & Publishing at Topps
5.  Michael Eisner, Former Chairman of Topps

Finally, as a compromise, we reiterate our offer to mutually agree on 20 custodians per side.  As we discussed on the call, given the scope of conduct by Fanatics at issue here, there are likely many more Fanatics' custodians with relevant knowledge (beyond those listed above).  We think an agreement on 20 custodians per side appropriately balances the scope of the case with proportionality and burden concerns. In the interest of further compromise, Panini is willing to agree that Fanatics' custodian list may include GCP custodians in its count of 20 custodians.

**Fanatics v. Panini (Case No. 1:23-cv-06895)**

Based on our meet and confer, our investigation of the individuals' roles, and our information to date, we believe the following people are appropriate custodians and need to be added:

1.  Katie Shea, Talent Acquisition Consultant at Fanatics
2.  Suzanne Tesi, SVP, Global Human Resources, Fanatics Collectibles

Please let us know your position on these issues no later than **tomorrow, Friday, August 29**, since that is the deadline for finalizing custodian negotiations.

Panini reserves all rights, including the right to seek additional custodians beyond those identified and discussed to date if discovery reveals that other individuals possess relevant, responsive information that is material to the claims or defenses in these matters.

Thanks,

**Jessica Mugler**
Associate

BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.
Washington, DC 20005
(c) +1 636-697-6497
(d) +1 202-274-1169
jmugler@bsfllp.com
www.bsfllp.com

---

**From:** Ted Ovrom <tedovrom@quinnemanuel.com>
**Sent:** Monday, August 25, 2025 8:17 PM
**To:** Jessica Mugler <jmugler@BSFLLP.com>; Megan Nyman <mnyman@bsfllp.com>; William Harvey <wharvey@BSFLLP.com>; Alicia.Jovais@lw.com; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>; Serena.Candelaria@lw.com; Elle Mahdavi <ellemahdavi@quinnemanuel.com>
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Hilborn <jhilborn@bsfllp.com>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Angela Mangione <amangione@bsfllp.com>; Alisha Moriceau <amoriceau@bsfllp.com>
**Subject:** RE: Fanatics/Panini -- Proposed Custodians

**CAUTION: External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

---

Counsel,

We are writing to follow up on our August 21 meet and confer regarding custodians. We are available to discuss further on Wednesday's meet and confer.

First, we do not agree to your proposal for a fixed number of custodians per side. Each party should search the files of custodians who are likely to possess unique responsive documents. Imposing an arbitrary minimum number of custodians will create needless burden.

Second, we will follow up soon regarding your question as to appropriate custodians for (1) distributor/retailer/breaker relationships and (2) complaints about product quality.

Third, we respond below to your request that Fanatics add additional custodians for both cases.

Panini v. Fanatics (Case No. -9714)

Although we maintain that our original list of custodians was sufficient and appropriately tailored, in the

interest of compromise, we are willing to add the following Fanatics custodians: Tucker Kain, Nick Matijevich, Stephanie Putnam, and Rob Springs. As requested, below is a summary of our position as to the other Fanatics custodians you proposed. We base our positions below on our current understanding of the facts, issues, and relevant documents, which is subject to change. We reserve all rights.

