# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PANINI AMERICA, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>FANATICS, INC., FANATICS, LLC, FANATICS COLLECTIBLES INTERMEDIATE HOLDCO, INC., FANATICS SPV, LLC, and FANATICS HOLDINGS, INC.<br><br>*Defendants.* | **Case No. 1:23-cv-09714-LTS-VF**<br>**[rel: Case No. 1:23-cv-06895-LTS-VF]** |
| FANATICS COLLECTIBLES TOPCO, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>PANINI S.P.A.,<br><br>*Defendant.* | |

## STIPULATION AND [PROPOSED] ORDER REGARDING DEPOSITIONS

WHEREAS Panini America, Inc. ("Panini") and Defendants Fanatics, Inc., Fanatics, LLC, Fanatics Collectibles Intermediate Holdco, Inc., Fanatics SPV, LLC, and Fanatics Holdings, Inc. ("Fanatics")[1] (each a "Party," and collectively, the "Parties"), have agreed that the terms of this Deposition Protocol shall apply to all fact (both Party and non-Party), Rule 30(b)(6), and expert depositions in the above-captioned actions (together, the "Actions").

WHEREAS the Parties therefore are entering into this Stipulation with the request that

---

[1] Defendants note that Fanatics, Inc. no longer exists as a legal entity.

the Court enter it as an Order.

NOW THEREFORE, it is hereby STIPULATED and ORDERED:

## I.     GENERAL GUIDELINES AND SCOPE

1.      This Deposition Protocol governs all fact witness and expert witness depositions noticed pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure.  Any matter not expressly addressed is governed by the Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Rules for the United States District Court for the Southern District of New York, the Individual Rules of Practice of the Honorable Laura Taylor Swain, United States District Judge, and the Honorable Valerie Figueredo, United States Magistrate Judge, and any operative scheduling order or other Court order in these matters.  Nothing in this Deposition Protocol modifies the Parties' obligations under any scheduling order or the Confidentiality Stipulation and Protective Order (Dkt. 160) entered in this case.

## II.     NOTICING AND SCHEDULING

2.      Deposition notices shall comply with Rule 30(b), be served via email on all counsel of record.  Deposition subpoenas to non-Parties shall comply with Rule 45 and include a complete copy of this Deposition Protocol.  These non-Party deposition subpoenas shall be served via email on all counsel of record simultaneously with service on the witness.

3.      Before serving a notice, the noticing Party will confer in good faith with the relevant opposing counsel or non-Party counsel to identify mutually acceptable dates and locations.  All depositions shall be scheduled to be taken during the regular business hours in the time zone where the witness is located, unless otherwise agreed or ordered.  The Parties shall use reasonable efforts to reduce the burden on the witness noticed for a deposition and to accommodate the witness's schedule.

4.      The Parties will make a good faith attempt to spread out the depositions over the deposition period.  Within one (1) week of the entry of this Order, the Parties will confer to indicate

which month they would like to depose Party witnesses and witnesses controlled by the Parties. Within one (1) week after conferral, the Parties who control the witnesses will offer at least two (2) dates on business days for each such witness within the designated month.  Within one (1) week of the Parties designating dates, the noticing Party will select one of the offered dates for the deposition and notify opposing counsel of that date.  The Parties agree that if none of the offered dates are mutually agreeable, the Parties will meet and confer within three (3) business days, with the non-noticing Party making a good faith effort to provide additional available dates for the witness.  If alternative dates are not agreed within seven (7) days following that conferral, the noticing Party may seek relief from the Court.  Absent extraordinary circumstances, non-noticing Parties may not object to the date noticed for any third-party depositions.

