**LATHAM&WATKINS**LLP                    **quinn emanuel** trial lawyers | new york

June 23, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023)

Dear Judge Figueredo:

We write on behalf of Fanatics in the above-referenced matter to request permanent redactions and sealing of certain information and documents filed under seal in Panini's June 9, 2026 motion to compel, together with certain exhibits attached thereto (Dkt. Nos. 333, 333-2, 333-3, 333-4, 333-5, 333-6, 333-7, 333-8, 333-9, 333-10, 333-11, 333-12, 333-13, 333-14, 333-15, 333-16, 333-17, 333-18, 333-19, 333-20, 333-21; 333-22; 333-23, 333-24, 333-25, 333-26, 333-27, 333-28, 333-29, 333-30, 333-31, 333-32, 333-33, 333-34, 333-35, 333-36, 333-37, 333-38, 333-39, 333-40, 333-41, 333-45, and 333-46, "Panini's Motion to Compel"), and to set forth the basis for this request.   Panini's Motion to Compel references produced documents designated "Confidential," "Highly Confidential," or "Outside Counsel Eyes Only" by Fanatics pursuant to the Confidentiality Stipulation and Protective Order in this matter (Dkt. No. 160, "Protective Order").   Exhibit 1 to this letter, filed concurrently herewith, reflects Fanatics' proposed redactions to Panini's Motion to Compel, consistent with the procedures laid out in the Protective Order. Fanatics proposes to file Exhibits 2 through 43 under seal, consistent with the procedures laid out in the parties' Protective Order:

> To the extent a party wishes to file with the Court documents or information designated as Designated Materials by an opposing party, that party shall file the Designated Materials electronically under seal in accordance with Rule I.g.2 of the Hon. Valerie Figueredo's Individual Practices In Civil Cases.   The filing party shall simultaneously serve counsel for the opposing party via email with the materials filed under seal.   Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter.   The letter shall attach the documents with any proposed redactions.   At the same time as the filing, the party seeking permission to seal shall email a copy of the letter to Judge Figueredo's chambers with the proposed redactions highlighted in yellow.

Dkt. No. 160 ¶ 17.

There is good cause for permanent sealing, which Panini does not oppose.[1] Certain of Fanatics' proposed redactions and exhibits filed under seal concern terms of Fanatics' confidential license agreements. *See* Ex. 1 (Dkt. No. 333) at 3; Ex. 3 (Dkt. No. 333-3); Ex. 17 (Dkt. No. 333-17); Ex. 19 (Dkt No. 333-19); Exs. 20-22 (Dkt. Nos. 333-20, 333-21, 333-22); Ex. 25 (Dkt. No. 333-26). These license terms reflect proprietary, competitively sensitive business information that is not publicly known and may not be publicly disclosed absent a non-party's written consent, which has not been sought or obtained. Indeed, the Protective Order expressly allows license agreement terms to be designated "Outside Counsel Eyes Only." Dkt. No. 160 ¶ 4. The remaining proposed redactions and exhibits filed under seal concern other confidential, sensitive business information—namely, non-public information regarding Fanatics' business strategies and operational structure, communications with advisors regarding the same, business pitches and proposals to potential partners, and financial projections and analyses. *See* Ex. 1 (Dkt. No. 333) at 2-5; Ex. 2 (Dkt. No. 333-2); Exs. 4-16 (Dkt. Nos. 333-4, 333-5, 333-6, 333-7, 333-8, 333-9, 333-10, 333-11, 333-12, 333-13, 333-14, 333-15, 333-16); Ex. 18 (Dkt. 333-18); Ex. 23 (Dkt. 333-23); Ex. 24 (Dkt. 333-24); Exs. 26-43 (Dkt. Nos. 333-27, 333-28, 333-29, 333-30, 333-31, 333-32, 333-33, 333-34, 333-35, 333-36, 333-37, 333-38, 333-39, 333-40, 333-41, 333-45, 333-46, 333-25). Fanatics therefore submits that good cause exists for sealing.[2]

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed …." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citation omitted). Protecting sensitive business information is among the "'higher values' consistently recognized by courts in this Circuit" as a "'countervailing factor' that can prevail over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (citation omitted); *see also In re Novartis & Par Antitrust Litig.*, 2020 U.S. Dist. LEXIS 200820, at *6-7 (S.D.N.Y. Oct. 28, 2020) (granting motion to seal where a party agreed not to disclose the existence or content of agreements with third parties without those third parties' consent); *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022) (granting motion to redact sensitive business information that could lead to a competitive disadvantage if disclosed).

Pursuant to Your Honor's Individual Practices and the Protective Order, Fanatics will file public, sealed and redacted versions of these documents electronically through the Court's ECF system and email Your Honor's chambers with unredacted copies with proposed redactions to Panini's Motion to Compel highlighted in yellow.

---

[1] In Panini's June 9, 2026 motion to seal its motion to compel, Panini states that it "does not oppose filing these documents under seal consistent with the parties' protective order but reserves the right to challenge Fanatics' confidentiality designations of the documents." Dkt. No. 330.

[2] Fanatics respectfully requests Exhibits 2 through 43 be sealed in their entirety. In the event the Court denies sealing these Exhibits in their entirety, Fanatics requests the opportunity to propose redactions.

Respectfully submitted,


/s/ *Michael B. Carlinsky*

Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

/s/ *Lawrence E. Buterman*

Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1264

*Counsel for Fanatics*