# Exhibit N



**Dechert LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
+1 215 994 4000  Main
+1 215 994 2222  Fax

**GEORGE GORDON**
*Partner*

george.gordon@dechert.com
+1 215 994 2382  Direct
+1 215 655 2382  Fax

February 5, 2026

**VIA EMAIL**
Stuart Singer
Megan Nyman
Boies Schiller Flexner LLP
ssinger@bsfllp.com
mnyman@bsfllp.com

Re:     *Panini America, Inc. v. Fanatics, Inc., et al.*, Case No. 23-cv-09714-LTS-VF
        (S.D.N.Y.)

Dear Mr. Singer and Ms. Nyman:

I write on behalf of non-party OneTeam Partners, LLC ("OneTeam") in response to Plaintiff Panini America, Inc.'s ("Panini") subpoena dated and served January 6, 2026.  Pursuant to Federal Rule of Civil Procedure 45(d)(2)(b), OneTeam's responses and objections to the requests for production of documents in the subpoena ("RFPs") are set forth below.

First, as a non-party to the above-captioned action, OneTeam objects to Panini's Requests for Production as overbroad, disproportionate, and unduly burdensome, contrary to Federal Rules of Civil Procedure 26 and 45.

Second, the subpoena seeks confidential, proprietary, or commercially sensitive information for which Panini has not shown a "substantial need" as required by Rule 45(d)(3)(B)–(C).  Courts routinely protect such non-party confidential commercial information from disclosure. *See 2311 Racing LLC v. Nat'l Basketball Ass'n*, No. 25-MC-00146 (ER), 2025 WL 1793959, at *3 (S.D.N.Y. June 30, 2025) ("Where a party seeks disclosure of confidential commercial information, a court may order production only if the serving party satisfies its own burden to show a substantial need for the documents that cannot be otherwise met without undue hardship.") (cleaned up).



February 5, 2026
Page 2

Third, many of the documents Panini seeks can and should be obtained from Defendants Fanatics, Inc., et al. or others. Rule 26(b)(2)(C)(i) directs courts to limit discovery that is unreasonably cumulative or duplicative or obtainable from a more convenient, less burdensome, or less expensive source. Rule 45(d)(1) likewise requires the issuing attorney to take reasonable steps to avoid imposing undue burden or expense on a subpoenaed non-party. OneTeam's non-party status warrants heightened consideration of burden and expense. *See Semtek Int'l, Inc. v. Merkuriy Ltd.*, No. 3607 DRH, 1996 WL 238538, at *2 (N.D.N.Y. May 1, 1996); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996). Requiring OneTeam to collect, review, and produce large volumes of documents that can be obtained from a party to the action or may be subject to subpoenas previously served on others would be unduly burdensome, cumulative and inefficient. OneTeam therefore objects to any requests that would necessitate expansive custodial searches or large-scale document review.

Fourth, OneTeam was not a party to the MLBPA License Agreement, and therefore any discovery sought from OneTeam of materials relating to the MLBPA License Agreement is misplaced, not relevant to the claims or defenses of either party in this action, and outside the possession, custody, or control of OneTeam.

Subject to and without waiving these general objections, OneTeam responds to each RFP below. OneTeam reserves the right to assert additional objections as appropriate and objects to any subpoena instructions, definitions, or requests to the extent they exceed or are inconsistent with the Federal Rules of Civil Procedure, applicable Local Rules, or any court order. These responses are provided without agreement to Panini's definitions or instructions, and without waiver of any applicable privilege.

**RFP No. 1:** All Your agreements with Fanatics, Rubin, or any Rubin Affiliated Company relating to Sports Trading Cards, aside from the NFLPA License Agreement.

