LATHAM&WATKINS LLP                    quinn emanuel trial lawyers | new york

July 1, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:    *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y.
       2023); *Fanatics Collectibles Topco, Inc. v. Panini S.P.A.*, Case No. 1:23-cv-06895-LTS-
       VF (S.D.N.Y. 2023)

Dear Judge Figueredo:

       We write on behalf of Fanatics in the above-referenced matter to request permanent sealing
of the Joint Stipulation for Plaintiff's Leave to Amend First Amended Complaint ("Joint
Stipulation") (Dkt. 348) and the Court's Order on the Joint Stipulation ("Order") (Dkt. 357 and
Dkt. 177 in related case 1:23-cv-06895-LTS-VF (S.D.N.Y.)).

       Fanatics briefly sets forth the procedural background relevant to this request.  Plaintiff filed
the Joint Stipulation with only the proposed interlineated paragraphs of Plaintiff's First Amended
Complaint redacted, despite Fanatics' request that Plaintiff file the Joint Stipulation entirely under
seal.  Plaintiff immediately requested emergency sealing of the Joint Stipulation, which the Court
granted.  The Court then entered the redacted version of the Joint Stipulation, rather than the
entirely under-seal version.  Fanatics requested emergency sealing of that Order, which the Court
also granted.  Fanatics now respectfully requests permanently sealing of the Joint Stipulation and
Order in their entirety.[1]

       There is good cause to permanently seal the Joint Stipulation and Order, and Plaintiff does
not take a position on this request.  The interlineated paragraphs of the Joint Stipulation are
purportedly based on documents produced by Fanatics that have been designated as "Outside
Counsel Eyes Only" or "Highly Confidential" pursuant to the Confidentiality Stipulation and
Protective Order in this matter (Dkt. 160, "Protective Order").[2]  These paragraphs purport to

---

[1] Fanatics notes that it stipulated to Panini's proposed amendment but expressly reserved
the right to challenge the accuracy and relevance of the averments in the additional paragraphs.

[2] The Protective Order allows documents to be designated "Highly Confidential" to
"protect the interests of the producing party in information for which unauthorized disclosure
would result in competitive, commercial, or financial harm" and "Outside Counsel Eyes Only" if
the "document or information references or reflects the non-public terms (proposed or final) of
that party's license agreements."  Dkt. 160 ¶¶ 3, 4.

summarize competitively sensitive business information regarding Fanatics' negotiations for licenses that is not publicly known.  In addition to the interlineated paragraphs themselves, the Joint Stipulation contains content that, if not sealed, would allow members of the public to discern the content of the interlineated paragraphs.  Specifically, the Joint Stipulation references specific paragraphs in the First Amended Complaint for which Plaintiff claims it now has "new" evidence based on Fanatics' "documents produced during discovery."

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed."  *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).  In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citation omitted). Protecting sensitive business information—like the confidential negotiation-related information at issue here—is among the "'higher values' consistently recognized by courts in this Circuit" as a "'countervailing factor' that can prevail over the presumption of public access."  *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021); *see also In re Novartis & Par Antitrust Litig.*, 2020 U.S. Dist. LEXIS 200820, at *6-7 (S.D.N.Y. Oct. 28, 2020) (granting motion to seal where a party agreed not to disclose the existence or content of agreements with third parties without those third parties' consent).

Accordingly, Fanatics respectfully submits that there is good cause to seal the Joint Stipulation and Order in their entirety.

Respectfully submitted,


*/s/ Michael B. Carlinsky*[3]                          */s/ Lawrence E. Buterman*
Michael B. Carlinsky                                  Lawrence E. Buterman
Quinn Emanuel Urquhart & Sullivan LLP                 Latham & Watkins LLP
295 Fifth Avenue                                      1271 Avenue of the Americas
New York, NY 10016                                    New York, NY 10020
michaelcarlinsky@quinnemanuel.com                     lawrence.buterman@lw.com
(212) 849-7000                                        (212) 906-1264

*Counsel for Fanatics*                                *Counsel for Fanatics*

---

[3] Fanatics uses electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.