# EXHIBIT A

**From:** Megan Nyman <mnyman@bsfllp.com>
**Sent:** Monday, February 16, 2026 11:40 AM
**To:** Chapman, Julia <Julia.Chapman@dechert.com>; Meredith Schultz <mschultz@bsfllp.com>; Kamenir, Elena <Elena.Kamenir@dechert.com>; Gordon, George <george.gordon@dechert.com>; Brown, Jeffrey <Jeffrey.Brown@dechert.com>; Ufberg, Ross <Ross.Ufberg@dechert.com>
**Cc:** Stuart Singer <ssinger@bsfllp.com>; Sabria McElroy <smcelroy@bsfllp.com>; Eric Brenner <EBrenner@BSFLLP.com>; Rachel E. Noveroske <rnoveroske@bsfllp.com>; Vincent Wu <vwu@bsfllp.com>
**Subject:** RE: Panini America, Inc. v. Fanatics, Inc., et al., Case No. 23-cv-09714-LTS-VF (S.D.N.Y.) - OneTeam Subpoena

Elena, Ross, and George

Thank you for the productive meet and confer Friday. We are following up on the issues we discussed.

**Standard for Third-Party Discovery**

In your February 5 letter, you suggest that Panini has a burden to show a "substantial need" for the documents it is seeking. We discussed on today's call that this is not the standard for all the requests. Parties may obtain discovery from non-parties when the information requested in the subpoena is "consistent with Rule 26(b)(1), meaning that the information must be relevant to the claims and defenses and proportional to the needs of the case." *Ambac Assurance Corp. v. U.S Bank Nat'l Ass'n*, 2020 WL 526404, at *2 (S.D.N.Y. Feb. 3, 2020). While Rule 45(d)(3) permits courts to quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information" absent a showing of "substantial need," that standard only applies to the specific category of documents in Rule 45(d)(3)(B)(i). The non-party has the burden to show that the requested information falls in that category. *Barracuda Networks, Inc. v. J2 Global, Inc.*, No. 19-MC-146-PSG, at 2 (C.D. Cal. Oct. 19, 2019), Dkt. 78 (failure to apply "substantial need" standard was not contrary to law because non-party "did not meet its burden to show that Barracuda sought confidential information."). OneTeam has provided no basis for its claim that all the documents Panini is seeking fall into this category.

Further, courts have found that the concern that production of subpoenaed documents would compromise their trade secrets and other confidential information "is obviated by the presence of a confidentiality agreement and protective order." *In re Currency Conversion Fee Antitrust Litig.*, 2004 WL 848171, at *1 (S.D.N.Y. Apr. 21, 2004); *Dial Corp. v. News Corp.*, 2015 WL 3778533, at *3 (S.D.N.Y. May 19, 2015) (collecting cases) ("And while this Court is sympathetic to Harland Clarke's concerns that such documents could be entitled to protection under Fed. R. Civ. Proc. 45(d)(3)(B)(i), or that the documents could be used in other litigation, this Court finds that the Protective Order is sufficient."); *Barracuda Networks, Inc.*, No. 19-MC-146-PSG, at 2 (citation omitted) (discovery was authorized "'pursuant to the protective order in this case,' which mitigates concerns about disclosure of sensitive information."). There is a robust Protective Order in place in this case, and as stated during the meet and confer, we are willing to discuss additional protections, such as an expansion of the category of documents that may be designated outside counsel eyes only for certain documents such as the financial projections sought by RFP 7. Please confirm that you are not going to continue to withhold any responsive documents on the basis that Panini has failed to show substantial need. Otherwise, please identify the specific documents you intend to withhold on this basis and explain why you believe they fall within Rule 45(d)(3)(B)(i).

1

**<u>Documents and Communications Exchanged with Fanatics</u>**

To address your concern that documents sought by the subpoena would be duplicative of what Panini may receive from Fanatics during party discovery, we offered to table the production of documents and communications exchanged with Fanatics, while reserving the right to pursue these documents at a later date after seeing Fanatics' productions.

**<u>Proposal for Narrowing</u>**

For the reasons outlined in our request for production and meet and confer, we believe all the discovery that Panini has requested is relevant. But in the interest of compromise, we are proposing the following narrowed requests. As discussed, given the tight schedule and upcoming depositions, we expect a production of documents pursuant to this proposal to begin promptly. If you intend to maintain your position that you will not produce documents, please let us know as soon as possible and no later than **February 20** so we can raise this with the court. We reserve the right to pursue the full scope of the subpoena if you reject this proposal.

