DECHERT

July 6, 2026

**Via ECF**

The Honorable Judge Valerie Figueredo
United States District Court Magistrate Judge
United States District Court Southern District of New York
500 Pearl St. New York, NY 10007-1312

**Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – OneTeam's Letter Motion to Seal**

Dear Judge Figueredo:

OneTeam Partners, LLC ("OneTeam") respectfully submits this letter motion to request permission to file under seal unredacted versions of OneTeam's forthcoming Opposition to Panini's Letter Motion to Compel ("Opposition") and Exhibits A, B, C, and D thereto.

On January 6, 2026, OneTeam, a non-party in the above-captioned matter, received a subpoena duces tecum from Panini America, Inc. ("Panini"). The subpoena contained a copy of the Confidentiality Stipulation and Protective Order, ECF No. 160, which governs the designation and treatment of confidential information and materials produced in this matter. The Protective Order provides:

> To the extent a party wishes to file with the Court documents or information designated as Designated Materials by an opposing party, that party shall file the Designated Materials electronically under seal in accordance with Rule I.g.2 of the Hon. Valerie Figueredo's Individual Practices In Civil Cases. The filing party shall simultaneously serve counsel for the opposing party via email with the materials filed under seal. Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter. The letter shall attach the documents with any proposed redactions. At the same time as the filing, the party seeking permission to seal shall email a copy of the letter to Judge Figueredo's chambers, with the proposed redactions highlighted in yellow.

ECF No. 160 ¶ 17.

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed[.]" *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). When considering a party's request to file materials under seal, courts in the Second Circuit balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) (citation omitted). Courts find protecting sensitive business information is among the

DECHERT

"higher values consistently recognized by courts in this Circuit" as a "countervailing factor that can prevail over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (internal quotations omitted); *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2-*3 (S.D.N.Y. Mar. 25, 2022) (granting motion to redact confidential non-public business information that could lead to a competitive disadvantage if disclosed). Courts further consider whether the scope of proposed redactions is reasonable and tailored to cover the sensitive business information. *W.J. Deutsch*, 2022 WL 890184, at *3.

Exhibits A, B, C, and D are emails between outside counsel for OneTeam and Panini, portions of which quote, reference or summarize OneTeam's confidential, sensitive business information—namely, OneTeam's business strategies and operational structure; involvement, analysis, and communications relating to licensing agreements; and proposals and communications with potential partners. Portions of the Opposition quote from the above-referenced exhibits, and from exhibits to and portions of Panini's Letter Motion to Compel, ECF Nos. 359 (sealed), 360 (public), that OneTeam designated Highly Confidential under the applicable Protective Order, ECF No. 160, and were filed under seal. OneTeam therefore submits that good cause exists for filing OneTeam's Opposition and Exhibits A, B, C, and D thereto with limited redactions.

Pursuant to Rule I(g)(2) of the Court's Individual Practices In Civil Cases, OneTeam will file sealed versions of the Opposition and Exhibits A, B, C, and D thereto with the proposed redactions highlighted in yellow, provide copies of the same via email, and file redacted versions on the docket.

Respectfully submitted,

*/s/ Jeffrey Brown*

Jeffrey Brown
**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
Tel.: (212) 698-3511
jeffrey.brown@dechert.com

George G. Gordon (*pro hac vice*)
Julia Chapman (*pro hac vice*)
Madeline Holler (*pro hac vice*)
**Dechert LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-4000
Fax: (215) 994-2222

DECHERT

george.gordon@dechert.com
julia.chapman@dechert.com
madeline.holler@dechert.com

*Counsel for OneTeam Partners, LLC*

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: 7/8/2026**

The request for sealing is GRANTED, as OneTeam has made an appropriate showing under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). OneTeam seeks to seal information related to confidential, sensitive business information—namely OneTeam's (1) business strategies and operational structure, (2) involvement, analysis, and communications relating to licensing agreements, and (3) proposals and communications with potential partners.

The Clerk of Court is respectfully directed to maintain the viewing restrictions at ECF Nos. 381, 381-1, 381-2, 381-3, and 381-4. The Clerk of Court is further directed to terminate the motion at ECF No. 380.