LATHAM&WATKINS LLP                    quinn emanuel trial lawyers | new york

July 9, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF
        (S.D.N.Y. 2023) – Fanatics' Motion to Seal

Dear Judge Figueredo:

        We write on behalf of Fanatics in the above-referenced matter to request permanent redaction of Panini's Letter Motion for a Discovery Conference ("Letter Motion") (Dkt. No. 359) and permanent sealing of Exhibits D through M to the Letter Motion. There is good cause to permanently redact the Letter Motion and seal Exhibits D through M, and Panini does not take a position on this request.

        Exhibits D through M to the Letter Motion are documents produced by Fanatics that have been designated as "Confidential," "Highly Confidential," and "Outside Counsel Eyes Only," pursuant to the Confidentiality Stipulation and Protective Order in this matter (Dkt. No. 160, "Protective Order").[1] Each exhibit contains the type of competitively sensitive commercial information that the Protective Order was specifically designed to protect: detailed internal and external conversations regarding contract negotiations and terms between Fanatics, OneTeam, and/or league licensors (Exs. D, F, G, H, I, M); sensitive financial valuations and models (Exs. E, L); and confidential market analysis and business strategy (Ex. J).[2] And the provisional redactions

---

        [1] The Protective Order allows documents to be designated "Confidential" to "protect that party's interests in information that is proprietary, a trade secret or otherwise sensitive non-public information, including, but not limited to, non-public financial information, business plans, product-development information, or marketing plans"; "Highly Confidential" to "protect the interests of the producing party in information for which unauthorized disclosure would result in competitive, commercial, or financial harm"; or "Outside Counsel Eyes Only" if the "document or information references or reflects the non-public terms (proposed or final) of that party's license agreements." Dkt. No. 160 ¶¶ 2–4.

        [2] Fanatics notes that Exhibit D also contains certain redactions (shown in black) that were applied by Fanatics to protect information confidential to other non-parties from disclosure to OneTeam; Fanatics applied these redactions before allowing Panini to provide Exhibit D to OneTeam during Panini's negotiations with OneTeam regarding the subpoena.

applied by Panini in the Letter Motion contain the competitively sensitive information from Exhibits D through M and so should also be permanently sealed.

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (citation omitted). Protecting sensitive business information—like the confidential financial, strategic, and negotiation-related information at issue here—is among the "'higher values' consistently recognized by courts in this Circuit" as a "'countervailing factor' that can prevail over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021); *see also In re Novartis & Par Antitrust Litig.*, 2020 U.S. Dist. LEXIS 200820, at *6–7 (S.D.N.Y. Oct. 28, 2020) (granting motion to seal where a party agreed not to disclose the existence or content of agreements with third parties without those third parties' consent). Public disclosure of these materials would cause significant competitive and commercial harm to Fanatics by revealing to its competitors and counterparties the precise terms on which it negotiates and conducts business, as well as its internal financial assessments and strategic planning.

Accordingly, Fanatics respectfully submits that there is good cause to permanently redact the Letter Motion and permanently seal Exhibits D, E, F, G, H, I, J, K, L, and M thereto.
Respectfully submitted,


*/s/ Michael B. Carlinsky*[3]
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1200

*Counsel for Fanatics*

---

[3] Fanatics uses electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.