**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PANINI AMERICA, INC. <br><br>                              *Plaintiff,* <br>     v. <br><br> FANATICS, INC., FANATICS, LLC, <br> FANATICS COLLECTIBLES <br> INTERMEDIATE HOLDCO, INC., <br> FANATICS SPV, LLC, and <br> FANATICS HOLDINGS, INC. <br><br>                            *Defendants.* | Case No. 1:23-cv-09714-LTS-VF <br><br> Related Cases: <br> 1:23-cv-06895-LTS-VF <br> 1:25-cv-02202-LTS-VF <br> 1:25-cv-05776-LTS-VF <br><br><br> **<u>JURY TRIAL DEMANDED</u>** |

## <u>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FURTHER AMENDED FIRST AMENDED COMPLAINT</u>

Defendants Fanatics, LLC; Fanatics Collectibles Intermediate Holdco., Inc.; Fanatics SPV, LLC; Fanatics Holdings, Inc.; and Fanatics, Inc.[1] (collectively, "Fanatics" or "Defendants") hereby answer the further amended First Amended Complaint, *see* ECF Nos. 69, 357 (the "Complaint") filed by Plaintiff Panini America, Inc. ("Panini" or "Plaintiff").

## PRELIMINARY STATEMENT

Certain leagues and players associations freely chose to license their intellectual property to Fanatics rather than Panini. Through this lawsuit, Panini seeks to have this Court overturn those results and the will of those licensors. At bottom, Panini wants this Court to become the overseer of collectibles, and decide to whom sports leagues and players associations are permitted to license their intellectual property and on what terms. That is not the appropriate role of the judicial system.

Fanatics is an innovative newcomer to the manufacturing of trading cards. Panini, in contrast, is the self-proclaimed "world's largest sports and entertainment collectibles company." The leagues and players associations that chose to license their intellectual property to Fanatics decided they did not want to continue to work with the entrenched incumbent Panini. That was their right, and is how competition works. But rather than look inward and make itself a better option for the future, Panini sued Fanatics, seeking a do-over on those past agreements it lost, and claiming that it was wrong for Fanatics to innovate and offer licensors better products and terms than Panini provided. Remarkably, in the process Panini is challenging the very same sort of exclusive contracts it entered into with leagues and players associations for over a decade— arguing that Fanatics has not earned the right to obtain these same sort of terms that Panini enjoyed for years. That makes no sense, and is not how the law works.

---

[1] Defendants note that Fanatics, Inc. no longer exists as a legal entity.

The reality is that since Fanatics entered collectibles, a once-stagnant industry has been reinvigorated.  Fanatics' innovations and quality enhancements have resonated with athletes, players associations, sports leagues, teams, and collectors.  Indeed, the industry has exploded in growth and popularity due to Fanatics' investments and innovations.  Shaking up long-established industry norms, Fanatics has reduced reliance on redemption cards, created innovative, one-of-a-kind collectibles such as MLB Rookie Debut Auto Patch Cards, invested in a card manufacturer to enhance production quality across the board, and revitalized interest in the hobby by partnering with hobby shop owners, card breakers, and athletes to create unique events and experiences for collectors, such as Hobby Rip Night.

The Complaint suffers from many fatal defects, including the fact that it glosses over the well-established right of intellectual property owners to license their trademarks to whomever they want on whatever terms they choose, and that its antitrust claims are premised on a series of gerrymandered markets that include only the licenses Fanatics will hold.  And as discovery will show, while Panini lost touch with the best interests of its licensing partners, consumers, and the industry as a whole, Fanatics' entry and innovation have already improved collectible products, modernized the industry, and delivered resulting benefits to collectors, leagues, and players alike. Neither the facts nor the law will sustain Panini's attempt to turn antitrust laws on their head and to destroy competition through the judicial process.

## RESPONSE TO THE SPECIFIC ALLEGATIONS IN THE COMPLAINT

All allegations not expressly admitted herein are denied.  Any admission herein is limited to the express language of the response and shall not be deemed an implied admission of additional facts.  Fanatics does not interpret the headings and subheadings throughout the Complaint as well-pleaded allegations to which any response is required; to the extent a response is required, Fanatics

2

denies all allegations in the headings and subheadings of the Complaint. Use of certain terms or phrases defined in the Complaint is not an acknowledgment or admission of any characterization Panini may ascribe to those terms or phrases. Unless otherwise defined, capitalized terms shall refer to the capitalized terms defined in the Complaint, but any such use is not an acknowledgment or admission of any characterization Panini may ascribe to the capitalized terms.

Fanatics does not concede the truthfulness of third-party sources quoted or referenced in the Complaint. To the extent a response is required, Fanatics denies all allegations of the third-party sources quoted in or referenced in the Complaint. Unless expressly admitted below, Fanatics further does not concede the accuracy or completeness of alleged quotations attributed to or from Fanatics employees or documents, which are provided without the appropriate context or proffered in part to assert truth in a manner that may not be consistent with the declarant's intent. Fanatics reserves the right to amend and/or supplement this Answer at a later stage of the proceedings.

Fanatics denies that Panini has any legitimate claim against Defendants, that Panini has any likelihood of success on the merits, or that Panini is entitled to any relief. Fanatics further denies that any of the markets Panini alleges are properly defined antitrust markets.

Fanatics responds to the numbered paragraphs of the Complaint as follows:

1. Paragraph 1's use of the undefined or vague term "professional sports trading card business" renders Paragraph 1's allegations incapable of further response as written. To the extent a response is required, Fanatics admits that trading cards are purchased by adults, children, and hobbyists, among others. Fanatics lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 1 and denies them on that basis.

2. Paragraph 2 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics admits that skilled employees are used in the design

3

and marketing of trading cards. Fanatics states that Paragraph 2's use of the undefined or vague terms "market participants" and "to compete . . . effectively" renders the remainder of Paragraph 2's allegations incapable of further response as written, and Fanatics denies them on that basis. Fanatics denies the remaining allegations in Paragraph 2.

3.    Paragraph 3 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Paragraph 3's use of the undefined or vague terms "market participants," "some years now," and "important aspects of the intellectual property of their members" renders Paragraph 3's allegations incapable of further response as written, and Fanatics denies them on that basis. Fanatics denies the remaining allegations in Paragraph 3.

4.    Fanatics denies the allegations in Paragraph 4.

5.    Fanatics admits that Panini has enjoyed license agreements with certain sports leagues and players associations. Fanatics lacks sufficient knowledge to form a belief as to the truth of the statements regarding Panini's characterizations of its business in Paragraph 5 and denies them on that basis. Fanatics denies the remaining allegations in Paragraph 5.

6.    Fanatics admits that Panini's license with the National Basketball Association ("NBA") lasts through September 2025. Fanatics admits that Panini's license with the NBA Players Association lasts through September 2025. Fanatics admits that Panini's licenses with the National Football League ("NFL") and the NFL Players Association lasts through March 2026 and February 2026, respectively. Fanatics lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 6 and denies them on that basis.

