# Exhibit 4

| | |
|---|---|
| **From:** | Megan Nyman |
| **To:** | "Dale, Adam I." |
| **Cc:** | Eric Brenner; Stuart Singer; Meredith Schultz; Rachel E. Noveroske; Viebrock, Sarah L.; Kessler, Jeffrey L.; Greenspan, David |
| **Subject:** | RE: NFLPA Subpoena in Fanatics matter |
| **Date:** | Friday, January 23, 2026 2:14:28 PM |
| **Attachments:** | image001.png |
| | image002.png |

Adam, we agree. Thanks and have a great weekend!

Best,

**Megan Nyman**

Associate

## BOIES SCHILLER FLEXNER LLP

401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(t) 954 356 0011
(m) 954 295 7513
mnyman@bsfllp.com
www.bsfllp.com

**From:** Dale, Adam I. <AIDale@winston.com>
**Sent:** Friday, January 23, 2026 1:39 PM
**To:** Megan Nyman <mnyman@bsfllp.com>
**Cc:** Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Meredith Schultz <mschultz@bsfllp.com>; Rachel E. Noveroske <rnoveroske@bsfllp.com>; Viebrock, Sarah L. <SViebrock@winston.com>; Kessler, Jeffrey L. <JKessler@winston.com>; Greenspan, David <DGreenspan@winston.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

Thanks, Megan.

Our responses to your caveats are below.  We're working on search terms and custodians and agree to share them with you when they're finalized.  Once we have those in place and can see the volume of documents we're reviewing, we'll have a better sense of timing for our production.  But as I mentioned, we intend to work quickly and most of the documents we will be reviewing have already been collected, which should speed things up.

***Request 18.*** We don't think there is a basis to require the NFLPA to conduct a separate search for internal NFLPA documents concerning Fanatics' recruitment, hiring or solicitation of Panini's employees. The NFLPA's internal documents concerning those events are only relevant to the extent that they were part of the NFLPA's consideration of whether to terminate its license agreement with Panini and we've already agreed to produce documents concerning that decision in response to Request 1. That said, as a compromise, and in order to bring this negotiation over the finish line, we'll agree that if any of the documents produced in the Arbitration—which we have already agreed to review—are responsive to Request 18, we will produce them even if they are not responsive to Request 1. Please confirm your agreement.

***Arbitration Documents.*** We agree that all documents produced to Panini at any time during the Arbitration will be reviewed. I apologize if there was any confusion on this. We understand your reservations and reserve all rights to oppose further productions. It is our hope and expectation that there is not going to be any issue here.

***Communications with Licensors Other Than MLBPA/OneTeam.*** Thank you for your agreement. On this topic too, we understand your reservations and reserve all rights to oppose further productions. But we also do not anticipate there being any issues.

Thanks,
Adam



**ADAM DALE**
PARTNER

**T** +1 (212) 294-5329
aidale@winston.com

*Admitted to practice in New York*

---

**From:** Megan Nyman <mnyman@bsfllp.com>
**Sent:** Thursday, January 22, 2026 9:18 AM
**To:** Dale, Adam I. <AIDale@winston.com>
**Cc:** Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Meredith Schultz <mschultz@bsfllp.com>; Rachel E. Noveroske <rnoveroske@bsfllp.com>; Viebrock, Sarah L. <SViebrock@winston.com>; Kessler, Jeffrey L. <JKessler@winston.com>; Greenspan, David <DGreenspan@winston.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter

Adam,

Your proposal is largely agreeable to us, with a few caveats:

- Because you are not agreeing to produce all the documents NFLPI produced during the arbitration, we ask that you confirm you will search for and produce documents responsive to both Request 1 and Request 18. We do not believe that all the documents responsive to Request 18 will be covered by a search for Request 1. If this is your position, if ok, we'd like to see your search terms and custodians before agreeing.

- For the arbitration documents, we ask that you include all the documents produced to Panini in your search, including the documents produced on the eve of the arbitration and during the arbitration. If we recall any documents that are responsive to Request 1 and 18 and they are not produced, we will ask that you produce them on a go-get basis. We reserve the right to pursue the full scope of Request 28 if we identify gaps in your production.

- In the interest of compromise and recognizing your agreement to produce any communications with licensors aside from MLBPA and OneTeam discovered as part of your review, we will agree not to pursue our request for communications with other licensors through October 2022 at this time. Again, we reserve the right to pursue this request if we identify any gaps as discovery proceeds.

We are flexible to meet to discuss as needed.  Otherwise, if this is agreeable, please let us know your target date for a production and if we may be able to see your search terms and custodians to discuss.

