# Exhibit 6



NORTH AMERICA   SOUTH AMERICA   EUROPE

200 Park Avenue
New York, NY 10166-4193
+1 212-294-6700
+1 212-294-4700

**ADAM I. DALE**
Partner
+1 212-294-53296
aidale@winston.com

April 22, 2026

**VIA EMAIL**

Meredith Schultz
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33301
(954) 356-0011
mschultz@bsfllp.com

Re:   ***Panini America, Inc. v. Fanatics, Inc. et al.*, No. 1:23-cv-09714-LTS-VF
(S.D.N.Y.): NFLPI April 8, 2026 Document Subpoena**

Counsel:

I write on behalf of non-party NFL Players Inc. ("NFLPI") in response to Panini America, Inc.'s ("Panini") subpoena dated April 8, 2026 (the "New Subpoena"). Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), NFLPI's responses and objections to the requests for production of documents in the New Subpoena ("RFPs") are set forth below.

As detailed herein, NFLPI objects to the New Subpoena in its entirety, as it is improper multiple times over. We are nonetheless willing to meet and confer to attempt to reach an amicable resolution.

I.     **The New Subpoena Is an Improper Attempt to Renegotiate the Parties' Discovery Agreement and a Violation of the Protective Order in the Parties' Prior Arbitration.**

As you know, Panini served a voluminous subpoena over seven months ago, on September 5, 2025 (the "Original Subpoena"). Thereafter, the parties extensively negotiated the scope of NFLPI's response and reached a comprehensive agreement on January 23, 2026. Specifically, the parties agreed that notwithstanding the breadth of the Original Subpoena, NFLPI would produce documents concerning: (1) the NFLPA's decision to enter its trading card license agreement with Fanatics; (2) the NFLPA's decision not to affirmatively seek a formal offer from Panini to extend its license agreement; (3) the NFLPA's decision to terminate its license with Panini early, including Fanatics' recruitment and hiring of Panini employees in spring 2023; (4) WWE's termination of Panini's license; (5) communications with players/agents about Fanatics' rights to use the group licensing rights; and (6) complaints from card shops, distributors, etc. about Fanatics' contractual



terms.[1] Based on that agreement, NFLPI has already produced nearly 600 documents, totaling 1,956 pages.

Tellingly, the New Subpoena consists of just two requests that fall squarely within the ambit of the Original Subpoena but outside the parties' subsequent agreement of what NFLPI would produce. Indeed, New Subpoena RFP No. 1 requests "[a]ll internal Documents and Communications concerning ███████████████████████████████████████████ ███████████████████████████████," and New Subpoena RFP No. 2 requests "[a]ll internal Documents and Communications concerning ███████████████ █████████████████████████████████████████████" Put another way, the New Subpoena is entirely duplicative of requests in the (broader) Original Subpoena that Panini agreed to forego. *See, e.g.*, Original Subpoena, RFP No. 17.[2]

Evidently, Panini was dissatisfied with how it negotiated the Original Subpoena, but that is not a basis for Panini to renege on the parties' agreement or issue a second, duplicative subpoena. *See, e.g., Pinks v. M & T Bank Corp.*, 2016 WL 1216813, at *1, 4 (S.D.N.Y. Mar. 25, 2016) ("Parties should be encouraged to agree in discovery, [and] the information [Plaintiff] seeks is contrary to the Parties' discovery agreement" and "[t]o the extent that Parties enter into agreements on the best way to conduct discovery, courts should uphold and honor such agreements"); *Nova Biomed. Corp. v. i-STAT Corp.*, 182 F.R.D. 419, 421 (S.D.N.Y. 1998) (affirming magistrate judge's order finding party "was not justified in serving a second subpoena to obtain documents from a non-party witness who had previously complied with a prior subpoena for documents and testimony").

The New Subpoena is improper for yet another, even more troubling, reason: it is the latest in a series of examples of Panini blatantly violating the stipulated Protective Order in the parties' prior AAA arbitration captioned *Panini America, Inc. v. National Football League Players Incorporated*, AAA Case No. 01-23-0003-7163 ("AAA Protective Order"). As you know, NFLPI expressed serious concerns that Panini was using the AAA arbitration for reasons other than the arbitration itself, including for later use in litigation with Fanatics. As a result, a critical element of the AAA Protective Order was that it expressly barred Panini from retaining or using "Confidential Information," as defined in the AAA Protective Order, for any purpose other than the arbitration or a subsequent motion to vacate or confirm. *See* AAA Protective Order ¶¶ 6(f), 13 (providing that "Confidential Information shall be produced, and may be used, solely for purposes

---

[1] Panini has since sought to renegotiate that agreement too by demanding that NFLPI produce communications with OneTeam Partners concerning Panini's performance, capabilities, business, reputation, or manufacturing abilities in response to Original Subpoena RFP No. 17 despite agreeing by email multiple times that Panini had "withdrawn Request[] . . . 17."

