**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PANINI AMERICA, INC.<br><br>*Plaintiff*,<br>v.<br><br>FANATICS, INC., FANATICS, LLC, FANATICS COLLECTIBLES INTERMEDIATE HOLDCO, INC., FANATICS SPV, LLC, and FANATICS HOLDINGS, INC.<br><br>*Defendants*. | Case No. 1:23-cv-09714-LTS-VF<br>[Related to Case No. 1:23-cv-06895-LTS-VF] |

**AMENDMENT TO CONFIDENTIALITY STIPULATION AND <u>PROTECTIVE ORDER</u>**

WHEREAS, the parties to this litigation ("Parties") have entered into a Confidentiality Stipulation and Protective Order ("Protective Order" or "PO") in the above-captioned action and related action *Fanatics Collectibles Topco, Inc. v. Panini S.p.A*, No. 1:23-cv-06895-LTS (S.D.N.Y., August 7, 2023) (collectively, the "Actions"), which this Court so-ordered on February 13, 2025 (ECF No. 160);

WHEREAS, Paragraph 24 of the Protective Order provides for amendment by written agreement of the Parties or with the Court's permission upon a showing of good cause;

WHEREAS, the Parties are currently engaged in third-party (non-party) discovery, including the service of subpoenas duces tecum on non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure and depositions;

WHEREAS, the Protective Order contains three tiers of protection for Designated Materials: (1) "Confidential"; (2) "Highly Confidential"; and (3) "Outside Counsel Eyes' Only," PO ¶¶ 2-4;

WHEREAS, the "Confidential" tier permits so-designated materials to be disclosed to, among others, "[t]he requesting party (including current officers, directors, employees, or insurers of the party), and counsel, including in-house counsel," PO ¶ 9(a);

WHEREAS, the "Highly Confidential" tier permits so-designated materials to be disclosed to, among others, "any in-house counsel of the party who signs an agreement to be bound by this Order in the form attached as Exhibit A," subject to a notice process to opposing counsel, PO ¶ 10(d);

WHEREAS, the "Outside Counsel Eyes' Only" tier does not allow for disclosure of so-designated materials to the requesting party (as defined in PO ¶ 9(a)) or the Parties' in-house counsel (as defined in PO ¶ 10(d)), *see* PO ¶ 11;

WHEREAS, Paragraph 4 of the Protective Order currently provides, in relevant part, that "[c]ounsel for any party may designate any document or information, in whole or in part, as 'Outside Counsel Eyes' Only' if that document or information references or reflects the non-public terms (proposed or final) of that party's license agreements, including but not limited to the license agreements at issue in the Actions and license agreements with athletes. For the avoidance of doubt, the parties may designate all draft and final versions of their license agreements, as well as other documents or communications that reference or reflect the non-public terms of those agreements, as 'Outside Counsel Eyes' Only.'";

WHEREAS, non-parties from whom the Parties are seeking discovery in these Actions include competitors, customers, suppliers, negotiation-counterparties, and others that are being

asked to produce documents and information containing highly competitively sensitive materials, the disclosure of which to a requesting party (as defined in PO ¶ 9(a)) or the Parties' in-house counsel (as defined in PO ¶ 10(d)) would create a substantial risk of serious competitive, commercial, or reputational harm;

WHEREAS, the Parties agree that permitting non-parties subject to discovery to designate certain materials as "Outside Counsel Eyes' Only," protected by the disclosure limitations in Paragraph 11 of the Protective Order, will facilitate the efficient conduct of non-party discovery and provide appropriate protections for their confidentiality concerns and interests;

NOW, THEREFORE, the Parties to the Actions hereby stipulate and agree, subject to the approval of the Court, Paragraph 4 of the Protective Order is hereby amended and restated as follows:

> 4. Counsel for any party may designate any document or information, in whole or in part, as "Outside Counsel Eyes' Only" if that document or information references or reflects the non-public terms (proposed or final) of that party's license agreements, including but not limited to the license agreements at issue in the Actions and license agreements with athletes. For the avoidance of doubt, the parties may designate all draft and final versions of their license agreements, as well as other documents or communications that reference or reflect the non-public terms of those agreements, as "Outside Counsel Eyes' Only." **Any non-party producing documents or information in discovery in these Actions may designate any document or information, in whole or in part, as "Outside Counsel Eyes' Only" if the non-party (or its counsel) determines in good faith that such materials contain the non-party's trade secret or otherwise highly**

**sensitive non-public information, and that the unauthorized disclosure of that material to a party (as defined in PO ¶ 9(a)) or a party's in-house counsel (as defined in PO ¶10(d)) would result in substantial risk of competitive, commercial, or financial harm to the non-party or its personnel, clients, or customers.** Information and documents designated by a party **or non-party** as "Outside Counsel Eyes' Only" will be stamped "OUTSIDE COUNSEL EYES' ONLY." **Any such designation by a non-party shall be subject to the same procedures, obligations, and mechanisms for challenging confidentiality designations set forth in the Protective Order.**

No other language in the Protective Order is amended or changed as a result of this Stipulation.

SO STIPULATED AND AGREED.

*/s/ Lawrence E. Buterman*

*Counsel for Fanatics, Inc., Fanatics, LLC, Fanatics Collectibles Intermediate Holdco, Inc., Fanatics SPV, LLC, and Fanatics Holdings, Inc.*

*/s/ Eric Brenner*

*Counsel for Panini America, Inc.*

Dated: New York, New York
July 28, 2026

SO ORDERED.

**VALERIE FIGUEREDO**
**United States Magistrate Judge**