BSF | BOIES SCHILLER FLEXNER

August 4, 2026

**<u>Via ECF</u>**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Letter Motion for Permanent Sealing**

Dear Judge Figueredo:

We write on behalf of Panini America, Inc. ("Panini") in the above-referenced matter to request permanent redactions and sealing of certain information filed by Fanatics in connection with its August 3, 2026 supplemental letter, ECF No. 407, and filed by Panini in connection with its August 4, 2026 response. Specifically, Panini requests (1) that excerpts from D.J. Kazmierczak's deposition transcript filed at ECF No. 407-1 and in Exhibit A to Panini's response be permanently sealed in their entirety; and (2) limited redactions of quotations from and descriptions of Mr. Kazmierczak's testimony in the parties' letters remain under seal.

Fanatics provisionally filed these excerpts from Mr. Kazmierczak's deposition transcript and its supplemental letter under seal—or with limited redactions—on August 3, 2026. Pursuant to the protective order entered in this case, it is Panini's burden as the designating party to establish the basis for permanent sealing. ECF No. 160 ¶ 17 ("Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter."). Panini also seeks to file additional excerpts from the deposition transcript and quotations from and descriptions of Mr. Kazmierczak's testimony under seal in connection with its response letter.

The excerpts, quotations from, and descriptions of Mr. Kazmierczak's testimony contain discussion of Panini's business plans, product-development information, and competitive strategy. In the Second Circuit, courts may exercise "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the "weight" of the "common law presumption of access" to judicial documents against "countervailing factors" including "the privacy interests of those resisting disclosure." *Flores v. City of New York*, No. 1:21-cv-05861, 2025 WL 2998058, at *2 (S.D.N.Y. Sept. 5, 2025) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). Documents may be sealed if the court finds it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "When weighing privacy interests, courts should . . . assess the nature and degree

BSF

of injury, paying heed to the sensitivity of the information and the subject but also to how the person seeking access intends to use the information." *Id.* at *3 (internal quotations omitted). "Business secrecy" is an established factor "that can outweigh the presumption of public access." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)) (permanently sealing exhibits "contain[ing] specific, non-public financial statements, sales information and customer lists . . . [that] could advantage [the] [m]ovants' competitors and harm their businesses"); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order . . . requiring . . . confidential . . . commercial information not be revealed.").

"Business secrecy" applies here to the excerpts, quotations from, and descriptions of Mr. Kazmierczak's testimony. The testimony contains information on Panini's business plans and Panini's competitive strategies. Such information reflects competitively sensitive business information that is not publicly known and would competitively harm Panini if disclosed. Accordingly, Panini respectfully submits that good cause exists to leave under seal the excerpts, quotations from, and descriptions of Mr. Kazmierczak's testimony in Fanatics' letter at ECF No. 407, in Exhibit A to Fanatics' letter at ECF No. 407-1, in Panini's response letter, and in Exhibit A to Panini's response letter.

Respectfully submitted,

*/s/Stuart H. Singer*

Stuart H. Singer*
Sabria A. McElroy*
Meredith Schultz*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com
mschultz@bsfllp.com

David Boies
Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

BSF

James P. Denvir*
Richard A. Feinstein*
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com

*Counsel for Panini America, Inc.*

**pro hac vice*

cc: All Counsel of Record (by ECF)

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: August 6, 2026**

The motion to seal is GRANTED, as Panini has made an appropriate showing under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). Panini seeks to seal information related to business secrecy and competitively sensitive business information—namely discussion of Panini's business plans, product-development information, and competitive strategy.

The Clerk of Court is respectfully directed to maintain the viewing restrictions at ECF Nos. 407, 407-1, 412, and 412-1. The Clerk of Court is further directed to terminate the motion at ECF No. 411.