LATHAM & WATKINS LLP quinn emanuel trial lawyers | new york

August 5, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Fanatics' Motion to Seal

Dear Judge Figueredo:

We write on behalf of Fanatics in the above-referenced matter to request permanent sealing of Exhibit 7 to Panini's July 22, 2026 Letter Motion to Compel Non-Party National Football League Players Inc.'s Production of Documents (the "Motion to Compel") (ECF No. 402), and the discrete passages of the Motion to Compel that quote directly from Exhibit 7, identified below. There is good cause to seal Exhibit 7 (ECF No. 402-7) and the references to Exhibit 7 in the Motion to Compel.

Exhibit 7 to the Motion to Compel is a transcript of the April 17, 2024 preliminary hearings in the confidential arbitration captioned *Panini America, Inc. v. National Football League Players Incorporated*, American Arbitration Association Case No. 01-23-0003-7163 (the "Arbitration"). Exhibit 7 was produced by Fanatics in this litigation as FAN-PAN-SDNY00001045, and designated "Outside Counsel Eyes Only" pursuant to the Confidentiality Stipulation and Protective Order (ECF No. 160, "Protective Order").[1] Exhibit 7 contains sworn testimony describing Fanatics' business and contractual relationship with NFLPI, license negotiations with NFLPI and other licensors, NFLPI's equity interest in Fanatics, and internal discussions among Fanatics personnel regarding the same. This is exactly the type of competitively sensitive commercial information that the Protective Order was specifically designed to protect.

The Motion to Compel reproduces this same confidential information in three places, which Fanatics likewise asks the Court to seal: (1) on page 3, in the sentence describing this transcript that begins "But Fanatics has produced in this case a transcript" and continues through the closing quotation mark immediately preceding the citation "*Id.*"; (2) on page 4, in the sentence describing the testimony beginning with "Nor does it matter that" and continues through the parenthetical quotation; and (3) also on page 4, in the sentence beginning "To start," through the citation. Because these passages disclose the same competitively sensitive testimony at issue in

[1] The Protective Order allows documents to be designated "Outside Counsel Eyes Only" if the "document or information references or reflects the non-public terms (proposed or final) of that party's license agreements." ECF No. 160 ¶¶ 2–4.

Exhibit 7, sealing Exhibit 7 alone would not adequately protect that information, as the substance would remain publicly available in the body of the Motion to Compel.

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (citation omitted). Protecting sensitive business information—like the business relationships, license negotiations, and financial information at issue here—falls within the "[e]stablished factors and values that can outweigh the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *3 (S.D.N.Y. Sept. 10, 2021); *see also In re Novartis & Par Antitrust Litig.*, 2020 U.S. Dist. LEXIS 200820, at *6–7 (S.D.N.Y. Oct. 28, 2020) (granting motion to seal where a party agreed not to disclose the existence or content of agreements with third parties without those third parties' consent). Public disclosure of these materials would cause significant competitive and commercial harm to Fanatics by revealing to its competitors and counterparties the precise terms on which it negotiates and conducts business.

Accordingly, Fanatics respectfully submits that there is good cause to permanently seal Exhibit 7 and the corresponding passages of the Motion to Compel identified above.

Respectfully submitted,

*/s/ Michael B. Carlinsky*[2]
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1200

*Counsel for Fanatics*

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: August 7, 2026**

The motion to seal is GRANTED, as Fanatics has made an appropriate showing under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). Fanatics seeks to seal competitively sensitive commercial information discussed during a confidential arbitration—namely sworn testimony describing Fanatics' business and contractual relationship with NFLPI, license negotiations between NFLPI and other licensors, and internal discussions with Fanatics' personnel regarding the same.

The Clerk of Court is respectfully directed to maintain the viewing restrictions at ECF Nos. 401 and 401-7. The Clerk of Court is further directed to terminate the motion at ECF No. 415.

[2] Fanatics uses electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.