WINSTON TAYLOR.

200 Park Avenue
New York, NY 10166-4193
+1 (212) 294-6700

August 5, 2026

**VIA ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge

**Re: *Panini America, Inc. v. Fanatics, Inc., et al.*, No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – NFLPI's Letter Motion to Seal**

Dear Judge Figueredo:

Non-party National Football League Players, Inc. ("NFLPI") respectfully submits this letter motion to request permission to file under seal unredacted versions of (i) the Joint Letter for a Discovery Conference and Exhibit B thereto (*see* ECF Nos. 391 (sealed) & 392 (public)), (ii) Panini's Letter Motion to Compel and Exhibits 2, 5, 6 and 7 thereto (*see* ECF Nos. 401 (sealed) & 402 (public)), and (iii) NFLPI's forthcoming Response to Panini's Letter Motion to Compel and Exhibit A thereto.[1]

On September 5, 2025, NFLPI received a subpoena duces tecum from Panini America, Inc. ("Panini") in the above-referenced case. On April 8, 2026, NFLPI received a second subpoena duces tecum from Panini. Both subpoenas attached a copy of the Confidentiality Stipulation and Protective Order, which governs the designation and treatment of confidential information and materials produced in this case.[2] *See* ECF No. 160. The Protective Order states:

> To the extent a party wishes to file with the Court documents or information designated as Designated Materials by an opposing party, that party shall file the Designated Materials electronically under seal in accordance with Rule I.g.2 of the Hon. Valerie Figueredo's Individual Practices In Civil Cases. The filing party shall simultaneously serve counsel for the opposing party via email with the materials filed under seal. Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter. The letter shall attach the documents with any proposed redactions. At the same time as the filing, the party seeking permission to seal shall email a copy of the letter to Judge Figueredo's chambers, with the proposed redactions highlighted in yellow.

---

[1] Items (i), (ii), and (iii) in the above-mentioned list are referred to collectively as the "Motion to Compel Briefing."

[2] NFLPI understands that the Protective Order has since been amended to broaden the scope of the "Outside Counsel Eyes' Only" designation. *See* ECF No. 405.

*Id.* ¶ 17.

Courts enjoy broad discretion in sealing documents upon a showing of good cause. *See Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In exercising this discretion, courts balance the presumption of public access to judicial documents against "countervailing factors," including "the privacy interests of those resisting disclosure" and "the confidentiality of sensitive commercial information." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (citation and quotation marks omitted); *Avanza Trading, LLC v. Ascension Bulk Terminal, LLC*, 2026 WL 658451, at *1 (S.D.N.Y. Mar. 9, 2026). Indeed, "[c]ourts in this Circuit have recognized that protecting confidential non-party information and competitively sensitive business information may constitute higher values sufficient to overcome the presumption of access." *See United States v. Anthem, Inc.*, 2026 WL 1230856, at *2 (S.D.N.Y. May 5, 2026). Courts also consider whether the redactions are "narrowly tailored to protect against disclosure of confidential and commercially sensitive information that would cause [] competitive harm." *See Stegmann on Behalf of Covetrus, Inc. v. Wolin*, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (granting sealing request where "the harm to [plaintiff] from disclosure of the redacted portions of the pleading outweigh[ed] the presumption of public access to those portions" and the redactions were "narrowly tailored to protect against disclosure of confidential and commercially sensitive information").

The Motion to Compel Briefing contains NFLPI's confidential, commercially sensitive information. In particular, the documents contain (i) NFLPI's internal business strategies, analyses and decision-making structures; (ii) details about the confidential discovery conducted in the *Panini America, Inc. v. National Football League Players, Inc.* arbitration ("Arbitration"); (iii) specific details about NFLPI's search parameters in responding to the subpoenas (*i.e.*, search strings and custodians), which reveal confidential information about NFLPI's internal business operations; and (iv) details about a non-public document Panini represented it was unable to secure from Defendant Fanatics, which reveals NFLPI's business negotiating strategies and practices. NFLPI outside counsel appropriately designated these references "Highly Confidential" pursuant to the Protective Order.

In addition, the Motion to Compel Briefing quotes, references and summarizes a transcript from the confidential Arbitration that was produced in discovery here by Fanatics and designated "Outside Counsel Eyes' Only," which, in turn, quotes an internal NFLPI email that likewise contains confidential, commercially sensitive information regarding NFLPI's internal business strategies, analyses and decision-making structures. To the extent that such document was the proper subject of discovery in this litigation, Fanatics affixed the appropriate designation.

Disclosure of this information would cause significant competitive harm to NFLPI. NFLPI operates in a highly competitive industry, and its internal business strategies, analyses, decision-making structures and negotiating practices are closely guarded. If made public, competitors and potential counterparties could exploit this information to gain an

unfair advantage in future negotiations, undermine NFLPI's bargaining position or otherwise use NFLPI's confidential strategies against it.

However, NFLPI does not request to permanently maintain under seal or redact certain portions of footnote 3 in Panini's Letter Motion to Compel (*see* ECF Nos. 401 (sealed) & 402 (public)). Specifically, NFLPI does not request permanent redactions or sealing of the language beginning after "Mar. 13, 2026, Letter to J. Figueredo" through "pursuant to which Panini and Fanatics." It is thus Panini's burden to establish that those references should remain sealed. *See* ECF No. 160 ¶ 17.

NFLPI has narrowly tailored the scope of its requested redactions in the Motion to Compel Briefing to safeguard its confidential, commercially sensitive business information. These limited redactions are reflected in the proposed redactions Panini and NFLPI have submitted to the Court.

With the caveat above regarding footnote 3 in Panini's Letter Motion to Compel, NFLPI therefore submits that there is good cause to file the Motion to Compel Briefing with limited redactions.

NFLPI appreciates the Court's time and attention to this matter.

Respectfully submitted,

*/s/ Adam I. Dale*

Jeffrey L. Kessler
David L. Greenspan
Adam I. Dale
Neha Vyas
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com
david.greenspan@winstontaylor.com
adam.dale@winstontaylor.com
neha.vyas@winstontaylor.com

*Counsel for Non-Party National Football League Players, Inc.*

cc: Counsel of Record (by ECF)

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: August 7, 2026**

The motion to seal is GRANTED, as NFLPI has made an appropriate showing under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). NFLPI seeks to seal confidential, commercially sensitive information—namely (i) NFLPI's internal business strategies, analyses and decision-making structures; (ii) details about the confidential discovery conducted in the Panini v. NFLPI arbitration; (iii) specific details about NFLPI's search parameters in responding to the subpoenas (i.e., search strings and custodians), which reveal confidential information about NFLPI's internal business operations; and (iv) details about a non-public document Panini represented it was unable to secure from Fanatics, which reveals NFLPI's business negotiating strategies and practices.

The Clerk of Court is respectfully directed to maintain the viewing restrictions at ECF Nos. 391, 391-2, 401, 401-2, 401-5, 401-6, 401-7, 418, 418-1. The Clerk of Court is further directed to terminate the motion at ECF No. 417.