# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PANINI AMERICA, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>FANATICS, INC., FANATICS, LLC, FANATICS COLLECTIBLES INTERMEDIATE HOLDCO, INC., FANATICS SPV, LLC, and FANATICS HOLDINGS, INC.<br><br>*Defendants*. | Case No. 1:23-cv-09714-LTS-VF<br>[Related to Case No. 1:23-cv-06895-LTS-VF] |

**PLAINTIFF PANINI AMERICA, INC.'S INITIAL DISCLOSURES**

Plaintiff Panini America, Inc. ("Panini") hereby makes the following disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Nothing in these disclosures constitutes, or is intended to constitute, a waiver of any claim, right, or defense—or privilege or evidentiary protection—in this case or otherwise. Plaintiff reserves the right to call any witness and present any exhibit or other evidence not listed here but identified in any other party's initial disclosures, identified through discovery, or identified through investigation during this action. Plaintiff also reserves the right to supplement, amend, revise, and/or correct these initial disclosures pursuant to Fed. R. Civ. P. 26(e).

Furthermore, Plaintiff expressly reserves all applicable privileges, including without limitation the attorney-client privilege and the work product doctrine.

## A. List of Individuals – Rule 26(a)(1)(A)(i)

Based on current knowledge, information and belief, and subject to further investigation and discovery, Plaintiff discloses the following list of individuals likely to have discoverable information that Plaintiff may use to support its claims, the addresses and phone numbers of those individuals, if known, and the general subject matter(s) of their knowledge. By indicating the general subject matter(s) of information that these individuals may possess, Plaintiff is in no way limiting its right to call any listed individual to testify concerning other subjects.

| Name of Individual with Information | Address and Telephone Number (if known) | Subject of Information |
|---|---|---|
| Mark Warsop | c/o Boies Schiller Flexner LLP<br>55 Hudson Yards<br>20th Floor<br>New York, NY 10001<br>Telephone: (212) 446-2300 | Mr. Warsop is the Chief Executive Officer of Panini. He has information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Jason Howarth | c/o Boies Schiller Flexner LLP<br>55 Hudson Yards<br>20th Floor<br>New York, NY 10001<br>Telephone: (212) 446-2300 | Mr. Howarth is the Senior VP of Marketing & Digital for Panini. He has information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Robert Hull | c/o Boies Schiller Flexner LLP<br>55 Hudson Yards<br>20th Floor<br>New York, NY 10001<br>Telephone: (212) 446-2300 | Mr. Hull is the Chief Financial Officer of Panini. He has information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| D.J. Kazmierczak | c/o Boies Schiller Flexner LLP<br>55 Hudson Yards<br>20th Floor<br>New York, NY 10001<br>Telephone: (212) 446-2300 | Mr. Kazmierczak is the Senior VP of Operations for Panini. He has information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Jennifer Stepp | c/o Boies Schiller Flexner LLP<br>55 Hudson Yards<br>20th Floor<br>New York, NY 10001<br>Telephone: (212) 446-2300 | Ms. Stepp is the VP of Finance for Panini. She has information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Stephanie Carlson | c/o Boies Schiller Flexner LLP<br>55 Hudson Yards<br>20th Floor<br>New York, NY 10001<br>Telephone: (212) 446-2300 | Ms. Carlson is the VP of Production & Prepress for Panini. She has information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Kevin Haake | c/o Boies Schiller Flexner LLP<br>55 Hudson Yards<br>20th Floor<br>New York, NY 10001<br>Telephone: (212) 446-2300 | Mr. Haake is the VP of Sales for Panini. He has information about the anticompetitive and other wrongful conduct alleged in the Complaint. |

