# EXHIBIT I

BSF | BOIES SCHILLER FLEXNER

June 23, 2026

**VIA EMAIL**

Lawrence E. Buterman
Latham & Watkins, LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com

Michael B. Carlinsky
Kathryn D. Bonacorsi
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
kathrynbonacorsi@quinnemanuel.com

**Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Response to Fanatics' June 4 Letter Regarding Francesca Baroni**

Counsel:

We write in response to Fanatics' June 4, 2026 letter concerning Panini's assertion of attorney-client privilege over the documents of Panini S.p.A. board member Francesca Baroni. As explained below, Fanatics' letter regarding Ms. Baroni lacks merit. Ms. Baroni is an attorney, but she is not an employee of Panini. Panini has the right to assert privilege over any legal advice Ms. Baroni has rendered to the company. Further, the entire discussion is premature, as the parties have not yet exchanged privilege logs.

**I. Francesca Baroni Is Not In-House Counsel.**

Ms. Baroni is not a Panini S.p.A. employee and is not in-house counsel. She is an Italian-licensed attorney at an outside firm who occasionally provides legal advice to Panini S.p.A.

We are confused by your characterization of Ms. Baroni's role as a "late-breaking" disclosure. Fanatics June 4, 2026 Letter at 1 n.1. Your letter acknowledges our December 2025 correspondence stating that Ms. Baroni is legal counsel. *Id.* at 4. [redacted]

BSF

Nor is there any basis to tie privilege claims over Ms. Baroni's documents to the protective order negotiations. Panini S.p.A. does not have in-house counsel for this litigation, and we have not shared Highly Confidential or Outside Counsel Eyes Only material with any Panini employee.

Given Ms. Baroni's unique role as a Panini S.p.A. board member, we also have not shared any such material with her. There is therefore no need for her to sign the appendix to the protective order.

We trust this addresses the lengthy recitation in your letter and baseless claims regarding judicial estoppel, which has no application here.

**II. Legal Advice Rendered by Francesca Baroni Is Panini's Privilege to Claim.**

Your assertion that Panini cannot withhold any of Ms. Baroni's documents is wrong. Documents in which Ms. Baroni rendered legal advice in her capacity as counsel to Panini S.p.A. are protected under U.S. and Italian law.

As an initial matter, we do not understand the basis for your statement that "Panini's mere assertion that Ms. Baroni holds dual legal and non-legal responsibilities cannot justify the withholding of her documents." Fanatics June 4, 2026 Letter at 6. Panini is not categorically withholding Ms. Baroni's documents—and this entire discussion is premature, as the parties have not yet exchanged privilege logs. Where an attorney holds dual roles, privilege attaches to "a client's request for legal, as contrasted with business, advice." *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1037 (2d Cir. 1984). To the extent Panini withholds any documents based on privilege, it will be because they reflect legal advice rendered by Ms. Baroni in her capacity as counsel, or requests for such advice.

Regardless of whether U.S. or Italian law applies, communications in which Ms. Baroni rendered legal advice in her capacity as counsel to Panini S.p.A. are protected, and Panini's privilege log will identify which documents we believe are in whole or part so privileged. Under U.S. law, attorney-client privilege applies where "(1) [] legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client." *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1036 (2d Cir. 1984). Ms. Baroni's privileged communications satisfy each element: they involve legal advice sought from or rendered by Ms. Baroni in her capacity as an attorney for Panini S.p.A., communicated in confidence between attorney and client.

If Italian law applies, it would also protect Ms. Baroni's legal advice from disclosure. Italian law imposes a duty of professional secrecy on lawyers, backed by procedural protections that give that duty practical effect. Though not identical to U.S.-style evidentiary privilege, the result here is the same: attorney-client communications are shielded from compelled disclosure absent a showing that the need for the information outweighs the secrecy obligation. Indeed, the case you rely on recognizes that an Italian tribunal would compel "disclosure" only "if it determines the need for the information is sufficient to outweigh the secrecy obligation" imposed by Italian law. *Gucci Am., Inc.*, 271 F.R.D. at 62 (quoting *In re Rivastigmine Patent Litig.*, 237 F.R.D. 69, 75 (S.D.N.Y. 2006)). Fanatics has not shown—nor can it show before reviewing

BSF

Panini's privilege log—that its need for any withheld communications outweighs that secrecy obligation. Nothing in Article 3 of Legislative Decree No. 3/2017 changes this analysis; paragraph 6 of that decree expressly preserves the confidentiality of communications between parties and their lawyers. European law provides additional protection through the combined operation of Article 6 (right to a fair trial) and Article 8 (right to respect for private and family life and correspondence) of the European Convention on Human Rights. *See* ECtHR, 6 December 2012, *Michaud v. France*, available at https://hudoc.echr.coe.int/fre#{%22itemid%22:[%22001-115377%22]}.

Regards,

*/s/ Stuart Singer*

Stuart Singer
Sabria McElroy
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33301
(954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com