UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PANINI AMERICA, INC.,

                                  Plaintiff,                    **23-CV-9714 (LTS) (VF)**

                    -against-

FANATICS, INC. et al,                                          **ORDER**

                                  Defendants.
------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge:**

On June 22, 2026, Panini submitted a letter motion to file under seal an unredacted

version of the Joint Stipulation in connection with Plaintiff's leave to amend the first amended

complaint. ECF No. 346. In the letter, Panini explained that the stipulation includes information

gained only as a result of material Fanatics produced in this case as confidential, and thus it is

Fanatics' burden to establish that the filing should remain under seal. Id.

Initially, Panini filed an unredacted version of the Joint Stipulation under seal (ECF No.

347) and filed a public version of the Joint Stipulation containing redactions of the two

paragraphs Panini seeks to add to its amended complaint (ECF No. 348). Panini then sought

emergency sealing of the "public version" of the Joint Stipulation which contained the

redactions.

On June 23, 2026, the Court issued an order entering the Joint Stipulation with redactions

of the two paragraphs. ECF No. 357. The next day, on June 24, Fanatics requested emergency

sealing of the Joint Stipulation, which the Court granted pending a formal motion to seal. On

July 1, 2026, Fanatics filed a motion requesting permanent sealing of the redacted Joint

Stipulation at ECF No. 348 and this Court's order on the Joint Stipulation at ECF No. 357.[1] ECF No 379.

The request to seal is denied because Fanatics has failed to make a showing under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 11 (2d Cir. 2006) that the Joint Stipulation should be redacted, much less that it should be sealed in its entirety. Fanatics contends that the redacted paragraphs "purport to summarize competitively sensitive business information regarding Fanatics' negotiations for licenses that is not publicly known" and the rest of the Joint Stipulation "contains content that, if not sealed, would allow members of the public to discern the content of the interlineated paragraphs." ECF No. 379 at 1-2.

The information sought to be sealed contains only high-level descriptions of Fanatics' and OneTeam's business processes. On its face, this information does not warrant sealing. See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., No. 14-MC-2542 (VSB), 2023 WL 196134, at *8 (S.D.N.Y. Jan. 17, 2023) (denying request to permit proposed redactions that covered "generic material (*e.g.* 'millions of dollars', 'more than 99 percent'), that [wa]s sometimes not even associated with specific dates" and "[Plaintiff]'s business relationship with Walmart, but in general terms that cannot reasonably be considered sensitive" because "[i]nformation presented at this level of generality is too broad to reasonably be considered commercially sensitive"); see also Hedgeye Risk Mgmt., LLC v. Dale, No. 21-CV-3687 (ALC) (RWL), 2025 WL 2144711, at *1 (S.D.N.Y. July 29, 2025) ("High-level discussion of Plaintiff's alleged trade secrets, and of basic concepts or processes, that does not disclose the content of

---

[1] The Court's order on the Joint Stipulation was also docketed in the related case, Fanatics Collectibles Topco, Inc. v. Panini S.P.A., No. 23-CV-6895 (LTS) (VF), at ECF No. 177. Fanatics also seeks permanent sealing of that document. ECF No. 379 at 1.

alleged trade secrets does not warrant sealing."). And sealing of the rest of the Joint Stipulation is also unjustified, as sealing must be "narrowly tailored." See Lugosch, 435 F.3d at 120.

Further, the two paragraphs Fanatics seeks to redact are additions to the first amended complaint, and it is well-established that pleadings, such as complaints, have "historically been publicly accessible by default, even when they contain arguably sensitive information." See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 141 (2d Cir. 2016). A complaint is "entitled to a strong presumption of public access," Stegmann on Behalf of Covetrus, Inc. v. Wolin, No. 21-CV-1717 (GRB), 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (citation omitted), and such access "is almost always necessary if the public is to understand a court's decision." 42West LLC v. Gould, No. 21-CV-1581 (OTW), 2024 WL 4263235, at *2 (S.D.N.Y. Sept. 20, 2024) (citation omitted).

For the reasons stated herein, the request to seal the Joint Stipulation is denied. See ECF Nos. 346, 379. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 346 and 379 in this action and at ECF No. 178 in Fanatics Collectibles Topco, Inc. v. Panini S.P.A., No. 23-CV-6895 (LTS) (VF). The Clerk of Court is further directed to lift the viewing restrictions at ECF Nos. 347, 348, and 357 in this action and ECF No. 177 in Fanatics Collectibles Topco, Inc. v. Panini S.P.A., No. 23-CV-6895 (LTS) (VF).

**SO ORDERED.**

DATED:    New York, New York
          August 10, 2026

VALERIE FIGUEREDO
United States Magistrate Judge

3