

June 24, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

>   Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF
>   (S.D.N.Y. 2023) – Letter Motion for Permanent Sealing

Dear Judge Figueredo:

We write on behalf of Panini America, Inc. ("Panini") in the above-referenced matter to request permanent redactions and/or sealing of certain information filed by Fanatics in connection with its June 9, 2026 motion to compel. Specifically, Panini requests (1) that limited redactions remain under seal in Fanatics' Motion to Compel and Exhibits 3 and 4 attached thereto, and (2) permanent sealing of Exhibits 5-14, 16-22, and 30 in their entirety.

Fanatics provisionally filed these documents under seal—or with limited redactions—on June 9, 2026. Pursuant to the protective order entered in this case, it is the designating party's burden to establish the basis for permanent sealing. ECF No. 160 ¶ 17 ("Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter."). Accordingly, pursuant to the protective order, Panini moves herein only on the documents for which it is a designating party, while noting that Fanatics proposed additional redactions for certain materials for which Panini is not the designating party, as follows:

| Document | ECF No. | Panini's Requested Sealing |
|---|---|---|
| Fanatics' Motion to Compel | 331 | Redactions on pages 3, 4, and 5 (first 4 lines of redactions on pages 5)[1] |
| Ex. 3 | 331-3 | Redactions on page 6-7 |
| Ex. 4 | 331-4 | Redactions on page 12, 16-17, 23, 25-26, and 36 [2] |
| Ex. 5 | 331-5 | Document in its entirety |

---

[1] Panini is not the designating party for the additional redactions on page 5 (lines 5-8 of the redacted material), which describe material produced by a third party and designated as confidential by that third party. Panini takes no position on these redactions.

[2] Exhibit 4 also contains proposed redactions on pages 14 and 19 of information that Fanatics is seeking to seal in its capacity as designating party. Panini takes no position on these proposed redactions.

**BSF**

| Ex. 6 | 331-6 | Document in its entirety |
|---|---|---|
| Ex. 7 | 331-7 | Document in its entirety |
| Ex. 8 | 331-8 | Document in its entirety |
| Ex. 9 | 331-9 | Document in its entirety |
| Ex. 10 | 331-10 | Document in its entirety |
| Ex. 11 | 331-11 | Document in its entirety |
| Ex. 12 | 331-12 | Document in its entirety |
| Ex. 13 | 331-13 | Document in its entirety |
| Ex. 14 | 331-14 | Document in its entirety |
| Ex. 16 | 331-16 | Document in its entirety |
| Ex. 17 | 331-17 | Document in its entirety |
| Ex. 18 | 331-18 | Document in its entirety |
| Ex. 19 | 331-19 | Document in its entirety |
| Ex. 20 | 331-20 | Document in its entirety |
| Ex. 21 | 331-21 | Document in its entirety |
| Ex. 22 | 331-22 | Document in its entirety |
| Ex. 30 | 331-30 | Document in its entirety |

These documents contain Panini's business secrets, such as specific license terms and financial information, that warrant sealing. In the Second Circuit, courts may exercise "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed." *Geller v. Branic Int'l. Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the "common law presumption of access" to judicial documents against "countervailing factors" including "the privacy interests of those resisting disclosure." *Flores v. City of New York*, 2025 WL 2998058, at *2 (S.D.N.Y. Sept. 5, 2025) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). Documents may be sealed if the court finds it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. When weighing privacy interests, courts should "assess the nature and degree of injury, paying heed to the sensitivity of the information and the subject but also to how the person seeking access intends to use the information." *Id*. at *3 (quotations omitted). "Business secrecy" is a well-established factor "that can outweigh the presumption of public access." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)) (permanently sealing exhibits "contain[ing] specific, non-public financial statements, sales information and customer lists . . . [that] could advantage [the] [m]ovants' competitors and harm their businesses"); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order . . . requiring . . . confidential . . . commercial information not be revealed.").

"Business secrecy" applies here to Fanatics' Motion and Exhibits 3-14, 16-22, and 30 attached thereto. The documents contain information on Panini's license agreements and performance thereunder, Panini's future business plans, Panini's financial performance, and Panini's commercial strategies. Such information reflects proprietary, competitively sensitive business information that is not publicly known and would competitively harm Panini if disclosed. Accordingly, Panini respectfully submits that good cause exists to leave under seal Panini's



requested, limited redactions to Fanatics' Motion and Exhibits 3 and 4, and Exhibits 5-14, 16-22, and 30 in their entirety.[3]

Respectfully submitted,

/s/ Stuart Singer

David Boies
Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com

James P. Denvir*
Richard A. Feinstein*
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com

*Counsel for Panini America, Inc.*

*\*pro hac vice*

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

Dated: August 10, 2026

The request for sealing is GRANTED, as Panini has made an appropriate showing under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). Panini seeks to seal information related to Panini's business secrets, such as specific license terms and financial information.

The Clerk of Court is respectfully directed to maintain the viewing restrictions at ECF Nos. 331, 331-3, 331-4, 331-5, 331-6, 331-7, 331-8, 331-9, 331-10, 331-11, 331-12, 331-13, 331-14, 331-15, 331-16, 331-17, 331-18, 331-19, 331-20, 331-21, 331-22, and 331-30. The Clerk of Court is respectfully directed to terminate the motion at ECF Nos. 329 and 362.

cc:     All Counsel of Record (by ECF)

---

[3] Panini requested Fanatics' position on this request on June 24, 2026. At the time of this filing, Fanatics has not provided a response.