# EXHIBIT 1

CAUSE NO. DC-23-04798

| | | |
|---|---|---|
| PANINI AMERICA, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>ELI NICHOLAS MATIJEVICH, JR., CARLOS TORREZ, DAVID SHARP, BRIAN BAYNE, ALEXANDER CARBAJAL, JOSEPH REYES, ELIZABETH GALAVIZ and FANATICS, LLC,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br>DALLAS COUNTY, TEXAS<br><br>44TH JUDICIAL DISTRICT COURT |

**AGREED PROTECTIVE ORDER**

WHEREAS Plaintiff Panini America, Inc. and Defendants Eli Nicholas Matijevich, Jr., Carlos Torrez, David Sharp, Brian Bayne, Alexander Carbajal, Joseph Reyes, Elizabeth Galaviz, and Fanatics SPV, LLC, [1] have moved the Court for the entry of this Agreed Protective Order ("Order") to expedite discovery, facilitate the prompt resolution of disputes over potentially confidential and/or proprietary information, and adequately protect material entitled to be kept confidential.

WHEREAS the Parties agree that discovery in this action ("Litigation") may require disclosure by the Parties or by third parties ("Non-Parties") of private, confidential, business or sensitive information, it is hereby ORDERED, in accordance with Rule 192.6 of the Texas Rules of Civil Procedure and Section 134A.006 of the Texas Civil Practice and Remedies Code, that the following provisions shall govern the conduct of discovery in this Litigation.

---

[1] Plaintiff Panini America, Inc. is referred to "Panini." Defendants Eli Nicholas Matijevich, Jr., Carlos Torrez, David Sharp, Brian Bayne, Alexander Carbajal, Joseph Reyes, Elizabeth Galaviz are collectively referred to as the "Individual Defendants." Fanatics SPV, LLC is referred to as "Fanatics." Fanatics is referred to collectively with the Individual Defendants as the "Defendants." Collectively Panini, each of the Individual Defendants, and Fanatics are each a "Party" and collectively the "Parties"

1. This Order shall apply to all confidential materials and information disclosed during the course of this Litigation, whether in written form, through testimony or otherwise ("Litigation Materials"), whether disclosed by the Parties or Non-Parties.

2. Any Party producing or disclosing Litigation Materials (a "Producing Party") and/or receiving Litigation Materials (a "Non-Producing Party") may designate any Litigation Materials or portions thereof as "Confidential" if the Producing Party or Non-Producing Party reasonably believes, in good faith, constitute, contain, reveal or reflect confidential information of a sensitive nature, including, without limitation, financial information, marketing information, personnel information, procedures and processes, product information, product schedule information, and client information. Any Party may designate as "Attorneys' Eyes Only" those Litigation Materials or portions thereof which the Party reasonably believes, in good faith, constitute, contain, reveal or reflect especially sensitive information or trade secrets, or which poses a risk of competitive harm to the Party. Litigation Materials that are designated as either Confidential or Attorneys' Eyes Only are collectively referred to as ("Designated Materials").

3. Designated Materials and the information therein shall be used solely for the purpose of conducting this Litigation and any negotiations between the Parties. Designated Materials shall not be disclosed or used for any other purpose. Persons in the possession of Designated Materials shall not use or disclose such materials or information to any other person, except in conformity with this Order.

4. Designation Procedures.

4.1 A Party may designate Litigation Materials by (1) inclusion of the word "CONFIDENTIAL" or the phrase "ATTORNEYS' EYES ONLY" on the document, or (2) using any other reasonable method agreed to by the Parties. Such designations shall not obscure any writings on the documents.

4.2 Any Non-Producing Party receiving documents from a Producing Party (whether a Party or Non-Party) may designate such Litigation Materials in accordance with the standard set forth in Section 2 of this Order. The Non-Producing Party shall make such designation with respect to the Litigation Materials by sending a letter or email to the Producing Party and all other Parties designating such materials previously produced as Confidential or Attorneys' Eyes Only. Upon receipt of such letter, the Designated Materials shall be marked and shall be treated by the Parties as so designated. The letter designating such Litigation Materials as Confidential or Attorneys' Eyes Only shall be sent no later than 30 days after receipt of documents; however, nothing prevents a Non-Producing Party from later designating any such Litigation Materials under the inadvertent production procedure set forth in Section 7 of this Order.

