**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PANINI AMERICA, INC.,

*Plaintiff*,

v.

**Case No. 1:23-cv-09714-LTS-VF**
**[rel: Case No. 1:23-cv-06895-LTS-VF]**

FANATICS, INC.,
FANATICS, LLC,
FANATICS COLLECTIBLES
INTERMEDIATE HOLDCO, INC.,
FANATICS SPV, LLC, and
FANATICS HOLDINGS, INC.,

*Defendants*.

______________________________________/

# PANINI AMERICA INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND FIRST AMENDED COMPLAINT

Plaintiff Panini America, Inc. ("Panini") respectfully requests leave, pursuant to Federal Rules of Civil Procedure 15 and 16, to amend the First Amended Complaint to reassert its previously-dismissed claim that Fanatics induced GCP to breach the change-of-control provision in its contract with Panini S.p.A. (Count 6) by adding new factual allegations to support this claim based on documents recently produced by Fanatics.

## BACKGROUND

### I. The Court Dismissed Panini's Tortious Interference Claim for Breach of the Change-of-Control Provision Based on Lack of Specific Knowledge.

Panini S.p.A.'s contract with GCP—the critical, high-tech, custom manufacturer of trading cards for Panini—prohibits GCP from undergoing a change in control without Panini S.p.A.'s consent. ECF No. 69 ¶ 133. In its First Amended Complaint, Panini alleged that Fanatics tortiously interfered with Panini's agreement with GCP by inducing GCP to breach that change-of-control

provision. ECF No. 69 ¶¶ 133-134, 275-281. Panini further alleged that "Fanatics was clearly aware of the Panini S.p.A.-GCP relationship and of GCP's contractual obligations to produce cards for Panini." *Id.* ¶ 134.

Fanatics moved to dismiss. It argued that "New York law requires Panini to plead that Fanatics had the specific intent to procure that particular breach, which means that Panini was required to plead that Fanatics knew about the particular change of control provision it allegedly induced GCP to breach." ECF No. 100 at 37. The Court agreed with Fanatics, dismissing the claim solely because it found that Panini had not sufficiently alleged "that Fanatics had specific knowledge of the terms of the contract, nor any indication that the acquisition would violate a specific change-of-control provision of that contract." ECF No. 164 at 27-28.

## II. Panini Has Learned Through Discovery that Fanatics Had Specific Knowledge of the Terms of Panini's Contract with GCP, Including the Change-of-Control Provision.

Through discovery, [redacted]

[redacted]

[1] [redacted]

[redacted]

These materials were produced to Panini on June 5, 2026. On July 24, 2026, Panini wrote to Fanatics requesting it consent to Panini's moving to amend to restore its tortious interference claim relating to GCP's change of control provision. On August 1, 2026, Fanatics stated that it opposed any motion by Panini seeking to restore this claim.

Based on the new evidence, Panini now seeks to interlineate into the complaint as para 134a the following paragraph:

> 143a. [redacted]

<u>**ANALYSIS**</u>

Leave to amend to revive Panini's tortious interference claim relating to GCP's change of control provision is appropriate.

**I. Leave to Amend is Appropriate Under Rule 15.**

Pursuant to Rule 15(a), a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. Proc. 15(a)(2).[2] Courts regularly allow parties to reassert claims based on newly uncovered information from discovery. *See Sjunde AP-Fonden v. Gen. Elec. Co.*, 341 F.R.D. 542, 551 (S.D.N.Y. 2022); *Penn-Star Ins. Co. v. Loring Place Realty LLC*, 2025 WL 240753, at *2 (S.D.N.Y. Jan. 17, 2025); *Cmty. Ass'n Underwriters of Am., Inc. v. Main Line Fire Prot. Corp.*,

[2] *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

2020 WL 5089444, at *2-3 (S.D.N.Y. Aug. 28, 2020). Amendments are strongly favored unless the opposing party can establish "futility, bad faith, undue delay, or undue prejudice to the opposing party." *Penn-Star Ins. Co.*, 2025 WL 240753, at *1 (citation omitted). None of those factors are present here.

Panini's amendment is not futile—it sufficiently cures the pleading deficiency previously identified by the Court with respect to this claim. The Court found that Panini had "failed to state a claim for tortious interference with the Panini S.p.A.-GCP contract on the basis of GCP's breach of the change-of-control provision" because it had not alleged "Fanatics had specific knowledge of the terms of the contract, nor any indication that the acquisition would violate a specific change-of-control provision of that contract." ECF No. 164 at 27-28. Panini's new allegation cures that deficiency by pleading that [redacted]

Further, Panini is moving promptly[3] to amend the pleadings after discovering new evidence during ongoing discovery. Depositions are still being taken. And Fanatics has known these facts, so it can hardly be surprised by Panini's requested amendment. In fact, Fanatics "had prior notice of Plaintiff's proposed amendment because it 'arises from the same facts pled' in the original

