BSF | BOIES SCHILLER FLEXNER

August 24, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Letter Motion to Seal Motion to Amend**

Dear Judge Figueredo:

We write on behalf of Panini America, Inc. ("Panini") in the above-referenced matter to request permission to file under seal an unredacted version of Panini's forthcoming motion for leave to amend the complaint, together with the exhibits attached thereto. The motion and exhibits contain information from documents produced by Fanatics in this case, and thus Panini is required under the Protective Order to file them under seal. However, under the procedure set out in the Protective Order, it is ***Fanatics'*** burden to establish that the filings should remain under seal within ten business days of this filing. ECF No. 160 ¶ 17 ("Within ten business days of the filing under seal, ***the designating party*** shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter.") (emphasis added).

Panini opposes any permanent sealing of the motion to amend. Under well-established Second Circuit precedent, there is a strong presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history."). The weight of the presumption to public access is especially strong where, as here, pleadings are implicated. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139–42 (2d Cir. 2016) ("Of all the records that may come before a judge, a complaint is among the most likely to affect judicial proceedings."). Under both First Amendment and common law principles, "continued sealing of" a pleading "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124; *Bernstein*, 814 F.3d at 144–45. Fanatics cannot meet this burden here.

Pursuant to the Court's individual rules, Panini is filing proposed sealed documents electronically through the Court's ECF system. Panini is also filing redacted versions of the materials publicly on the docket.

BSF

Respectfully submitted,

*/s/ Stuart H. Singer*

David Boies
Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
Meredith Schultz*
Pascual Oliu*
Ana Carolina Varela*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com
mschultz@bsfllp.com
poliu@bsfllp.com
avarela@bsfllp.com

James P. Denvir*
Richard A. Feinstein*
William Harvey
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com
wharvey@bsfllp.com

*Counsel for Panini America, Inc.*

**pro hac vice*

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: August 26, 2026**

Panini is directed to make a proper showing under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006), by **Wednesday, September 16, 2026**.

cc: All Counsel of Record (by ECF)