LATHAM & WATKINS LLP quinn emanuel trial lawyers | new york

**Via ECF** August 24, 2026

The Honorable Valerie Figueredo
United States District Court Magistrate Judge, S.D.N.Y.

Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023)

Dear Judge Figueredo:

We write on behalf of Fanatics in the above-referenced matter to request permission to file under seal an unredacted version of Fanatics' forthcoming reply (the "Reply") in support of Fanatics' letter motion requesting a discovery conference to compel production of documents wrongfully withheld for privilege (ECF No. 428). Portions of the Reply quote from or summarize Panini's Privilege Log, previously filed under seal at ECF No. 428-11. The Privilege Log contains confidential, sensitive business information—namely, non-public information regarding Panini's business operations, strategy, and negotiations with Fanatics—and the Reply references Privilege Log entries that disclose details of a non-public corporate transaction, including the existence and timing of term sheets, draft agreements, and deal structuring. Accordingly, Panini has designated its Privilege Log "Highly Confidential" pursuant to the Confidentiality Stipulation and Protective Order in this matter (ECF 160, "Protective Order"). Fanatics therefore submits that good cause exists for filing its Reply with limited redactions.

The Protective Order provides:

> To the extent a party wishes to file with the Court documents or information designated as Designated Materials by an opposing party, that party shall file the Designated Materials electronically under seal in accordance with Rule I.g.2 of the Hon. Valerie Figueredo's Individual Practices In Civil Cases. The filing party shall simultaneously serve counsel for the opposing party via email with the materials filed under seal. Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter. The letter shall attach the documents with any proposed redactions. At the same time as the filing, the party seeking permission to seal shall email a copy of the letter to Judge Figueredo's chambers, with the proposed redactions highlighted in yellow.

ECF No. 160 ¶ 17.

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed[.]" *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006). Protecting sensitive business information is among the "higher values consistently recognized by courts in this Circuit"

as a "countervailing factor that can prevail over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (internal quotations omitted).

Pursuant to Rule I.g.2 of the Court's Individual Practices In Civil Cases, Fanatics will file a sealed version of its Reply with the proposed redactions highlighted in yellow, provide copies of the same via email, and file a redacted version on the docket.

Respectfully submitted,

*/s/ Michael B. Carlinsky*
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1264

*Counsel for Fanatics*

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: August 26, 2026**

Fanatics is directed to make a proper showing under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006), by **Wednesday, September 16, 2026**.