DECHERT

**September 3, 2026**
**Via ECF**

The Honorable Judge Valerie Figueredo
United States District Court Magistrate Judge

**Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – OneTeam's Responsive Letter**

Dear Judge Figueredo:

Non-party OneTeam Partners, LLC ("OneTeam") submits this letter in opposition to Panini's Letter-Motion for Reconsideration (ECF No. 492) of the Court's Order denying Panini's Letter-Motion to Compel Discovery from OneTeam (ECF No. 452). OneTeam respectfully requests that the Court deny Panini's Letter-Motion for Reconsideration and award costs to OneTeam related to responding to the same. Panini's Motion is nothing more than a brazen—and improper—attempt to relitigate issues the Court has already fully considered.

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Rosner v. United States*, No. 16-CV-7256 (JGK), 2019 WL 1451253, at *1 (S.D.N.Y. Mar. 18, 2019). "It is well-settled that a party may move for reconsideration and obtain relief only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013) (internal citation and quotation marks omitted). In this District, "the Rules permitting motions for reconsideration must be 'narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court.'" *Pla v. Renaissance Equity Holdings LLC*, No. 12-CV-5268 (JMF), 2013 WL 3185560, at *1 (S.D.N.Y. June 24, 2013) (internal citation and quotation marks omitted).

Panini argues that "[n]ew evidence demonstrates that Panini's motion to compel on . . . Request [No. 7] should have been granted." ECF No. 492 at 1. But Panini then makes the same arguments and cites the same documents it included in the original Motion to Compel. Nothing has changed, and Panini falls far short of meeting the demanding standard for reconsideration.

When Panini initially moved to compel OneTeam to produce several categories of documents, including communications related to the Fanatics-NBPA sports trading cards license, OneTeam explained that Panini's requests were irrelevant given OneTeam was not an agent of the NBPA and is not a party to the Fanatics-NBPA sports trading cards licensing agreement. *See* ECF No. 381 at 1-3. The Court agreed following consideration of the exact same documents Panini cites now, finding Panini's requests "overbroad because they seek documents involving players associations

DECHERT

with whom OneTeam did not have agreements with Fanatics" and "the communications Panini points to . . . never resulted in any agreement involving OneTeam." ECF No. 452 at 2.

Panini cites nothing new that changes these conclusions. Its Motion for Reconsideration is exactly the kind of second bite at the apple that courts in this District routinely reject. *See, e.g.*, *Sampson v. Robinson*, No. 07-CV-6890, 2008 WL 4779079, at *1 (S.D.N.Y. Oct. 31, 2008) ("The standard for granting a motion for reconsideration under Local Rule 6.3 is strict, so as to avoid repetitive arguments on issues that have been considered fully by the Court.") (internal quotation marks omitted); *Arthur Glick Truck Sales, Inc. v. Stuphen East Corp.*, 965 F. Supp. 2d 402, 405 (S.D.N.Y. 2013) (A motion for reconsideration "is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue"); *United States v. Treacy*, No. 08 Cr. 0366(RLC), 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) ("A motion for reconsideration is not a vehicle for litigants to make repetitive arguments that the court has already considered and it cannot be used to fill in the gaps of a losing argument."); *Renaissance*, 2013 WL 3185560, at *2 (finding "[i]t is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'") (internal citation and quotation marks omitted).

Panini's claim of "new evidence" relating to Mr. Nassar's response to Panini's subpoena in his personal capacity also falls flat. Panini suggests that OneTeam and Mr. Nassar are orchestrating a run-around to avoid producing "relevant documents." *See* ECF No. 492 at 2. This is wrong. OneTeam has consistently objected to Panini's document requests as irrelevant and disproportionate to the extent they seek materials unrelated to OneTeam's sports trading cards licensing agreements. OneTeam's argument was one of relevance, not about where email communications originated from.

In negotiations regarding Panini's subpoena, Mr. Nassar merely confirmed that documents potentially responsive to Panini's eight broad requests, if any, would be in Mr. Nassar's OneTeam e-mail, and not on Mr. Nassar's personal accounts. *See* ECF No. 492-1. That is a point about possession, custody, or control, not relevance. Mr. Nassar did not suggest OneTeam possessed "relevant documents" that Mr. Nassar himself was unwilling to provide. *See* ECF No. 492 at 2. These circumstances add nothing to what the Court already considered and provide no basis for reconsideration. *See Kolel Beth*, 729 F.3d at 108 (finding appellants "did not present any new facts or controlling law that the court overlooked that might reasonably be expected to alter the court's decision and order").

To the extent Panini argues reconsideration is warranted due to the manifest injustice of leaving a "critical gap in the evidentiary record", this too is unavailing. ECF No. 492 at 3. Panini offers no explanation—let alone legal authority—to "demonstrate that the new evidence is of such importance that it probably would have changed the outcome of the prior ruling", as required to establish manifest injustice. *Moshell v. Sasol Ltd.*, No. 20 CIV. 1008 (JPC), 2021 WL 3174414, at

DECHERT

*12 (S.D.N.Y. July 24, 2021). Panini points to no new evidence or changed circumstances, and its broad and unsupported claims of a "gap in the evidentiary record" despite extensive party and non-party discovery in this case do not meet the "high standard" necessary for reconsideration. *See Kolel Beth*, 729 F.3d at 108.

Panini's meritless motion serves only to increase litigation costs and harass non-party OneTeam and OneTeam is accordingly entitled to its attorney's fees and costs. Courts award fees where motions are brought "entirely without color . . . and taken for reasons of harassment or delay or for other improper purposes," and where movants merely repeat prior arguments that lack merit. *See Golding v. City of New York*, No. 15-CV-03498 (ALC)(SN), 2016 WL 6553759, at *1–3 (S.D.N.Y. Nov. 4, 2016) (quoting *Eisemann v. Greene*, 204 F.3d 393, 396–97 (2d Cir. 2000)).

An award of fees and costs is warranted here because Panini's Letter-Motion for Reconsideration is a transparent attempt to relitigate issues already decided with no new evidence justifying the "extraordinary remedy" of reconsideration. *Rosner*, 2019 WL 1451253, at *1. As first described in OneTeam's response to Panini's Letter-Motion to Compel, this motion is only the latest in Panini's efforts to needlessly prolong litigation against and harass non-party OneTeam via overly broad third-party discovery requests, gamesmanship, and needless litigation. *See* ECF No. 381 at 1. OneTeam is accordingly due its fees and costs for responding to Panini's continuous and unnecessary motion practice as described in the attached Declaration. *See* Chapman Decl.

Respectfully submitted,

*/s/ Jeffrey Brown*

Jeffrey Brown
**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
Tel.: (212) 698-3511
jeffrey.brown@dechert.com

George G. Gordon (*pro hac vice*)
Julia Chapman (*pro hac vice*)
Madeline Holler (*pro hac vice*)
**Dechert LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-4000
Fax: (215) 994-2222
george.gordon@dechert.com
julia.chapman@dechert.com
madeline.holler@dechert.com

*Counsel for OneTeam Partners, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2026, I caused to be served a copy of the foregoing document on all counsel of record via the Court's CM/ECF system.

*/s/ Jeffrey Brown*

Jeffrey Brown
**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
Tel.: (212) 698-3511
jeffrey.brown@dechert.com

*Counsel for OneTeam Partners, LLC*