LATHAM & WATKINS LLP quinn emanuel trial lawyers | new york

September 8, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Fanatics' Motion to Seal

Dear Judge Figueredo:

We write on behalf of Fanatics in the above-referenced matter to request permanent sealing of Exhibits A, B, and C to Panini's Memorandum of Law in Support of Motion to Amend First Amended Complaint ("Memorandum"), as well as limited excerpts of the Memorandum that quote from or purport to summarize Exhibits A, B, and C. *See* ECF Nos. 471, 471-1, 471-2, 471-3. Exhibits A, B, and C were designated "Highly Confidential" or "Outside Counsel Eyes Only" pursuant to the Confidentiality Stipulation and Protective Order (ECF No. 160, "Protective Order").[1] Fanatics respectfully submits that its privacy interests in these commercially and competitively sensitive documents outweigh the presumption of open access to documents filed on the docket.

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (citation omitted). Protecting sensitive business information—such as confidential business relationships, negotiations, and financial information—falls within the "[e]stablished factors and values that can outweigh the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *3 (S.D.N.Y. Sept. 10, 2021); *see also Peerless Network, Inc. v. AT&T Corp.*, No. 15-CV-870 (VM) (VF), at 2 (S.D.N.Y. Dec. 2, 2022) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information."); *Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559

[1] The Protective Order allows documents to be designated "Highly Confidential" to "protect the interests of the producing party in information for which unauthorized disclosure would result in competitive, commercial, or financial harm" or "Outside Counsel Eyes Only" if the "document or information references or reflects the non-public terms (proposed or final) of that party's license agreements." ECF No. 160 ¶¶ 2–4.

(PGG) (KHP), 2021 WL 1085338, at *1–2 (S.D.N.Y. Mar. 22, 2021) (granting motions to seal confidential licensing terms, marketing strategies, and pricing information to prevent competitive harm); *In re Novartis & Par Antitrust Litig.*, 2020 U.S. Dist. LEXIS 200820, at *6–7 (S.D.N.Y. Oct. 28, 2020) (granting motion to seal where a party agreed not to disclose the existence or content of agreements with third parties without those third parties' consent).

Courts in this District also routinely seal "business information that might harm a litigant's competitive standing in the market." *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014); *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (granting motion to seal because disclosure would "subject [Defendant] to a competitive disadvantage" and finding that "courts will commonly grant a company's request for sealing of proprietary business information, such as internal analyses, business strategies, or customer negotiations when disclosure of that information could provide competitors with an unearned advantage.") (internal citations omitted); *In re Google Digital Advertising Antitrust Litig.*, 2026 WL 959978, at *2 (S.D.N.Y. Apr. 8, 2026) (granting motion to seal because Google "treats the data for which it seeks sealing as strictly confidential and non-public and takes significant precautions to protect the data, which has significant economic value").

This Court has granted Fanatics' prior sealing requests, finding that Fanatics made "an appropriate showing under *Lugosch*" to seal "competitively sensitive commercial information" such as descriptions of "Fanatics' business and contractual relationship with NFLPI, license negotiations between NFLPI and other licensors, and internal discussions with Fanatics' personnel regarding the same." ECF No. 424. In other matters, this Court has likewise granted motions to seal or redact commercially sensitive information, including "substantial non-public business information" concerning revenues, margins, costs, inventory, financing structure, negotiations, diligence strategy, and other sensitive competitive information, as well as consulting agreements and related financial information and settlement terms, sensitive pricing terms, and network capabilities. *See Coach IP Holdings, LLC v. ACS Group Acquisitions LLC*, No. 1:23-cv-10612-LGS-VF (S.D.N.Y. Feb. 3, 2026); *Edgewood Partners Ins. Center Inc. v. PPD Development, L.P.*, No. 22-CV-6957 (VF) (S.D.N.Y. Sept. 11, 2023); *Peerless Network, Inc. v. AT&T Corp.*, No. 15-CV-870 (VM) (VF) (S.D.N.Y. Dec. 2, 2022).

