DECHERT

September 3, 2026

**Via ECF**

The Honorable Judge Valerie Figueredo
United States Magistrate Judge
United States District Court Southern District of New York
500 Pearl St. New York, NY 10007-1312

**Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – OneTeam's Request to Seal Chapman Declaration**

Dear Judge Figueredo:

In response to Panini America, Inc.'s ("Panini") Letter-Motion for Reconsideration (ECF No. 492) of the Court's Order denying Panini's Letter-Motion to Compel Discovery from OneTeam (ECF No. 452), OneTeam Partners, LLC ("OneTeam") respectfully submits this letter motion to request permission to file under seal a redacted version of the Declaration of Julia Chapman in Support of OneTeam's Response to Panini's Letter-Motion for Reconsideration and Request for Fees and Costs (the "Chapman Declaration"). The Chapman Declaration contains sensitive, non-public commercial information regarding the specific hourly billing rates of individual attorneys at Dechert LLP, the specific hours expended by each attorney on this matter on a date-by-date basis, and the total fees incurred. This information constitutes confidential business and commercial information that Dechert LLP does not publicly disclose and that, if disclosed, could competitively harm the firm and its clients in the marketplace. Such information also reveals sensitive information about OneTeam's litigation budget and resource-allocation pertaining to legal matters.

The Confidentiality Stipulation and Protective Order, ECF No. 160, governs the designation and treatment of confidential information and materials produced in this matter. The Protective Order provides:

> To the extent a party wishes to file with the Court documents or information designated as Designated Materials by an opposing party, that party shall file the Designated Materials electronically under seal in accordance with Rule I.g.2 of the Hon. Valerie Figueredo's Individual Practices In Civil Cases. The filing party shall simultaneously serve counsel for the opposing party via email with the materials filed under seal. Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter. The letter shall attach the documents with any proposed redactions. At the same time as the filing, the party seeking permission to seal shall email a copy of the letter to Judge Figueredo's chambers, with the proposed redactions highlighted in yellow.

ECF No. 160 ¶ 17.

DECHERT

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed[.]" *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). When considering a party's request to file materials under seal, courts in the Second Circuit balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) (citation omitted). Courts find protecting sensitive business information is among the "higher values consistently recognized by courts in this Circuit" as a "countervailing factor that can prevail over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (internal quotations omitted); *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2-*3 (S.D.N.Y. Mar. 25, 2022) (granting motion to redact confidential non-public business information that could lead to a competitive disadvantage if disclosed). Courts further consider whether the scope of proposed redactions is reasonable and tailored to cover the sensitive business information. *W.J. Deutsch*, 2022 WL 890184, at *3.

The Chapman Declaration contains confidential, sensitive commercial information—specifically, the individual hourly billing rates of Dechert LLP attorneys, the date-by-date breakdown of hours expended by each attorney, and the resulting fee amounts, all of which constitute proprietary commercial information that Dechert LLP does not publicly disclose. The redacted information, read together, further reflects on OneTeam's litigation budget, resource-allocation decisions, and relative prioritization of legal matters—all of which are sensitive business judgments that OneTeam does not publicly disclose. The information also reflects confidentially negotiated billing rates and staffing arrangements that bear on OneTeam's ongoing business relationships with outside counsel and could prejudice OneTeam its future use of legal counsel if disclosed. Such information may be properly redacted in public filings. *See Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal where the "proposed redactions are generally limited to specific business information and strategies" for a "closed business, which implicates legitimate privacy interests") (internal quotations and citations omitted). OneTeam is a third-party to this dispute, and as such, should not have to expose its sensitive business information in response to an effort by Panini to relitigate issues already decided by this Court. OneTeam therefore submits that good cause exists to file the Chapman Declaration with limited redactions as reflected in OneTeam's proposed redacted version, which is narrowly tailored to protect only the specific billing rates, hours spent, and related fee amounts of the work performed in opposing Panini's motion for reconsideration.

Pursuant to Rule I(g)(2) of the Court's Individual Practices in Civil Cases, OneTeam respectfully requests permission to file under seal a redacted version of the Chapman Declaration.

DECHERT

Respectfully submitted,

*/s/ Jeffrey Brown*

Jeffrey Brown
**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
Tel.: (212) 698-3511
jeffrey.brown@dechert.com

George G. Gordon (*pro hac vice*)
Julia Chapman (*pro hac vice*)
Madeline Holler (*pro hac vice*)
**Dechert LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-4000
Fax: (215) 994-2222
george.gordon@dechert.com
julia.chapman@dechert.com
madeline.holler@dechert.com

*Counsel for OneTeam Partners, LLC*

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: September 11, 2026**

The motion to seal is **GRANTED**. OneTeam has adequately explained why sealing is necessary to protect commercially sensitive information. The Clerk of Court is respectfully directed to close the motion at ECF No. 496.