LATHAM & WATKINS LLP quinn emanuel trial lawyers | new york

**Via ECF** September 9, 2026

The Honorable Valerie Figueredo
United States District Court Magistrate Judge, S.D.N.Y.

Re: *Panini Am., Inc. v. Fanatics, Inc. et al.*, No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023)

Dear Judge Figueredo:

We write on behalf of Fanatics in response to the Court's August 10, 2026 Order (ECF No. 431) to provide further detail on Fanatics' Motion to Seal its Letter Motion for Discovery Conference and Exhibits B, F, H, I, K, L, N through R, T, and U thereto (ECF No. 427). Because the referenced documents contain confidential, sensitive business information regarding Fanatics' and Panini's financial and organizational structure, business operations and licensing strategy, corporate acquisition activity, and the parties' sales and license termination negotiations, Fanatics respectfully submits that good cause exists for Exhibits K, L, N through Q, T, and U to remain under seal, and for the Letter Motion for Discovery Conference and Exhibits B, F, H, I, and R to remain redacted. Panini has consented to each of these permanent sealings and redactions.

Under the standard established in *Lugosch v. Pyramid Co. of Onondaga*, to determine whether judicial documents[1] should be placed under seal, courts must balance "the presumption of access attached to the documents in question" against any "countervailing concerns" that "weigh against full public access to the documents." *See Melwani v. Kiss Nail Prods., Inc.*, 2026 WL 2323215, at *2 (E.D.N.Y. Aug. 11, 2026) (citing *Lugosch*, 435 F.3d 110, 119-120 (2d Cir. 2006)). When balancing these concerns, "courts consider factors including, the degree to which the subject matter is traditionally considered private rather than public, the nature and degree of injury that may result from disclosure, and the reliability of such information." *Suffolk Reg'l Off Track Betting Corp. v. United States Small Bus. Admin.*, 2025 WL 1384157, at *3 (E.D.N.Y. May 13, 2025). "When these factors 'outweigh the value to the public of accessing the document at issue, then that document should be sealed.'" *Id.* (quoting *Forbes IP (HK) Ltd. v. Media Bus. Generators, S.A. de C.V.*, 2024 WL 1743109, at *8 (S.D.N.Y. Apr. 23, 2024)).

The presumption of access given to filings submitted in connection with discovery disputes, such as the documents at issue here, is "somewhat lower" than the presumption applied to materials introduced at trial or in connection with dispositive motions. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). Thus, the reasons for sealing such materials "need not be as compelling." *Id.* The Second Circuit applies the lower "good cause" standard when assessing whether to seal information. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000) (holding that courts have "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed").

[1] Fanatics does not dispute that the referenced documents are "judicial documents" under *Lugosch*, as they are clearly "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (2d Cir. 2006).

Good cause to seal exists here. Protecting sensitive business information is among the "'higher values' consistently recognized by courts in this Circuit" as a "'countervailing factor' that can prevail over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021). Sensitive business information includes materials concerning a business's operational and organizational structure, and information about current business practices that could cause competitive harm if disclosed. *See P&L Dev., LLC v. Gerber Prods. Co.*, 2022 WL 1441999, at *2 (E.D.N.Y. May 6, 2022), report and recommendation adopted sub nom. *P & L Dev., LLC v. Gerber Prods. Co.*, 2024 WL 1072394 (E.D.N.Y. Mar. 11, 2024) (collecting cases). Such information can also include competitive analyses and confidential merger discussions. *Id.* As detailed below, each of the documents Fanatics requests to be sealed or redacted in connection with its Letter Motion for Discovery Conference contains this sort of sensitive business information.

***Exhibit B*** is a July 23, 2026 letter from Panini to Fanatics regarding the Francesca Baroni discovery dispute. The content proposed for redaction references and characterizes the content of documents produced in this litigation and designated as "Outside Counsel Eyes Only" ("OCEO") or "Highly Confidential," and contains details regarding the parties' sensitive license termination negotiations and Fanatics' business operations.

***Exhibit F*** is a September 3, 2025 email chain from Panini to Fanatics regarding the parties' proposed custodians. The content proposed for redaction references and characterizes the content of confidential documents produced in *Panini America, Inc. v. Matijevich, et al.*, Case No. DC-23-04798 (Dallas Cnty. 2023), and contains information concerning Fanatics' sensitive business operations and strategy.

