LATHAM & WATKINS LLP quinn emanuel trial lawyers | new york

September 15, 2026

**VIA ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Fanatics' Response to Panini's Letter Motion to Seal (ECF No. 490)

Dear Judge Figueredo:

We write on behalf of Fanatics in the above-referenced matter to request permanent sealing of limited excerpts of Panini's Motion for Reconsideration of the Court's Order Regarding OneTeam Discovery (ECF No. 491, the "Motion for Reconsideration") that quote from or purport to summarize documents the Court previously sealed at ECF No. 359-7, 359-8, 359-9, and 359-12. *See* ECF No. 387. These documents were produced by Fanatics and designated "Highly Confidential" or "Outside Counsel Eyes Only" pursuant to the Confidentiality Stipulation and Protective Order (ECF No. 160, "Protective Order").[1] Fanatics respectfully submits that its continued privacy interests in these commercially and competitively sensitive documents outweigh the presumption of open access to documents filed on the docket.

Fanatics respectfully requests that this Court maintain under seal competitively sensitive business information that would harm Fanatics' competitive standing if disclosed. *See New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (granting motion to seal "business information that might harm a litigant's competitive standing in the market"). The information contained in the excerpted portions of the Motion for Reconsideration concerns Fanatics' confidential licensing negotiations and proprietary financial data and strategy. Courts in this district routinely find good cause to seal this sort of "confidential commercial information" that contains "non-public strategies and financial information … particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors" *Id.*; *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2–3 (S.D.N.Y. Mar. 25, 2022) (granting motion to seal where disclosure of "confidential details (such as price lists, purchase quantities, and marketing strategies)" would subject the parties "to a competitive disadvantage, because both competitors and potential

[1] The Protective Order allows documents to be designated "Highly Confidential" to "protect the interests of the producing party in information for which unauthorized disclosure would result in competitive, commercial, or financial harm" or "Outside Counsel Eyes Only" if the "document or information references or reflects the non-public terms (proposed or final) of that party's license agreements." ECF No. 160 ¶¶ 2–4.

suppliers could utilize this information to better compete with [the company] in the market or to better negotiate with [the company] as a supplier"); *In re Google Digital Advertising Antitrust Litig.*, 2026 WL 959978, at *2 (S.D.N.Y. Apr. 8, 2026) ("A showing that the information sought to be sealed is proprietary business information treated as confidential, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents.").[2]

As set forth in the chart below, Fanatics respectfully submits that excerpts of Panini's Motion for Reconsideration warrant sealing:[3]

| ECF No. | Description | Reason for Sealing |
|---|---|---|
| 491 at 2 | Quote from ECF No. 359-7 | Reflects Fanatics' confidential communications regarding license negotiations with the NBPA, including the timing, personnel, and status of those negotiations. Public disclosure of this information would reveal Fanatics' confidential business strategies. |
| 491 at 2 | Description of ECF No. 359-12 | Reflects the timing and personnel involved in confidential license negotiations and references confidential and proprietary financial modeling used in Fanatics' license negotiations with the NBPA. Public disclosure of this information would reveal Fanatics' confidential business strategies. |
| 491 at 2 | Quote from ECF No. 359-9 | Reflects the personnel involved in and the status of confidential communications regarding license negotiations between Fanatics and the NBPA. Public disclosure of this information would reveal Fanatics' confidential business strategies. |
| 491 at 2 | Description of ECF No. 359-8 | Reflects the personnel involved in, status of, and specific analyses conducted in connection with Fanatics' license negotiations with the NBPA. Public disclosure of this information |

[2] This Court has previously granted Fanatics' sealing requests, finding that Fanatics made "an appropriate showing under *Lugosch*" to seal "competitively sensitive commercial information" such as descriptions of "Fanatics' business and contractual relationship with NFLPI, license negotiations between NFLPI and other licensors, and internal discussions with Fanatics' personnel regarding the same." ECF No. 424. The documents at issue here involve the same type of competitively sensitive license negotiation information.

[3] The proposed redactions to ECF No. 491 are designated with yellow highlighting and attached as Exhibit A. Fanatics' proposed redactions are more limited than those provisionally sealed by Panini and narrowly tailored to protect Fanatics' confidential and competitively sensitive information.

| ECF No. | Description | Reason for Sealing |
|---|---|---|
| | | would reveal Fanatics' confidential business strategies. |

Accordingly, Fanatics respectfully submits that there is good cause to permanently seal the limited excerpts of the Motion for Reconsideration detailed in the chart above.

Respectfully submitted,

*/s/ Michael B. Carlinsky*[4]
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1200

*Counsel for Fanatics*

cc: All Counsel of Record (via ECF)

**MEMO ENDORSED**

**HON. VALERIE FIGUEREDO**
**UNITED STATES MAGISTRATE JUDGE**

**Dated: September 16, 2026**

The motion to seal is **GRANTED**. Fanatics has adequately explained why sealing is necessary to protect commercially sensitive information.

The Clerk of Court is respectfully directed to close the motion at ECF No. 543.

[4] Fanatics uses electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.