LATHAM & WATKINS LLP quinn emanuel trial lawyers | new york

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge, S.D.N.Y.

September 23, 2026

Re: *Panini Am., Inc. v. Fanatics, Inc. et al.*, No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023)

Dear Judge Figueredo:

We write on behalf of Fanatics in the above-referenced matters to request permission to file under seal unredacted versions of Fanatics' forthcoming Letter Regarding Reciprocal Discovery ("Fanatics' Letter" or "Letter") and Exhibits A through T thereto. Exhibits A through T are documents concerning Panini's and third parties' sensitive business information designated by Panini or third-parties as Confidential, Highly Confidential, or Outside Counsel Eyes Only pursuant to the Confidentiality Stipulation and Protective Order in this matter (ECF 160, "Protective Order"). Limited portions of Fanatics' Letter quote from or characterize the above-referenced exhibits. Fanatics therefore submits that good cause exists for filing Exhibits A through T under seal, and for filing the Letter with limited redactions.

The Protective Order provides:

> To the extent a party wishes to file with the Court documents or information designated as Designated Materials by an opposing party, that party shall file the Designated Materials electronically under seal in accordance with Rule I.g.2 of the Hon. Valerie Figueredo's Individual Practices In Civil Cases. The filing party shall simultaneously serve counsel for the opposing party via email with the materials filed under seal. Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter. The letter shall attach the documents with any proposed redactions. At the same time as the filing, the party seeking permission to seal shall email a copy of the letter to Judge Figueredo's chambers, with the proposed redactions highlighted in yellow.

ECF No. 160 ¶ 17.

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed[.]" *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006). Protecting sensitive business information—such as confidential business relationships, negotiations, and financial information—falls within the "[e]stablished factors and values that can outweigh the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *3 (S.D.N.Y. Sept. 10, 2021); *see also Galvan v. Rolling Lawns, Inc.*, 2025 WL 618558, at *3 (S.D.N.Y. Feb. 26, 2025) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial

information"); *In re Novartis & Par Antitrust Litig.*, 2020 U.S. Dist. LEXIS 200820, at *6–7 (S.D.N.Y. Oct. 28, 2020) (granting motion to seal where a party agreed not to disclose the existence or content of agreements with third parties without those third parties' consent).

Courts in this District also routinely seal "business information that might harm a litigant's competitive standing in the market." *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014); *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (granting motion to seal because disclosure would "subject [Defendant] to a competitive disadvantage" and finding that "courts will commonly grant a company's request for sealing of proprietary business information, such as internal analyses, business strategies, or customer negotiations when disclosure of that information could provide competitors with an unearned advantage.") (internal citations omitted); *In re Google Digital Advertising Antitrust Litig.*, 2026 WL 959978, at *2 (S.D.N.Y. April 8, 2026) (granting motion to seal because Google "treats the data for which it seeks sealing as strictly confidential and non-public and takes significant precautions to protect the data, which has significant economic value").

This Court has granted Fanatics' prior sealing requests, finding that Fanatics made "an appropriate showing under *Lugosch*" to seal "competitively sensitive commercial information" such as descriptions of "Fanatics' business and contractual relationship with NFLPI, license negotiations between NFLPI and other licensors, and internal discussions with Fanatics' personnel regarding the same." ECF No. 424. In other matters, courts in this Circuit have likewise granted motions to seal or redact materials concerning a business's operational and organizational structure, and information about current business practices that could cause competitive harm if disclosed. *See P&L Dev., LLC v. Gerber Prods. Co.*, 2022 WL 1441999, at *2 (E.D.N.Y. May 6, 2022), report and recommendation adopted sub nom. *P & L Dev., LLC v. Gerber Prods. Co.*, 2024 WL 1072394 (E.D.N.Y. Mar. 11, 2024) (collecting cases). Such information can also include competitive analyses and confidential merger discussions. *Id*.

As set forth in the chart below, each of the documents Fanatics requests to be sealed or redacted in connection with its Letter contains such sensitive business information, and warrants sealing:[1]

| Document | Description | Reason for Sealing |
|---|---|---|
| Exhibit A | Email thread produced by Panini | The email thread, in its entirety, was produced by Panini as Highly Confidential, and contains Panini's communications with GTS employees. |
| Exhibit B | Email thread produced by Panini | The email thread, in its entirety, was produced by Panini as Highly Confidential, and contains Panini's internal communications evaluating and sharing ideas for potential new products. |
| Exhibit C | Email thread produced by Panini | The email thread, in its entirety, was produced by Panini as Highly |

[1] The proposed redactions are designated with yellow highlighting.

