BSF | BOIES SCHILLER FLEXNER

September 25, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023)—Response to Fanatics' Request for "Reciprocal" Discovery**

Dear Judge Figueredo:

We write on behalf of Plaintiff Panini America, Inc. ("Panini") in response to Fanatics' letter to the Court filed on September 23, 2026 (ECF No. 559). In that letter, Fanatics brazenly proposes expansive new custodial collections from six individuals as the price for Panini being able to use a small set of highly relevant documents that is already in Panini's possession and can be reproduced in this case with literally no burden at all. Such new discovery is not "reciprocal", not warranted, and not acceptable to Panini as a compromise.

To reiterate, the subpoenas subject to Fanatics' motion for a protective order do not seek custodial discovery. *See* ECF 481, at 2–3. They target documents that Fanatics did not itself collect and produce in the Texas action. Rather, it is Fanatics' position in the Texas case that text messages on its employees' personal phones cannot be obtained through ordinary custodial party discovery, and Fanatics has refused to produce such text messages there because they are allegedly outside of Fanatics' possession, custody, or control. That is why the text messages at issue were not in Fanatics' own production from the Texas action that was re-produced in this action. That is why subpoenas were required in the Texas action to obtain the text messages at issue before this court. And that is why there is no basis for Fanatics' claim that Panini is end-running custodial limitations by seeking the reproduction of a discrete set of existing third-party production materials from Texas that were never party custodial productions in the first place.

Fanatics' proposal also wrongly rests on a principle of custodial parity that Fanatics has steadfastly resisted throughout this case, and which the Court itself rejected. There are 23 Panini custodians and 17 Fanatics custodians in this case for custodial ESI. This disparity reflects Fanatics' repeated argument that "asymmetry" on the number of custodians from each party is normal, and that "[t]here is nothing weird or odd or much less improper about the fact that" one party might have "less individuals on their list of custodians" than the other. *See* ECF No. 242 (Nov. 7, 2025, Hr. Tr.) at 14:10–15; *see also* ECF No. 224 (Oct. 9, 2025, Hr. Tr.) at 166:21–23 ("And the fact of the matter is, organizations operate in different ways. And in certain organizations, you do need more custodians than others."). Yet, Fanatics now proposes that Panini must add six new custodial collections for reciprocity—even though the third-party texts at issue from the Texas action do not require any new custodial production by Fanatics and were not the result of a custodial production by Fanatics in the first place. This is absurd.

Finally, there is nothing reciprocal or proportionate about requiring Panini, as discovery is coming to a close, to undertake the obligation of collecting, reviewing, and producing ESI that has never been collected previously. Fanatics not only proposes imposing this burden for six new custodians, but four of those custodians do not even work for Panini America. And as Fanatics has vociferously argued, even adding far fewer new custodians would "of course" create a burden. ECF No. 242 (Nov. 7, 2025 Tr.) at 36:8–12 ("I think it is difficult to show, your Honor, that there is no additional burden in adding 12 custodians, of even adding five custodians, of even adding two custodians. I don't think counsel for the other side can make that argument with a straight face. Of course it creates burden."). By contrast, reproduction in this case of materials already produced in the Texas action imposes no burden at all: it requires no new ESI collection and no new review—just new bates numbers on a small set of materials that Panini already has.

For all the reasons Panini has set forth previously, Fanatics' motion for protective order should be denied. Its new proposal for "reciprocal" discovery is egregiously lopsided, is unacceptable to Panini, and should likewise be rejected. If Fanatics thinks it can meet the burden of establishing good cause for new custodians at this late stage, it should make a motion. But it is both procedurally improper and substantively unjustified to allow Fanatics to hijack the current motion practice with a demand for expansive custodial collections that bear no reasonable relationship to targeted third-party subpoenas that do no more than permit Panini to use in this action a limited set of undisputedly relevant documents that both sides already have.

Respectfully submitted,

_/s/ Eric Brenner_
David Boies
Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
Meredith Schultz*
Pascual Oliu*
Ana Carolina Varela*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com
mschultz@bsfllp.com
poliu@bsfllp.com
avarela@bsfllp.com

James P. Denvir*
Richard A. Feinstein*
William Harvey
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com
wharvey@bsfllp.com

*Counsel for Panini America, Inc.*

**pro hac vice*

cc: All Counsel of Record (by ECF)