LATHAM & WATKINS LLP quinn emanuel trial lawyers | new york

September 24, 2026

**VIA ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Fanatics' Response to Panini's Letter Motion to Seal (ECF No. 505)

Dear Judge Figueredo:

We write on behalf of Fanatics in the above-referenced matter to request permanent sealing of limited excerpts of Panini's Request to Dedesignate Documents (ECF No. 506, the "Request"), Exhibits A and B to the Request (ECF Nos. 506-1 and 506-2), and limited excerpts of Fanatics' forthcoming Opposition to Panini's Request. Exhibits A and B were produced by Fanatics and designated "Highly Confidential" or "Outside Counsel Eyes Only" pursuant to the Confidentiality Stipulation and Protective Order (ECF No. 160, "Protective Order").[1] Fanatics respectfully submits that its continued privacy interests in these commercially and competitively sensitive documents outweigh the presumption of open access to documents filed on the docket.

Fanatics respectfully requests that this Court seal competitively sensitive business information that would harm Fanatics' competitive standing if disclosed. *See New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (granting motion to seal "business information that might harm a litigant's competitive standing in the market"). The information contained in excerpted portions of the Letter Motion to Dedesignate and in Exhibits A and B concern Fanatics' confidential licensing agreement terms and negotiations. Courts in this district routinely find good cause to seal this sort of "confidential commercial information" that contains "non-public strategies and financial information … particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors." *Id.*; *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2–3 (S.D.N.Y. Mar. 25, 2022) (granting motion to seal where disclosure of "confidential details (such as price lists, purchase quantities, and marketing strategies)" would subject the parties "to a competitive disadvantage, because both competitors and potential suppliers could utilize this information to better compete with [the company] in the market or to better negotiate with [the

[1] The Protective Order allows documents to be designated "Highly Confidential" to "protect the interests of the producing party in information for which unauthorized disclosure would result in competitive, commercial, or financial harm" or "Outside Counsel Eyes Only" if the "document or information references or reflects the non-public terms (proposed or final) of that party's license agreements." ECF No. 160 ¶¶ 2–4.

company] as a supplier”); *In re Novartis & Par Antitrust Litig.*, 2020 U.S. Dist. LEXIS 200820, at *6–7 (S.D.N.Y. Oct. 28, 2020) (granting motion to seal where documents contained confidential license and settlement agreements with third parties and disclosure could cause harm to the producing party’s business interests); *In re Google Digital Advertising Antitrust Litig.*, 2026 WL 959978, at *2 (S.D.N.Y. Apr. 8, 2026) (“A showing that the information sought to be sealed is proprietary business information treated as confidential, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public’s presumption of access to judicial documents.”).[2]

As set forth in the chart below, Fanatics respectfully submits that excerpts of Panini’s Request, excerpts of Fanatics’ forthcoming Opposition to Panini’s Request, and the entirety of Exhibits A and B, warrant sealing:[3]

| **ECF No.** | **Description** | **Reason for Sealing** |
|---|---|---|
| 506, at 3 (Request to Dedesignate) | Description of Exhibit B.<br><br>Specifically, the passages on page 3 between “…nothing more than the fact that” to “Ex. B” and then to “is, of course.” | Quotes from and purports to summarize Exhibit B (see below). Public disclosure of this information would reveal Fanatics’ competitively sensitive and confidential business strategies. |
| 506-1 (Exhibit A) | Fanatics internal email chain from December 2020 regarding license agreements. | Reflects the key terms of Topps’ license agreement with the MLBPA, which remained in effect after Fanatics acquired Topps. Public disclosure of this information would reveal Fanatics’ competitively sensitive and confidential business strategies. |
| 506-2 (Exhibit B) | Email chain from July 2021 constituting license negotiations with the NBPA. | Reflects the negotiation process between Fanatics and the NBPA, including the timing of Fanatics’ outreach, who was involved, and other considerations in the negotiation. Public disclosure of this information would reveal |

[2] This Court has granted Fanatics’ prior sealing requests to protect confidential business information in this action. *See* ECF No. 424 (finding Fanatics made “an appropriate showing under Lugosch” to seal “competitively sensitive commercial information”); ECF No. 517 (granting motion to seal exhibits containing confidential financial data, strategic analyses, and deal terms); ECF No. 527 (granting motion to seal exhibits containing confidential business information regarding the parties’ financial and organizational structure, business operations, and negotiations); ECF No. 544 (granting motion to seal excerpts revealing confidential licensing negotiations and proprietary financial data).

[3] The proposed redactions to ECF No. 506 are designated with yellow highlighting and attached as Exhibit A. Fanatics’ proposed redactions are more limited than those provisionally sealed by Panini and narrowly tailored to protect Fanatics’ confidential and competitively sensitive information.

| ECF No. | Description | Reason for Sealing |
|---|---|---|
| | | Fanatics' competitively sensitive and confidential business strategies. |
| Fanatics' forthcoming Opposition to Panini's Request | Descriptions of Exhibits A and B.<br><br>Specifically, the passages on page 2 between "…MLBPA, which" to "As Panini", and on page 3 between "… evaluation of potential deals" to "and it details"; "… Fanatics' senior leadership to" to "Similarly," and "…negotiation, including the" to "Accordingly." | Quotes from Exhibits A and B (see above). Public disclosure of this information would reveal Fanatics' competitively sensitive and confidential business strategies. |

Accordingly, Fanatics respectfully submits that there is good cause to permanently seal the limited excerpts of Panini's Request, limited excerpts of Fanatics' forthcoming Opposition to Panini's Request, and Exhibits A and B, as detailed in the chart above.

Respectfully submitted,

*/s/ Michael B. Carlinsky*[4]
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1200

*Counsel for Fanatics*

cc: All Counsel of Record (via ECF)

MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: September 28, 2026**

The motion to seal is **GRANTED**. Fanatics has adequately explained why sealing is necessary to protect commercially sensitive information. The Clerk of Court is respectfully directed to close the motion at ECF No. 565.