LATHAM & WATKINS LLP    quinn emanuel trial lawyers | new york

**Via ECF**    September 24, 2026

The Honorable Valerie Figueredo
United States District Court Magistrate Judge, S.D.N.Y.

Re: *Panini Am., Inc. v. Fanatics, Inc. et al.*, No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023)

Dear Judge Figueredo:

We write on behalf of Fanatics in response to the Court's August 27, 2026 Order (ECF No. 488) to request permanent sealing of the redacted portions of Panini's Letter Response in Opposition to Fanatics' Letter Motion for Discovery Conference (ECF No. 480) and Exhibits 1-5 thereto. Exhibits 1-5 are documents produced by Fanatics and designated "Confidential" pursuant to the Confidentiality Stipulation and Protective Order (ECF No. 160, "Protective Order").[1] Because the referenced documents contain confidential, sensitive business information regarding Fanatics' recruiting efforts, and employment terms, Fanatics respectfully submits that good cause exists for Panini's Letter Response to remain redacted, and for Exhibits 1-5 to remain under seal.

Under the standard established in *Lugosch v. Pyramid Co. of Onondaga*, to determine whether judicial documents should be placed under seal, courts must balance "the presumption of access attached to the documents in question" against any "countervailing concerns" that "weigh against full public access to the documents." *See Melwani v. Kiss Nail Prods., Inc.*, 2026 WL 2323215, at *2 (E.D.N.Y. Aug. 11, 2026) (citing *Lugosch*, 435 F.3d 110, 119-120 (2d Cir. 2006)). When balancing these concerns, courts consider factors including, "the degree to which the subject matter is traditionally considered private rather than public, the nature and degree of injury that may result from disclosure, and the reliability of such information." *Suffolk Reg'l Off Track Betting Corp. v. United States Small Bus. Admin.*, 2025 WL 1384157, at *3 (E.D.N.Y. May 13, 2025). "When these factors 'outweigh the value to the public of accessing the document at issue, then that document should be sealed.'" *Id.* (quoting *Forbes IP (HK) Ltd. v. Media Bus. Generators, S.A. de C.V.*, 2024 WL 1743109, at *8 (S.D.N.Y. Apr. 23, 2024)).

The presumption of access given to filings submitted in connection with discovery disputes, such as the documents at issue here, is "somewhat lower" than the presumption applied to materials introduced at trial or in connection with dispositive motions. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). Thus, the reasons for sealing such materials "need not be as compelling." *Id.* The Second Circuit applies the lower "good cause" standard when assessing whether to seal information. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000) (holding that courts have "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed").

[1] The Protective Order allows documents to be designated "Confidential" to "protect [a] party's interests in information that is proprietary, a trade secret or otherwise sensitive non-public information, including, but not limited to, non-public financial information, business plans, product-development information, or marketing plans[.]" (ECF No. 160 at ¶ 2).

Good cause to seal exists here. Protecting sensitive business information—such as confidential business relationships, negotiations, and financial information—falls within the "[e]stablished factors and values that can outweigh the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *3 (S.D.N.Y. Sept. 10, 2021); *see also In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) ("[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information."). Courts in this District also routinely seal "business information that might harm a litigant's competitive standing in the market." *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014); *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.,* 2022 WL 890184, at *2-3 (S.D.N.Y. Mar. 25, 2022) (granting motion to seal because disclosure would "subject [Defendant] to a competitive disadvantage" and finding that "courts will commonly grant a company's request for sealing of proprietary business information, such as internal analyses, business strategies, or customer negotiations when disclosure of that information could provide competitors with an unearned advantage.") (internal citations omitted).

As set forth in the chart below, each of the documents that Fanatics requests to be sealed or redacted in connection with Panini's Letter Response contains this sort of sensitive business information.

| **ECF No.** | **Description** | **Reason for Sealing** |
|---|---|---|
| 480-1<br>(Exhibit 1) | Text chain between Alex Carbajal, Joe Reyes, and Liz Galaviz discussing Fanatics' employee recruitment. | Fanatics designated this document as "Confidential" under the Protective Order. It reflects highly sensitive information about Fanatics' employee recruitment, including the scope and timing of such recruitment, and potential recruitment targets, disclosure of which could cause significant commercial harm to Fanatics by revealing its recruitment efforts to competitors, providing them with an unearned advantage. |
| 480-2<br>(Exhibit 2) | Text chain between Chris Barr and Elizabeth Galaviz discussing Fanatics' employee recruitment. | Fanatics designated this document as "Confidential" under the Protective Order. It reflects the same commercially sensitive information described in connection with Exhibit 1. As above, disclosure would cause significant commercial |

| | | |
|---|---|---|
| | | harm to Fanatics by revealing details about its recruitment efforts to competitors, providing them with an unearned advantage. |
| 480-3 (Exhibit 3) | Text chain between Alex Carbajal, Elizabeth Galaviz, Eric Van Voorhis and Joe Reyes discussing Fanatics' employee recruitment. | Fanatics designated this document as "Confidential" under the Protective Order. It reflects the same commercially sensitive information described in connection with Exhibits 1 and 2. In addition, the document contains specific details on Fanatics' negotiations with prospective employees and the proposed terms of their employment. Disclosure would cause significant commercial harm to Fanatics by revealing the details of its employment terms and recruitment efforts to competitors, providing them with an unearned advantage. |
| 480-4 (Exhibit 4) | Text chain between Nick Matijevich and Mike Mahan discussing Fanatics' employee recruitment. | Fanatics designated this document as "Confidential" under the Protective Order. As with the Exhibits above, it reflects highly sensitive information about Fanatics' recruitment, such as the scope and timing of such recruitment, and potential recruitment targets, disclosure of which would cause significant commercial harm to Fanatics by revealing its recruitment efforts to competitors, providing them with an unearned advantage. |
| 480-5 (Exhibit 5) | Text chain between Brian Bayne and Alex Carbajal discussing Fanatics' employee recruitment. | Fanatics designated this document as "Confidential" under the Protective Order. It reflects highly sensitive |

| | | |
|---|---|---|
| | | business information about Fanatics' recruitment efforts including the details of its negotiations with prospective employees and the proposed terms of their employment. Disclosure would cause significant harm to Fanatics by revealing its recruitment efforts and employment terms to competitors, providing them with an unearned advantage. |
| 480<br>(Panini's Letter Response) | Redacted language contains descriptions of and quotations from Exhibits 1-5 | The proposed redactions reflect verbatim language from Exhibits 1-5, which reveals Fanatics employee recruitment timeline, targets, negotiations, and details of specific employment terms discussed. Disclosure would cause significant harm to Fanatics by revealing its recruitment efforts and employment terms to competitors, providing them with an unearned advantage. |

Under the *Lugosch* balancing test, Fanatics' countervailing interest in protecting sensitive information regarding its recruitment efforts and employment terms outweighs the presumption of access to these discovery-related filings. Accordingly, Fanatics respectfully submits that there is good cause to permanently seal Exhibits 1-5 as well as the limited excerpts of Panini's Letter Response.

Respectfully submitted,

*/s/ Michael B. Carlinsky*
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1264

*Counsel for Fanatics*

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: September 28, 2026**

The motion to seal is **GRANTED**. Fanatics has adequately explained why sealing is necessary to protect commercially sensitive information. The Clerk of Court is respectfully directed to close the motions at ECF Nos. 479 and 563.