LATHAM & WATKINS LLP quinn emanuel trial lawyers | new york

September 28, 2026

**VIA ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Fanatics' Unopposed Response to Panini's Letter Motion to Seal (ECF No. 528)

Dear Judge Figueredo:

We write on behalf of Fanatics in the above-referenced matter to request permanent sealing of limited excerpts of Exhibit 5 (ECF No. 530-5, the "Exhibit") to the parties' Joint Letter Regarding the Status of Discovery (ECF No. 530, the "Joint Letter"). Exhibit 5 contains information from documents produced by Fanatics and designated "Outside Counsel Eyes Only"[1] pursuant to the Confidentiality Stipulation and Protective Order (ECF No. 160, "Protective Order").[2] Fanatics respectfully submits that its continued privacy interests in these commercially and competitively sensitive documents outweigh the presumption of open access to documents filed on the docket.[3] Panini does not oppose Fanatics' requested relief.

Fanatics respectfully requests that this Court seal competitively sensitive business information that would harm Fanatics' competitive standing if disclosed. *See New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (granting motion to seal "business information that might harm a litigant's competitive standing in the market"). The information contained in excerpted portions of Exhibit 5 concerns Fanatics' confidential business operations, including the terms of proprietary reseller programs and competitively sensitive commercial investments. Even Panini's summary of the document, contained in Exhibit 5, acknowledges that

---

[1] Exhibit 5 contains a snipped image from a document designated as "Outside Counsel Eyes Only." (FAN-PAN-SDNY00844177). The "Outside Counsel Eyes Only" designation appears in the underlying document on the page from which the snip was cut, but it does not appear in the image on Exhibit 5.

[2] The Protective Order allows documents to be designated "Outside Counsel Eyes Only" if the "document or information references or reflects the non-public terms (proposed or final) of that party's license agreements." ECF No. 160 ¶¶ 2–4.

[3] The proposed redactions to ECF No. 530-5 are designated with yellow highlighting and attached as Exhibit A. Fanatics' proposed redactions are narrowly tailored to protect Fanatics' confidential and competitively sensitive information.

it "identified numerous transaction documents." Exhibit at 4. Courts in this district routinely find good cause to seal this sort of "confidential commercial information" that contains "non-public strategies and financial information … particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors." *Id.*; *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2–3 (S.D.N.Y. Mar. 25, 2022) (granting motion to seal where disclosure of "confidential details (such as price lists, purchase quantities, and marketing strategies)" would subject the parties "to a competitive disadvantage, because both competitors and potential suppliers could utilize this information to better compete with [the company] in the market or to better negotiate with [the company] as a supplier"); *In re Google Digital Advertising Antitrust Litig.*, 2026 WL 959978, at *2 (S.D.N.Y. Apr. 8, 2026) ("A showing that the information sought to be sealed is proprietary business information treated as confidential, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents.").[4]

As set forth in the chart below, Fanatics respectfully submits that the below excerpt of Exhibit 5 to the parties' Joint Letter warrants sealing:

| **ECF No.** | **Description** | **Reason for Sealing** |
|---|---|---|
| 530-5, at 4 | Description of and image from Fanatics' produced document with Outside Counsel Eyes Only confidentiality designation. | Reflects Fanatics' confidential business operations, including competitively sensitive commercial investments, equity agreements and incentive plans. Disclosure would reveal Fanatics' confidential deal structure, equity arrangements, and approach to strategic investments. |

Accordingly, Fanatics respectfully submits that there is good cause to permanently seal the limited excerpts of Exhibit 5 to the parties' Joint Letter.

[4] This Court has granted Fanatics' prior sealing requests to protect confidential business information in this action. *See* ECF No. 424 (finding Fanatics made "an appropriate showing under Lugosch" to seal "competitively sensitive commercial information"); ECF No. 517 (granting motion to seal exhibits containing confidential financial data, strategic analyses, and deal terms); ECF No. 527 (granting motion to seal exhibits containing confidential business information regarding the parties' financial and organizational structure, business operations, and negotiations); ECF No. 544 (granting motion to seal excerpts revealing confidential licensing negotiations and proprietary financial data).

Respectfully submitted,

*/s/ Michael B. Carlinsky*[5]
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1200

*Counsel for Fanatics*

cc: All Counsel of Record (via ECF)

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: September 29, 2026**

The motion to seal is **GRANTED**. Fanatics has adequately explained why sealing is necessary to protect commercially sensitive information. The Clerk of Court is respectfully directed to close the motions at ECF Nos. 528 and 578.

[5] Fanatics uses electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.