LATHAM&WATKINS LLP quinn emanuel trial lawyers | new york

**Via ECF** October 5, 2026

The Honorable Valerie Figueredo
United States District Court Magistrate Judge, S.D.N.Y.

Re: *Panini Am., Inc. v. Fanatics, Inc. et al.*, No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023)

Dear Judge Figueredo:

Fanatics writes to raise a critical discovery issue for which Fanatics seeks a Court ruling: Panini's refusal to provide proof that it issued written litigation holds to custodians of Panini America and Panini S.p.A. Fanatics has pressed this issue in writing for weeks, to no avail,[1] and therefore the Court's intervention is required. *See* Ex. 1. While we understand the Court has a full docket, it is important that this issue be resolved prior to the upcoming depositions of key Panini S.p.A. executives, including Francesca Baroni, Anna Baroni, and Ivam Faria.

## I. The Court Should Compel *In Camera* Review Of Panini's Litigation Holds

Panini's productions have been pervasively deficient, as Fanatics detailed in its September 11, 2026 letter. ECF 536 at 1-4. Panini has produced *zero* text messages from the bulk of Panini S.p.A.'s leadership—including former CEO Aldo Sallustro, current CEO Ivam Faria, Group Licensing Director Elisabetta Mussini, Board Chair Anna Baroni, and Director Francesca Baroni—and none from Panini America custodians Chris Ogbonnaya and Jonathan Cramer. *Id.* Its mobile productions for Panini America's CEO, Mark Warsop, are riddled with gaps: Panini has conceded that several responsive text message threads dated *after Panini filed this lawsuit* (August 3, 2023) are missing from Warsop's phone, and Fanatics has since identified more than 20 responsive Warsop text message threads from April 1, 2023[2] through August 2, 2023 that never surfaced in Warsop's custodial files. *Id.*; Ex. 1 at 2.

Against that backdrop, Fanatics asked Panini to produce a copy of its written litigation hold notices for the two SDNY actions. Ex. 1 at 6. None appears as an entry on Panini's privilege logs or in its productions, and the numerous deficiencies that have already come to light in this case cast serious doubt on whether litigation holds were sent out or to whom—especially Panini S.p.A. custodians.[3] To moot any privilege concern, however, Fanatics offered to accept *redacted* copies showing only the header and date of each notice sent. Ex. 1 at 3. Panini refused outright. *Id.* (Sept. 24 email). To this day, Panini will say only that "counsel" drafted the holds and that "holds were issued"—not when, not to whom, and not by which Panini entity. *Id.*

That refusal cannot stand. A party's duty to implement a litigation hold attaches once it reasonably anticipates litigation—and Panini, as the plaintiff, anticipated this one before anyone. *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). The bare fact and date of a hold are not privileged; Panini's own authority distinguishes "between the fact that a hold was issued and the content of that hold." Ex. 1 at 3 (citing *United Illuminating Co. v. Whiting-Turner*

---

[1] Panini's latest refusal was coupled with a demand for identification of Fanatics' litigation holds in its privilege log or productions. *See* Ex. 1 at 1. Fanatics is prepared to identify the entries on its privilege log that reflect litigation holds. Panini's log, by contrast, contains no evidence of litigation holds, and Panini has otherwise refused to supply such evidence.

[2] In April 2023, Panini filed related litigation against Fanatics in Texas state court.

[3] These litigation holds may not even be privileged: Panini's HR Director, Terry Luna, testified that [redacted]. Ex. 2 (Terry Luna Tr.) at 34:23-35:15.

*Contracting Co.*, 2020 WL 8611045, at *3 (D. Conn. Oct. 30, 2020)). And the very case Panini invokes confirms that a preliminary showing of spoliation lies where "no preservation notice was sent to individuals in possession of relevant documents or that documents were destroyed." *Brandes v. Steven Madden, Ltd.*, 2026 WL 799692, at *3–4 (E.D.N.Y. Mar. 23, 2026). This preliminary showing is easily satisfied here, given (i) the complete absence of mobile data from at least five Panini S.p.A. executives; (ii) demonstrable gaps in Panini America CEO Mark Warsop's mobile productions; and (iii) the absence of any proof of litigation holds on Panini's privilege logs.

*In camera* review is the least intrusive means of confirming whether Panini honored its preservation obligations, without exposing any potentially privileged content to Fanatics. The Court should order Panini to submit for *in camera* review, within seven days, all litigation hold notices issued to Panini America and Panini S.p.A. custodians in connection with the Panini–Fanatics litigations, with documents sufficient to show their dates, subject lines, and recipients.

## II. Conclusion

For the foregoing reasons, Fanatics respectfully requests that the Court order Panini to submit its litigation holds for *in camera* review.

Respectfully submitted,

*/s/ Michael B. Carlinsky*
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1264

*Counsel for Fanatics*