**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

PANINI AMERICA, INC.,

Plaintiff,

-against-

FANATICS, INC. et al,

Defendants.

---------------------------------------------------------------X

FANATICS COLLECTIBLES TOPCO, INC.,

Plaintiff,

-against-

PANINI S.P.A.,

Defendant.

---------------------------------------------------------------X

**23-cv-9714 (LTS) (VF)**

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On August 17, 2026, Fanatics submitted a letter motion seeking a protective order against nine subpoenas issued by Panini to Fanatics employees. ECF No. 454. Panini opposed the request on August 25, 2026, arguing that the subpoenas do not seek custodial productions because the documents have already been collected and are in Panini's possession (as part of the Texas action). ECF No. 480. The subpoenas are therefore necessary because consent to use of the documents by Panini in this litigation has been withheld. The Court held a conference on September 16, 2026, where this issue was addressed. At the conference, the Court directed Fanatics to submit a proposal regarding reciprocal discovery that Fanatics would seek if its motion for a protective order is denied. Fanatics submitted its proposal on September 23, 2026, asking that Panini collect documents

from six custodians for limited subject matters and time periods. ECF No. 558. Panini opposed the request. ECF No. 571.

Fanatics reciprocal discovery proposal is not proportional to the discovery sought by Panini. The documents Panini seeks have already been collected in the Texas litigation and are in Panini's possession. They therefore would not require Fanatics to incur the time and expense of a custodial collection at this late stage of discovery. However, party document discovery closed on June 5, 2026, and the at-issue subpoenas were served after that date. The parties devoted substantial time to negotiating the scope of party discovery and the custodian limitations. It may have been more prudent for Panini to have requested that these nine Fanatics employees be named as custodians or for the subpoenas to have been served before the close of party discovery. That being said, Panini may serve the subpoenas on the nine Fanatics employees now. But to remedy any prejudice to Fanatics (and address the lack of text and WhatApp messages from Mr. Sallustro), Panini is hereby directed to collect and search the mobile data of Sabrina Freddi from August 1, 2023, to April 15, 2025, using the same agreed-upon search terms used for Mr. Sallustro.

The Clerk of Court is hereby directed to terminate the gavel at ECF No. 454

**SO ORDERED.**

DATED: New York, New York
October 7, 2026

VALERIE FIGUEREDO
United States Magistrate Judge