LATHAM & WATKINS LLP quinn emanuel trial lawyers | new york

**<u>Via ECF</u>**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge, S.D.N.Y.

October 1, 2026

Re: *Panini Am., Inc. v. Fanatics, Inc. et al.*, No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023)

Dear Judge Figueredo:

We write on behalf of Fanatics in the above-referenced matters to request permission to file under seal unredacted versions of Fanatics' forthcoming Supplemental Reply ("Supplemental Reply") and Exhibits 1 through 13 thereto. Exhibits 1 through 12 are documents concerning Panini's and third parties' sensitive business information designated by Panini or third-parties as Confidential, Highly Confidential, or Outside Counsel Eyes Only pursuant to the Confidentiality Stipulation and Protective Order in this matter (ECF 160, "Protective Order"). Limited portions of Fanatics' Reply, and of Exhibit 13, quote from or characterize the above-referenced exhibits and documents already filed under seal on the ECF system. Fanatics therefore submits that good cause exists for filing Exhibits 1 through 12 under seal, and for filing the Reply and Exhibit 13 with limited redactions.

The Protective Order provides:

> To the extent a party wishes to file with the Court documents or information designated as Designated Materials by an opposing party, that party shall file the Designated Materials electronically under seal in accordance with Rule I.g.2 of the Hon. Valerie Figueredo's Individual Practices In Civil Cases. The filing party shall simultaneously serve counsel for the opposing party via email with the materials filed under seal. Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter. The letter shall attach the documents with any proposed redactions. At the same time as the filing, the party seeking permission to seal shall email a copy of the letter to Judge Figueredo's chambers, with the proposed redactions highlighted in yellow.

ECF No. 160 ¶ 17.

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed[.]" *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006). Protecting sensitive business information—such as confidential business relationships, negotiations, and financial information—falls within the "[e]stablished factors and values that can outweigh the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *3 (S.D.N.Y. Sept. 10, 2021); *see also Galvan v. Rolling Lawns, Inc.*, 2025 WL 618558, at *3 (S.D.N.Y. Feb. 26, 2025) ("Courts in this District routinely permit parties to seal or redact

commercially sensitive information to protect confidential business interests and financial information."); *In re Novartis & Par Antitrust Litig.*, 2020 U.S. Dist. LEXIS 200820, at *6–7 (S.D.N.Y. Oct. 28, 2020) (granting motion to seal where a party agreed not to disclose the existence or content of agreements with third parties without those third parties' consent).

Courts in this District also routinely seal "business information that might harm a litigant's competitive standing in the market." *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014); *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (granting motion to seal because disclosure would "subject [Defendant] to a competitive disadvantage" and finding that "courts will commonly grant a company's request for sealing of proprietary business information, such as internal analyses, business strategies, or customer negotiations when disclosure of that information could provide competitors with an unearned advantage.") (internal citations omitted); *In re Google Digital Advertising Antitrust Litig.*, 2026 WL 959978, at *2 (S.D.N.Y. April 8, 2026) (granting motion to seal because Google "treats the data for which it seeks sealing as strictly confidential and non-public and takes significant precautions to protect the data, which has significant economic value").

This Court has granted Fanatics' prior sealing requests, finding that Fanatics made "an appropriate showing under *Lugosch*" to seal "competitively sensitive commercial information" such as descriptions of "Fanatics' business and contractual relationship with NFLPI, license negotiations between NFLPI and other licensors, and internal discussions with Fanatics' personnel regarding the same." ECF No. 424. In other matters, courts in this Circuit have likewise granted motions to seal or redact materials concerning a business's operational and organizational structure, and information about current business practices that could cause competitive harm if disclosed. *See P&L Dev., LLC v. Gerber Prods. Co.*, 2022 WL 1441999, at *2 (E.D.N.Y. May 6, 2022), report and recommendation adopted sub nom. *P & L Dev., LLC v. Gerber Prods. Co.*, 2024 WL 1072394 (E.D.N.Y. Mar. 11, 2024) (collecting cases). Such information can also include competitive analyses and confidential merger discussions. *Id*.

