LATHAM & WATKINS LLP quinn emanuel trial lawyers | new york

**Via ECF** October 14, 2026

The Honorable Valerie Figueredo
United States District Court Magistrate Judge, S.D.N.Y.

Re: *Panini Am., Inc. v. Fanatics, Inc. et al.*, No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023)

Dear Judge Figueredo:

We write on behalf of Fanatics to request permission to file under seal unredacted versions of Fanatics' forthcoming letter in support of its Motion for Discovery Conference ("Letter") and Exhibits A, B, and C thereto. Because Fanatics' Letter and Exhibits A and C thereto reference Fanatics' sensitive business information, Fanatics respectfully submits that good cause exists to permanently seal the redacted portions of the Letter and Exhibit A, and permanently seal Exhibit C in its entirety. Exhibit B is a document produced by Citigroup in this action and designated "Outside Counsel Eyes Only" pursuant to the Confidentiality Stipulation and Protective Order (ECF No. 160, "Protective Order"). Fanatics therefore submits that good cause exists for filing Exhibit B under temporary seal. However, under the procedure set out in the Protective Order, it is Panini's and/or Citigroup's burden to establish that Exhibit B should remain under permanent seal.[1]

Under the standard established in *Lugosch v. Pyramid Co. of Onondaga*, to determine whether judicial documents should be placed under seal, courts must balance "the presumption of access attached to the documents in question" against any "countervailing concerns" that "weigh against full public access to the documents." *See Melwani v. Kiss Nail Prods., Inc.*, 2026 WL 2323215, at *2 (E.D.N.Y. Aug. 11, 2026) (citing *Lugosch*, 435 F.3d 110, 119-120 (2d Cir. 2006)). When balancing these concerns, courts consider factors including, "the degree to which the subject matter is traditionally considered private rather than public, the nature and degree of injury that may result from disclosure, and the reliability of such information." *Suffolk Reg'l Off Track Betting Corp. v. United States Small Bus. Admin.*, 2025 WL 1384157, at *3 (E.D.N.Y. May 13, 2025). "When these factors 'outweigh the value to the public of accessing the document at issue, then that document should be sealed.'" *Id.* (quoting *Forbes IP (HK) Ltd. v. Media Bus. Generators, S.A. de C.V.*, 2024 WL 1743109, at *8 (S.D.N.Y. Apr. 23, 2024)).

The presumption of access given to filings submitted in connection with discovery disputes, such as the documents at issue here, is "somewhat lower" than the presumption applied to materials introduced at trial or in connection with dispositive motions. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). Thus, the reasons for sealing such materials "need not be as

---

[1] The Protective Order provides: "To the extent a party wishes to file with the Court documents or information designated as Designated Materials by an opposing party, that party shall file the Designated Materials electronically under seal in accordance with Rule I.g.2 of the Hon. Valerie Figueredo's Individual Practices In Civil Cases. The filing party shall simultaneously serve counsel for the opposing party via email with the materials filed under seal. Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter. The letter shall attach the documents with any proposed redactions. At the same time as the filing, the party seeking permission to seal shall email a copy of the letter to Judge Figueredo's chambers, with the proposed redactions highlighted in yellow."

compelling." *Id.* The Second Circuit applies the lower "good cause" standard when assessing whether to seal information. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000) (holding that courts have "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed").

Good cause to seal exists here. Protecting sensitive business information—such as confidential business relationships, negotiations, and financial information—falls within the "[e]stablished factors and values that can outweigh the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *3 (S.D.N.Y. Sept. 10, 2021); *see also In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) ("[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information."). Courts in this District also routinely seal "business information that might harm a litigant's competitive standing in the market." *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014); *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.,* 2022 WL 890184, at *2-3 (S.D.N.Y. Mar. 25, 2022) (granting motion to seal because disclosure would "subject [Defendant] to a competitive disadvantage" and finding that "courts will commonly grant a company's request for sealing of proprietary business information, such as internal analyses, business strategies, or customer negotiations when disclosure of that information could provide competitors with an unearned advantage.") (internal citations omitted).

As set forth in the chart below, each of the documents that Fanatics requests to be permanently sealed or redacted in connection with its Letter contain this sort of sensitive business information.

| **Document** | **Description** | **Reason for Sealing** |
|---|---|---|
| Exhibit A | Email chain between Fanatics' and Panini's counsel regarding various discovery disputes. | The redacted portions of Exhibit A reference information regarding Fanatics' and Panini's business operations, agreements with third-parties, and sales discussions, disclosure of which could cause significant commercial harm to the parties' by revealing the details of their business operations, the identity and content of third-party negotiations and agreements, and the substance of sales discussions to competitors, providing them with an unearned advantage. |
| Exhibit C | Excerpts of Fanatics' Privilege Log | Fanatics designated this document as "Highly Confidential." It reflects |

| | | |
|---|---|---|
| | | commercially sensitive information on legal considerations and discussions related to Fanatics' negotiations with third-parties and Fanatics' internal business operations such as recruiting, compliance, and reporting. Disclosure could cause significant commercial harm to Fanatics by revealing this sensitive information to competitors providing them with an unearned advantage. |
| Fanatics' Letter | Redacted language contains descriptions of and quotations from sealed filings and Exhibits A, B, and C. | The proposed redactions reflect descriptions of and verbatim language from sealed filings and Exhibits A, B, and C, which reveal details of Fanatics' and Panini's business operations, negotiations with third parties, and sales discussions, disclosure of which could cause significant commercial harm to the parties by revealing this sensitive information to competitors, providing them with an unearned advantage. |

Under the *Lugosch* balancing test, Fanatics' countervailing interest in protecting sensitive information regarding its business operations and its negotiations and contracts with third parties outweighs the presumption of access to these discovery-related filings. Accordingly, Fanatics respectfully submits that there is good cause to permanently seal Exhibits C as well as the redacted portions of Exhibit A and the Letter. Fanatics further submits that good cause exists to file Exhibit B under temporary seal, pursuant to the Protective Order, but maintains that it is Panini's and/or Citigroup's burden to establish that Exhibit B should remain under permanent seal.

Respectfully submitted,

*/s/ Michael B. Carlinsky*
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1264

*Counsel for Fanatics*