BOIES SCHILLER FLEXNER

October 19, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Letter Motion for Permanent Sealing**

Dear Judge Figueredo:

We write on behalf of Panini America, Inc. ("Panini") in the above-referenced matter to request permission to file under seal Panini's response to Fanatics' Motion for Additional Deposition Time, ECF 620. Panini also requests permanent redactions and sealing of certain information filed by Fanatics in connection with its October 14, 2026 Motion for Additional Deposition Time, and filed by Panini in connection with its October 19, 2026 Response in Opposition for Additional Deposition Time. Specifically, Panini requests that the highly sensitive information regarding Panini S.p.A.'s ownership, corporate structure, and internal strategic business decisions referenced in the parties' letters, and the exhibits attached thereto, be permanently sealed in their entirety.

Fanatics provisionally filed references to Panini's highly sensitive information, which Panini also referenced in its response, under seal—or with limited redactions—on October 14, 2026. Pursuant to the protective order entered in this case, it is Panini's burden as the designating party to establish the basis for permanent sealing. ECF No. 160 ¶ 17 ("Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter.").

The highly sensitive information referenced in the parties' letters contains discussions of Panini S.p.A.'s corporate ownership and structure, competitive strategy, and confidential commercial transactions. In the Second Circuit, courts may exercise "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the "weight" of the "common law presumption of access" to judicial documents against "countervailing factors" including "the privacy interests of those resisting disclosure." *Flores v. City of New York*, No. 1:21-cv-05861, 2025 WL 2998058, at *2 (S.D.N.Y. Sept. 5, 2025) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). Documents may be sealed if the court finds it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "When weighing privacy interests, courts should . . . assess the nature and degree of injury, paying heed to the sensitivity of the information and the subject but also to

how the person seeking access intends to use the information." *Id.* at *3 (internal quotations omitted). "Business secrecy" is an established factor "that can outweigh the presumption of public access." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)) (permanently sealing exhibits "contain[ing] specific, non-public financial statements, sales information and customer lists . . . [that] could advantage [the] [m]ovants' competitors and harm their businesses"); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order . . . requiring . . . confidential . . . commercial information not be revealed.").

"Business secrecy" applies here to the highly sensitive information referenced in the parties' letters. That information contains Panini S.p.A.'s confidential commercial transactions, competitive strategy, and internal corporate structure. Such information reflects competitively sensitive business information that is not publicly known and would competitively harm Panini if disclosed. Accordingly, Panini respectfully submits that good cause exists to leave under seal the highly sensitive information in Fanatics' letter at ECF No. 620, in its attached exhibits at ECF Nos. 620-1 to -14, and in Panini's response letter.

Respectfully submitted,

*/s/ Stuart H. Singer*

Stuart H. Singer*
Sabria A. McElroy*
Meredith Schultz*
Pascual Oliu*
Ana Carolina Varela*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com
mschultz@bsfllp.com
poliu@bsfllp.com
avarela@bsfllp.com

David Boies
Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: October 21, 2026**

The motion to seal is **GRANTED**. Panini has adequately explained why sealing is necessary to protect commercially sensitive information. The Clerk of Court is respectfully directed to close the gavel at ECF No. 624.

James P. Denvir*
Richard A. Feinstein*
William Harvey
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com
wharvey@bsfllp.com

*Counsel for Panini America, Inc.*

**pro hac vice*

cc: All Counsel of Record (by ECF)