BOIES SCHILLER FLEXNER

October 20, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Letter Motion to Seal**

Dear Judge Figueredo:

We write on behalf of Panini America, Inc. ("Panini") in the above-referenced matter to request permission to file under seal an unredacted version of Panini's forthcoming Letter Motion for Protective Order. The Letter Motion for Protective Order contains commercially sensitive information related to the ongoing sales process of Panini S.p.A. that could be used by competitors to interfere with Panini S.p.A.'s future business plans or potential sales transaction. Panini submits that good cause exists for sealing.

In the Second Circuit, courts may exercise "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed . . . ." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the "common law presumption of access" to judicial documents against "countervailing factors" including "the privacy interests of those resisting disclosure." *Flores v. City of New York*, 2025 WL 2998058, at *2 (S.D.N.Y. Sept. 5, 2025) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). Documents may be sealed if the Court finds it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* When weighing privacy interests, courts should "assess the nature and degree of injury, paying heed to the sensitivity of the information and the subject but also to how the person seeking access intends to use the information." *Id.* at *3 (quotations omitted). "Business secrecy" is a well-established factor "that can outweigh the presumption of public access . . . ." *See, e.g.*, *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)) (sealing exhibits "contain[ing] specific, non-public financial statements, sales information and customer lists . . . [that] could advantage [the] [m]ovants' competitors and harm their businesses"); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order . . . requiring . . . confidential . . . commercial information not be revealed . . . .").

Information regarding an ongoing sales process falls squarely in the "business secrecy" exception to the presumption of public access. Public disclosure of this information could cause specific and serious competitive harm to Panini S.p.A.'s sales efforts. Further, the public's interest in access to this information is minimal. Indeed, Courts routinely permit shielding information

BSF

regarding a sales process. *See Briese Lichttechnik Vertriebs GmbH v. Langton*, 272 F.R.D. 369, 374 (S.D.N.Y. 2011) (redacting customer identities is "a permissible step in a case against a competitor" absent "a showing of need"); *In re Indep. Serv. Orgs. Antitrust Litig.*, 162 F.R.D. 355, 356–59 (D. Kan. 1995) (protecting supplier identities from competitor although access to supply was "a central issue," where all non-identifying information was produced, "even inadvertent disclosure" threatened harm, and the claimed need was "primarily supposition").

Pursuant to the Court's individual rules, Panini is filing proposed sealed documents electronically through the Court's ECF system. Panini is also filing redacted versions of the materials publicly on the docket.

Respectfully submitted,

*/s/ Sabria McElroy*

David Boies
Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
Meredith Schultz*
Pascual Oliu*
Ana Carolina Varela*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com
mschultz@bsfllp.com
poliu@bsfllp.com
avarela@bsfllp.com

James P. Denvir*
Richard A. Feinstein*
William Harvey
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: October 21, 2026**

Panini has adequately explained why sealing is appropriate to protect commercially sensitive information.

The Clerk of Court is respectfully directed to close the motion at ECF No. 634.

BSF

jdenvir@bsfllp.com
rfeinstein@bsfllp.com
wharvey@bsfllp.com

*Counsel for Panini America, Inc.*

**pro hac vice*

cc: All Counsel of Record (by ECF)