| Individual | Title | Fanatics' Position |
|---|---|---|
| Brian Boyce | Former GCP Account Manager | Unlikely to have unique responsive documents, including because any such documents would also be in the files of Richard McKinnie. |
| Gregory Abovsky | CFO of Fanatics Collectibles | Unlikely to have unique responsive documents, including because any such documents would also be in the files of Glenn Schiffman and/or David Leiner. |
| Omar Wilkes | Head of Athlete Partnerships – Fanatics Collectibles | Unlikely to have unique responsive documents, including because any such documents would also be in the files of Michael Rubin, Mike Mahan, and/or David Leiner. |
| Brian Bayne | VP Athlete Relations, Fanatics Collectibles | Unlikely to have unique responsive documents, including because any such documents would also be in the files of Michael Rubin, Mike Mahan, and/or David Leiner. |
| Elizabeth Galaviz | Director of Athlete Relations, Fanatics Collectibles | Unlikely to have unique responsive documents, including because any such documents would also be in the files of Michael Rubin, Mike Mahan, and/or David Leiner. |
| Clay Luraschi | VP Product Development - Fanatics Collectibles | Unlikely to have unique responsive documents, including because any such documents would also be in the files of David Leiner. |
| Suzanne Tesi | Senior VP of Global Human Resources - Fanatics | Unlikely to have unique responsive documents, including because any such documents would also be in the files of Stephanie Putnam. |
| Katie Shea | Talent Acquisition Consultant, Fanatics | Unlikely to have unique responsive documents, including because any such documents would also be in the files of Stephanie Putnam. |
| Saj Cherian | Chief of Staff and Head of Fanatics Ventures | Unlikely to have unique responsive documents, including because any such documents would also be in the files of Michael Rubin. |
| Julie Yoo | Senior Vice President of Global Expansion of Fanatics | Unlikely to have unique responsive documents, including because any such documents would also be in the files of Tucker Kain and/or Glenn Schiffman. |
| Josh Luber | Co-Founder and former Chief Vision Officer of Fanatics Collectibles | Unlikely to have unique responsive documents, including because any such documents would also be in the files of Michael Rubin and/or Gary Gertzog. |
| Jeffrey Gordon | Former Chief Strategy Officer of Fanatics Collectibles | Unlikely to have unique responsive documents, including because any such documents would also be in the files of Michael Rubin, Gary Gertzog, Richard McKinnie, Steve Skalski, and/or Carlos Sousa. |
| Warren Laufer | Former VP Business Development of Fanatics Collectibles | Unlikely to have unique responsive documents, including because any such documents would also be in the files of Michael Rubin, Mike Mahan, David Leiner, and/or Tucker Kain. |
| Ira Friedman | Former VP of Licensing & Publishing at Topps | Unlikely to have unique responsive documents, including because any such documents would also be in the files of David Leiner. |
| Nick Bell | CEO of Fanatics Collect | Unlikely to have responsive documents; does not work in the collectibles business. |
| Michael Eisner | Former Chairman of Topps | Unlikely to have unique responsive documents, including because any such documents would also be in the files of David Leiner. |
| Deborah | Senior VP of Investor | Unlikely to have responsive documents; does not |

| Crawford | Relations for Fanatics Holdings | work in the collectibles business. |
|---|---|---|

<u>Fanatics v. Panini (Case No. -6895)</u>

Although we maintain that our original list of custodians was sufficient and appropriately tailored, in the interest of compromise, we are willing to add Mike Mahan as an additional Fanatics custodian. As requested, below is a summary of our position as to the other Fanatics custodians your proposed. We base our positions below on our current understanding of the facts, issues, and relevant documents, which is subject to change. We reserve all rights.

| Individual | Title | Fanatics' Position |
|---|---|---|
| Suzanne Tesi | Senior VP of Global Human Resources - Fanatics | Unlikely to have unique responsive documents, including because any such documents would also be in the files of Stephanie Putnam. |
| Katie Shea | Talent Acquisition Consultant, Fanatics | Unlikely to have unique responsive documents, including because any such documents would also be in the files of Stephanie Putnam. |

**Ted Ovrom**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7069 Direct
212-849-7000 Main Office Number
319-331-8346 Cell
tedovrom@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jessica Mugler <jmugler@BSFLLP.com>
**Sent:** Monday, August 25, 2025 7:07 PM
**To:** Megan Nyman <mnyman@bsfllp.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; William Harvey <wharvey@BSFLLP.com>; Alicia.Jovais@lw.com; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>; Serena.Candelaria@lw.com; Elle Mahdavi <ellemahdavi@quinnemanuel.com>
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Hilborn <jhilborn@bsfllp.com>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Angela Mangione <amangione@bsfllp.com>; Alisha Moriceau <amoriceau@bsfllp.com>
**Subject:** RE: Fanatics/Panini -- Proposed Custodians

[EXTERNAL EMAIL from jmugler@bsfllp.com]

Counsel,

Please see the attached correspondence.