5.      Due to scheduling issues and the notice process agreed to herein, the Parties do not intend to take depositions in June, and accordingly will be seeking a one-month extension of the deposition period only, from September 30, 2026 to October 31, 2026.[2]

6.      The Parties shall notice depositions at least fourteen (14) days before the deposition, and Rule 30(b)(6) depositions shall be noticed at least thirty (30) days before the deposition. Objections to Rule 30(b)(6) topics shall be served within fourteen (14) days of service, and the Parties will meet and confer within seven (7) days thereafter to resolve disputes.  Seven (7) days prior to any Rule 30(b)(6) deposition, the Party that receives a notice of deposition pursuant to Rule 30(b)(6) shall provide the name(s) and title(s) of the witness or witnesses who will be providing testimony on that Party's behalf, along with the specific topics on which the witness or witnesses will be testifying.

---

[2] The parties do not intend to modify any other deadline in Dkt. 325.

4

7.    Absent agreement of the Parties, the Parties agree that no more than two (2) depositions shall take place on the same day.

8.    Once set, depositions will not be removed from calendar or rescheduled absent agreement or good cause, or by relief obtained from the Court.  However, the Parties shall make reasonable efforts to accommodate reasonable requests to reschedule depositions.

9.    A Party will not object to deposition notices on the grounds that the witness resides abroad or works for an entity other than Fanatics or Panini entities that are named Parties.

III.    **DEPOSITION LOCATION**

10.    Unless otherwise agreed, depositions will be taken at the law office selected by the noticing Party, provided it is within fifty (50) miles of where the witness resides or is employed, or at a mutually agreed location.  Rule 45(c) governs non-Party deposition locations.

11.    In order for counsel to arrange adequate space, the Parties shall share the number of expected attendees no fewer than three (3) calendar days prior to the deposition, whenever feasible.  Nothing in this Section shall prevent a Party or counsel hosting a deposition from requiring, for security purposes, the names of all attendees appearing at the deposition.

12.    The Parties agree that each side may have three (3) Party witnesses testify from their counsel's office in New York City.  For Panini, that would be inclusive of any witnesses from Panini S.p.A. [3]

13.    For any deposition conducted outside the United States without proceeding through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.I.A.S. No 7444, 23 U.S.T. 2555 ("the Hague Convention") (regardless of

---

[3] Panini reserves the right for the deposition of Anna Baroni to be taken in Modena, Italy.

whether the deponent is a Party or an officer or employee of a Party), before questioning of the deponent by counsel begins, (i) the court reporter shall request on the record that "all counsel stipulate that, in lieu of formally swearing in the witness, the reporter will instead ask the witness to acknowledge that his or her testimony will be true under the penalties of perjury, that counsel will not object to the admissibility of the transcript based on proceeding in this way, and that the witness has verified their identity"; (ii) counsel for each Party shall confirm on the record that they so stipulate; and (iii) the deponent shall acknowledge on the record that his or her testimony will be true under the penalties of perjury and shall verify his or her identity on the record.

14.     Counsel for a witness whose first language is not English reserves the right to have a translator present at the deposition to translate any deposition questions and responses as necessary.  Counsel for a noticing Party taking the deposition of a witness whose first language is not English reserves the right to have a check translator present at the deposition.

## IV.     DEPOSITION EXHIBITS

15.     A hard copy of each exhibit must be provided to the witness, and sufficient additional copies shall be brought by the noticing counsel to the deposition.  All counsel attending the deposition shall cooperate in good faith so that counsel for each Party attending the deposition will have adequate access during the deposition to an exhibit used by examining counsel.

16.     No witness receiving documents physically or electronically before or during a deposition shall retain them in any manner following the conclusion of the deposition.  Counsel for the Parties may keep any document or exhibit used during the deposition in accordance with the Confidentiality Stipulation and Protective Order (Dkt. 160).

17.     If the noticing Party wishes to mark as an exhibit or show to the deponent any document written in a language other than English (a "Translatable Document"), that Party must

provide a certified translation prepared by an agreed-upon translator.  Within fourteen (14) days after entry of this Stipulation, the Parties will agree on a list of acceptable translators for either Party's use.  If an agreed-upon translator is unavailable to translate a document in time for a deposition, the Party intending to use that document may obtain a certified translation from a different translator with the opposing Party's consent, which shall not be unreasonably withheld. The Party seeking to use an alternate translator must notify the opposing Party, but need not identify the particular document or documents to be translated.