**RESPONSE to RFP No. 1:** OneTeam objects to this Request for "[a]ll Your Agreements" as overly broad, unduly burdensome, and not proportional to the needs of the case, and inconsistent with the requirements of the Federal Rules of Civil Procedure ("Rules"). OneTeam also objects to this Request as seeking Documents that are "unreasonably cumulative" and otherwise "obtainable from some other source that is more convenient, less burdensome, or less expensive" than from non-party OneTeam, including Fanatics, Rubin, or any Rubin Affiliated Company (collectively, "Fanatics Defendants"). *Diamond*



*Servs. Mgmt. Co., LLC v. Knobbe, Martens, Olson & Bear, LLP*, 339 F.R.D. 334, 339 (D.D.C. 2021).  OneTeam objects to this Request to the extent it seeks "agreements" that are not relevant to either party's claims or defenses, and not proportional to the needs of the case.  OneTeam further objects to this Request to the extent it seeks confidential, proprietary, and commercially sensitive information that is not the proper subject of third-party discovery.  *See 2311 Racing LLC*, 2025 WL 1793959, at *3 ("Where a party seeks disclosure of confidential commercial information, a court may order production only if the serving party satisfies its own burden to show a substantial need for the documents that cannot be otherwise met without undue hardship.") (cleaned up).

In regard to this Request and the Requests that follow, OneTeam objects to the use of "Sports Trading Cards," as defined by Panini, because it is vague, overly broad, and purports to include "collectible cards" not relevant to either party's claims or defenses, and not proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, OneTeam will not produce documents in response to this Request.

**RFP No. 2:**    All Documents and Communications relating to the negotiations and execution of Your Sports Trading Card agreements with Fanatics, Rubin, or any Rubin Affiliated Company—including drafts, comments on those drafts, and redlines.

**Response to RFP No. 2:**    OneTeam objects to this Request for "[a]ll Documents and Communications" as overly broad, unduly burdensome, and not proportional to the needs of the case, and inconsistent with the requirements of the Rules, since many of the requested documents are available from Fanatics Defendants.  OneTeam also objects to this Request as seeking Documents that are "unreasonably cumulative" and otherwise "obtainable from some other source that is more convenient, less burdensome, or less expensive" than from non-party OneTeam, including from Fanatics Defendants.  *Diamond Servs.*, 339 F.R.D. at 339.  OneTeam objects to this Request to the extent it seeks "agreements" that are not relevant to either party's claims or defenses, and not proportional to the needs of the case.  OneTeam further objects to this Request to the extent it seeks confidential, proprietary, and commercially sensitive information that is not the proper subject of third-party discovery.  *See 2311 Racing LLC*, 2025 WL 1793959, at *3 ("Where a party seeks disclosure of confidential commercial information, a court may order



February 5, 2026
Page 4

production only if the serving party satisfies its own burden to show a substantial need for the documents that cannot be otherwise met without undue hardship.") (cleaned up).

Subject to and without waiver of the foregoing objections, OneTeam will not produce documents in response to this Request.

**RFP No. 3:** All Documents and Communications relating to the establishment of Fanatics Collectibles, including, but not limited to, all Communications with Fanatics, Rubin, or Rubin Affiliated Companies relating to the launch of Fanatics Collectibles with Fanatics and Rubin.

**Response to RFP No. 3:** OneTeam objects to this Request for "[a]ll Documents and Communications" as overly broad, unduly burdensome, and not proportional to the needs of the case, and inconsistent with the requirements of the Rules, since many of the requested documents are available from Fanatics Defendants. OneTeam also objects to this Request as seeking Documents that are "unreasonably cumulative" and otherwise "obtainable from some other source that is more convenient, less burdensome, or less expensive" than from non-party OneTeam, including from Fanatics Defendants. *Diamond Servs.*, 339 F.R.D. at 339. The phrases "relating to the establishment of Fanatics Collectibles" and "relating to the launch of Fanatics Collectibles" are vague and overbroad, and subject to multiple interpretations. OneTeam further objects to this Request to the extent it seeks confidential, proprietary, and commercially sensitive information that is not the proper subject of third-party discovery. *See 2311 Racing LLC*, 2025 WL 1793959, at *3 ("Where a party seeks disclosure of confidential commercial information, a court may order production only if the serving party satisfies its own burden to show a substantial need for the documents that cannot be otherwise met without undue hardship.") (cleaned up).