*Individual Requests*

We propose the following narrowing for the individual requests:
- **Request 1** – OneTeam does not need to currently produce documents related to this request. But Panini reserves the right to pursue these documents after a review of the Fanatics' production.
- **Request 2** – OneTeam should produce any internal communications and documents related to the negotiations and executions of its sports trading card licenses with Fanatics, Michael Rubin, or any Rubin-affiliated company.  We understand that OneTeam was not a party to the MLBPA-Fanatics licensing agreement, but as discussed in the meet and confer, there are several public sources that intimates OneTeam's involvement in that agreement. *See* Sports Business Journal, OneTeam Demonstrates Power of Combining Players' Group NIL Rights (Oct. 10. 2021), https://www.sportsbusinessjournal.com/Daily/Issues/2021/10/07/Marketing-and-Sponsorship/OneTeam/. ██████████████████████████████████
- **Request 3** – OneTeam should produce any internal communications and documents related the establishment of Fanatics Collectibles, including communications and documents with Fanatics, Michael Rubin, or any Rubin-affiliated company.
- **Request 4** – OneTeam does not need to currently produce documents related to this request. But Panini reserves the right to pursue these documents after a review of OneTeam's production of document in response to Requests 2 and 3.
- **Request 5** – OneTeam does not need to currently produce documents related to this request. But Panini reserves the right to pursue these documents after a review of Fanatics' production.
- **Request 6** – This request involves any sport licensors' attempts to terminate their license agreements with Panini or accelerate the start date of any license agreements with Fanatics, including, but not limited to, licensing agreements with NFLPA and WWE. With NFLPA, OneTeam should produce any internal communications and documents related, but not limited, to NFLPA's August 2023 purported termination of its license agreement with Panini and NFLPA's attempted acceleration of the start date of its license agreement with Fanatics. But Panini reserves the right to pursue additional documents after a review of the NFLPA's production. With WWE, we request that OneTeam either (1) produces any internal communications and documents related, but not limited, to WWE's 2023 purported termination of its licensing agreement with Panini and any efforts to accelerate the start date of its licensing agreement with Fanatics; or (2) submits a written representation stating that OneTeam had no involvement in the purported termination or any efforts for acceleration.

- **Request 7** – OneTeam should produce any non-privileged communications and documents responsive to this request. As noted above, there is a robust protective order in this litigation and we are willing to work with OneTeam to minimize any burden in this production.
- **Request 8** – During our meet and confer, you stated ██████████████████████████ ████████████████████████████████████████████████████ If so, OneTeam should produce any communications or documents responsive to this request.
- **Request 9** – OneTeam should produce any communications or documents responsive to this request. As discussed during the meet and confer, this request is plainly relevant to Fanatics' monopolization of the sports trading card industry.
- **Request 10** – OneTeam does not need to currently produce documents related to this request. But Panini reserves the right to pursue these documents after a review of Fanatics' production.
- **Request 11** – OneTeam does not need to currently produce documents related to this request. But Panini reserves the right to pursue these documents after a review of Fanatics' production.
- **Request 12** – OneTeam should produce any internal communications and documents regarding compensation, bonus, or incentives provided to OneTeam executives that are related to the MLBPA and NFLPA license agreements.
- **Request 13** – OneTeam does not need to currently produce documents related to this request. But Panini reserves the right to pursue these documents after a review of Fanatics' production.
- **Request 14** – OneTeam does not need to currently produce documents related to this request. But Panini reserves the right to pursue these documents after a review of Fanatics' production.
- **Request 15** – OneTeam should produce communications and documents in response to this request. We are willing to work with OneTeam to narrow search terms and time period to mitigate burden.
- **Request 16** – OneTeam should produce any communications or documents related the evaluation or study of the physical or digital sports trading cards market in the United States. If OneTeam does not possess responsive documents, it will submit a written representation attesting to this.
- **Request 17** – OneTeam should produce any communications or documents related the reviews, studies, or reports concerning harm to consumers resulting from the elimination of competition in the sports trading cards market. If OneTeam does not possess responsive documents, it can submit a written representation attesting to this.

Best,

**Megan Nyman**
Associate

BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(t) 954 356 0011
(m) 954 295 7513
mnyman@bsfllp.com
www.bsfllp.com