7.    Paragraph 7 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics admits that it has entered into confidential licensing agreements of various term lengths with the NFL, NFL Players Association, Major League

4

Baseball ("MLB"), MLB Players Association, NBA, and NBA Players Association, and the contents of those agreements speak for themselves. Fanatics will produce those license agreements shortly. Fanatics denies the remaining allegations in Paragraph 7.

8. Paragraph 8 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics admits that it has entered into confidential licensing agreements of various term lengths with the NFL, NFL Players Association, MLB, MLB Players Association, NBA, and NBA Players Association. Fanatics will produce those license agreements shortly. The remaining allegations in Paragraph 8 purport to characterize the contents of commercial contracts that speak for themselves, and Fanatics denies them on that basis.

9. Paragraph 9 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics admits that, when Fanatics acquired its license agreements with sports leagues and players associations, other companies—including Panini— held the existing licenses. Fanatics further admits that it acquired The Topps Company, Inc. ("Topps"). Fanatics denies the remaining allegations in Paragraph 9.

10. Fanatics denies the allegations in Paragraph 10.

11. Paragraph 11 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 11.

12. Paragraph 12 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 12.

13. Paragraph 13 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 13.

14. Paragraph 14 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies that Panini has any legitimate claim

5

against Defendants, that Fanatics violated the Sherman Act or the Clayton Act, that Panini has any likelihood of success on the merits, or that Panini is entitled to any relief.

15.    Fanatics admits that this Court has subject matter jurisdiction over this action.

16.    Fanatics admits that this Court has supplemental jurisdiction over Panini's state-law claims.

17.    This action was transferred from the Middle District of Florida to the Southern District of New York on October 31, 2023.  ECF No. 75.  Fanatics states that this Court in the Southern District of New York has personal jurisdiction over Defendants in this action except as to Fanatics, Inc., which no longer exists as a legal entity.  To the extent Paragraph 17 asserts that a court in the Middle District of Florida has personal jurisdiction over Defendants in this action, Fanatics denies the allegations in Paragraph 17 on that basis.

18.    This action was transferred from the Middle District of Florida to the Southern District of New York on October 31, 2023.  ECF No. 75.  Fanatics states that this Court in the Southern District of New York has personal jurisdiction over Defendants in this action except as to Fanatics, Inc., which no longer exists as a legal entity.  To the extent Paragraph 18 asserts that a court in the Middle District of Florida has personal jurisdiction over Defendants in this action, Fanatics denies the allegations in Paragraph 18 on that basis.

19.    This action was transferred from the Middle District of Florida to the Southern District of New York on October 31, 2023.  ECF No. 75.  Fanatics states that venue is proper in the Southern District of New York; to the extent Paragraph 19 asserts that venue is proper in the Middle District of Florida, Fanatics denies the allegations in Paragraph 19 on that basis.

20.    Paragraph 20 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 20.

21.     Paragraph 21 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies that "Major U.S. Professional Sports Leagues trading cards" or any other alleged market or submarket pleaded anywhere in the Complaint constitutes an antitrust product market.  Fanatics denies the remaining allegations in Paragraph 21.

22.     Fanatics admits the allegations in Paragraph 22.

23.     Fanatics lacks sufficient knowledge to form a belief as to the truth of the statements regarding Panini's characterization of its business in Paragraph 23.

24.     Fanatics admits that Panini produces and sells sports trading cards.  Fanatics lacks sufficient knowledge to form a belief as to the truth of the remaining statements regarding Panini's characterization of its business in Paragraph 24.

25.     Fanatics, Inc. no longer exists as a legal entity.  Fanatics therefore denies the allegations in Paragraph 25.

26.     Fanatics admits that Fanatics, LLC is a sole member LLC organized in Delaware and states that its principal place of business is in New York.

27.     Fanatics admits that Fanatics Holdings, Inc. is a Delaware corporation and states that its principal place of business is in New York.

28.     Fanatics admits that Fanatics Collectibles Intermediate Holdco, Inc., d/b/a Fanatics Trading Cards, is a subsidiary of Fanatics Holdings, Inc. and is a Delaware corporation.  Fanatics states that the principal place of business of Fanatics Collectibles Intermediate Holdco, Inc. is in New York.

29.     Fanatics admits that Fanatics SPV, LLC is a Delaware limited liability company and states that its principal place of business is in New York.

30. Paragraph 30 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 30.

31. Fanatics admits that it manufactures and sells licensed sportswear, sports collectibles, sports merchandise, and sports trading cards. Fanatics further admits that it conducts business in the State of Florida. Fanatics denies the remaining allegations in Paragraph 31.

32. Paragraph 32 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics admits that it is one of Panini's competitors with respect to certain areas. Fanatics denies the remaining allegations in Paragraph 32.

33. Paragraph 33 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics lacks sufficient knowledge to form a belief regarding consumers' "desire[s]" as characterized in Paragraph 33 and denies the second sentence of Paragraph 33 on that basis. Fanatics denies the remaining allegations in Paragraph 33.

34. Paragraph 34 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics lacks sufficient information to form a belief as to the intellectual property each League specifically "controls" for commercial purposes and denies the allegations in the first and second sentences of Paragraph 34 on that basis. Fanatics denies the remaining allegations in Paragraph 34.

35. Fanatics lacks sufficient information to form a belief as to the licensing that each players association "generally controls" or whether each of a players association's members agree to "significantly restrict" their ability to enter into individual licenses, and denies the allegations in Paragraph 35 on that basis. Fanatics denies the remaining allegations in Paragraph 35.

36.     Fanatics lacks sufficient knowledge to form a belief as to the intellectual property rights each players association "hold[s]," and denies the allegations in Paragraph 36 on that basis. Fanatics denies the remaining allegations in Paragraph 36.

37.     Paragraph 37 asserts arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics states that Paragraph 37's use of the undefined or vague term "fully licensed" renders Paragraph 37's allegations incapable of further response as written, and Fanatics denies them on that basis.  Fanatics denies the remaining allegations in Paragraph 37.

38.     Paragraph 38 asserts arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 38.

39.     Paragraph 39 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics admits that a person or entity that secures licenses from a league and that league's players association could attempt to obtain a license from an individual player for autographs and other services.  Fanatics denies the remaining allegations in Paragraph 39.

40.     Paragraph 40 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics admits that the group player rights licensed by the players associations often include facsimile signatures of the players.  Fanatics further admits that a licensee can, through separate contractual rights with the individual player, add features to a trading card or obtain additional services from that player.  Fanatics denies the remaining allegations in Paragraph 40.

41.     Paragraph 41 asserts arguments and characterizations that do not warrant a response.  To the extent that a response is required, Fanatics admits that a league can license its

intellectual property, and that a players association can license its intellectual property.  Fanatics denies the remaining allegations in Paragraph 41.