Best,

**Megan Nyman**
Associate

BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(t) 954 356 0011
(m) 954 295 7513
mnyman@bsfllp.com
www.bsfllp.com

**From:** Dale, Adam I. <AIDale@winston.com>
**Sent:** Monday, January 19, 2026 11:43 AM
**To:** Megan Nyman <mnyman@bsfllp.com>
**Cc:** Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Meredith Schultz <mschultz@bsfllp.com>; Rachel E. Noveroske <rnoveroske@bsfllp.com>; Viebrock, Sarah L.

<SViebrock@winston.com>; Kessler, Jeffrey L. <JKessler@winston.com>; Greenspan, David <DGreenspan@winston.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Megan,

Thanks again for your patience.  I believe we are largely in agreement.

***Start Date***:  As discussed, I conferred with the NFLPA about the approximate start date of negotiations for the Fanatics license agreement. Based on a reasonable investigation, the NFLPA believes that those discussions began as early as January 8, 2021.  We will therefore apply January 8, 2021 as the start date for Requests 2-4 concerning the NFLPA's negotiations over the Fanatics License Agreement and the NFLPA's decision to enter that Agreement.

***Documents Related to NFLPA's Attempt to Terminate the Panini License Agreement (Requests 1, 18, 28)***: In response to Request 1, the NFLPA agrees to search for and produce documents (other than communications with Fanatics, to the extent such communications exist) concerning its decision to terminate its license agreement with Panini.  We will use a start date of March 15, 2023 (several weeks before multiple Panini executives and employees resigned to join Fanatics) through September 15, 2023 (several weeks after the NFLPA notified Panini that it was terminating the license agreement). Panini has not demonstrated any basis to require the NFLPA to search for documents created through July 2024 concerning events that occurred 11+ months earlier.

We understand that Panini will not separately pursue Request 18 (documents concerning Fanatics' recruitment, hiring and solicitation of Panini's employees) but recognize that any such documents will likely be responsive to Request 1 and thus, will be produced.

For Request 28, we do not believe it is appropriate to produce in this litigation *all* documents that the NFLPA produced in the *Panini v. NFLPI* arbitration (the "Arbitration") simply because the documents were produced in the Arbitration.  Indeed, many of those documents go to the heart of the NFLPA's operations, are highly confidential, and even if they were relevant to this litigation (some certainly are not), Panini has not demonstrated a "substantial need" to require the NFLPA to blindly produce all documents it produced in the Arbitration.  *See Fort James Corp. v. Sweetheart Cup Co., Inc.*, No. 97-c-1221, 1998 WL 709813, at *2 (S.D.N.Y. Oct. 8, 1998); *see also 2311 Racing LLC v. Nat'l Basketball Assoc.*, No. 25-mc-00146, 2025 WL

1793959, at *3 (S.D.N.Y. June 30, 2025) (similar).  We do, however, recognize that many of those documents are likely to be responsive to the subpoena Requests that the NFLPA has agreed to.  Thus, we agree to review all documents produced in the Arbitration and produce here any document that is responsive to one or more of the agreed-upon Requests, regardless of the date range that the NFLPA agreed to for such Request(s).  In other words, if a document produced in the Arbitration is responsive to the substance of an agreed-upon subpoena Request, it will be produced regardless of the date of the document.

With respect to transcripts from the Arbitration, they are not appropriate discovery in this litigation for several reasons.  *First,* as Panini knows, the transcripts contain highly confidential and business sensitive details about the inner workings of the NFLPA and its licensing business, many of which are not relevant to this litigation.  Panini has not—and cannot— demonstrate a substantial need for documents that contain wide swaths of irrelevant highly confidential, business sensitive information.  *Fort James Corp. v. Sweetheart Cup Co., Inc.*, No. 97-c-1221, 1998 WL 709813, at *2 (S.D.N.Y. Oct. 8, 1998); *see also 2311 Racing LLC v. Nat'l Basketball Assoc.*, No. 25-mc-00146, 2025 WL 1793959, at *3 (S.D.N.Y. June 30, 2025) (similar).  And requiring the NFLPA to review each transcript to redact irrelevant, but highly confidential, information would be unduly burdensome and almost certainly result in protracted disputes.  *See id.*  The Federal Rules do not countenance such a labor-intensive process or satellite litigation.  *Second,* as Panini noted, it successfully convinced the Southern District of New York that the Arbitration has no preclusive effect in this litigation.  Panini cannot have it both ways.  Having minimized (or eliminated) the relevance of the Arbitration, Panini cannot also insist that all of the transcripts from the Arbitration be available for it to use here, particularly where the NFLPA has agreed to produce all relevant documents that were produced in the Arbitration.  *Third,* under the Protective Order in the Arbitration, which Panini agreed to, Arbitration documents designated as "Confidential Information,"—which all of the transcripts are—"may be used[] solely for purposes of the Arbitration and any Related Action [i.e., a motion to confirm/vacate the Arbitration]."  And it bears emphasis that Panini agreed to those protective order limitations while this litigation was pending and *after* Panini had asserted the tortious interference claims that it now contends the transcripts are relevant to.  We are troubled (and believe the D.C. District Court would also be troubled) that after agreeing it would not use Confidential Arbitration documents, including transcripts, outside of the Arbitration, Panini now seeks to do just that.  *Fourth,* the single case Panini cites for the proposition that "[c]ourts have ordered the production of relevant arbitration materials in litigation" is not only inapposite on its facts, but it is unpublished and from a district court (W.D. Tenn.) that has no relationship whatsoever to this subpoena.  *See In re AME Church Emp. Ret. Fund Litig.*, No. 22-MD-03035-STA-JAY, 2025 WL 1364445, at *3 (W.D. Tenn. Mar. 27, 2025).  The underlying litigation here is pending in the Southern District of New York and any motion to compel must be litigated in the District of Columbia.