[2] RFP No. 17 in the Original Subpoena sought "[a]ll Documents and Communications discussing, evaluating, or relating to Panini's performance, capabilities, business, reputation, ability to manufacture and produce Sports Trading Cards, or future in the Sports Trading Card industry, including, but not limited to, (a) [a]ll internal Documents and Communications concerning Panini's performance, capabilities, business, reputation, manufacturing abilities, or industry prospects . . . ."



of this Arbitration and any Related Action," and defining "Related Action" as "an action to confirm, vacate and/or modify any award of the Tribunal"). Indeed, the AAA Protective Order is clear that "Confidential Information" is not limited to documents themselves, but also their contents. *Id.* ¶ 2 ("Confidential information includes 'materials or electronically stored information, in whole or in part.'"). Yet Panini is now using the Confidential Information it obtained in the arbitration to, by its own admission, "target [] specific documents" from that arbitration for production here. Mar. 17, 2026 email from M. Nyman to A. Dale ("Please let us know immediately whether you are taking the position these arbitration documents are outside the scope of the [Original S]ubpoena. If necessary we are prepared to serve a new subpoena targeting the specific documents at issue . . .").

Indeed, Panini does not—because it cannot—even attempt to conceal that the New Subpoena is based entirely on Confidential Information produced in the AAA arbitration. The New Subpoena Requests are conspicuously specific. That specificity does not derive from any information adduced in this litigation or from NFLPI's production in response to the Original Subpoena. Indeed, the impetus for the New Subpoena arose after Panini improperly retained NFLPI's documents from the AAA arbitration and submitted one of them to the Court. *See* Mar. 13, 2026 Ltr. from S. Singer to Judge Figueredo (Panini "acknowledge[s] that under the terms of the protective order governing Panini's prior arbitration with NFLPA, Panini should destroy the [improperly retained] document . . . which should not have been cited in the motion to compel and should now be removed from the docket and disregarded by the Court"). Panini's breach of the AAA Protective Order could not be clearer.

NFLPI thus objects to the New Subpoena in its entirety and expressly reserves all rights to seek redress for this violation, Panini's prior violations, and any other violations that Panini continues to threaten to engage in.

## II.    General Objections to the New Subpoena

NFLPI expressly incorporates the foregoing, and additionally objects to the New Subpoena as imposing an undue burden and expense on NFLPI, a non-party, in violation of Federal Rule of Civil Procedure 45(d)(1). *See* Fed. R. Civ. P. 45(d)(1) (an "attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena"); *see also Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (noting that "the status of a witness as a non-party to the underlying litigation 'entitles [the witness] to consideration regarding expense and inconvenience'" as it pertains to discovery); *UMB Bank, N.A. v. Sanofi*, 2017 WL 6398628, at *1 (S.D.N.Y. Nov. 22, 2017) (quashing subpoenas targeted towards non-parties because "[i]t would be wasteful in terms of both time and money for [documents that can be acquired from parties to the litigation] to be sought from the non-parties"). As described above, the New Subpoena is an improper attempt to renegotiate NFLPI's response to the Original Subpoena and is, in fact, entirely duplicative of the Original Subpoena. To state the obvious, the New Subpoena imposes undue burden, expense and inconvenience on a non-party—including but not limited to demanding that NFLPI conduct



multiple rounds of searches, document reviews, and ultimately make multiple piecemeal productions.

NFLPI further objects to the New Subpoena insofar as it purports to seek "all internal Documents and Communications." These sweeping impositions are unduly burdensome and disproportionate to the needs of the case. In addition, to the extent the New Subpoena seeks confidential or commercially sensitive information, NFLPI objects on the grounds that Panini has not made the requisite showing of "substantial need." Fed. R. Civ. P. 45(d)(3)(B), (C). NFLPI further objects to the New Subpoena to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure.

NFLPI further objects to the New Subpoena to the extent it seeks to impose requirements or obligations beyond those permitted by the Federal Rules of Civil Procedure or any applicable Local Rules (together, the "Applicable Rules"). NFLPI reserves all rights to raise any additional objections not otherwise stated herein.

### III.    Objections to Definitions and Instructions

#### A.  Definitions

NFLPI expressly incorporates the foregoing objections by reference, and further objects to the Definitions in the New Subpoena as follows:

- **"Communication"**: Overly broad and unduly burdensome, to the extent it encompasses forms of communication that are either (i) not tangible and thus not accessible to NFLPI, or (ii) not maintained in the regular course of business by NFLPI.