| | | |
|---|---|---|
| Jim Stefano | c/o Boies Schiller Flexner LLP<br>55 Hudson Yards<br>20th Floor<br>New York, NY 10001<br>Telephone: (212) 446-2300 | Mr. Stefano is VP of Product Development for Panini. He has information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Eric Van Voorhis | c/o Boies Schiller Flexner LLP<br>55 Hudson Yards<br>20th Floor<br>New York, NY 10001<br>Telephone: (212) 446-2300 | Mr. Van Voorhis is the Director of Panini Direct for Panini. He has information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Alex Carbajal | c/o Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1264 | Mr. Carbajal is the Director of Athlete Relations for Fanatics Collectibles and was formerly the Sports Licenses Acquisitions Director at Panini. He may have information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Nick Matijevich | c/o Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1264 | Mr. Matijevich is the Vice President of Product Development for Fanatics Collectibles and was formerly the Vice President of Product Development for Panini. He may have information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Brian Bayne | c/o Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1264 | Mr. Bayne is the Vice President of Acquisitions for Fanatics Collectibles and was formerly the Vice President of Acquisitions for Panini. He may have information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Elizabeth Galaviz | c/o Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1264 | Ms. Galaviz is the Director of Athlete Relations at Fanatics Collectibles and was formerly a Sports Licenses Acquisitions Director at Panini. She may have information about the |

| | | |
|---|---|---|
| | | anticompetitive and other wrongful conduct alleged in the Complaint. |
| Joe Reyes | c/o Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1264 | Mr. Reyes is the Director of Athlete Relations at Fanatics Collectibles and was formerly a Sports Licenses Acquisitions Director at Panini. He may have information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Aldo Sallustro | c/o Boies Schiller Flexner LLP<br>55 Hudson Yards<br>20th Floor<br>New York, NY 10001<br>Telephone: (212) 446-2300 | Mr. Sallustro is the CEO of Panini S.p.A. He has information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Giorgio Aravecchia | c/o Boies Schiller Flexner LLP<br>55 Hudson Yards<br>20th Floor<br>New York, NY 10001<br>Telephone: (212) 446-2300 | Mr. Aravecchia is the CFO of Panini S.p.A. He has information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Anna Baroni | c/o Boies Schiller Flexner LLP<br>55 Hudson Yards<br>20th Floor<br>New York, NY 10001<br>Telephone: (212) 446-2300 | Ms. Anna Baroni is a member of the Board of Directors of Panini S.p.A. She has information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Francesca Baroni | c/o Boies Schiller Flexner LLP<br>55 Hudson Yards<br>20th Floor<br>New York, NY 10001<br>Telephone: (212) 446-2300 | Ms. Francesca Baroni is a Chairman of Panini S.p.A. She has information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Elisabetta Mussini | c/o Boies Schiller Flexner LLP<br>55 Hudson Yards<br>20th Floor<br>New York, NY 10001<br>Telephone: (212) 446-2300 | Ms. Mussini is the Group Licensing Director for Panini S.p.A. She has information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Peter Harris | c/o Boies Schiller Flexner LLP<br>55 Hudson Yards<br>20th Floor<br>New York, NY 10001<br>Telephone: (212) 446-2300 | Mr. Harris is a Consultant for Panini S.p.A. and the former CFO of Panini S.p.A. He has information about the |

| | | |
|---|---|---|
| | | anticompetitive and other wrongful conduct alleged in the Complaint. |
| Peter Warsop | c/o Boies Schiller Flexner LLP<br>55 Hudson Yards<br>20th Floor<br>New York, NY 10001<br>Telephone: (212) 446-2300 | Mr. Peter Warsop was formerly the Group Licensing Director for Panini S.p.A. before his retirement in 2022. He has information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Ahmad Nassar | TBD | Mr. Nassar was formerly the president of NFLPI and is a founding member of OneTeam. He may have information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Steve Scebelo | TBD | Mr. Scebelo was formerly the president of NFLPI. He may have information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| DeMaurice Smith | TBD | Mr. Smith was formerly the Executive Director of NFLPA and Co-Chairman of OneTeam and is a founding member of OneTeam. He may have information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Terése Whitehead | TBD | Ms. Whitehead was formerly the VP of Consumer Products and Strategy for NFLPA. She may have information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Tony Clark | TBD | Mr. Clark is the Executive Director of the MLBPA. He may have information about the anticompetitive and other wrongful conduct alleged in the Complaint. |