4.3 Depositions. A Party may, on the record of a deposition or by written notice to opposing counsel not later than thirty days after receipt of the deposition transcript, designate any portion(s) thereof as Designated Materials. Information disclosed at a deposition is presumed to be Attorneys' Eyes Only material for this thirty day period.

5. Protection of Designated Materials.

5.1 Litigation Materials that are designated as Confidential may be shown or disclosed only to the following persons:

a. All attorneys for the Parties in this case (whether in-house counsel or outside counsel), including members of their respective law firms, their litigation vendors and vendors' staff, and their employees, in each case who are assisting in the preparation of this case for hearing or trial;

b. Unless otherwise subject to the Parties' agreed protocol with Crowe, experts, consultants and third party technical personnel retained by the Parties for this Litigation provided that before being given access to Designated Materials, each such person described in this paragraph shall be advised of the terms of this Order, shall be given a copy of this Order, and shall sign a copy of Exhibit A to this Order. Signed copies of Exhibit A must be maintained by counsel for the Party who retained such experts, consultants, and third party technical personnel;

c. The Court, its staff, court reporters, deposition videographers, mediators, court-appointed translators, witnesses, and the jury in this case;

d. Any person who was an author, addressee, or recipient of the Confidential material and who agrees to keep the information confidential;

e. As to the Parties: only three executives of Panini who are actively involved in preparing this Litigation for hearing or trial or tasked with making decisions about this Litigation; only three executives of Fanatics who are actively involved in preparing this Litigation for hearing or trial or tasked with making decisions about this Litigation; and as to the Individual Defendants, only those Confidential materials upon which their name appears, that they authored, or that they received during their employment with Panini;

f. As to any anticipated witness not covered by the provisions of subpart (e) of this Section 5.1, only those Confidential materials upon which their name appears, that they authored, or that they received during their employment with Panini.

h. Any person shown Confidential materials pursuant to subparts (d), (e), or (f) of this Section 5 must only be shown such materials in the presence of counsel with no copies being provided nor delivered electronically to such person.

5.2 Litigation Materials that are designated as Attorneys' Eyes Only material may be shown only to the following persons:

a. All outside attorneys of record for the Parties in this case, including members of their respective law firms, their litigation vendors and vendors' staff, and their employees, in each case who are assisting in the preparation of this case for hearing or trial;

b. Two in-house counsel for Fanatics who are working directly with Fanatics' outside counsel to prepare this Litigation for hearing or trial and are tasked with making decisions about this Litigation. Should this Litigation proceed past the Expedited Discovery Phase, if requested by any Party, the Parties agree to meet and confer in good faith regarding potential modifications to this subpart (b) of Section 5.2.

c. Unless otherwise subject to the Parties' agreed protocol with Crowe, experts, consultants and third party technical personnel retained by the Parties for this Litigation provided that before being given access to Designated Materials, each such person described in this paragraph shall be advised of the terms of this Order, shall be given a copy of this Order, and shall sign a copy of Exhibit A to this Order;

d. The Court, its staff, court reporters, deposition videographers, mediators, court-appointed translators, witnesses, and the jury in this case.

e. Any anticipated witness or Individual Defendant, whose name appears on the document, where that individual received or authored the document, or where it is clear from the document that such witness or Individual Defendant previously possessed such information in relation to their employment, may be shown this information in the presence of counsel only with no copies being provided nor delivered electronically to the witness or Individual Defendant.

6. Challenge to designations.

6.1 During the period from and including May 4, 2023 through and including the date of the Court's hearing on Panini's Application for Temporary Injunction (the "Expedited Discovery Phase") , the Parties agree not to challenge any designation made by any other Party.

6.2 After the Expedited Discovery Phase:

a. Any Party may challenge a designation made under this Order by written notice of its bona fide, good faith objection to counsel for the claiming Party or Non-Party.

b. The challenging Party may challenge a claim of Designated Material by written notice or on the record. In the event a claim is challenged, the Parties shall confer over all challenged designations within five (5) business days of receipt of the written challenge. If the Parties are unable to resolve the challenges through an informal basis, then any Party may move for an appropriate ruling from the Court. The materials shall be treated as Designated Materials unless and until the Court grants such motion challenging the designation. A Party shall not be obligated to

challenge the propriety of the designation of documents as Designated Materials at the time of designation, and failure to do so shall not preclude a subsequent challenge to the designation.