[3] *Olaf Sööt Design, LLC v. Daktronics, Inc.*, 299 F. Supp. 3d 395, 398-99 (S.D.N.Y. 2017) (plaintiff diligent where amendment filed "within a few months after receiving and reviewing relevant [discovery from defendant]"); *S.E.C. v. DCI Telecomms., Inc.*, 207 F.R.D. 32, 34-35 (S.D.N.Y. 2002) (allowing amendment four months after plaintiff learned relevant supporting facts); *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 2010 WL 1257803, at *11 (E.D.N.Y. Mar. 26, 2010) (same where defendant's motion was filed almost four months after acquiring information); *Sjunde AP-Fonden*, 341 F.R.D. at 551 (same where motion filed almost five months after relevant discovery); *Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 354, 360, 362 (S.D.N.Y. 2014) (same where motion was filed over five months after relevant discovery); *Ambac Assurance Corp. v. EMC Mortg. Corp.*, 2010 WL 11595698, at *6-7 (S.D.N.Y. Dec. 16, 2010) (same where plaintiff "waited almost a year in some cases, and in no case less than six months, after it obtained the relevant discovery" to move for amendment) (emphasis removed).

complaint." *Cmty. Ass'n Underwriters of Am., Inc. v. Main Line Fire Prot. Corp.*, 2020 WL 5089444, at *4 (S.D.N.Y. Aug. 28, 2020) (citation omitted). Accordingly, there is no undue delay or prejudice, and the amendment does not change the scope of the case. *See, e.g.*, *Ambac Assurance Corp.*, 2010 WL 11595698, at *7 ("delay was not excessive" where "[n]umerous depositions remain[ed] to be taken and the parties [were] still haggling over documentary discovery"); *Soroof Trading Dev. Co. Ltd. v. GE Microgen, Inc.*, 283 F.R.D. 142, 153 (S.D.N.Y. 2012) (leave to amend appropriate where discovery was ongoing, no new theory of recovery was added, "the operative facts at the foundation of the case remain[ed] the same," and the defendant failed to explain how any previous discovery would need to be revisited).

**II. Panini Has Good Cause to Amend Under Rule 16.**

Under Rule 16, a plaintiff may amend its pleadings after the scheduling order's deadline to amend has expired so long as the plaintiff shows "good cause" for the delay in seeking amendment. *See Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2nd Cir. 2021). A plaintiff establishes good cause by showing that "despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Sjunde AP-Fonden*, 341 F.R.D. at 550 (citation omitted) (finding good cause to replead twice-dismissed claim based on information revealed in discovery).

Panini did not receive the relevant evidence necessary to support the proposed amendment until June 2026. No publicly available information supports Panini's new allegations. Panini did not have Fanatics' [redacted] until discovery. Thus, there is good cause for Panini to amend now. *See id.* (granting amendment because "Plaintiffs could not have successfully filed their proposed amendment before receiving the documents they received during fact discovery"); *see also Ambac Assurance Corp.*, 2010 WL 11595698, at *5 ("The most common reason that parties seek and are granted leave to amend their complaints [after the amendment deadline] is to conform the complaint to evidence obtained in discovery."). This

reasoning applies with equal force to the Court's order that Panini must file a motion to amend its tortious interference claim within 21 days of the Court's March 2025 order, ECF No. 164 at 35, as Panini obviously did not have the requisite evidence to amend the complaint until June 2026, and "the Second Circuit has held that a dismissal under Federal Rule of Civil Procedure 12(b)(6) 'will not bar a second action if new facts have come into existence or have been alleged for the first time and it was the absence of these facts that made the first complaint defective.'" *Union Carbide Corp. v. Siemens Westinghouse Power Corp.*, 2002 WL 31387269, at *2 (S.D.N.Y. Oct. 23, 2002) (quoting *Criales v. Am. Airlines, Inc.*, 105 F.3d 93, 97 (2d Cir. 1997)) (granting in part motion to amend to replead claims previously dismissed with prejudice).

After discovering the new information underlying the proposed amendment, Panini also acted diligently to promptly amend the pleadings. Panini has been diligently reviewing hundreds of thousands of documents over the last several months to ascertain what amendments, if any, were appropriate. That is a continuing process as document discovery is not yet complete. Courts have consistently found that a party moving to amend was sufficiently diligent where there was an even greater delay between the discovery of new evidence and the motion to amend than here. *See, e.g.*, *Ambac Assurance Corp.*, 2010 WL 11595698, at *5 (amendment granted where relevant discovery was produced a year prior "in some cases, and in no case less than six months" prior); *Sjunde AP-Fonden*, 341 F.R.D. at 551 (nearly five-month delay); *Beastie Boys*, 983 F. Supp. 2d at 360 (five-month delay).

## CONCLUSION

For all these reasons, Panini's motion for leave to amend by interlineating para 143a should be granted.

August 24, 2026

Respectfully submitted,

*/s/ Stuart H. Singer*
David Boies
Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
(212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
Meredith Schultz*
Pascual Oliu*
Ana Carolina Varela*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
(954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com
mschultz@bsfllp.com
poliu@bsfllp.com
avarela@bsfllp.com

James P. Denvir*
Richard A. Feinstein*
William Harvey
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com
wharvey@bsfllp.com

*Counsel for Panini America, Inc.*

**Admitted pro hac vice*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(c)**

I certify that the number of words in the foregoing memorandum of law complies with Local Rule 7.1(c). The memorandum of law contains 1,818 words, excluding the caption, signature blocks, and this certification exempted by Local Rule 7.1(c), as counted by Microsoft Word.

August 24, 2026

Respectfully submitted,

*/s/ Stuart H. Singer*
Stuart H. Singer