As set forth in the chart below, Fanatics respectfully submits that Exhibits A, B, and C to Panini's Memorandum, and limited excerpts of the Memorandum, warrant sealing:[2]

| ECF No. | Description | Reason for Sealing |
|---|---|---|
| 471-1 (Exhibit A) | Email attaching a "Fanatics Diligence Deck" prepared in connection with Fanatics' investment in printer GCP. | Reflects highly confidential and competitively sensitive commercial information, including: (i) the detailed terms and financial structure of the Fanatics-GCP transaction; (ii) GCP's historical and projected financial statements, |

[2] The proposed redactions to ECF No. 471 are designated with yellow highlighting. Fanatics' proposed redactions are more limited than those provisionally sealed by Panini and narrowly tailored to protect Fanatics' confidential and competitively sensitive information.

| ECF No. | Description | Reason for Sealing |
|---|---|---|
| | | including revenue, EBITDA, cost of goods sold, and gross margins broken out by customer; (iii) Fanatics' internal strategic analysis of the collectibles industry; and (iv) accounting and tax diligence observations and post-close corporate structuring plans. Disclosure would cause significant competitive and commercial harm to Fanatics by revealing its proprietary deal valuations, internal financial analyses, strategic business rationales, and competitive assessments to competitors and potential counterparties, providing them with an unearned advantage. |
| 471-2 (Exhibit B) | Email chain forwarding a strategy deck titled "Project Gallery - Diligence Update." | Reflects the same highly confidential and competitively sensitive commercial information described with respect to Exhibit A. Further, the email chain reveals the identities and roles of senior Fanatics executives involved in the GCP acquisition, the internal review and approval process for the deal, and confidential business information shared with prospective investors. Disclosure would cause significant competitive harm by exposing Fanatics' internal deal processes, investor relationships, and strategic decision-making. |
| 471-3 (Exhibit C) | Email transmitting five highly confidential documents: (1) a Fanatics Collectibles Rating Agency Presentation; (2) a Fanatics Collectibles discussion materials deck; (3) the GCP diligence deck (Exhibit A); (4) a Fanatics HoldCo Investor Presentation; and (5) a financial outlook document. | Reflects highly confidential and competitively sensitive commercial information in Fanatics' investor- and lender-facing materials, including: (i) detailed financial projections for Fanatics Collectibles through 2029 (revenue targets, EBITDA estimates, and leverage ratios); (ii) the terms of Fanatics' exclusive licenses; (iii) proprietary competitive analyses; (iv) the terms and structure of a credit facility; (v) Fanatics' valuation and capitalization structure; (vi) detailed business strategy regarding the collectibles industry; and (vii) a GCP diligence deck (Exhibit A). Fanatics treats this information as strictly confidential and takes significant precautions to protect it. |
| 471 at 2-3 | Description of and quotations from Exhibits A, B, and C.<br><br>Specifically, (i) the passages from "and this presentation | Reflects verbatim quotations from Exhibits A, B, and C. These quotations reveal Fanatics' internal due diligence analysis, its investor communication practices, and the identities of parties who received confidential materials. |

| ECF No. | Description | Reason for Sealing |
|---|---|---|
| | contains" through "Ex. C at -062," which reproduce verbatim language from the exhibits; and (ii) quotations from Exhibit A within the proposed interlineated paragraph (proposed ¶ 143a). | Disclosure would reveal Fanatics' proprietary deal processes and business strategies. |
| 471 at 2 fn. 1 | Footnote discussing the date of Exhibit A. | Panini provisionally sought to seal this material, but Fanatics does seek to seal it. |
| 471 at 4 | High-level characterization of Exhibit A. | Panini provisionally sought to seal this material, but Fanatics does seek to seal it. |
| 471 at 5 | High-level characterization of Exhibit A. | Panini provisionally sought to seal this material, but Fanatics does seek to seal it. |

Accordingly, Fanatics respectfully submits that there is good cause to permanently seal Exhibits A, B, and C to Panini's Memorandum, as well as the limited excerpts of Panini's Memorandum detailed in the chart above.

Respectfully submitted,

*/s/ Michael B. Carlinsky*[3]
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1200

*Counsel for Fanatics*

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: September 10, 2026**

The motion to seal is GRANTED. Fanatics has adequately explained why sealing is necessary to protect commercially sensitive information.

The Clerk of Court is respectfully directed to close the motion at ECF No. 504.

[3] Fanatics uses electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.