***Exhibit H*** is a May 22, 2026 letter from Panini to Fanatics regarding various discovery disputes between the parties. The content proposed for redaction references and characterizes the content of documents produced as "Highly Confidential" or "OCEO," and discusses the sensitive details and timing of Panini's licensing proposals and negotiations.

***Exhibit I*** is a June 23, 2026 letter from Panini to Fanatics regarding the Francesca Baroni discovery dispute. The content proposed for redaction references, characterizes, and quotes from documents designated as "Highly Confidential" or "OCEO," and contains information regarding the parties' sensitive license termination negotiations, including the timing thereof.

***Exhibit K*** is Panini's Privilege Log served on August 4, 2026. The log, in its entirety, reflects non-public information regarding Panini's business operations, strategy, and negotiations with Fanatics, and was designated "Highly Confidential" by Panini.

***Exhibits L, N, O, P, Q, T, and U*** are documents produced in this case and designated as "Highly Confidential." The documents, in their entirety, contain details about the parties' sales and license termination negotiations, and reveal sensitive information regarding the key issues involved in the discussions, the parties' current business structure, operations, and strategies, and the parties' financial data, which are likely to cause competitive harm if disclosed.

***Exhibit L*** is a September 21, 2021 email exchange between Fanatics, Panini, and a third-party containing details regarding Panini's efforts to sell its business. It contains information

regarding third-parties involved in Panini's sensitive sales discussions and Panini's sales strategy.

***Exhibit N*** is a October 17, 2022 email exchange between Fanatics and Panini regarding the parties' license termination discussions, which discloses sensitive details about the issues and personnel involved.

***Exhibits O and P*** reflect different versions of an August 2022 email exchange between Fanatics, Panini, and Panini's legal counsel, Gibson Dunn, regarding the parties' license termination discussions, and contain sensitive information about the terms of agreements being negotiated.

***Exhibit Q*** is a December 23, 2022 email exchange between Fanatics and Panini regarding the parties' license termination negotiations which discloses Panini's sensitive financial data and positions on substantive issues in the negotiations.

***Exhibit T*** is a December 27, 2023 spreadsheet containing sensitive information regarding Panini's financials, operations, and organizational structure across its various global subsidiaries.

***Exhibit U*** is an October 3, 2022 email exchange between Fanatics and Panini regarding the parties' license termination negotiations which contains sensitive information on the substance of preliminary agreements between the parties, and the key issues, and third-parties involved in the discussions.

***Exhibit R*** is a Declaration from Riccardo Bordi, an Italian lawyer, on behalf of Fanatics. The content proposed for redaction references, characterizes, and quotes from the above-described Exhibits L, P, U, N, and Q, and discusses the sensitive business information contained therein.

***Fanatics' Letter Motion for Discovery Conference*** references, characterizes, and quotes from each of the exhibits above, and the content proposed for redaction contains the sensitive business information disclosed therein.

Each of the factors relevant to sealing set forth above weighs in favor of sealing the information at issue here: it is not generally available to the public, it is reliable because it derives directly from Fanatics' and Panini's own business records and communications, and its disclosure would harm both companies by giving competitors insight into how each makes business decisions, manages its financial and organizational structure, and conducts its sales processes. *See Suffolk Reg'l*, 2025 WL 1384157 at *3; *see also Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 608, 614 (S.D.N.Y. 1998) ("Confidential business information," such as financial information, operating information, and information about a business' strategies and decision-making, "dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit."). Under the *Lugosch* balancing test, the parties' countervailing interest in protecting sensitive business, financial, and negotiation information outweighs the presumption of access to these discovery-related filings.

Fanatics therefore respectfully requests that the Court permit Exhibits K, L, N through Q, T, and U to remain under seal and allow the Letter Motion for Discovery Conference and Exhibits B, F, H, I, and R to remain redacted.

Respectfully submitted,

*/s/ Michael B. Carlinsky*
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1264

*Counsel for Fanatics*

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: September 11, 2026**

The motion to seal is **GRANTED**. Fanatics has adequately explained why sealing is necessary to protect commercially sensitive information.

The Clerk of Court is respectfully directed to close the motion at ECF No. 427.