| Document | Description | Reason for Sealing |
|---|---|---|
| | | Confidential, and contains Panini's internal communications regarding business updates from 2020. |
| Exhibit D | Email thread produced by Panini | The email thread, in its entirety, was produced by Panini as Highly Confidential, and contains Panini's internal communications about a meeting agenda and attaching a sales deck. |
| Exhibit E | Email thread produced by Panini | The email thread, in its entirety, was produced by Panini as Highly Confidential, and contains internal communications about Panini's 5 Year Business Plan Meetings and presentations. |
| Exhibit F | Email thread produced by Panini | The email thread, in its entirety, was produced by Panini as Highly Confidential, and contains internal communications about Panini's product pricing in Germany. |
| Exhibit G | Slide deck produced by Panini | The slide deck (titled "Segmentation"), in its entirety, was produced by Panini as Highly Confidential and discusses trends in the collectibles industry. |
| Exhibit H | Email thread produced by Panini | The email thread, in its entirety, was produced by Panini as Confidential, and contains internal communications about a market research report. |
| Exhibit I | Email thread produced by Panini | The email thread, in its entirety, was produced by Panini as Confidential, and contains communications about Panini's manufacturing relationship with GCP. |
| Exhibit J | Email thread produced by Panini | The email thread, in its entirety, was produced by Panini as Highly Confidential, and contains discussions about Panini's manufacturing strategy decisions. |
| Exhibit K | Email thread produced by Panini | The email thread, in its entirety, was produced by Panini as Highly Confidential, and contains internal discussions regarding Panini's hiring for a manufacturing role. |
| Exhibit L | Email thread produced by Panini | The email thread, in its entirety, was produced by Panini as Highly Confidential, and contains internal discussions regarding Panini's |

| Document | Description | Reason for Sealing |
|---|---|---|
| | | entertainment licensing targets and strategy. |
| Exhibit M | Email thread produced by Panini | The email thread, in its entirety, was produced by Panini as Confidential, and forwards a news bulletin regarding multiple entertainment licensing properties to Panini employees. |
| Exhibit N | Meeting notes produced by Panini | Notes from Panini's Digital Publishers' Meeting from March 2023, in their entirety, were produced by Panini as Outside Counsel Eyes Only and discuss publishing volumes and the status of Panini's licensing for multiple entertainment properties. |
| Exhibit O | Deal memo produced by Panini | The deal memo, in its entirety, was produced by Panini as Outside Counsel Eyes Only and contains the terms of Panini's licensing deal with Formula 1. |
| Exhibit P | Email thread produced by Panini | The email thread, in its entirety, was produced by Panini as Highly Confidential, and contains internal discussions regarding the 2025 Licensing Expo and Panini's relationships with licensors. |
| Exhibit Q | Email thread produced by Panini | The email thread, in its entirety, was produced by Panini as Highly Confidential, and contains internal discussions regarding Panini's DC Titles licensing pitch and strategy. |
| Exhibit R | Email thread produced by WWE | The email thread, in its entirety, was produced by WWE as Confidential - Attorneys' Eyes Only, and contains communications between WWE and Panini employees as well as internal WWE discussions regarding distribution of WWE collectibles in Germany. |
| Exhibit S | Email thread produced by LIV Golf | The email thread, in its entirety, was produced by LIV Golf as Confidential, and contains discussions between LIV Golf and Panini employees regarding LIV Golf tournament planning. |
| Exhibit T | Email thread produced by NBA | The email thread, in its entirety, was produced by NBA as Highly Confidential, and contains communications between NBA and Panini employees regarding |

| Document | Description | Reason for Sealing |
|---|---|---|
| | | royalties in connection with Panini's NBA license. |
| Fanatics' Letter | N/A | Fanatics' Letter references, characterizes, and quotes certain exhibits above, and the content proposed for redaction contains the sensitive business information disclosed therein. |

Pursuant to Rule I.g.2 of the Court's Individual Practices In Civil Cases, Fanatics will file sealed versions of its Letter, with the proposed redactions highlighted in yellow, and Exhibits A through T thereto, provide copies of the same via email, and file redacted versions on the docket.

Respectfully submitted,

*/s/ Michael B. Carlinsky*
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1264

*Counsel for Fanatics*

**MEMO ENDORSED**

**HON. VALERIE FIGUEREDO**
**UNITED STATES MAGISTRATE JUDGE**

**Dated: September 25, 2026**

Panini, WWE, LIV Golf, and NBA are directed to submit a letter establishing why sealing is appropriate under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 11 (2d Cir. 2006), by **Monday, October 26, 2026**. Fanatics is directed to serve WWE, LIV Golf, and NBA with a copy of this order.