As set forth in the chart below, each of the documents Fanatics requests to be sealed or redacted in connection with its Reply contains such sensitive business information, and warrants sealing:[1]

| **Document** | **Description** | **Reason for Sealing** |
|---|---|---|
| Exhibit 1 | M&A Outreach Form produced by Citi and reproduced to Fanatics by Panini | The M&A Outreach Form, in its entirety, was produced as Outside Counsel Eyes Only, and contains information about Panini's business structure and solicits financial information from potential buyers. |
| Exhibit 2 | Slide deck produced by Citi and reproduced to Fanatics by Panini | The slide deck, in its entirety, was produced as Outside Counsel Eyes Only, and contains briefing materials about Panini's business prepared by Citi. |

[1] The proposed redactions are designated with yellow highlighting.

| Document | Description | Reason for Sealing |
|---|---|---|
| Exhibit 3 | Email thread produced by Citi and reproduced to Fanatics by Panini | The email thread, in its entirety, was produced as Outside Counsel Eyes Only, and contains Citi's internal communications about coordinating a meeting with Panini leadership. |
| Exhibit 4 | Email thread produced by Citi and reproduced to Fanatics by Panini | The email thread, in its entirety, was produced as Outside Counsel Eyes Only, and contains internal Citi communications about a market research report. |
| Exhibit 5 | Email thread produced by Panini | The email thread, in its entirety, was produced as Highly Confidential, and contains Panini's internal communications regarding questions from a licensor. |
| Exhibit 6 | Engagement letter produced by Citi and reproduced to Fanatics by Panini | The engagement letter, in its entirety, was produced as Outside Counsel Eyes Only, and contains the terms of the engagement with respect to a transaction with Panini. |
| Exhibit 7 | Engagement letter produced by Citi and reproduced to Fanatics by Panini | The engagement letter, in its entirety, was produced as Outside Counsel Eyes Only, and contains the terms of the engagement with respect to a transaction with Panini along with markup comments and edits. |
| Exhibit 8 | Email thread produced by Citi and reproduced to Fanatics by Panini | The email thread, in its entirety, was produced as Outside Counsel Eyes Only and discusses potential buyers for Panini's business. |
| Exhibit 9 | Email thread produced by Citi and reproduced to Fanatics by Panini | The email thread, in its entirety, was produced as Outside Counsel Eyes Only, and contains internal Citi communications about a market research report. |
| Exhibit 10 | Slide deck produced by Citi and reproduced to Fanatics by Panini | The slide deck, in its entirety, was produced as Outside Counsel Eyes Only, and contains materials about Panini's business prepared by Citi. |
| Exhibit 11 | Slide deck produced by Citi and reproduced to Fanatics by Panini | The slide deck, in its entirety, was produced as Outside Counsel Eyes Only, and contains a Buyer Script for outreach in connection with the sale of Panini. |
| Exhibit 12 | Slide deck produced by Citi and reproduced to Fanatics by Panini | The slide deck, in its entirety, was produced as Outside Counsel Eyes Only, and contains materials about Panini's business prepared by Citi. |

| Document | Description | Reason for Sealing |
| --- | --- | --- |
| Exhibit 13 | Supplemental Declaration of Riccardo Bordi | The Supplemental Declaration of Riccardo Bordi references, characterizes, and quotes certain exhibits above, as well as documents already filed under seal, and the content proposed for redaction contains the sensitive business information disclosed therein. |
| Fanatics' Reply | N/A | Fanatics' Reply references, characterizes, and quotes certain exhibits above, as well as documents already filed under seal, and the content proposed for redaction contains the sensitive business information disclosed therein. |

Pursuant to Rule I.g.2 of the Court's Individual Practices In Civil Cases, Fanatics will file sealed versions of its Supplemental Reply, with the proposed redactions highlighted in yellow, and Exhibits 1 through 13 thereto, provide copies of the same via email, and file redacted versions on the docket.

Respectfully submitted,


*/s/ Michael B. Carlinsky*
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1264

*Counsel for Fanatics*


**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: October 7, 2026**

Panini and Citi are directed to submit a letter establishing why sealing is appropriate under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 11 (2d Cir. 2006), by **Friday, November 6, 2026**. Fanatics is directed to serve Citi with a copy of this order.