Thanks,

**Jessica Mugler**
Associate

**BOIES SCHILLER FLEXNER** LLP

1401 New York Avenue, N.W.
Washington, DC 20005
(c) +1 636-697-6497
(d) +1 202-274-1169
jmugler@bsfllp.com
www.bsfllp.com

**From:** Megan Nyman <mnyman@bsfllp.com>
**Sent:** Monday, August 25, 2025 1:34 PM
**To:** Ted Ovrom <tedovrom@quinnemanuel.com>; William Harvey <wharvey@BSFLLP.com>; Jessica Mugler <jmugler@BSFLLP.com>; Alicia.Jovais@lw.com; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>; Serena.Candelaria@lw.com; Elle Mahdavi <ellemahdavi@quinnemanuel.com>
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Hilborn <jhilborn@bsfllp.com>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Angela Mangione <amangione@bsfllp.com>; Alisha Moriceau <amoriceau@bsfllp.com>
**Subject:** RE: Fanatics/Panini -- Proposed Custodians

Ted,

Can you please confirm that your team will also be prepared to discuss the issues from the parties' August 19 letters on Wednesday?

Best,

**Megan Nyman**
Associate

**BOIES SCHILLER FLEXNER** LLP

401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(t) 954 356 0011
(m) 954 295 7513
mnyman@bsfllp.com
www.bsfllp.com

**From:** Ted Ovrom <tedovrom@quinnemanuel.com>
**Sent:** Monday, August 25, 2025 1:20 PM
**To:** William Harvey <wharvey@BSFLLP.com>; Megan Nyman <mnyman@bsfllp.com>; Jessica Mugler <jmugler@BSFLLP.com>; Alicia.Jovais@lw.com; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>; Serena.Candelaria@lw.com; Elle Mahdavi <ellemahdavi@quinnemanuel.com>
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Hilborn <jhilborn@bsfllp.com>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Angela Mangione <amangione@bsfllp.com>; Alisha Moriceau <amoriceau@bsfllp.com>
**Subject:** RE: Fanatics/Panini -- Proposed Custodians

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Counsel,

Wednesday from 3-4pm ET works for us.

Thanks,

**Ted Ovrom**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7069 Direct
212-849-7000 Main Office Number
319-331-8346 Cell
tedovrom@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** William Harvey <wharvey@BSFLLP.com>
**Sent:** Thursday, August 21, 2025 1:49 PM
**To:** Ted Ovrom <tedovrom@quinnemanuel.com>; Megan Nyman <mnyman@bsfllp.com>; Jessica Mugler <jmugler@BSFLLP.com>; Alicia.Jovais@lw.com; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>; Serena.Candelaria@lw.com; Elle Mahdavi <ellemahdavi@quinnemanuel.com>
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Hilborn <jhilborn@bsfllp.com>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Angela Mangione <amangione@bsfllp.com>; Alisha Moriceau <amoriceau@bsfllp.com>
**Subject:** RE: Fanatics/Panini -- Proposed Custodians

**[EXTERNAL EMAIL from wharvey@bsfllp.com]**

Counsel,

We propose the following times to meet and confer next week:
Tuesday 10am-12pm
Wednesday 10am-11am, 1pm-2pm, and 3pm-4pm

Best,
Will

**William J. Harvey**
(he/him)
Associate

BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.
Washington, DC 20005
(m) +1 240 505 6381
wharvey@bsfllp.com
www.bsfllp.com

**From:** William Harvey
**Sent:** Monday, August 18, 2025 5:44 PM
**To:** Ted Ovrom <tedovrom@quinnemanuel.com>; Megan Nyman <mnyman@bsfllp.com>; Jessica Mugler <jmugler@BSFLLP.COM>; Alicia.Jovais@lw.com; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>; Serena.Candelaria@lw.com; Elle Mahdavi <ellemahdavi@quinnemanuel.com>
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Hilborn <jhilborn@BSFLLP.COM>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@BSFLLP.com>; Angela Mangione <amangione@bsfllp.com>; Alisha Moriceau <amoriceau@bsfllp.com>
**Subject:** RE: Fanatics/Panini -- Proposed Custodians

Thank you.  We will send an invite for Thursday at 1pm.

**William J. Harvey**
(he/him)
Associate

BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.
Washington, DC 20005
(m) +1 240 505 6381
wharvey@bsfllp.com
www.bsfllp.com

**From:** Ted Ovrom <tedovrom@quinnemanuel.com>
**Sent:** Monday, August 18, 2025 2:47 PM

**To:** William Harvey <wharvey@BSFLLP.com>; Megan Nyman <mnyman@bsfllp.com>; Jessica Mugler <jmugler@BSFLLP.com>; Alicia.Jovais@lw.com; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>; Serena.Candelaria@lw.com; Elle Mahdavi <ellemahdavi@quinnemanuel.com>
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Hilborn <jhilborn@bsfllp.com>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Angela Mangione <amangione@bsfllp.com>
**Subject:** RE: Fanatics/Panini -- Proposed Custodians

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Counsel,

We are available to meet and confer between 11am and 2pm ET on Thursday.