18.     If the Parties dispute the translation of any Translatable Document, the deposition shall proceed with the disagreement noted on the record.  The translation offered by the Party submitting the exhibit shall be the translation of record for that deposition, and the challenging Party shall preserve its right to challenge the disputed translation's use at that deposition and in any later proceeding in this Action.

19.     If an English-language translation of a non-English document is used during a deposition, the original and the translation shall be marked separately as "Exhibit #" and "Exhibit #-E."  For example, if a non-English document is marked as Exhibit 40, the English translation shall be marked as Exhibit 40-E.

20.     If an English-language translation of a non-English document is used during a deposition, the noticing Party must provide both the original and the translated version to the witness at the deposition.  The two versions shall be treated as a composite exhibit for purposes of the deposition record, notwithstanding the separate exhibit labels described in the preceding paragraph.

21.     A document translation shall bear the same confidentiality designation as the original document if that designation is in place when the translation is prepared.  A translation

should also use the same Bates number as the underlying document.  Because languages may require different amounts of space to convey the same text, a translation need not be paginated exactly like the original.  The Parties should ensure that Bates numbers appear in the same relative location in the translated text as in the original document, even if a Bates number falls in the middle of a translated page rather than at the bottom.  A translation may not contain independent notes that are not in the original document, such as notes from the translator or counsel.  Emphasis in the translation, including bold, italics, and underlining, must appear in the same form as in the original document.  Translator notations such as "original text is in English," "original text is handwritten," or "untranslatable symbol" may be included in brackets.

## V.    NUMBER OF DEPOSITIONS

22.    <u>Number of Fact Depositions</u>.  The Parties agree that relief from the limitation on the number of depositions set forth in Federal Rule of Civil Procedure 30(a)(2) is necessary and appropriate.  Each side may take a maximum of thirty (30) fact depositions per side, inclusive of Party, third-party, and cross-noticed depositions.[4]  Each Rule 30(b)(6) deposition notice counts as one deposition for purposes of this Paragraph even if the noticed entity designates multiple individuals to provide testimony.  Each side is permitted only one Party Rule 30(b)(6) deposition.  Additional depositions of fact witnesses shall be permitted only by agreement of the Parties or by leave of the Court for good cause shown.

---

[4] If either Party includes on a trial witness list a fact witness not previously identified in preliminary disclosures or who tenders a declaration in connection with summary judgment, the opposite Party may depose that witness at such time the witness is identified without respect to the above deposition limits.

## VI.    DURATION AND TIME ALLOCATION

23.    <u>Allocation of Time</u>.  All depositions, including depositions of individual fact and expert witnesses, shall last no more than seven (7) hours on the record.  For the avoidance of doubt, one deposition notice issued pursuant to Rule 30(b)(6) shall last no more than seven (7) hours even if more than one individual is designated to provide testimony.  If both Plaintiff and Defendants issue a subpoena to depose the same third-party fact witness, they shall allocate the time evenly between them (*i.e.*, they are each entitled to three and one half (3.5) hours of questioning on the record).  As a default rule (subject to modification by agreement of the Parties), to the extent a third-party deposition is not cross-subpoenaed, the Party who subpoenaed the deposition will be entitled to six (6) hours of questioning on the record and the Party who did not subpoena the deposition will have one (1) hour of questioning on the record.  Unused time of any side's allocation of deposition time shall not transfer to the other side.  A cross-subpoena may be withdrawn up to seventy-two (72) hours before the start time of the deposition.  The Party withdrawing such cross-subpoena will not be permitted to subpoena the third-party again.

## VII.    DEPOSITION CONDUCT

24.    Counsel are expected to cooperate with and be courteous to each other and witnesses in scheduling and conducting depositions.

25.    If a dispute arises that risks disrupting the deposition or requiring rescheduling, the Parties will promptly call the Court.  The deposition shall proceed as to matters not in dispute if immediate resolution is unavailable.