Subject to and without waiver of the foregoing objections, OneTeam will not produce documents in response to this Request.

**RFP No. 4:** All Documents and Communications discussing the role of Fanatics in the establishment of OneTeam, including, but not limited to, Communications with Rubin, Rubin Affiliated Companies, or Fanatics discussing the founding of OneTeam.



February 5, 2026
Page 5

**Response to RFP No. 4:**  OneTeam objects to this Request for "[a]ll Documents and Communications" as overly broad, unduly burdensome, and not proportional to the needs of the case, and inconsistent with the requirements of the Rules.  OneTeam also objects to this Request as seeking Documents that are "unreasonably cumulative" and otherwise "obtainable from some other source that is more convenient, less burdensome, or less expensive" than from non-party OneTeam, including from Fanatics Defendants.  *Diamond Servs.*, 339 F.R.D. at 339.  OneTeam further objects to this Request as vague, as the phrase "discussing the role of Fanatics in the establishment of OneTeam" is subject to multiple, expansive interpretations and fails to describe the requested materials with reasonable particularity.  OneTeam further objects to this Request to the extent it seeks confidential, proprietary, and commercially sensitive information that is not the proper subject of third-party discovery.  *See 2311 Racing LLC*, 2025 WL 1793959, at *3 ("Where a party seeks disclosure of confidential commercial information, a court may order production only if the serving party satisfies its own burden to show a substantial need for the documents that cannot be otherwise met without undue hardship.") (cleaned up).  OneTeam objects to this Request as not relevant to either party's claims or defenses and not proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, OneTeam agrees to meet and confer to discuss the scope of this Request.

**RFP No. 5:**  All Documents concerning any business plans, strategies, or objectives shared between You and Fanatics, Rubin, or any Rubin Affiliated Company relating to Sports Trading Cards.

**Response to RFP No. 5:**  OneTeam objects to this Request for "[a]ll Documents" as overly broad, unduly burdensome, and not proportional to the needs of the case, and inconsistent with the requirements of the Rules, since Sports Trading Cards, as defined in the subpoena, is not limited to Trading Cards relevant to the claims at issue in this action, and not proportional to the needs of the case.  OneTeam also objects to this Request as seeking Documents that are "unreasonably cumulative" and otherwise "obtainable from some other source that is more convenient, less burdensome, or less expensive" than from non-party OneTeam, including from Fanatics Defendants.  *Diamond Servs.*, 339 F.R.D. at 339.  OneTeam further objects because "business plans, strategies, or objectives shared between You and Fanatics, Rubin, or any Rubin Affiliated Company" is vague and subject to multiple interpretations.  OneTeam further objects to this Request to the extent it seeks



confidential, proprietary, and commercially sensitive information that is not the proper subject of third-party discovery. *See 2311 Racing LLC*, 2025 WL 1793959, at *3 ("Where a party seeks disclosure of confidential commercial information, a court may order production only if the serving party satisfies its own burden to show a substantial need for the documents that cannot be otherwise met without undue hardship.") (cleaned up).

Subject to and without waiver of the foregoing objections, OneTeam will not produce documents in response to this Request.

**RFP No. 6:** All Documents and Communications discussing, referencing, or otherwise relating to any Licensor's attempt to terminate its Sports Trading Card license agreement with Panini or accelerate the start date of its Sports Trading Cards license agreement or agreements with Fanatics, including, but not limited to, NFLPA's August 2023 purported termination of its license agreement with Panini; NFLPA's attempted acceleration of the start date of the NFLPA License Agreement; WWE's 2023 purported termination of its Sports Trading Card license agreement with Panini; and any efforts by WWE to accelerate the start date of its Sports Trading Card license agreement with Fanatics.