42.     Paragraph 42 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 42.

43.     Paragraph 43 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 43.

44.     Paragraph 44 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics admits that it acquired Topps in 2021 and that, through that acquisition, it currently has a license with Major League Soccer ("MLS").  Fanatics denies the remaining allegations in Paragraph 44.

45.     Paragraph 45 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 45.

46.     Paragraph 46 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics states that it lacks sufficient knowledge to form belief as to the truth of the allegations in the first sentence of Paragraph 46.  Fanatics denies the remaining allegations in Paragraph 46.

47.     Fanatics lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 47 and denies them on that basis.

48.     Paragraph 48 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 48.

49.     Paragraph 49 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 49.

10

50. Paragraph 50 asserts legal arguments and conclusions that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 50.

51. Paragraph 51 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics admits that skilled employees are used in the creation, design, and marketing of trading cards. Fanatics denies the remaining allegations in Paragraph 51.

52. Paragraph 52 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 52.

53. Paragraph 53 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics admits that a variety of trading card products are sold at a variety of price points through a variety of distribution channels. Fanatics denies the remaining allegations in Paragraph 53.

54. Paragraph 54 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 54.

55. Paragraph 55 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 55.

56. Paragraph 56 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 56.

57. Paragraph 57 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 57.

58. Paragraph 58 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 58.

59.     Paragraph 59 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 59.

60.     Paragraph 60 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 60.

61.     Paragraph 61 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 61.

62.     Fanatics admits that the NBA, NFL, and MLB consist of thirty, thirty-two, and thirty teams, respectively.  Fanatics lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 62 and denies them on that basis.

63.     Paragraph 63 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 63.

64.     Paragraph 64 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 64 about the "view[s]" of all "consumers" and, on that basis, denies them.  Fanatics denies the remaining allegations in Paragraph 64.

65.     Paragraph 65 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 65.

66.     Paragraph 66 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 66.

67.     Paragraph 67 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 67.

68.     Paragraph 68 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 68.

69. Paragraph 69 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 69.

70. Paragraph 70 asserts legal arguments and characterizations that do not warrant a response. To the extent that a response is required, Fanatics denies the allegations in Paragraph 70.

71. Paragraph 71 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 71.

72. Paragraph 72 asserts legal arguments and characterizations that do not warrant a response. To the extent that a response is required, Fanatics denies the allegations in Paragraph 72.

73. Paragraph 73 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 73.

74. Paragraph 74 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics admits that consumer preferences for a variety of products may vary by country. Fanatics denies the remaining allegations in Paragraph 74.

75. Paragraph 75 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics admits that consumer preferences for a variety of products may vary by country. Fanatics denies the remaining allegations in Paragraph 75.

76. Fanatics admits Panini quickly entered the United States trading card business in 2009. Fanatics lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 76 and denies them on that basis.

77. Fanatics lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 77 and denies them on that basis.

78.    Fanatics denies the allegations in Paragraph 78.

79.    Fanatics denies the allegations in Paragraph 79.

80.    Fanatics lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 80 and denies them on that basis.

81.    Fanatics lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 81 and denies them on that basis.

82.    Fanatics lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 82 and denies them on that basis.

83.    Fanatics lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 83 and denies them on that basis.

84.    Fanatics lacks sufficient knowledge to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 84 and denies them on that basis.  Fanatics denies the allegations in the third sentence of Paragraph 84.

85.    Fanatics denies the allegations in Paragraph 85.

86.    Fanatics denies the allegations in Paragraph 86 and states that the screenshot in Paragraph 86 is taken out of context and is misleading.

87.    Fanatics denies the allegations in Paragraph 87 and states that the quoted language is taken out of context and is misleading, and the full content of the cited article speaks for itself.

88.    Fanatics denies the allegations in Paragraph 88 and states the quoted language is taken out of context and is misleading, and the full content of the cited article speaks for itself.

89.    Fanatics denies the allegations in Paragraph 89.

90.    Paragraph 90 asserts arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics admits that a "redemption card" generally

refers to a placeholder that can be exchanged ("redeemed") for a high-value autograph card that the manufacturer was unable to secure in advance of packaging the cards. Fanatics denies the remaining allegations in Paragraph 90.

91. Fanatics denies the allegations in Paragraph 91, and states that the screenshot in Paragraph 91 is taken out of context and is misleading.

92. Fanatics denies the allegations in Paragraph 92 and states that the screenshot in Paragraph 92 is taken out of context and is misleading.

93. Fanatics denies the allegations in Paragraph 93 and states that the screenshots in Paragraph 93 are taken out of context and are misleading.

94. Fanatics denies the allegations in Paragraph 94.

95. Paragraph 95 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 95.

96. Fanatics lacks sufficient knowledge to form a belief as to the truth of the statements regarding Panini's characterization of its business in Paragraph 96 and denies the allegations in Paragraph 96 on that basis.

97. Fanatics lacks sufficient knowledge to form a belief as to the truth of the statements regarding Panini's characterization of its business in Paragraph 97 and denies the allegations in Paragraph 97 on that basis.

98. Fanatics admits that Panini's license with the NFL lasts through March 2026. Fanatics admits that Panini's license with the NFL Players Association lasts through February 2026. Fanatics admits that Panini's license with the NBA lasts through September 2025. Fanatics admits that Panini's license with the NBA Players Association lasts through September 2025 and that the NBA Players Association license is nonexclusive. Fanatics admits that Panini previously

held a license with MLB Players Association that ended in December 2022. Fanatics lacks sufficient knowledge to form a belief as to the truth of the remaining statements regarding Panini's characterization of its business in Paragraph 98 and denies them on that basis. Fanatics denies any remaining allegations in Paragraph 98.

99. Fanatics lacks sufficient knowledge to form a belief as to the truth of the statements regarding Panini's characterization of its business in Paragraph 99 and denies them on that basis. Fanatics denies any remaining allegations in Paragraph 99.

100. Fanatics lacks sufficient knowledge to form a belief as to the truth of the statements regarding Panini's characterization of its business in Paragraph 100 and denies them on that basis. Fanatics denies any remaining allegations in Paragraph 100.

101. Paragraph 101 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 101.

102. Paragraph 102 relates in part to claims that have been dismissed and therefore no response is required. To the extent a response is required, Fanatics admits that, in August 2021, certain news outlets reported that Fanatics had reached licensing agreements with the MLB, the MLB Players Association, the NBA, the NBA Players Association, and the NFL Players Association. Fanatics admits that it acquired Topps in 2021 and that, through that acquisition, it currently has a license with MLS. Fanatics denies the remaining allegations in Paragraph 102.