**<u>Documents Concerning the NFLPA's decision to enter the Fanatics License Agreement and Negotiation Documents (Requests 2-4)</u>**:  The NFLPA agrees to produce documents concerning its decision to enter the license agreement with Fanatics from January 8, 2021 through August 31, 2021 (the end of the month when the License Agreement was publicly announced, and five months after the license agreement was executed).  There is no basis to insist that the NFLPA search for documents from more than a year later (through October 2022) when the NFL executed its license agreement with Fanatics.  There is no allegation in the Complaint that the NFLPA communicated with the NFL about its decision—or any other licensors' decision—to enter into a trading card license agreement with Fanatics, and we are not aware of any such communications.

Similarly, there is no allegation in the Complaint that the NFLPA communicated with any licensor (other than MLBPA and OneTeam) about any licensor's decision to enter a trading card license agreement with Fanatics.  Given the Complaint allegations concerning MLBPA and OneTeam, and the Court's acceptance of those allegations in its decision on the Motion to Dismiss, the NFLPA has already agreed to produce any such communications with MLBPA (to the extent they exist) or OneTeam.

Based on a reasonable investigation, we do not believe that the NFLPA engaged in any communications with any other licensor about any licensor's decision to enter a trading card license agreement with Fanatics.  The NFLPA therefore will not separately search for any such communications, but to the extent any are discovered as part of our review, we will produce them.

**<u>Communications with Players Concerning the NFLPA's Trading Card Licenses (Requests 7)</u>**: The NFLPA agrees to produce (on a go-get-basis) communications that were broadly disseminated to NFL Players or their representatives concerning the NFLPA's Trading Card Licenses between January 8, 2021 and October 10, 2023.

**<u>Communications with Players Concerning Fanatics' Trading Card Rights (Request 16)</u>**: The NFLPA agrees to produce communications between the NFLPA and NFL Players or their representatives concerning Fanatics' right to use NFL Players' group licensing rights in NFL trading cards.  We agree to the date range of March 26, 2021 through October 10, 2023.

**<u>Agreed Upon Requests</u>**: We confirm that the parties have already agreed on the scope of Requests 5, 10, and 21.

**<u>Withdrawn Requests</u>**: We understand and appreciate that Panini has withdrawn Requests 9,

17, 19-20, 25-27 and thus, we do not address them here.  We also understand and appreciate that Panini is not separately pursuing Requests 6, 8, 11-15, 22-24 and 29 except to the extent that they overlap with Requests 3-4 and that Panini is not separately pursuing Request 18 except to the extent that it overlaps with Requests 1 and 28.

Subject to Panini's agreement, we'll provide our planned custodians and search terms.

We're available to discuss this week, if that would be helpful and have good availability.  If you would like to schedule a call, please provide a few options and I'm sure we'll find one that works.

Thanks,
Adam



**ADAM DALE**
PARTNER

**T** +1 (212) 294-5329
aidale@winston.com

*Admitted to practice in New York*

**From:** Megan Nyman <mnyman@bsfllp.com>
**Sent:** Monday, January 12, 2026 2:43 PM
**To:** Dale, Adam I. <AIDale@winston.com>; Viebrock, Sarah L. <SViebrock@winston.com>; Kessler, Jeffrey L. <JKessler@winston.com>; Greenspan, David <DGreenspan@winston.com>
**Cc:** Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Meredith Schultz <mschultz@bsfllp.com>; Rachel E. Noveroske <rnoveroske@bsfllp.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter

Adam,

Thanks for your call this morning. To confirm, we will look out for your response on our proposal by the end of this week.