- **"Fanatics"**: Overly broad, unduly burdensome, disproportionate to the needs of the case, and vague and ambiguous to the extent it includes unidentified and undefined "related parties" and to the extent it includes "subsidiaries," "affiliates," and "joint ventures," defined to include "any firm in which there is total or partial ownership of twenty-five percent or more or total or partial control between the company and any other Person or entity." Additionally, vague and ambiguous because NFLPI does not have sufficient knowledge of the corporate structure of Fanatics to understand what this definition means, or to comply with the New Subpoena requests. NFLPI interprets "Fanatics" to refer to Fanatics Holdings, Inc.; Fanatics Collectibles Topco, Inc.; Fanatics, Inc.; Fanatics, LLC; Fanatics Collectibles Intermediate HoldCo, Inc.; Fanatics SPV, LLC.

- **"Licensors"**: Overly broad, unduly burdensome, disproportionate to the needs of the case, and vague and ambiguous to the extent it includes unidentified and undefined "sports-related entities . . . who license rights related to Sports Trading Cards" and other non-party "sports leagues and players associations." Any response



will be based on NFLPI's knowledge and understanding and not those of any other purported "Licensors."

- **"National Football League Players Association," "NFLPA," "National Football League Players Incorporated," "NFLPI," "You," "Your," and "Yours"**: Overly broad, unduly burdensome, disproportionate to the needs of the case, and inconsistent with the requirements of the Applicable Rules to the extent these terms encompass—and seek the production of information from—the entities' respective "affiliates, subsidiaries, and related parties and [] each of their past and present officers, employees, agents and representatives, parents and predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures." Any response will solely be on behalf of NFLPI.

### B. Instructions

NFLPI expressly incorporates the foregoing objections by reference, and further objects to the Instructions in the New Subpoena as follows:

NFLPI objects to Instruction No. 4 insofar as it purports to require that any subsequently discovered or possessed information be made available "within 7 days of discovery or possession." Rule 26(e) of the Federal Rules of Civil Procedure merely requires a party to supplement its responses to requests for production "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," or "as ordered by the court." Fed. R. Civ. P. 26(e)(1).

NFLPI objects to Instruction No. 6, which purports to require the production of "Documents not otherwise responsive" to the requests "if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests." This instruction is vague, confusing, overly broad, unduly burdensome, and seeks documents that are not relevant or proportional to the litigation, particularly as applied to non-party NFLPI.

NFLPI objects to Instruction No. 7 insofar as it purports to require NFLPI "to produce [] relevant database[s] in useable form and/or permit access" to such databases "for inspection, review and extraction of responsive information." This instruction is overly broad, unduly burdensome, and seeks documents that are not relevant or proportional to the litigation, particularly as applied to non-party NFLPI.

NFLPI objects to Instruction No. 11 that "[a]ny ground not stated [in NFLPI's responses] shall be waived." NFLPI does not waive any objection or argument and expressly reserves the right to supplement its objections.



## IV.    Specific Responses and Objections to Panini's Requests

NFLPI expressly incorporates the foregoing objections by reference, and further objects to the RFPs in the New Subpoena as follows:

**RFP No. 1:** All internal Documents and Communications concerning ███████████ ███████████████████████████████████████████████████████████████████████ , including but not limited to any Communications concerning whether there actually or potentially was ███████████████████████████████

> **Response to RFP No. 1:** NFLPI objects to this request, as it is based entirely on Confidential Information from the *Panini Am., Inc. v. Nat'l Football League Players Inc.* arbitration, which Panini was not permitted to retain or use for any purpose other than the arbitration. NFLPI further objects to this request as duplicative of requests made in—and the parties' negotiated agreement for NFLPI's response to—the Original Subpoena. NFLPI further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, insofar as it seeks "[a]ll internal Documents and Communications."

**RFP No. 2:** All internal Documents and Communications concerning ███████████ ████████████████████████████████████████████████████████ including any Documents or Communications concerning ███████████████████████████████ ██████████████████████████████████████ .

> **Response to RFP No. 2:** NFLPI objects to this request, as it is based on Confidential Information from the *Panini Am., Inc. v. Nat'l Football League Players Inc.* arbitration, which Panini was not permitted to retain or use for any purpose other than the arbitration. NFLPI further objects to this request as duplicative of requests made in—and the parties' negotiated agreement for NFLPI's response to—the Original Subpoena. NFLPI further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, insofar as it seeks "[a]ll internal Documents and Communications."

\*        \*        \*

The foregoing objections are not exhaustive, and NFLPI expressly reserves all rights, including to supplement, clarify, revise, or correct the responses herein, and to assert additional objections to the requests at any time.

NFLPI is available to meet and confer to discuss its positions and endeavor to reach an amicable resolution.



Sincerely,

*/s/ Adam I. Dale*
Adam I. Dale

cc:    Jeffrey L. Kessler
       David L. Greenspan
       Sarah L. Viebrock
       Neha Vyas
       Stuart Singer
       Eric Brenner
       Megan Nyman
       Rachel E. Noveroske