| | | |
|---|---|---|
| Michael Rubin | c/o Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1264 | Mr. Rubin is the Chairman of Fanatics Holdings Inc. He may have information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Michael Mahan | c/o Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1264 | Mr. Mahan is the CEO of Fanatics Collectibles. He may have information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Gary Gertzog | c/o Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1264 | Mr. Gertzog is the President of Business Development for Fanatics. He may have information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Glenn Schiffman | c/o Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1264 | Mr. Schiffman is the CFO of Fanatics HoldCo/Holdings Inc. He may have information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| David Leiner | c/o Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1264 | Mr. Leiner is the President of Trading Cards for Fanatics Collectibles. He may have information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Sean Sansiveri | TBD | Mr. Sansiveri is the CEO of OneTeam. He may have information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Frank Arthofer | TBD | Mr. Arthofer is the President of OneTeam. He may have information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Ricky Medina | TBD | Mr. Medina is Senior Vice President and Head of Consumer Products Licensing for OneTeam. He may have information about the |

| | | |
|---|---|---|
| | | anticompetitive and other wrongful conduct alleged in the Complaint. |
| Steve Skalski | c/o Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1264 | Mr. Skalski is the CEO of GCP. He may have information about the anticompetitive and other wrongful conduct alleged in the Complaint. |
| Richard McKinnie | c/o Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1264 | Mr. McKinnie is the Director of Facilities & Scheduling for GCP. He may have information about the anticompetitive and other wrongful conduct alleged in the Complaint. |

In addition to the foregoing, Plaintiff hereby discloses that Plaintiff may use a corporative representative of any relevant entity, including non-parties, to support its claims. Such relevant entities may include, but are not limited to, Fanatics, Topps, GCP, OneTeam, NFL, NFLPA, NBA, NBPA, MLB, MLBPA, CAA Sports, and William Morris Endeavor.

Plaintiff also reserves the right to call any document custodian or witness necessary to authenticate or lay foundation for documentary evidence. Further, Plaintiff expressly incorporates by reference the names of all individuals with knowledge of relevant events that are identified in Defendants' Rule 26(a)(1) Disclosure.

**B. <u>Relevant Documents – Rule 26(a)(1)(A)(ii)</u>**

Based on current knowledge, and subject to further investigation, Plaintiff identifies the following categories of documents, electronically stored information, and tangible things currently in its possession, custody, or control that Plaintiff may use to support its claims, unless solely for impeachment. Plaintiff reserves the right to supplement this information as necessary.

1. Documents related to Panini's licensing agreements with NFL, MLB, NBA, and their respective players unions.

2. Documents related to Fanatics's raid on Panini employees in April 2023 and the ensuing breach of former Panini employees' non-solicitation and proprietary-information agreements with Panini.

3. Documents related to NFLPA and WWE's purported early terminations of their license agreements with Panini in favor of accelerating the start of their licenses with Fanatics.

4. Documents related to Fanatics's anticompetitive conduct and the impact of Fanatics's anticompetitive conduct on Panini's business.

5. Documents related to Panini's past performance in growing the trading card category and performing successfully on license agreements.

6. Documents related to the relevant product and geographic markets.

7. Documents related to Panini's lost profits and other damages due to Fanatics's anticompetitive conduct.

8. Documents related to the unjustified breach of GCP's manufacturing obligations to Panini.

9. Documents related to Fanatics' improper signing of star, rookie players to harm Panini.

10. Documents related to Fanatics' improper coercion of local card shops.

In addition to the foregoing, Plaintiff reserves the right to rely upon documents subsequently obtained by it, documents in the public domain, documents produced by Defendants, and documents produced by or obtained from non-parties.

**C. <u>Computation of damages – Rule 26(a)(1)(A)(iii)</u>**

Based on current knowledge, information and belief, and subject to further investigation, discovery, and analysis by experts, Plaintiff provides a summary computation of each category of damages claimed based on Plaintiff's reasonable, preliminary investigation. Because the investigation and discovery are ongoing and Plaintiff anticipates relying on documents, information, and witness testimony that will be produced in discovery, as well as expert witnesses, to engage in computations of the amount of its damages, Plaintiff reserves the right to amend or supplement these disclosures in the future.

1. Plaintiff is entitled to recover damages and/or restitution to compensate it for the losses incurred as a result of Defendants' violation of Section 1 of the Sherman Act, as well as other available relief including treble damages, pre- and post-judgment interest, reasonable attorneys' fees and expenses, and equitable relief. But for Defendants' unlawful foreclosure of the market, Panini would have made additional profits. As of this date, without expert discovery and analyses, Plaintiff is not able to provide a precise computation of damages. Plaintiff will produce the results of such expert analyses consistent with the schedule set forth by the Court.