7. Inadvertent Production of Designated Materials.

7.1. If a party, through inadvertence, produces any Confidential or Attorneys' Eyes Only materials without labeling or marking or otherwise designating it as such in accordance with this Order, the Producing Party may give written notice to the Non-Producing Party that the document or thing is so designated and the Non-Producing Party must treat the materials as so designated once the Producing Party so notifies the Non-Producing Party.

7.2 When a Producing Party or Non-Party gives notice to any Non-Producing Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Non-Producing Party are those set forth in Texas Rule of Civil Procedure 193.3.

8. Filing of Designated Materials.

This Agreement does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document that includes Designated Materials must comply with applicable rules and governing law. If a document containing Designated Materials is to be used in any court proceeding or otherwise submitted to the Court, the document will be filed under seal pursuant to applicable rule and governing law, and will state on the first page that it contains Designated Materials and that said document is lodged or filed under seal. Such document shall remain under seal until further order of the Court. The Parties shall not electronically file or cause to be filed any Designated Materials with the Court unless such Designated Materials are filed under seal.

The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing that contain Designated Materials shall conform to the labeling requirements set forth in this Order. If a pretrial pleading or motion filed with the Court, or an exhibit thereto, discloses or relies on Designated Materials, such portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

In the alternative to obtaining a temporary sealing order prior to filing a document that contains Designated Materials, a party may use the following procedure: (1) publicly file only a redacted copy of the document; (2) serve *in camera* a complete, unredacted version of the filing that contains Designated Materials, providing email service of such unredacted filing on all counsel; and (3) within 30 days of filing a redacted document and serving an unredacted document *in camera*, subsequently file such information under seal with the court consistent with the sealing requirements of the court. The Parties agree that a subsequently-filed sealed document will be considered to have been filed at the same times as the previously-filed redacted version of the document.

Nothing in this Order shall be construed to affect the use of any document, material, or information at any hearing or trial. A Party that intends to present or that anticipates that another Party may present Designated Materials at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential or Attorneys' Eyes Only material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

In the event that any Designated Materials are used or submitted in a court proceeding, they will not lose their confidential status through such use, and the Party using the Designated Materials will take all reasonable steps to maintain its confidentiality during such use. The Parties agree to subsequently revisit these procedures, if necessary, prior to any appeal, for purposes of preserving an appellate record.

9. Not Applicable to Trial. This Order shall not apply to the disclosure of Designated Materials or the information contained therein at the time of trial, through the receipt of Designated Materials into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any Party in compliance with Texas Rule of Civil Procedure 76a and Texas Civil Practice and Remedies Code 134A.006.

10. Retention of Jurisdiction by Court. This Court shall retain jurisdiction to enforce this Order, make amendments, modifications, and additions to this Order as the Court may, from time to time, deem appropriate, as well as to resolve any disputes.

11. Disclosure and Production Not a Waiver. The disclosure or production of Designated Materials pursuant to this Order will not constitute a waiver of any privilege or right by any Party to claim the trade secret or confidential status of the documents, materials, or information disclosed or produced by any Party. The receipt or production of Designated Materials pursuant to this Order will not operate as an admission by any Party that any of the materials reflects trade secrets or any other type of confidential or proprietary information. Through this Order the Parties stipulate that the lack of a challenge of a document's Confidential or Attorneys Eyes Only designation is not relevant to whether or not a document is or is not confidential or a trade secret. Nothing herein shall be deemed to waive any privilege recognized by law, including any applicable common law or statutory privilege or

work product protection, or shall be deemed a concession as to the admissibility in evidence of any facts, documents, or testimony revealed in the course of disclosure. If any document subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any party, is inadvertently produced to a Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

12. Public Health and Safety. Nothing in this Order is intended to prevent any Party from raising with the Court any concern that the nondisclosure of certain Designated Materials may have a possible adverse effect upon the general public health or safety, or the administration or operation of government or public office.