Thanks,

**Ted Ovrom**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7069 Direct
212-849-7000 Main Office Number
319-331-8346 Cell
tedovrom@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** William Harvey <wharvey@BSFLLP.com>
**Sent:** Friday, August 15, 2025 5:56 PM
**To:** Ted Ovrom <tedovrom@quinnemanuel.com>; Megan Nyman <mnyman@bsfllp.com>; Jessica Mugler <jmugler@BSFLLP.com>; Alicia.Jovais@lw.com; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>; Serena.Candelaria@lw.com; Elle Mahdavi <ellemahdavi@quinnemanuel.com>
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Hilborn <jhilborn@bsfllp.com>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Angela Mangione <amangione@bsfllp.com>
**Subject:** RE: Fanatics/Panini -- Proposed Custodians

**[EXTERNAL EMAIL from wharvey@bsfllp.com]**

Counsel,

We have identified additional potential Fanatics custodians for both cases. We reserve all rights to propose additional Fanatics custodians in the future, including related to any future requests for discovery.

<u>Panini v. Fanatics</u> (Case No. 1:23-cv-09714)

1. Tucker Kain, Chief Strategy & Growth Officer of Fanatics
2. Gregory Abovsky, CFO of Fanatics Collectibles
3. Josh Luber, Co-Founder and former Chief Vision Officer of Fanatics Collectibles
4. Omar Wilkes, Head of Athlete Partnerships – Fanatics Collectibles
5. Brian Bayne, VP Athlete Relations
6. Jeffrey Gordon, Former Chief Strategy Officer of Fanatics Collectibles
7. Warren Laufer, Former VP Business Development of Fanatics Collectibles
8. Clay Luraschi, VP Product Development - Fanatics Collectibles
9. Eli Nicholas Matijevich, VP Brands
10. Suzanne Tesi, Senior VP of Global Human Resources - Fanatics Collectibles
11. Stephanie Putnam, VP of Talent Acquisition - Fanatics Collectibles
12. Katie Shea, Talent Acquisition Consultant
13. Elizabeth Galaviz, Director of Athlete Relations
14. Ira Friedman, Former VP of Licensing & Publishing at Topps
15. Nick Bell, CEO of Fanatics Collect
16. Michael Eisner, Former Chairman of Topps
17. Saj Cherian, Chief of Staff and Head of Fanatics Ventures
18. Julie Yoo, Senior Vice President of Global Expansion of Fanatics
19. Brian Boyce, Former GCP Account Manager
20. Robert Springs, Senior Director of Football Product Development at Fanatics Collectibles
21. Deborah Crawford, Senior VP of Investor Relations for Holdings of Fanatics

<u>Fanatics v. Panini</u> (Case No. 1:23-cv-06895)

1. Mike Mahan, Chief Executive Officer, Fanatics Collectibles
2. Katie Shea, Talent Acquisition Consultant at Fanatics
3. Suzanne Tesi, SVP, Global Human Resources, Fanatics Collectibles

We propose the following times to meet and confer next week:
Tuesday 2pm or later
Wednesday 11am-2pm
Thursday 11am-3pm

Best,
Will

**William J. Harvey**

(he/him)
Associate

## BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.
Washington, DC 20005
(m) +1 240 505 6381
wharvey@bsfllp.com
www.bsfllp.com

---

**From:** Ted Ovrom <tedovrom@quinnemanuel.com>
**Sent:** Friday, August 15, 2025 5:01 PM
**To:** Megan Nyman <mnyman@bsfllp.com>; Jessica Mugler <jmugler@BSFLLP.com>; Alicia.Jovais@lw.com; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>; Serena.Candelaria@lw.com; Elle Mahdavi <ellemahdavi@quinnemanuel.com>
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Hilborn <jhilborn@bsfllp.com>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; William Harvey <wharvey@BSFLLP.com>; Angela Mangione <amangione@bsfllp.com>
**Subject:** Fanatics/Panini -- Proposed Custodians

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Counsel,

Based on our review of Panini's organizational charts and initial disclosures, we have identified additional potential Panini custodians for both cases. Please let us know your availability to meet and confer next week to discuss Panini's omission of these individuals as custodians. We reserve all rights to propose additional Panini custodians in the future, including because we have not yet served discovery related to our two newly asserted claims in case -6895.