## VIII.    EXHIBIT NUMBERING

26.    Each document marked for identification at a deposition shall be marked with a new exhibit number.  Exhibit numbers shall be named with the deponent's last name followed by

the number order in which the exhibit was introduced at the deposition (*e.g.*, "Smith Ex. 1"). Documents in translation shall be labeled as described in Paragraph 21.

## IX.    CONFIDENTIALITY

27.    The use of documents at depositions and testimony taken at all depositions is governed by the Confidentiality Stipulation and Protective Order (Dkt. 160) entered in this Action.

## X.    COSTS AND LOGISTICS

28.    The Parties shall work together in good faith to agree on a single court reporting and videography service.  Unless the Parties otherwise agree, all depositions shall be videotaped. The noticing Party shall bear the initial expense of both videotaping and stenographic recording. In the case of third-party depositions that are cross-subpoenaed, the Party that noticed the first subpoena shall arrange the logistics of the deposition.  Each Party shall pay for its own copies of transcripts and videotapes of depositions.

## XI.    USE OF DEPOSITIONS

29.    Pursuant to Paragraph 7 of the Confidentiality Stipulation and Protective Order (Dkt. 160), testimony taken pursuant to this protocol can be used in either or both of the Actions.

30.    Testimony taken in a deposition in any proceeding other than in connection with either of the Actions cannot be admitted for any purpose, including in support of any motion for summary judgment, pre-trial motion, or as evidence at trial.

## XII.    RESERVATION OF RIGHTS AND MODIFICATION

31.    The Parties reserve all rights to seek relief from the Court for good cause, including additional deposition time, modified allocations, or adjustments warranted by developments in discovery.

32.     This Deposition Protocol may be modified by Court order or by the Parties' agreement subject to Court approval, or pursuant to good cause.

DATED: June 16, 2026

Respectfully submitted,

*/s/ David Boies*[5]

David Boies
Eric Brenner
**Boies Schiller Flexner LLP**
55 Hudson Yards
New York, NY
(212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

James P. Denvir (*pro hac vice*)
Richard A. Feinstein (*pro hac vice*)
**Boies Schiller Flexner LLP**
1401 New York Ave, NW
Washington, DC 20005
(202) 895-7560
jdenvir@bsfllp.com
rfeinstein@bsfllp.com

Stuart Singer (*pro hac vice*)
Sabria McElroy (*pro hac vice*)
Meredith Schultz (*pro hac vice*)
**Boies Schiller Flexner LLP**
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33301
(954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com
mschultz@bsfllp.com

*Counsel for Panini America, Inc.*

*/s/ Lawrence E. Buterman*

Lawrence E. Buterman
**Latham & Watkins LLP**
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1264
lawrence.buterman@lw.com

Amanda P. Reeves (*pro hac vice*)
**Latham & Watkins LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2183
amanda.reeves@lw.com

Christopher S. Yates (*pro hac vice*)
Alicia R. Jovais (*pro hac vice*)
**Latham & Watkins LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600
chris.yates@lw.com
alicia.jovais@lw.com

Michael B. Carlinsky
Kathryn D. Bonacorsi
**Quinn Emanuel Urquhart
& Sullivan LLP**
295 Fifth Avenue
New York, NY 10016
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
kathrynbonacorsi@quinnemanuel.com

Derek L. Shaffer
**Quinn Emanuel Urquhart
& Sullivan LLP**
1300 I Street NW, 9th Floor

---

[5] Fanatics uses electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.

Washington, DC 20005
derekshaffer@quinnemanuel.com
(202) 538-8123

*Counsel for Fanatics, Inc., Fanatics, LLC,
Fanatics Collectibles Intermediate Holdco,
Inc., Fanatics SPV, LLC, and Fanatics
Holdings, Inc.*

SO ORDERED this _____ day of _____, 2026.


_____
**HON. VALERIE FIGUEREDO**
UNITED STATES MAGISTRATE JUDGE