**Response to RFP No. 6:** OneTeam objects to this Request for "[a]ll Documents and Communications" as overly broad, unduly burdensome, and not proportional to the needs of the case, and inconsistent with the requirements of the Rules. OneTeam also objects to this Request as seeking Documents that are "unreasonably cumulative" and otherwise "obtainable from some other source that is more convenient, less burdensome, or less expensive" than from non-party OneTeam, including from Fanatics. *Diamond Servs.*, 339 F.R.D. at 339. OneTeam further objects to this Request because the phrase "any Licensor" is vague and subject to multiple interpretations, and because discovery is inappropriate to the extent Panini has already pursued and/or received such discovery from other non-parties in this litigation or other proceedings.

Subject to and without waiver of the foregoing objections, OneTeam will not produce documents in response to this Request.

**RFP No. 7:** All Documents and Communications discussing, expressing, analyzing, or relating to Yours or any other Licensor's decision to enter into license agreements for Sports Trading Cards with Fanatics, including but not limited to consideration of whether to permit open bidding for the MLBPA License Agreement or the NFLPA License



Agreement; the value and benefits of potential licenses, including any financial projections for future sales of Sports Trading Cards featuring NFL or MLB Players; the terms of the licenses, including duration, payments, equity, guarantees, and royalties; or the competitive effects or antitrust risk of OneTeam's, NFLPA's, or MLBPA's licensing arrangements with Fanatics.

**Response to RFP No. 7:**  OneTeam objects to this Request for "[a]ll Documents and Communications" as overly broad, unduly burdensome, and not proportional to the needs of the case, and inconsistent with the requirements of the Rules.  OneTeam also objects to this Request as seeking Documents that are "unreasonably cumulative" and otherwise "obtainable from some other source that is more convenient, less burdensome, or less expensive" than from non-party OneTeam, including from Fanatics.  *Diamond Servs.*, 339 F.R.D. at 339.  The entire Request, as phrased, is overly broad and vague ("[a]ll Documents … relating to Yours or any other Licensor's decision"; "the value and benefits of potential licenses"; "the competitive effects or antitrust risk"), and subject to multiple interpretations.  OneTeam further objects to this Request to the extent it seeks confidential, proprietary, and commercially sensitive information that is not the proper subject of third-party discovery.  *See 2311 Racing LLC*, 2025 WL 1793959, at *3 ("Where a party seeks disclosure of confidential commercial information, a court may order production only if the serving party satisfies its own burden to show a substantial need for the documents that cannot be otherwise met without undue hardship.") (cleaned up).  OneTeam further objects to the extent this Request seeks documents protected by attorney-client or joint defense privilege or are otherwise privileged.

OneTeam was not a party to the MLBPA License Agreement and will not produce any such requested documents.  Subject to and without waiver of the foregoing objections, OneTeam will not produce documents in response to this Request.

**RFP No. 8:**  All analyses, presentations, or other Documents or Communications disseminated to or presented to MLB Players or NFL Players or their representatives relating to the MLBPA License Agreement or the NFLPA License Agreement.

**Response to RFP No. 8:**  OneTeam objects to this Request for "[a]ll analyses, presentations, or other Documents or Communications" as overly broad, unduly burdensome, and not proportional to the needs of the case, and inconsistent with the requirements of the Rules.  OneTeam also objects to this Request as seeking Documents



that are "unreasonably cumulative" and otherwise "obtainable from some other source that is more convenient, less burdensome, or less expensive" than from non-party OneTeam. *Diamond Servs.*, 339 F.R.D. at 339. OneTeam also objects to this Request as inappropriate to the extent Panini has already pursued and/or received such discovery from other non-parties.

OneTeam was not a party to the MLBPA License Agreement and will not produce any such requested documents. Subject to and without waiver of the foregoing objections, OneTeam will not produce documents in response to this Request.

**RFP No. 9:** All Documents and Communications concerning Your acquiring licensing or sublicensing rights owned or controlled by players associations or groups besides NFLPA and MLBPA related to the manufacturing or distribution of Sports Trading Cards and first offering those rights to Fanatics or refusing to deal with any other entity on terms less favorable than those offered to Fanatics.