103. Paragraph 103 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 103.

104. Fanatics admits that it has entered into confidential licensing agreements of various term lengths with the NFL, NFL Players Association, MLB, MLB Players Association, NBA, and

16

NBA Players Association, and the contents of those agreements (which will be produced shortly) speak for themselves.

105. Paragraph 105 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 105.

106. Paragraph 106 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 106.

107. Paragraph 107 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 107.

108. Paragraph 108 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 108.

109. Paragraph 109 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 109.

110. Paragraph 110 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics lacks sufficient knowledge to form a belief as to the truth of the second sentence of Paragraph 110 and denies it on that basis. Fanatics denies the remaining allegations in Paragraph 110.

110a. Paragraph 110a asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 110a.

111. Paragraph 111 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics admits that it has entered into confidential licensing agreements of various term lengths with the NFL, NFL Players Association, MLB, MLB Players Association, NBA, and NBA Players Association, and the contents of those agreements

(which will be produced shortly) speak for themselves.  Fanatics denies the remaining allegations in Paragraph 111.

112.    Fanatics lacks sufficient knowledge to form a belief as to the truth of the statements regarding the characterization of OneTeam's business in Paragraph 112.  Fanatics further states that the quoted language is taken out of context and is misleading, and the full content of the articles speaks for itself.  Fanatics denies the remaining allegations in Paragraph 112.

112a.    Fanatics lacks sufficient knowledge to form a belief as to the truth of the statements regarding Panini's characterization of OneTeam's business in Paragraph 112a, and denies the allegations in Paragraph 112a on that basis.  Fanatics denies the remaining allegations in Paragraph 112a.

113.    Fanatics lacks sufficient knowledge to form a belief as to the truth of the statements regarding Panini's characterization of OneTeam's business in Paragraph 113, and denies the allegations in Paragraph 113 on that basis.  Fanatics further states that the quoted language is taken out of context and is misleading, and the full content of the article speaks for itself.  Fanatics denies the remaining allegations in Paragraph 113.

114.    Paragraph 114 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 114.

115.    Paragraph 115 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 115.

116.    Paragraph 116 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 116.

117.    Paragraph 117 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 117.

118.    Paragraph 118 relates to claims that have been dismissed and therefore no response is required.  To the extent a response is required, Fanatics admits that, on January 4, 2022, Fanatics announced an acquisition of Topps.  Fanatics admits that it acquired a license with the MLB and a semi-exclusive license with the MLB Players Association through its acquisition of Topps. Fanatics denies the remaining allegations in Paragraph 118.

119.    Paragraph 119 relates to claims that have been dismissed and therefore no response is required.  Paragraph 119 also asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics admits that it acquired a license with MLS through its acquisition of Topps.  Fanatics denies the remaining allegations in Paragraph 119.

120.    Paragraph 120 relates to claims that have been dismissed and therefore no response is required.  Paragraph 120 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 120.

121.    Paragraph 121 relates to claims that have been dismissed and asserts arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics admits that, through transactions in February 2022, December 2022, and December 2023, it acquired an ownership interest in GC Packaging ("GCP").  Fanatics denies the remaining allegations in Paragraph 121.

122.    Fanatics lacks sufficient knowledge to form a belief as to the truth of the statements regarding Panini's characterization of its business in Paragraph 122 and denies the allegations in Paragraph 122 on that basis.

123.    Paragraph 123 asserts arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics lacks sufficient knowledge to form a belief

19

as to the truth of the statements regarding Panini's characterization of its business needs and denies them on that basis. Fanatics denies the remaining allegations in Paragraph 123.

124. Fanatics admits that the production of trading cards (and quality control associated with production) can involve several processes, including: print registration, color variance, foil stamping, guillotine cutting, slitting borders, lamination, wrapping, sorting, and packaging. Fanatics lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 124 and denies them on that basis.

125. Fanatics admits that errors in the trading card manufacturing process may in certain circumstances cause complications or delays. Paragraph 125's use of the undefined or vague terms "consumer preferences," "competitive manufacturing provider," and "one error" renders the remainder of Paragraph 125's allegations incapable of further response as written, and Fanatics denies them on that basis. Fanatics denies the remaining allegations in Paragraph 125.

126. Paragraph 126 asserts characterizations that do not warrant a response. To the extent a response is required, Paragraph 126's use of the undefined or vague terms "competitive manufacturing provider," "proven record of tight security," and "carefully controlled" render Paragraph 126's allegations incapable of further response as written. Fanatics denies the remaining allegations in Paragraph 126.

127. Paragraph 127 asserts characterizations that do not warrant a response. To the extent a response is required, Paragraph 127's use of the undefined or vague terms "competitive manufacturer," "highest quality," "exacting standards," "high-end," and "mint" render Paragraph 127's allegations incapable of further response as written. Fanatics denies the remaining allegations in Paragraph 127.

128. Paragraph 128 asserts characterizations that do not warrant a response. To the extent a response is required, Fanatics admits that the manufacture of certain trading cards can use materials including: card stock, acetate or acrylic, and pieces of jerseys or other memorabilia. Paragraph 128's use of undefined or vague terms "competitive manufacturer," "flexible array of systems," and "special cards" render the remainder of Paragraph 128's allegations incapable of further response as written. Fanatics denies the remaining allegations in Paragraph 128.

129. Paragraph 129 asserts characterizations that do not warrant a response. To the extent a response is required, Paragraph 129's use of the undefined or vague terms "precise standards," "value," and "destroyed" render Paragraph 129's allegations incapable of further response as written, and Fanatics denies them on that basis. Fanatics denies the remaining allegations in Paragraph 129.

130. Fanatics lacks sufficient knowledge to form a belief as to the truth of Panini's characterization of its business in Paragraph 130 and denies the allegations on that basis. Fanatics denies the remaining allegations in Paragraph 130.

131. Fanatics lacks sufficient knowledge to form a belief as to the truth of Panini's characterization of its business in Paragraph 131 and denies the allegations on that basis. Fanatics denies the remaining allegations in Paragraph 131.

132. Fanatics admits that Panini is one of GCP's customers. Fanatics lacks sufficient knowledge to form a belief as to the truth of Panini's characterization of its contract with GCP as set forth in Paragraph 132 and denies the allegations on that basis. Fanatics denies the remaining allegations in Paragraph 132.

133. Paragraph 133 relates to claims that have been dismissed and therefore no response is required. To the extent a response is required, Fanatics lacks sufficient knowledge to form a

21

belief as to the truth of Panini's characterization of its contract and relationship with GCP in Paragraph 133 and denies the allegations on this basis.

134. Paragraph 134 relates to claims that have been dismissed and therefore no response is required. To the extent a response is required, Fanatics admits that Panini was one of GCP's customers. Fanatics denies any remaining allegations in Paragraph 134.

135. Paragraph 135 relates to claims that have been dismissed and therefore no response is required. To the extent a response is required, Fanatics lacks sufficient knowledge to form a belief as to the truth of Panini's characterization of its relationship with GCP in Paragraph 135 and denies the allegations in Paragraph 135 on that basis.