Best,

**Megan Nyman**
Associate

**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd. Suite 1200

Fort Lauderdale, FL, 33301

(t) 954 356 0011

(m) 954 295 7513

mnyman@bsfllp.com

www.bsfllp.com

---

**From:** Megan Nyman
**Sent:** Thursday, January 8, 2026 12:38 PM
**To:** 'Dale, Adam I.' <AIDale@winston.com>; 'Viebrock, Sarah L.' <SViebrock@winston.com>; 'Kessler, Jeffrey L.' <JKessler@winston.com>; 'Greenspan, David' <DGreenspan@winston.com>
**Cc:** Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@BSFLLP.com>; Meredith Schultz <mschultz@BSFLLP.com>; Rachel E. Noveroske <rnoveroske@bsfllp.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter

Adam,

Happy New Year! We are following up regarding our proposal for narrowing the subpoena. Can you please get back to us by Monday (1/12) to let us know whether it is acceptable? If you would like to have another quick call to discuss any issues your team saw with our proposal, we are flexible.

Best,


**Megan Nyman**

Associate

**BOIES SCHILLER FLEXNER** LLP

401 E. Las Olas Blvd. Suite 1200

Fort Lauderdale, FL, 33301

(t) 954 356 0011

(m) 954 295 7513

mnyman@bsfllp.com

www.bsfllp.com

---

**From:** Megan Nyman
**Sent:** Wednesday, December 24, 2025 10:18 AM
**To:** 'Dale, Adam I.' <AIDale@winston.com>; Viebrock, Sarah L. <SViebrock@winston.com>; Kessler, Jeffrey L. <JKessler@winston.com>; Greenspan, David <DGreenspan@winston.com>
**Cc:** Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@BSFLLP.com>; Meredith Schultz <mschultz@BSFLLP.com>; Rachel E. Noveroske <rnoveroske@bsfllp.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter

Adam,

Thank you for your email. We do not believe that there are any discrepancies between our proposal and what we discussed, but please let us know any differences you identified so we can consider them and work together productively.

I recognized in my email that we are aware your client's offices are closed for the holiday. We also understand that, since we needed until Monday afternoon to consider the issues we discussed on Thursday, there may be some delay due to the holidays. I provided a return date so we could try to keep moving forward but we are of course understanding and will look out for your response in the New Year. Happy Holidays.

Best,


**Megan Nyman**
Associate

BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(t) 954 356 0011
(m) 954 295 7513
mnyman@bsfllp.com
www.bsfllp.com

---

**From:** Dale, Adam I. <AIDale@winston.com>
**Sent:** Wednesday, December 24, 2025 8:25 AM
**To:** Megan Nyman <mnyman@bsfllp.com>; Viebrock, Sarah L. <SViebrock@winston.com>; Kessler, Jeffrey L. <JKessler@winston.com>; Greenspan, David <DGreenspan@winston.com>
**Cc:** Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Meredith Schultz <mschultz@bsfllp.com>; Rachel E. Noveroske <rnoveroske@bsfllp.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter


**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Megan,

We're really trying to work cooperatively and efficiently here but your continued insistence on unreasonable deadlines is making that difficult.

As you know, we left our call on Thursday with several items that you needed to discuss with your team and an understanding that you would convey your positions to us by email. You said

you would do that by the end of the day on Thursday.  I explained that our client was already packing up for the holidays but, based on your representation that you were getting us your positions later that day, I would try to take them to our client quickly to see if I could get you answers before their offices closed for the holidays.

The email you said would come on Thursday didn't come until the following Monday evening, included different positions than what we discussed on Thursday, and nonetheless insists that we respond by four days later (the day after Christmas), on December 26.

With our client's office closed, I am not going to be able to present your proposal to them before December 26.  I will do so as soon as possible when they reopen in January and will revert then.

We remain committed to trying to reach an agreement and assuming we can do so, we will work as quickly as possible to make our production.

Best,
Adam



**ADAM DALE**
PARTNER

**T**  +1 (212) 294-5329
aidale@winston.com

*Admitted to practice in New York*

---

**From:** Megan Nyman <mnyman@bsfllp.com>
**Sent:** Monday, December 22, 2025 3:49 PM
**To:** Viebrock, Sarah L. <SViebrock@winston.com>; Dale, Adam I. <AIDale@winston.com>; Kessler, Jeffrey L. <JKessler@winston.com>; Greenspan, David <DGreenspan@winston.com>
**Cc:** Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Meredith Schultz <mschultz@bsfllp.com>; Rachel E. Noveroske <rnoveroske@bsfllp.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter

Adam and Sarah,

Thank you for the productive meet and confer on Thursday. I'm writing to follow up from our discussion. For the reasons outlined in our November 14 letter, we believe all the discovery Panini has requested is relevant. However, in the interest of compromise and minimizing your client's burden, we are presenting the following narrowed proposal on the condition that the production of documents will come in the near term and no later than the deadline for substantial completion (February 20, 2026). We reserve the right to pursue the full scope of the subpoena if you reject this proposal.