2. Plaintiff is entitled to recover antitrust damages under Section 2 of the Sherman Act for actual and attempted monopolization of the markets for major sports trading cards resulting from Fanatics' anticompetitive conduct, including but not limited to, exclusive contracts of extreme duration; Fanatics acquiring control over GCP using that control to undermine Panini's existing business; Fanatics raiding Panini for employees to undermine Panini's ability to compete; Fanatics paying star, rookie players not to deal with Panini; Fanatics disparaging Panini to third parties; Fanatics inducing the NFL Players Association to terminate its

license agreement with Panini; and Fanatics inducing WWE to terminate its contract, in an amount not less than $4 billion, before trebling.

3. Plaintiff is further entitled to equitable relief as a result of Defendants' Sherman Act violations, including but not limited to the elimination or shortening of Fanatics' exclusive contracts of extreme duration.

4. Plaintiff is entitled to recover antitrust damages under Section 7 of the Clayton Act due to Fanatics's acquisition of a controlling stake of GCP and causing GCP to produce many fewer trading cards than projected and agreed. As of this date, without expert discovery and analyses, Plaintiff is not able to provide a precise computation of damages. Plaintiff will produce the results of such expert analyses consistent with the schedule set forth by the Court.

5. Plaintiff is entitled to recover lost profits due to wrongful interference with contract by Fanatics in causing GCP to produce fewer cards than projected and agreed. As of this date, without expert discovery and analyses, Plaintiff is not able to provide a precise computation of damages. Plaintiff will produce the results of such expert analyses consistent with the schedule set forth by the Court.

6. Plaintiff is entitled to recover lost profits due to wrongful interference by Fanatics in causing the purported termination of the NFLPI license. As of this date, without expert discovery and analyses, Plaintiff is not able to provide a precise computation of damages. Plaintiff will produce the results of such expert analyses consistent with the schedule set forth by the Court.

7. Plaintiff is entitled to recover lost profits due to wrongful interference by Fanatics in causing the potential termination of the WWE license. As of this date, without expert discovery and analyses, Plaintiff is not able to provide a precise computation of damages. Plaintiff will produce the results of such expert analyses consistent with the schedule set forth by the Court.

8. Plaintiff is entitled to recover damages to compensate it for the losses incurred as a result of Defendants' tortious interference with prospective business. Absent Fanatics's unlawfully interfering with Panini's existing or prospective business relations through anticompetitive, wrongful, and unjustifiable means, Panini would have made additional profits. As of this date, without expert discovery and analyses, Plaintiff is not able to provide a precise computation of damages. Plaintiff will produce the results of such expert analyses consistent with the schedule set forth by the Court.

9. Plaintiff is entitled to recover damages to compensate it for the losses incurred as a result of Defendants' defamation and disparagement. Absent Fanatics's false and defamatory statements, Panini would have made additional profits. As of this date, without expert discovery and analyses, Plaintiff is not able to provide a

precise computation of damages. Plaintiff will produce the results of such expert analyses consistent with the schedule set forth by the Court.

10. Plaintiff also reserves the right to seek other available relief in addition to the damages listed above, including treble damages, pre- and post-judgment interest, reasonable attorneys' fees and expenses, and equitable relief, and punitive damages where available.

Plaintiff will make available for inspection the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based.

**D. Insurance Policy – Rule 26(a)(1)(A)(iv)**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), Plaintiff is not aware of any insurance agreements that would satisfy, indemnify, or reimburse payments related to any final judgment or decree made in this case.

Dated: March 13, 2025

Respectfully submitted,

*s/ David Boies*

David Boies
Eric J. Brenner
**Boies Schiller Flexner LLP**
55 Hudson Yards
20th Floor
New York, NY 10001
(212) 446-2300
(212) 446-2350 (fax)
dboies@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
Jason Hilborn*
**Boies Schiller Flexner LLP**
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL 33301
(954) 356-0011
(954) 356-0022 (fax)
ssinger@bsfllp.com
smcelroy@bsfllp.com
jhilborn@bsfllp.com
*Counsel for Panini America, Inc.*

James P. Denvir*
Richard A. Feinstein*
**Boies Schiller Flexner LLP**
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
(202) 237-6131 (fax)
jdenvir@bsfllp.com
rfeinstein@bsfllp.com

**admitted pro hac vice*