13. Return of Designated Materials. Upon final termination of this action, including any and all appeals, the Parties must: return all Designated Materials to the Party or Non-Party that produced the Designated Materials, including any copies, excerpts, and summaries of that information, or destroy same at the option of the Non-Producing Party and certify as to such destruction; and must delete all Designated Materials from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Designated Materials, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Designated Materials need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information. Unless otherwise agreed by the Parties, all obligations and duties arising under this Order shall survive

the termination of this action. The Court retains jurisdiction indefinitely over the Parties and any persons provided access to Designated Materials under the terms of this Order with respect to any dispute over the improper use of such Designated Materials.

14. Nothing in this Order prevents any Party from questioning an employee witness of the Producing Party, in either a deposition or a hearing, about a document that was marked Confidential or Attorneys Eyes Only by the Producing Party. Further, nothing in this Order shall restrict any Party from using or disclosing its own documents or information, which have not been designated by any other Party as Confidential or Attorneys Eyes Only, as it so chooses.

15. This Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this Litigation from conveying to any Party client the attorney's evaluation in a general way of Designated Materials produced or exchanged under the terms of this Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Designated Materials if such disclosure would be contrary to the terms of this Order.

16. This Order is intended to facilitate the prompt production of discovery materials. No determination is being made by the Court at this time that these documents are confidential or entitled to protection. Such issues are reserved and will be ruled upon pursuant to this Order and any applicable notice and hearing provisions. This Order merely provides a framework for the Parties to claim such materials as confidential to preserve their right to protect these documents as Designated Materials, and to preserve such issues for ruling until each Party may prepare their appropriate arguments on these issues.

17. If a Non-Producing Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Designated Materials, the Non-Producing Party must so notify the designating Party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Non-Producing Party also must, within three court days after receiving the subpoena or order, inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Non-Producing Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its Designated Materials in the court from which the subpoena or order issued. The designating Party shall bear the burden and the expense of seeking protection in that court of its Designated Materials, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this Litigation to disobey a lawful directive from another court. The obligations in this paragraph remain in effect while the Party has in its possession, custody or control Designated Materials produced by another Party to this case.

18. If a Non-Producing Party learns of any unauthorized disclosure of Designated Materials, the Party shall immediately upon learning of such disclosure inform the Producing Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

19. Pursuant to Texas Rule of Civil Procedure 11, this Order is binding upon the Parties as an agreement between them even before the Court signs this Order. To the extent any additional parties are add to this Litigation, they will similarly be bound by this Order.

20. Following the conclusion of the Expedited Discovery Phase, at any Party's request, the Parties agree to meet and confer in good faith regarding potential modifications to this Order to govern the remainder of the proceedings in this Litigation.

Signed this 26 day of May, 2023.

Mary Murphy
Presiding Judge, 44th District Court
by assignment

**EXHIBIT A**

CAUSE NO. DC-23-04798

| | | |
|---|---|---|
| PANINI AMERICA, INC., | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| ELI NICHOLAS MATIJEVICH, JR., | § | |
| CARLOS TORREZ, DAVID SHARP, | § | |
| BRIAN BAYNE, ALEXANDER | § | |
| CARBAJAL, JOSEPH REYES, | § | |
| ELIZABETH GALAVIZ | § | |
| and FANATICS, LLC, | § | |
| | § | |
| *Defendants.* | § | 44TH JUDICIAL DISTRICT COURT |

**DECLARATION**

The undersigned states subject to the penalties of perjury:

1. I have been furnished a copy of the Agreed Protective Order entered in this case restricting the use of Designated Materials, which have been designated as Confidential and/or Attorneys' Eyes Only.

2. I have read the Agreed Protective Order relating to the above-captioned action and attached hereto. I understand and agree to be bound by its terms. Accordingly, I promise to abide by the Agreed Protective Order with respect to Designated Materials, which have been designated as Confidential and/or Attorneys' Eyes Only, furnished to me in this Litigation.

3. As a condition to receipt of Designated Materials, which have been designated as Confidential and/or Attorneys' Eyes Only in this Litigation, I consent to personal jurisdiction over me in the 44th Judicial District Court, solely for the purpose of enforcing the Agreed Protective Order.

Signature: ______________________________ Date: ______________________________

______________________________
Printed Name

______________________________
Address

______________________________
City, State, and Zip Code