**Panini v. Fanatics (-9714)**

1. Anna Baroni (Director, Panini S.p.A.)
2. Francesca Baroni (Chairwoman of the Board, Panini S.p.A.)

**Fanatics v. Panini (-6895)**

1. Aldo Sallustro (former CEO, Panini S.p.A.)
2. Robert Hull (Chief Financial Officer, Panini America)
3. Jason Howarth (Senior VP of Marketing and Digital, Panini America)

Best,

**Ted Ovrom**
*Associate*

Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7069 Direct
212-849-7000 Main Office Number
319-331-8346 Cell
tedovrom@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Megan Nyman <mnyman@bsfllp.com>
**Sent:** Friday, August 1, 2025 8:45 PM
**To:** Ted Ovrom <tedovrom@quinnemanuel.com>; Jessica Mugler <jmugler@BSFLLP.com>; Alicia.Jovais@lw.com; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>; Serena.Candelaria@lw.com
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Hilborn <jhilborn@bsfllp.com>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; William Harvey <wharvey@BSFLLP.com>; Angela Mangione <amangione@bsfllp.com>
**Subject:** RE: Fanatics Collectibles TopCo, Inc. v. Panini S.p.A., Case No. 1:23-cv-06895-LTS-VF (S.D.N.Y. 2023) -- Proposed Custodians

**[EXTERNAL EMAIL from mnyman@bsfllp.com]**

Counsel,

Below please find Panini's proposed custodians for -6895:

Giorgio Aravecchia, Group Human Resources Director & Group Chief Financial Officer (Panini S.p.A.)
Mark Warsop, Chief Executive Officer (Panini America)
Jennifer Stepp, Vice President of Finance (Panini America)
D.J. Kazmierczak, Senior Vice President of Operations (Panini America)
Terry Luna, Director of Human Resources and Payroll (Panini America)

We reserve all rights to amend this list and to object to the relevance or necessity of discovery from any identified custodian.

Best,

**Megan Nyman**
Associate

**BOIES SCHILLER FLEXNER** LLP

401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(t) 954 356 0011
(m) 954 295 7513
mnyman@bsfllp.com
www.bsfllp.com

**From:** Ted Ovrom <tedovrom@quinnemanuel.com>
**Sent:** Friday, August 1, 2025 6:59 PM
**To:** Jessica Mugler <jmugler@BSFLLP.com>; Alicia.Jovais@lw.com; Lawrence.Buterman@lw.com; Amanda.Reeves@lw.com; David.Johnson@lw.com; Lindsay.Martin@lw.com; Michael Carlinsky <michaelcarlinsky@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Neil Phillips <neilphillips@quinnemanuel.com>; Serena.Candelaria@lw.com
**Cc:** Sabria McElroy <smcelroy@bsfllp.com>; Ursula Ungaro <UUngaro@bsfllp.com>; Jason Hilborn <jhilborn@bsfllp.com>; Megan Nyman <mnyman@bsfllp.com>; Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; William Harvey <wharvey@BSFLLP.com>; Angela Mangione <amangione@bsfllp.com>
**Subject:** Fanatics Collectibles TopCo, Inc. v. Panini S.p.A., Case No. 1:23-cv-06895-LTS-VF (S.D.N.Y. 2023) -- Proposed Custodians

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Counsel:

Please see the below list of proposed custodians for the Fanatics v. Panini case (-6895).  We reserve the right to amend this list.

| Individual | Position |
|---|---|
| David Leiner | President of Trading Cards, Fanatics Collectibles |
| Nick Matijevich | Vice President of Product Development, Fanatics Collectibles |
| Stephanie Putnam | Vice President of Talent Acquisition, Fanatics Collectibles |

**Ted Ovrom**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7069 Direct
212-849-7000 Main Office Number
319-331-8346 Cell
tedovrom@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this

electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.