**Response to RFP No. 9:** OneTeam objects to this Request for "[a]ll Documents and Communications" as overly broad, unduly burdensome, and neither proportional nor relevant to the needs of the case. OneTeam objects to this Request as not relevant to either party's claims or defenses. OneTeam objects because this Request is not proportional to the needs of the case. OneTeam also objects to this Request for broad discovery into OneTeam's business and structure. OneTeam objects to this Request to the extent it seeks confidential, proprietary, and commercially sensitive information that is not the proper subject of third-party discovery. *See 2311 Racing LLC*, 2025 WL 1793959, at *3 ("Where a party seeks disclosure of confidential commercial information, a court may order production only if the serving party satisfies its own burden to show a substantial need for the documents that cannot be otherwise met without undue hardship.") (cleaned up). OneTeam also objects to this Request as seeking Documents and Communications that are "unreasonably cumulative" and otherwise "obtainable from some other source that is more convenient, less burdensome, or less expensive" than from non-party OneTeam, including Fanatics. *Diamond Servs.*, 339 F.R.D. at 339.

OneTeam was not a party to the MLBPA License Agreement and will not produce any such requested documents. Subject to and without waiver of the foregoing objections, OneTeam will not produce documents in response to this Request.



February 5, 2026
Page 9

**RFP No. 10:**  Documents sufficient to show OneTeam's control, voting rights, or other governance rights (including board seats or board observer rights) in Fanatics or any financial arrangements, payments, or equity given to OneTeam by Fanatics.

**Response to RFP No. 10:**  OneTeam objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, and inconsistent with the requirements of the Rules.  OneTeam also objects to this Request as seeking Documents that are "unreasonably cumulative" and otherwise "obtainable from some other source that is more convenient, less burdensome, or less expensive" than from non-party OneTeam, including from Fanatics.  *Diamond Servs.*, 339 F.R.D. at 339.  OneTeam further objects to this Request to the extent it seeks confidential, proprietary, and commercially sensitive information that is not the proper subject of third-party discovery.  *See 2311 Racing LLC*, 2025 WL 1793959, at *3 ("Where a party seeks disclosure of confidential commercial information, a court may order production only if the serving party satisfies its own burden to show a substantial need for the documents that cannot be otherwise met without undue hardship.") (cleaned up).  OneTeam also objects to this Request as seeking Documents and Communications that are not relevant to either party's claims or defenses, and not proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, OneTeam will not produce documents in response to this Request.

**RFP No. 11:**  All Documents concerning control, voting rights, or other governance rights (including board seats or board observer rights) or any equity or financial interests in Fanatics provided to OneTeam by Fanatics in connection with the NFLPA License Agreement, the MLBPA License Agreement, or any other Sports Trading Card agreements.

**Response to RFP No. 11:**  OneTeam objects to this Request for "[a]ll Documents" as overly broad, unduly burdensome, and not proportional to the needs of the case, and inconsistent with the requirements of the Rules, in that it seeks "[a]ll Documents" concerning a wide range of issues which are not defined and which are subject to multiple interpretations.  OneTeam also objects to this Request as seeking Documents that are "unreasonably cumulative" and otherwise "obtainable from some other source that is more convenient, less burdensome, or less expensive" than from non-party OneTeam, including from Fanatics.  *Diamond Servs.*, 339 F.R.D. at 339.  OneTeam further objects to this



Request to the extent it seeks confidential, proprietary, and commercially sensitive information that is not the proper subject of third-party discovery. *See 2311 Racing LLC*, 2025 WL 1793959, at *3 ("Where a party seeks disclosure of confidential commercial information, a court may order production only if the serving party satisfies its own burden to show a substantial need for the documents that cannot be otherwise met without undue hardship.") (cleaned up).  This Request is duplicative of Request No. 10 because it seeks substantially the same documents and information as Request No. 10.

OneTeam was not a party to the MLBPA License Agreement and will not produce any such requested documents.  Subject to and without waiver of the foregoing objections, OneTeam will not produce documents in response to this Request.