136. Fanatics lacks sufficient knowledge to form a belief as to the truth of Panini's characterization of its relationship with GCP in Paragraph 136 and denies the allegations in Paragraph 136 on that basis.

137. Fanatics lacks sufficient knowledge to form a belief as to the truth of Panini's characterization of its relationship with GCP in Paragraph 137 and denies the allegations in Paragraph 137 on that basis.

138. Paragraph 138 relates to claims that have been dismissed and asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 138.

139. Paragraph 139 relates to claims that have been dismissed and asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics lacks sufficient knowledge to form a belief as to the truth of Panini's characterization of the discussion between Panini and GCP in Paragraph 139 and denies the allegations on that basis. Fanatics denies the remaining allegations in Paragraph 139.

140. Paragraph 140 relates to claims that have been dismissed and therefore no response is required. To the extent a response is required, Fanatics denies the allegations in Paragraph 140.

141. Fanatics admits that manufacturing capacity can be reserved in advance. Fanatics lacks sufficient knowledge to form a belief as to the truth of Panini's characterization of its business practices with GCP in Paragraph 141 and denies the remaining allegations on that basis.

142. Fanatics lacks sufficient knowledge to form a belief as to the truth of Panini's characterization of its business practices with GCP in Paragraph 142 and denies the allegations on that basis.

143. Fanatics lacks sufficient knowledge to form a belief as to the truth of Panini's characterization of its discussions with GCP in Paragraph 143 and denies the allegations on that basis. Fanatics denies the remaining allegations in Paragraph 143.

144. Fanatics lacks sufficient knowledge to form a belief as to the truth of Panini's characterization of its business relationship with GCP in Paragraph 144 and denies the allegations on that basis. Fanatics denies the remaining allegations in Paragraph 144.

145. Fanatics lacks sufficient knowledge to form a belief as to the truth of Panini's characterization of its business relationship with GCP in Paragraph 145 and denies the allegations on that basis. Fanatics denies the remaining allegations in Paragraph 145.

146. Fanatics lacks sufficient knowledge to form a belief as to the truth of Panini's characterization of its business relationship with GCP in Paragraph 146 and denies the allegations on that basis. Fanatics denies the remaining allegations in Paragraph 146.

147. Fanatics lacks sufficient knowledge to form a belief as to the truth of Panini's characterization of its business relationship with GCP or Panini's manufacturing sources in

Paragraph 147 and denies the allegations on that basis. Fanatics denies the remaining allegations in Paragraph 147.

148. Fanatics lacks sufficient knowledge to form a belief as to the truth of Panini's characterization of its business relationship with GCP or Panini's financials in Paragraph 148 and denies the allegations on that basis. Fanatics denies the remaining allegations in Paragraph 148.

149. Paragraph 149 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 149.

150. Paragraph 150 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics admits that skilled employees are used in the creation, design, and marketing of trading cards. Fanatics denies the remaining allegations in Paragraph 150.

151. Paragraph 151 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 151.

152. Paragraph 152 purports to make generalizations about what Fanatics "knew" about "contracts" at an undisclosed time. These vague terms and omissions render Paragraph 152's allegations incapable of further response as written, and Fanatics denies them on that basis.

153. Fanatics lacks sufficient knowledge to form a belief as to the truth of Panini's characterization of its employment contracts in Paragraph 153 and denies the allegations in Paragraph 153 on that basis.

154. Paragraph 154 purports to make generalizations about what Fanatics "knew" about "contracts" at an undisclosed time. These vague terms and omissions render Paragraph 154's allegations incapable of further response as written, and Fanatics denies them on that basis.

155. Paragraph 155 asserts characterizations that do not warrant a response. To the extent a response is required, Fanatics admits that it has an office in the Dallas area and that Fanatics hired and attempted to hire certain at-will employees employed by Panini, including Mark Warsop. Fanatics denies the remaining allegations in Paragraph 155.

156. Paragraph 156 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 156.

157. Paragraph 157 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 157.

158. Paragraph 158 purports to generalize alleged comments made by unidentified Fanatics employees to unidentified Panini employees at unidentified times. Accordingly, Fanatics lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 158 and denies them on that basis.

159. Fanatics denies the allegations in Paragraph 159.

160. Fanatics denies the allegations in Paragraph 160.

161. Fanatics denies the allegations in Paragraph 161.

162. Paragraph 162 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 162.

163. Paragraph 163 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 163.

164. Paragraph 164 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 164.

165. Paragraph 165 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics admits that it has, at various times, entered

licensing agreements for autographs with certain current or future NFL and NBA players. Fanatics denies the remaining allegations in Paragraph 165.

166. Paragraph 166 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 166.

167. Paragraph 167 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics lacks sufficient knowledge to form a belief as to the truth of the statements regarding Panini's characterization of its business in the first sentence of Paragraph 167 and denies them on that basis. Fanatics denies the remaining allegations in Paragraph 167.

168. Paragraph 168 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics admits that its license agreements with the NBA and NFL begin in 2025 and 2026, respectively. Fanatics further admits that Fanatics understands that the term "pajama cards" can refer to trading cards without league marks. Fanatics lacks sufficient knowledge to form a belief as to the truth of the statements regarding Panini's characterization of its business in the first sentence of Paragraph 168 and denies them on that basis. Fanatics states that the quotation in Paragraph 168 is taken out of context and is misleading, and the cited article speaks for itself. Fanatics denies the remaining allegations in Paragraph 168.

169. Paragraph 169 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 169.

170. Paragraph 170 relates in part to claims that have been dismissed and asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 170.

26

171. Paragraph 171 relates in part to claims that have been dismissed and therefore no response is required. To the extent a response is required, Fanatics lacks sufficient knowledge to form a belief as to the truth of the statements regarding Panini's characterization of its business in Paragraph 171 and denies them on that basis. Fanatics denies the remaining allegations in Paragraph 171.

172. Paragraph 172 relates in part to claims that have been dismissed and asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 172.

173. Paragraph 173 relates to claims that have been dismissed and asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 173.

174. Paragraph 174 relates to claims that have been dismissed and asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 174.

175. Paragraph 175 relates to claims that have been dismissed and does not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 175.

176. Fanatics lacks sufficient knowledge to form a belief as to the truth of the statements regarding Panini's characterization of its business in Paragraph 176 and denies them on that basis. Fanatics denies the remaining allegations in Paragraph 176.

177. Paragraph 177 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 177.

178. Paragraph 178 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 178.

179. Paragraph 179 asserts arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics admits the first sentence in Paragraph 179. As to the second sentence of Paragraph 179, Fanatics admits that its confidential licensing agreement with the NFL Players Association was set to begin after Panini's agreement with NFL Players Association ended. Fanatics denies the remaining allegations in Paragraph 179.