**Time Period**

- Start Date: NFLPI will provide an approximate date when discussions about the Sports Trading Card agreement with Fanatics began. Panini will accept NFLPI's representation and agree to this as the start date.

- End Date: Panini has proposed compromises on end dates for the requests below to mitigate burden.

- We are also prepared to revisit and further tailor the time period issue in the context of discussions on search terms and custodians on a request-by-request basis.

**Individual Requests**

- Requests 1, 18, 28: Each of these documents touches on issues relevant to NFLPI's termination of its license agreement with Panini and the related arbitration. As discussed, if NFLPI agrees to produce all documents responsive to Requests 1 and 28, except communications with Fanatics, Panini will not separately pursue Request 18. For the reasons discussed in our meet and confer and outlined in our November 14 letter, documents relating to the attempt to terminate the Panini license and the documents and testimony from the *Panini v. NFLPA* arbitration are highly relevant to Panini's monopolization and tortious interference claims. Courts have ordered the production of relevant arbitration materials in litigation. *In re AME Church Emp. Ret. Fund Litig.*, No. 22-MD-03035-STA-JAY, 2025 WL 1364445, at *3 (W.D. Tenn. Mar. 27, 2025) (compelling production of arbitration materials where "the production of all arbitration materials will likely lead to the discovery of admissible evidence, specifically, sworn testimony of key witnesses on issues that are relevant to Plaintiffs' claims."). The end date for these requests would be July 30, 2024, the date when the Panel's award was issued. The documents and testimony can of course retain their confidentiality designations from the arbitration, and Panini is agreeable to providing for a higher level of confidentiality at NFLPI's request. Please let us know whether you will agree to produce the documents and transcripts responsive to Requests 1 and 28.

- Request 2: We discussed that NFLPI need not produce the Panini and Fanatics license agreements. However, NFLPI should produce internal documents related to the negotiation of the Fanatics license agreement. You expressed concern that these documents may be privileged and that the "nitty gritty" negotiation documents would not be relevant. We disagree. The license is at the core of Panini's claims and the internal documents concerning the negotiations are relevant to understand the leverage that NFLPI had during the negotiations and NFLPI's interpretation of the terms, among other things. We believe burden can be mitigated through search terms, custodians, and time period. The end date would be March 26, 2021, the execution date of the Fanatics agreement. Please let us know whether you will agree to produce the documents.

- Requests 3-4: NFLPI should produce the full scope of documents responsive to these requests, including communications with all other licensors concerning the decision to enter into the Sports Trading Card license with Fanatics and other licensors' decisions to enter into Sports Trading Card licenses with Fanatics. We would be willing to compromise on an end date of October 2022 (when the NFL entered into its license with Fanatics) to capture documents reflecting on the decision and communications with other licensors concerning their decisions, including the NFL. We believe the full scope of documents responsive to these requests would capture:

- documents concerning duration of the license (Request 6);

- financial projections considered during the decision-making process (Request 8);

- equity, governance rights, or other financial arrangements considered during the decision-making process (Requests 11-13);

- any role NFLPI played in the establishment of Fanatics Collectibles to the extent this factored into the licensing decision (Request 14);

- the role of OneTeam in the decision-making process (Request 15);

- the quality (Request 22) or pricing (Request 23) of Fanatics' trading cards, if this was considered during the decision-making process;

- The risk of consumer harm that may result from the license (Request 24);

- and non-privileged discussions about the antitrust risk or competitive effects of the license (Request 29)

Accordingly, Panini would not separately pursue Requests 6, 8, 11-13, 14, 15, 22, 23, 24, or 29.

- Request 5: There is no dispute concerning what NFLPI has agreed to search for in response to this request.

- Request 7: Panini believes that all documents responsive to this request, including communications with individual players, are relevant. You expressed the most concern about producing individual communications with players and agents on the basis that these communications are protected by certain union privileges. We would appreciate if you can specifically identify the privileges that you claim apply so we can understand your argument. However, in the interest of compromise, if you accept the rest of our proposal, we are willing to narrow this request to cover communications that are broadly disseminated to players and their representatives concerning NFLPI's Sports Trading Card licenses, and any communications with players and their representatives that were considered during higher level strategic discussions. We are willing to compromise on an end date of October 10, 2023, for this request.

- Request 9: Panini has withdrawn this request.

- Request 10: There is no dispute concerning what NFLPI has agreed to search for in response to this request.

- Request 16: While Panini believes there are relevant documents responsive to this request from after October 10, 2023, in the interest of compromise, if NFLPI agrees to the rest of the proposal, Panini will accept the scope of what NFLPI has agreed to produce. The date range for this request would therefore be March 26, 2021, through October 10, 2023.