**RFP No. 12:**  All Documents and Communications regarding any compensation, bonuses, or incentives—including equity, profit-sharing, or other financial arrangements—provided to OneTeam board members or executives that are tied to, contingent upon, or calculated based on the MLBPA License Agreement or NFLPA License Agreement or otherwise connected to the performance, execution, or financial results of those Agreements.

**Response to RFP No. 12:**  OneTeam objects to this Request for "[a]ll Documents and Communications" as overly broad, unduly burdensome, and not proportional to the needs of the case.  OneTeam objects to this Request on the grounds that the undefined terms "compensation," "bonuses," and "incentives" are vague and ambiguous.  OneTeam further objects to this Request to the extent it seeks confidential, proprietary, and commercially sensitive information that is not the proper subject of third-party discovery.  *See 2311 Racing LLC*, 2025 WL 1793959, at *3 ("Where a party seeks disclosure of confidential commercial information, a court may order production only if the serving party satisfies its own burden to show a substantial need for the documents that cannot be otherwise met without undue hardship.") (cleaned up).  OneTeam also objects to this Request because it constitutes an improper fishing expedition and inappropriate harassment seeking information that is not relevant to either party's claims or defenses, and not proportional to the needs of the case.

OneTeam was not a party to the MLBPA License Agreement and will not produce any such requested documents.  Subject to and without waiver of the foregoing objections, OneTeam will not produce documents in response to this Request.



**RFP No. 13:**  Documents sufficient to show Fanatics's, Rubin's, or any Rubin Affiliated Entities' control, voting rights, or other governance rights (including board seats or board observer rights) in OneTeam or any financial arrangements, payments, or equity given to Fanatics, Rubin, or any Rubin Affiliated Entities by OneTeam.

**Response to RFP No. 13:**  OneTeam objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. OneTeam objects to this Request as seeking Documents and Communications that are "unreasonably cumulative" and otherwise "obtainable from some other source that is more convenient, less burdensome, or less expensive" than from non-party OneTeam, including from Fanatics Defendants. *Diamond Servs.*, 339 F.R.D. at 339.  OneTeam objects to this Request to the extent it seeks confidential, proprietary, and commercially sensitive information that is not the proper subject of third-party discovery.  *See 2311 Racing LLC*, 2025 WL 1793959, at *3 ("Where a party seeks disclosure of confidential commercial information, a court may order production only if the serving party satisfies its own burden to show a substantial need for the documents that cannot be otherwise met without undue hardship.") (cleaned up).

Subject to and without waiver of the foregoing objections, OneTeam will not produce documents in response to this Request.

**RFP No. 14:**  All Documents and Communications constituting or relating to any pitch materials, proposals, business plans, marketing plans, presentations, studies, projections, or analyses concerning Sports Trading Cards provided to OneTeam by Fanatics, Rubin, or any Rubin Affiliated Company.

**Response to RFP No. 14:**  OneTeam objects to this Request for "[a]ll Documents and Communications" as overly broad, unduly burdensome, and not proportional to the needs of the case, and inconsistent with the requirements of the Rules.  OneTeam also objects to this Request as seeking Documents that are "unreasonably cumulative" and otherwise "obtainable from some other source that is more convenient, less burdensome, or less expensive" than from non-party OneTeam, including from Fanatics Defendants. *Diamond Servs.*, 339 F.R.D. at 339.

Subject to and without waiver of the foregoing objections, OneTeam will not produce documents in response to this Request.



**RFP No. 15:**  All Documents and Communications discussing, evaluating, or relating to the quality, pricing, or fulfillment of Panini's or Fanatics' Sports Trading Cards, Panini's or Fanatics' performance, capabilities, business, reputation, ability to manufacture and produce Sports Trading Cards, or Panini's or Fanatics' future in the Sports Trading Card industry.