180. Paragraph 180 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Paragraph 180 purports to characterize the contents of a confidential licensing agreement that speaks for itself, and Fanatics denies the allegations in Paragraph 180 on that basis.

181. Paragraph 181 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 181.

182. Paragraph 182 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 182.

183. Paragraph 183 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics states that it lacks sufficient knowledge to form a belief as to the truth of the statements regarding Panini's characterization of the actions of the NFL Players Association in Paragraph 183 and denies the allegations in Paragraph 183 on that basis.

184. Paragraph 184 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics states that the terms of the confidential licensing agreements referenced in Paragraph 184 speak for themselves, and Fanatics denies the allegations in Paragraph 184 on that basis.

185.    Paragraph 185 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Paragraph 185 relates to claims that were litigated to decision at arbitration, and Fanatics states that the arbitration decision speaks for itself.  Fanatics denies the remaining allegations in Paragraph 185.

186.    Paragraph 186 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics states that the terms of the licensing agreements referenced in Paragraph 186 speak for themselves, and Fanatics denies the allegations on that basis.  Fanatics denies the remaining allegations in Paragraph 186.

187.    Paragraph 187 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 187.

188.    Fanatics lacks sufficient knowledge to form a belief as to the truth of the statements regarding the Panini's characterization of its contract with World Wrestling Entertainment ("WWE") in Paragraph 188 and denies the allegations in Paragraph 188 on that basis.

189.    Fanatics admits that Fanatics announced a partnership with WWE in March 2022, which commenced upon the ending of Panini's agreement with WWE.  The remainder of Paragraph 180 purports to make generalizations about what Fanatics knew at an undisclosed time.  Accordingly, the remainder of Paragraph 189 is incapable of further response as written, and Fanatics denies it on this basis.

190.    Paragraph 190 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics admits that the agreement between WWE and Panini was terminated early.  Fanatics further admits that Fanatics has a licensing agreement with WWE.  Fanatics states that it lacks sufficient knowledge to form a belief as to the truth of the

29

remaining statements regarding Panini's characterization of WWE's actions in Paragraph 190 and denies the allegations in Paragraph 190 on that basis.

191.    Paragraph 191 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics states that it lacks sufficient knowledge to form a belief as to the truth of the statements regarding Panini's characterization of WWE's actions in Paragraph 191 and denies the allegations in Paragraph 191 on that basis.

192.    Fanatics admits that the WWE's motion for a temporary restraining order was denied, and thereafter the agreement between WWE and Panini was terminated early.

193.    Paragraph 193 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 193.

194.    Paragraph 194 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 194.

195.    Paragraph 195 relates to claims that have been dismissed and asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics states that Paragraph 195 purports to characterize "terms" between Fanatics and unidentified "retailers," and Fanatics refers to any such "terms" for a complete and accurate statement of their contents.  Fanatics otherwise denies the allegations in Paragraph 195.

196.    Paragraph 196 asserts arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 196.

197.    Paragraph 197 asserts arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics states that GTS Distribution does not currently distribute Topps sports trading cards in the United States.  Fanatics denies the remaining allegations in Paragraph 197.

198.     Paragraph 198 asserts arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 198.

199.     Paragraph 199 relates to claims that have been dismissed and asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 199.

200.     Paragraph 200 purports to make generalizations regarding unidentified "contracts" Fanatics purportedly sent to an undefined group of "local card shops" at an unidentified time.  These generalizations and omissions render Paragraph 200 incapable of further response as written, and Fanatics denies the allegations in Paragraph 200 on that basis.

201.     Paragraph 201 asserts legal arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 201.

202.     Fanatics denies the allegations in Paragraph 202.

203.     Fanatics denies the allegations in Paragraph 203.

204.     Paragraph 204 purports to summarize a banner on an unidentified "local-card-shop website" at an unidentified time.  These generalizations and omissions render Paragraph 204 incapable of further response as written, and Fanatics denies the allegations in Paragraph 204 on that basis.

205.     Paragraph 205 asserts arguments and characterizations that do not warrant a response.  To the extent a response is required, Fanatics admits that card breakers may, in some circumstances, help bring new trading cards to market.  Fanatics lacks sufficient knowledge to form a belief as to the truth of the remaining statements regarding Panini's characterization of the business of "case breakers" in Paragraph 205, and denies them on that basis.  Fanatics denies the remaining allegations in Paragraph 205.

206. Paragraph 206 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 206.

207. Paragraph 207 relates in part to claims that have been dismissed and asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 207.

208. Paragraph 208 asserts legal arguments and characterizations that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 208.

209. Fanatics denies the allegations in Paragraph 209.

210. Paragraph 210 asserts legal arguments and conclusions that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 210.

211. Paragraph 211 asserts legal arguments and conclusions that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 211.

212. Paragraph 212 asserts legal arguments and conclusions that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 212.

213. Paragraph 213 asserts legal arguments and conclusions that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 213.

214. Paragraph 214 asserts legal arguments and conclusions that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 214.

215. Paragraph 215 asserts legal arguments and conclusions that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 215.

216. Paragraph 216 asserts legal arguments and conclusions that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 216.

217. Paragraph 217 asserts legal arguments and conclusions that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 217.

218. Paragraph 218 asserts legal arguments and conclusions that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 218.

219. Paragraph 219 asserts legal arguments and conclusions that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 219.

220. Paragraph 220 asserts legal arguments and conclusions that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 220.

221. Paragraph 221 asserts legal arguments and conclusions that do not warrant a response. To the extent a response is required, Fanatics lacks sufficient knowledge to form a belief as to the truth of the statements regarding Panini's characterization of its business in the first sentence of Paragraph 221 and denies them on that basis. Fanatics denies the remaining allegations in Paragraph 221.

222. Paragraph 222 asserts legal arguments and conclusions that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 222.

223. Paragraph 223 asserts legal arguments and conclusions that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 223.

224. Paragraph 224 relates to claims that have been dismissed and asserts legal arguments and conclusions that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 224.

225. Paragraph 225 asserts legal arguments and conclusions that do not warrant a response. To the extent a response is required, Fanatics denies the allegations in Paragraph 225.

226.    Paragraph 226 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 226.

227.    Paragraph 227 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 227.

228.    Paragraph 228 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 228.

229.    Paragraph 229 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics lacks sufficient knowledge to form a belief as to the truth of the statements regarding Panini's characterization of its business in Paragraph 229 and denies them on that basis.  Fanatics denies the remaining allegations in Paragraph 229.

230.    Paragraph 230 relates in part to claims that have been dismissed and asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 230.

231.    Paragraph 231 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 231.

232.    Paragraph 232 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics admits that Fanatics Collectibles has entered into license agreements with Victor Wembanyama, Brandon Miller, Sterling "Scoot" Henderson, Bryce Young, and C.J. Stroud.  Fanatics denies the remaining allegations in Paragraph 232.