- Request 17: If NFLPI agrees to the rest of the proposal, Panini will accept the scope of what NFLPI has agreed to produce in response to this request. NFLPI should not withhold communications with other licensors concerning Panini's performance in the context of discussions about the license agreements.

- Requests 19 and 20: We believe these requests are relevant to the market definition. However, in the interest of compromise, if NFLPI agrees to the rest of the proposal, we will withdraw these requests.

- Request 21: There is no dispute concerning what NFLPI has agreed to search for in

response to this request.

- <u>Request 25</u>: Panini has withdrawn this request.
- <u>Request 26</u>: In the interest of compromise, if NFLPI agrees to the rest of the proposal, we will withdraw this request.
- <u>Request 27</u>: In the interest of compromise, if NFLPI agrees to the rest of the proposal, we will withdraw this request.

We understand the NFLPI's offices are closed during the week between Christmas and New Years. We request that you let us know whether you will accept this proposal by **December 26** to avoid further delay. Please let us know if this is not workable.

We reserve all rights.

Thank you,

**Megan Nyman**
Associate

BOIES SCHILLER FLEXNER LLP

401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(t) 954 356 0011
(m) 954 295 7513
mnyman@bsfllp.com
www.bsfllp.com

---

**From:** Viebrock, Sarah L. <SViebrock@winston.com>
**Sent:** Tuesday, December 16, 2025 8:42 AM
**To:** Megan Nyman <mnyman@bsfllp.com>; Dale, Adam I. <AIDale@winston.com>; Kessler, Jeffrey L. <JKessler@winston.com>; Greenspan, David <DGreenspan@winston.com>
**Cc:** Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Meredith Schultz <mschultz@bsfllp.com>; Rachel E. Noveroske <rnoveroske@bsfllp.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter

**CAUTION: External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

---

Counsel,

In advance of our meet and confer this week, please see attached correspondence regarding Panini's subpoena to NFL Players Inc.

Best,

Sarah



**SARAH VIEBROCK**
PARTNER

**T**  +1 (212) 294-6718
sviebrock@winston.com

*Admitted to practice in New York*

---

**From:** Megan Nyman <mnyman@bsfllp.com>
**Sent:** Wednesday, December 10, 2025 2:33 PM
**To:** Dale, Adam I. <AIDale@winston.com>; Kessler, Jeffrey L. <JKessler@winston.com>; Viebrock, Sarah L. <SViebrock@winston.com>; Greenspan, David <DGreenspan@winston.com>
**Cc:** Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Meredith Schultz <mschultz@bsfllp.com>; Rachel E. Noveroske <rnoveroske@bsfllp.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter

Thanks, we will send a zoom link.

Best,

**Megan Nyman**
Associate

BOIES SCHILLER FLEXNER LLP

401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(t) 954 356 0011
(m) 954 295 7513
mnyman@bsfllp.com
www.bsfllp.com

---

**From:** Dale, Adam I. <AIDale@winston.com>
**Sent:** Wednesday, December 10, 2025 2:32 PM
**To:** Megan Nyman <mnyman@bsfllp.com>; Kessler, Jeffrey L. <JKessler@winston.com>; Viebrock, Sarah L. <SViebrock@winston.com>; Greenspan, David <DGreenspan@winston.com>
**Cc:** Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Meredith Schultz <mschultz@bsfllp.com>; Rachel E. Noveroske <rnoveroske@bsfllp.com>
**Subject:** Re: NFLPA Subpoena in Fanatics matter

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

We can do Thursday at 10:30.



**ADAM DALE**
PARTNER

**T**  +1 (212) 294-5329
aidale@winston.com

*Admitted to practice in New York*

---

**From:** Megan Nyman <mnyman@bsfllp.com>
**Sent:** Tuesday, December 9, 2025 9:54:07 AM
**To:** Dale, Adam I. <AIDale@winston.com>; Kessler, Jeffrey L. <JKessler@winston.com>; Viebrock, Sarah L. <SViebrock@winston.com>; Greenspan, David <DGreenspan@winston.com>
**Cc:** Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Meredith Schultz <mschultz@bsfllp.com>; Rachel E. Noveroske <rnoveroske@bsfllp.com>
**Subject:** Re: NFLPA Subpoena in Fanatics matter

Thanks for following up, Adam. Can you please provide your availability on Wednesday (Dec. 17) or before noon on Thursday (Dec. 18) so we can get a discussion on the calendar?