**Response to RFP No. 15:**  OneTeam objects to this Request for "[a]ll Documents and Communications" as overly broad, unduly burdensome, and not proportional nor relevant to the needs of the case.  "All Documents and Communications … relating to the quality, pricing, or fulfillment" seeks an overly broad and indeterminately vague range of documents from a non-party.  OneTeam further objects to this Request on vagueness grounds, as the phrase "ability to manufacture and produce Sports Trading Cards, or Panini's or Fanatics' future in the Sports Trading Card industry," is vague and subject to multiple interpretations.  OneTeam further objects to this Request to the extent it seeks confidential, proprietary, and commercially sensitive information that is not the proper subject of third-party discovery.  *See 2311 Racing LLC*, 2025 WL 1793959, at *3 ("Where a party seeks disclosure of confidential commercial information, a court may order production only if the serving party satisfies its own burden to show a substantial need for the documents that cannot be otherwise met without undue hardship.") (cleaned up).

Subject to and without waiver of the foregoing objections, OneTeam agrees to meet and confer to discuss the scope of this Request.

**RFP No. 16:**  All Documents and Communications describing, evaluating, studying, or relating to the market in the United States for physical or digital Sports Trading Cards, including, but not limited to, all Documents related to the market for Sports Trading Cards that feature MLB Players, the market for Sports Trading Cards that feature NFL Players, or the market for other types of Sports Trading Cards.

**Response to RFP No. 16:**  OneTeam objects to this Request for "[a]ll Documents and Communications" as overly broad, unduly burdensome, and not proportional to the needs of the case.  OneTeam objects to this Request on the grounds that the phrase "market in the United States for physical or digital Sports Trading Cards" is vague and ambiguous.  OneTeam also objects to this Request, as OneTeam's subjective view of "the market in the United States for physical or digital Sports Trading Cards" is not relevant to either party's



claims or defenses, and not proportional to the needs of the case. OneTeam objects to this Request to the extent it seeks Documents and Communications that are "unreasonably cumulative or duplicative" and otherwise "obtainable from some other source that is more convenient, less burdensome, or less expensive" than from non-party OneTeam, including party Fanatics. *Diamond Servs.*, 339 F.R.D. at 339. OneTeam further objects to this Request to the extent it seeks documents that are the subject of expert discovery between the parties.

OneTeam was not a party to the MLBPA License Agreement and will not produce any such requested documents. Subject to and without waiver of the foregoing objections, OneTeam will not produce Documents in response to this Request.

**RFP No. 17:** All Documents and Communications, including, but not limited to, reviews, studies, reports, or analyses, concerning harm to consumers resulting from the elimination of competition in the market for Sports Trading Cards, including, but not limited to, higher pricing, diminished consumer choice, diminished product quality, diminished output, and higher barriers to entry.

**Response to RFP No. 17:** OneTeam objects to this Request for "[a]ll Documents and Communications" as overly broad, unduly burdensome, and not proportional to the needs of the case. OneTeam objects to this Request on the grounds that the undefined terms "reviews," "studies," "reports," and "analyses" are vague and ambiguous. OneTeam further objects to this Request on the grounds that the phrases "harm to consumers" and "elimination of competition" calls for a legal conclusion that is not the proper subject of third-party discovery. OneTeam also objects to this Request to the extent it seeks documents that are the subject of expert discovery between the parties. OneTeam further objects to this Request to the extent it seeks Documents and Communications that are already in Panini's possession, custody, or control and/or available from party Fanatics as "unreasonably cumulative or duplicative" and otherwise "obtainable from some other source that is more convenient, less burdensome, or less expensive" than from non-party OneTeam. *Diamond Servs.*, 339 F.R.D. at 339.

Subject to and without waiver of the foregoing objections, OneTeam will not produce Documents in response to this Request.

* * *



February 5, 2026
Page 14

The foregoing objections are not exhaustive, and OneTeam expressly reserves the right to supplement, clarify, revise, or correct the responses herein, and to assert additional objections to the RFPs, definitions, and instructions at any time.

Although OneTeam has asserted reasonable objections to producing documents in response to the above Requests, it remains willing to meet and confer regarding the Requests to explore potential compromise positions.

Respectfully Submitted,

George G. Gordon
Partner

*Counsel for OneTeam Partners, LLC*