233.    Paragraph 233 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 233.

234.    Paragraph 234 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 234.

235.    Paragraph 235 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 235.

236.    Paragraph 236 reasserts legal arguments and conclusions that do not warrant a response.

237.    Paragraph 237 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 237.

238.    Paragraph 238 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 238.

239.    Paragraph 239 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 239.

240.    Paragraph 240 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 240.

241.    Paragraph 241 asserts a claim for relief to which no response is required.  To the extent a response is required, Fanatics denies that Panini is entitled to the relief requested in Paragraph 241 or elsewhere in the Complaint.

242.    Paragraph 242 reasserts legal arguments and conclusions that do not warrant a response.

243.    Paragraph 243 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 243.

244.    Paragraph 244 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 244.

245.    Paragraph 245 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 245.

246.    Paragraph 246 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 246.

247.    Paragraph 247 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 247.

248.    Paragraph 248 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 248.

249.    Paragraph 249 asserts a claim for relief to which no response is required.  To the extent a response is required, Fanatics denies that Panini is entitled to the relief requested in Paragraph 249 or elsewhere in the Complaint.

250.    Paragraph 250 reasserts legal arguments and conclusions that do not warrant a response.

251.    Fanatics admits that it has entered into confidential licensing agreements of various term lengths with the NFL, NFL Players Association, MLB, MLB Players Association, NBA, and NBA Players Association, and the contents of those agreements (which will be produced shortly) speak for themselves.

252.    Paragraph 252 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 252.

253.    Paragraph 253 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 253.

254.    Paragraph 254 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 254.

36

255.    Paragraph 255 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 255.

256.    Paragraph 256 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 256.

257.    Paragraph 257 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 257.

258.    Paragraph 258 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 258.

259.    Paragraph 259 asserts a claim for relief to which no response is required.  To the extent a response is required, Fanatics denies that Panini is entitled to the relief requested in Paragraph 259 or elsewhere in the Complaint.

260.    Paragraph 260 reasserts legal arguments and conclusions that do not warrant a response.

261.    Paragraph 261 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 261.

262.    Paragraph 262 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 262.

263.    Paragraph 263 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 263.

264.    Paragraph 264 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 264.

265.    Paragraph 265 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 265.

266.    Paragraph 266 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Fanatics denies the allegations in Paragraph 266.

267.    Paragraph 267 asserts a claim for relief to which no response is required.  To the extent a response is required, Fanatics denies that Panini is entitled to the relief requested in Paragraph 267 or elsewhere in the Complaint.

268.    Paragraph 268 reasserts legal arguments and conclusions that do not warrant a response.

269.    Paragraph 269 relates to claims that have been dismissed and therefore no response is required.  To the extent a response is required, Fanatics denies the allegations in Paragraph 269.

270.    Paragraph 270 relates to claims that have been dismissed and therefore no response is required.  To the extent a response is required, Fanatics denies the allegations in Paragraph 270.

271.    Paragraph 271 relates to claims that have been dismissed and therefore no response is required.  To the extent a response is required, Fanatics denies the allegations in Paragraph 271.

272.    Paragraph 272 relates to claims that have been dismissed and therefore no response is required.  To the extent a response is required, Fanatics denies the allegations in Paragraph 272.

273.    Paragraph 273 relates to claims that have been dismissed and therefore no response is required.  To the extent a response is required, Fanatics denies the allegations in Paragraph 273.

274.    Paragraph 274 relates to claims that have been dismissed and therefore no response is required.  To the extent a response is required, Fanatics denies that Panini is entitled to the relief requested in Paragraph 274 or elsewhere in the Complaint.

275.    Paragraph 275 reasserts legal arguments and conclusions that do not warrant a response.

276.    Paragraph 276 asserts legal arguments and conclusions and relates to claims that have been dismissed in part and therefore no response is required.  To the extent a response is required, Fanatics lacks sufficient knowledge to admit or deny the allegations regarding Panini's contracts and business dealings with third parties and denies them on that basis.

277.    Paragraph 277 asserts legal arguments and conclusions and relates to claims that have been dismissed in part and therefore no response is required.  To the extent a response is required, Fanatics denies the allegations in Paragraph 277.

278.    Paragraph 278 asserts legal arguments and conclusions and relates to claims that have been dismissed in part and therefore no response is required.  To the extent a response is required, Fanatics denies the allegations in Paragraph 278.

279.    Paragraph 279 asserts legal arguments and conclusions and relates to claims that have been dismissed in part and therefore no response is required.  To the extent a response is required, Fanatics denies the allegations in Paragraph 279.

280.    Paragraph 280 asserts legal arguments and conclusions and relates to claims that have been dismissed in part and therefore no response is required.  To the extent a response is required, Fanatics denies the allegations in Paragraph 280.

281.    Paragraph 281 asserts a claim for relief for claims that have been dismissed in part and therefore no response is required.  To the extent a response is required, Fanatics denies that Panini is entitled to the relief requested in Paragraph 281 or elsewhere in the Complaint.

282.    Paragraph 282 reasserts legal arguments and conclusions that do not warrant a response.

283.    Paragraph 283 relates to claims that have been dismissed in part and therefore no response is required.  To the extent a response is required, Fanatics lacks sufficient knowledge to

39

form a belief as to the truth of the statements regarding Panini's characterization of its business in Paragraph 283 and denies them on that basis.

284. Paragraph 284 asserts legal arguments and conclusions and relates to claims that have been dismissed in part and therefore no response is required. To the extent a response is required, Fanatics denies the allegations in Paragraph 284.

285. Paragraph 285 asserts legal arguments and conclusions and relates to claims that have been dismissed in part and therefore no response is required. To the extent a response is required, Fanatics denies the allegations in Paragraph 285.

286. Paragraph 286 asserts legal arguments and conclusions and relates to claims that have been dismissed in part and therefore no response is required. To the extent a response is required, Fanatics denies the allegations in Paragraph 286.

287. Paragraph 287 asserts legal arguments and conclusions and relates to claims that have been dismissed in part and therefore no response is required. To the extent a response is required, Fanatics denies the allegations in Paragraph 287.

288. Paragraph 288 asserts a claim for relief for claims that have been dismissed in part and therefore no response is required. To the extent a response is required, Fanatics denies that Panini is entitled to the relief requested in Paragraph 288 or elsewhere in the Complaint.

289. Paragraph 289 reasserts legal arguments and conclusions that do not warrant a response.

290. Paragraph 290 asserts legal arguments and conclusions and relates to claims that have been dismissed in part and therefore no response is required. To the extent a response is required, Fanatics denies the allegations in Paragraph 290.

291.    Paragraph 291 asserts legal arguments and conclusions and relates to claims that have been dismissed in part and therefore no response is required.  To the extent a response is required, Fanatics denies the allegations in Paragraph 291.