Best,

**Megan Nyman**
Associate

## BOIES SCHILLER FLEXNER LLP

401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(t) 954 356 0011
(m) 954 295 7513
mnyman@bsfllp.com
www.bsfllp.com

---

**From:** Dale, Adam I. <AIDale@winston.com>
**Sent:** Monday, December 8, 2025 7:51:12 PM
**To:** Megan Nyman <mnyman@bsfllp.com>; Kessler, Jeffrey L. <JKessler@winston.com>; Viebrock, Sarah L. <SViebrock@winston.com>; Greenspan, David <DGreenspan@winston.com>
**Cc:** Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Meredith Schultz <mschultz@bsfllp.com>; Rachel E. Noveroske <rnoveroske@bsfllp.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter

**CAUTION: External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

---

Megan,

Thank you for accommodating my family vacation, which will still put us on track towards meeting-and-conferring approximately one week later than you apparently hoped.  It bears mention that it took Panini nearly three weeks to send us a ten-page, single-spaced letter regarding our Responses & Objections, and there was no intervening major holiday (Thanksgiving).  To be clear, we don't fault Panini for taking that time—given the breadth of Panini's subpoena, there are a number of complex issues that need to be evaluated and discussed with our respective clients.  But it is important context that is absent from your email.

As for timing of our production, we are committed to working cooperatively and collaboratively, but it is unreasonable to ask us to agree to a production deadline in a vacuum when there are still numerous issues to be worked out.  But we are happy to discuss this further during our upcoming meet-and-confer.

Thanks,
Adam



**ADAM DALE**
PARTNER

**T**  +1 (212) 294-5329
aidale@winston.com

*Admitted to practice in New York*

---

**From:** Megan Nyman <mnyman@bsfllp.com>
**Sent:** Saturday, December 6, 2025 5:45 PM
**To:** Dale, Adam I. <AIDale@winston.com>; Kessler, Jeffrey L. <JKessler@winston.com>; Viebrock, Sarah L. <SViebrock@winston.com>; Greenspan, David <DGreenspan@winston.com>
**Cc:** Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Meredith Schultz <mschultz@bsfllp.com>; Rachel E. Noveroske <rnoveroske@bsfllp.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter

Thanks, Adam. You have had our letter since November 14 so we are disappointed to hear that your earliest availability to discuss is "later" during the week of December 15. As our letter made clear, we are willing to work with you on scope but we expect that the NFLPI will make a production no later than the substantial completion deadline (February 20, 2026). Given you have yet to agree to have an initial discussion with us on the subpoena, which was served on September 8, we are concerned about meeting this deadline.

Please let us know by no later than **Tuesday (December 9)** whether you will commit to work with us in a timely manner to ensure you can make a production of documents by February 20.


Best,


**Megan Nyman**

Associate

BOIES SCHILLER FLEXNER LLP

401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(t) 954 356 0011
(m) 954 295 7513
mnyman@bsfllp.com
www.bsfllp.com

---

**From:** Dale, Adam I. <AIDale@winston.com>
**Sent:** Thursday, December 4, 2025 8:20 PM
**To:** Megan Nyman <mnyman@bsfllp.com>; Kessler, Jeffrey L. <JKessler@winston.com>; Viebrock, Sarah L. <SViebrock@winston.com>; Greenspan, David <DGreenspan@winston.com>
**Cc:** Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Meredith Schultz <mschultz@bsfllp.com>; Rachel E. Noveroske <rnoveroske@bsfllp.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

---

Hi Megan,

I hope you are well.  I'm running point on this one.  We're conferring with our client and preparing a written response, which we think will help streamline the meet-and-confer.  I'm out of the office next week, but we'll keep that process going in my absence and will endeavor to get you our written response by early the week of December 15.  We'll also provide our availability for a meet and confer later that week or early the following week.


Thanks,
Adam




**ADAM DALE**
PARTNER

**T**  +1 (212) 294-5329
aidale@winston.com

| | *Admitted to practice in New York* |

**From:** Megan Nyman <mnyman@bsfllp.com>
**Sent:** Thursday, December 4, 2025 12:11 PM
**To:** Dale, Adam I. <AIDale@winston.com>; Kessler, Jeffrey L. <JKessler@winston.com>; Viebrock, Sarah L. <SViebrock@winston.com>; Greenspan, David <DGreenspan@winston.com>
**Cc:** Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@bsfllp.com>; Meredith Schultz <mschultz@bsfllp.com>; Rachel E. Noveroske <rnoveroske@bsfllp.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter

Hi Sarah, thanks for the productive meet and confer today for the arbitration. I believe you may be also handling the NFLPI subpoena for the Fanatics case. Do you think we can set aside some time next week to discuss that as well? Let us know your availability.