292.    Paragraph 292 asserts legal arguments and conclusions and relates to claims that have been dismissed in part and therefore no response is required.  To the extent a response is required, Fanatics denies the allegations in Paragraph 292.

293.    Paragraph 293 asserts legal arguments and conclusions and relates to claims that have been dismissed in part and therefore no response is required.  To the extent a response is required, Fanatics denies the allegations in Paragraph 293.

294.    Paragraph 294 asserts legal arguments and conclusions and relates to claims that have been dismissed in part and therefore no response is required.  To the extent a response is required, Fanatics denies the allegations in Paragraph 294.

295.    Paragraph 295 asserts a claim for relief for claims that have been dismissed in part and therefore no response is required.  To the extent a response is required, Fanatics denies that Panini is entitled to the relief requested in Paragraph 295 or elsewhere in the Complaint.

296.    Paragraph 296 asserts a claim for relief for claims that have been dismissed and therefore no response is required.  To the extent a response is required, Fanatics denies that Panini is entitled to the relief requested in Paragraph 296 or elsewhere in the Complaint.

### **RESPONSE TO DEMAND FOR JURY TRIAL**

297.    Panini's Demand for Jury Trial does not require a response.  To the extent a response is required, Fanatics denies that Panini has been harmed or is entitled to a trial by jury.

41

## <u>RESPONSE TO PRAYER FOR RELIEF</u>

298.    Panini's Prayer for Relief contains no factual allegations and relates in part to claims that have been dismissed and, therefore, no response is required.  To the extent a response is required, Fanatics denies that Panini is entitled to the relief sought in the Complaint or to any relief whatsoever.  Fanatics denies the allegations in the Complaint, whether express or implied, that are not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Based on its current knowledge and information, Fanatics asserts the following defenses with respect to the causes of action alleged in the Complaint.  In asserting these defenses, Fanatics does not assume the burden of proof or persuasion where such burden rests on Panini.  Fanatics does not have any obligation (nor does it intend) to identify its litigation strategy and/or all of the evidence or arguments that it may assert as a defense to Panini's claims, including in rebuttal to any arguments or evidence that Panini may present at trial.  Fanatics has not knowingly or intentionally waived any applicable defenses or counterclaims, and it reserves the right to assert and rely upon other applicable defenses or counterclaims that may become available or apparent throughout the course of the action.  Fanatics reserves the right to amend, or seek to amend, their Answer, including their affirmative other defenses and counterclaims.

Subject to the foregoing, as distinct defenses, Fanatics alleges as follows:

(1)    The alleged market definitions fail as a matter of both fact and law.

(2)    The Complaint fails to allege any plausible harm to competition, consumers, or consumer welfare.

(3)    The Complaint fails to allege undue share in any plausibly defined relevant market.

(4)    The Complaint fails to state a claim upon which relief can be granted.

(5)    Any alleged harm to competition is not actionable.

(6)    Plaintiff's claims are barred, in whole or in part, because Fanatics does not have monopoly power or market power in any properly defined relevant product or geographic market.

(7)    All of Fanatics' actions challenged by Plaintiff were lawful, reasonable, justified, procompetitive, and were undertaken in good faith to advance legitimate business interests and

43

had the effect of promoting, encouraging, and increasing competition. Fanatics' actions did not restrain competition in any relevant market.

(8)    Plaintiff's claims are barred, in whole or in part, due to Plaintiff's lack of Article III standing to assert the claims in the Complaint.

(9)    Plaintiff's claims are barred, in whole or in part, due to Plaintiff's lack of antitrust standing to assert the claims in the Complaint.

(10)    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

(11)    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel and/or waiver.

(12)    Plaintiff's claims are barred, in whole or in part, by its own actions, inactions, and/or omissions.

(13)    Plaintiff's claims are barred, in whole or in part, because it suffered no cognizable injury or damages.

(14)    Fanatics denies that Plaintiff suffered the damages alleged in the Complaint. However, if Plaintiff had suffered the damages it alleges, it would be barred from recovery because its claimed injuries are self-inflicted and because Plaintiff failed to mitigate, minimize, or avoid the damages alleged in the Complaint.

(15)    Plaintiff's claims are barred, in whole or in part, to the extent they seek to recover exemplary, enhanced, or punitive damages of any kind because Plaintiff has not and cannot identify any legal basis for such relief, and because Fanatics at all relevant times acted in good faith and consistent with reasonable and fair business practices.

(16)    Plaintiff's claims are barred, in whole or in part, because the losses or injuries allegedly suffered were not proximately caused by any act or omission of Fanatics.

44

(17)   Plaintiff's claims are barred, in whole or in part, because Fanatics is not a party to any agreement between Panini and Panini's licensors.

(18)   The Complaint fails to allege any facts supporting Panini's conclusory assertion of an agency relationship in Paragraph 112a.

## FANATICS' PRAYER FOR RELIEF

Fanatics expressly reserves the right to plead additional defenses that may become available or apparent during pretrial proceedings in this action and/or required by any further amendments to the Amended Complaint.

**WHEREFORE**, Fanatics prays for relief as follows:

1.   That Plaintiff take nothing in this action;

2.   That the Complaint and all purported causes of action alleged therein be dismissed with prejudice;

3.   That Fanatics be awarded its cost of suit and reasonable attorneys' fees as permitted by applicable law; and

4.   That Fanatics be awarded such further relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Fanatics hereby demands a jury trial on all claims so triable herein.

Dated: July 14, 2026

Respectfully submitted,

/s/ *Michael B. Carlinsky* *
Michael B. Carlinsky
Kathryn D. Bonacorsi
**QUINN EMANUEL URQUHART
& SULLIVAN LLP**
295 Fifth Avenue
New York, NY 10016
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
kathrynbonacorsi@quinnemanuel.com

Derek L. Shaffer
**QUINN EMANUEL URQUHART
& SULLIVAN LLP**
555 13th St NW Suite 600
Washington, DC 20004
(202) 538-8000
derekshaffer@quinnemanuel.com

* /s/ signature used with consent in
accordance with ECF Rule 8.5(b)

/s/ *Lawrence E. Buterman*
Lawrence E. Buterman
**Latham & Watkins LLP**
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1264
lawrence.buterman@lw.com

Amanda P. Reeves (*pro hac vice*)
David L. Johnson (*pro hac vice*)
**Latham & Watkins LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
amanda.reeves@lw.com
david.johnson@lw.com

Christopher S. Yates (*pro hac vice*)
Alicia R. Jovais (*pro hac vice*)
**Latham & Watkins LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600
chris.yates@lw.com
alicia.jovais@lw.com

*Counsel for Fanatics, Inc.; Fanatics, LLC;
Fanatics Collectibles Intermediate Holdco.,
Inc.; Fanatics SPV, LLC; and Fanatics
Holdings, Inc.*