Best,

**Megan Nyman**
Associate

BOIES SCHILLER FLEXNER LLP

401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(t) 954 356 0011
(m) 954 295 7513
mnyman@bsfllp.com
www.bsfllp.com

**From:** Megan Nyman
**Sent:** Friday, November 14, 2025 2:01 PM
**To:** 'Dale, Adam I.' <AIDale@winston.com>; Kessler, Jeffrey L. <jkessler@winston.com>; Viebrock, Sarah L. <sviebrock@winston.com>; Greenspan, David <dgreenspan@winston.com>
**Cc:** Eric Brenner <EBrenner@BSFLLP.com>; Stuart Singer <ssinger@BSFLLP.com>; Meredith Schultz <mschultz@BSFLLP.com>; Rachel E. Noveroske <rnoveroske@bsfllp.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter

Counsel,

Please see attached correspondence and let us know your availability to meet and confer to discuss at any of the following times:

- Monday, November 17 – anytime except 11am-12pm and 1pm-2pm
- Tuesday, November 18 – anytime after 10:30am except 12:30pm-1pm
- Wednesday, November 19 – anytime except 1pm-2pm

Best,

**Megan Nyman**

Associate

**BOIES SCHILLER FLEXNER** LLP

401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(t) 954 356 0011
(m) 954 295 7513
mnyman@bsfllp.com
www.bsfllp.com

---

**From:** Dale, Adam I. <AIDale@winston.com>
**Sent:** Monday, October 27, 2025 7:22 PM
**To:** Eric Brenner <EBrenner@BSFLLP.com>
**Cc:** Greenspan, David <DGreenspan@winston.com>; Megan Nyman <mnyman@bsfllp.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter

**CAUTION: External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

---

Eric,

Attached please find NFL Players Inc.'s Responses & Objections to the subpoena.

Thanks,
Adam



**ADAM DALE**
PARTNER

**T**  +1 (212) 294-5329
aidale@winston.com

*Admitted to practice in New York*

---

**From:** Eric Brenner <EBrenner@BSFLLP.com>
**Sent:** Wednesday, September 17, 2025 1:54 PM
**To:** Dale, Adam I. <AIDale@winston.com>
**Cc:** Greenspan, David <DGreenspan@winston.com>; Megan Nyman <mnyman@bsfllp.com>
**Subject:** Re: NFLPA Subpoena in Fanatics matter

Sorry, I missed this.  Extension is ok.

**From:** Dale, Adam I. <AIDale@winston.com>
**Sent:** Wednesday, September 17, 2025 1:53 PM
**To:** Eric Brenner <EBrenner@BSFLLP.com>
**Cc:** Greenspan, David <DGreenspan@winston.com>
**Subject:** Re: NFLPA Subpoena in Fanatics matter

CAUTION: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Eric,

Following up on the below. Please let us know if Panini agrees to the requested short extension.

Thanks,



**ADAM DALE**
PARTNER

**T** +1 (212) 294-5329
aidale@winston.com

*Admitted to practice in New York*

**From:** Dale, Adam I. <AIDale@winston.com>
**Sent:** Monday, September 15, 2025 8:44 AM
**To:** Eric Brenner <ebrenner@bsfllp.com>
**Cc:** Greenspan, David <DGreenspan@winston.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter

Eric,

I hope you are well.

To allow us sufficient time to evaluate the subpoena and discuss it with our client, we request that our response date be extended by 30 days, to October 27.

Please let us know if Panini agrees.

Thanks,
Adam



**ADAM DALE**
PARTNER

**T** +1 (212) 294-5329
aidale@winston.com

*Admitted to practice in New York*

---

**From:** Eric Brenner <EBrenner@BSFLLP.com>
**Sent:** Monday, September 8, 2025 3:17 PM
**To:** Greenspan, David <DGreenspan@winston.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter

Thanks, David.  Please see attached.

---

**From:** Greenspan, David <DGreenspan@winston.com>
**Sent:** Monday, September 8, 2025 3:05 PM
**To:** Eric Brenner <EBrenner@BSFLLP.com>
**Subject:** RE: NFLPA Subpoena in Fanatics matter

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Nice to see you too. Yes, I can accept email service.

---

**From:** Eric Brenner <EBrenner@BSFLLP.com>
**Sent:** Monday, September 8, 2025 1:36 PM
**To:** Greenspan, David <DGreenspan@winston.com>
**Subject:** NFLPA Subpoena in Fanatics matter

Hi David.  Nice to see you the other night; hopefully, you caught the end of the Eagles win.

I'm reaching out because we intend to serve a third-party subpoena on the NFLPA in connection with *Panini America, Inc. v. Fanatics, Inc., et al.*, Case No. 23-cv-09714-LTS-VF (S.D.N.Y.).  Can you let me know whether you/Winston are authorized to accept email service of the subpoena.

Many thanks.

--Eric

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]