BSF | BOIES SCHILLER FLEXNER

October 21, 2026

**<u>Via ECF</u>**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Panini's Motion to Compel Further Forensic Examinations**

Dear Judge Figueredo:

Panini America, Inc. ("Panini") respectfully moves to compel Defendant ("Fanatics") to produce within seven days text messages missing from the production of six Fanatics custodians' ESI, explain why those messages were not previously produced, and describe the steps Fanatics has taken to determine whether the issue that resulted in the failure to produce these messages extends to other messages or custodians. If the messages were not preserved, Fanatics should be required to (i) submit the custodians' cell phones to an independent forensic examination within seven days and (ii) submit a declaration stating what steps were taken to preserve the unrecoverable messages. Panini requested substantially the same relief in its pending motion about Michael Rubin's text messages, which the Court should grant given information about the preservation of Mr. Rubin's text messages disclosed during his October 8, 2026 deposition. ECF 529 at 1.

Panini uncovered these additional gaps in text message productions only in the last week while preparing for depositions. Panini raised this issue with Fanatics' counsel on October 16 and October 19 and asked for a response by October 20.[1] Panini files this motion today (the deadline for document-related motions to compel) because the issue casts larger doubt on the completeness of Fanatics' document collections and productions. Panini will promptly advise the Court if the parties reach a satisfactory resolution.

## I. <u>Fanatics' CEO and Founder, Michael Rubin, Confirmed at His Deposition</u> [redacted]

Text message collection and production has been heavily litigated in this case. Last month, for example, Panini moved for forensic examination of Michael Rubin's phone due to large and unexplained gaps in his text message production. ECF 529 at 1. At that time, Fanatics had only produced 12 unique, post-Complaint text message chains from his custodial files, yet the files of other custodians contained 36 more message chains that included him but were inexplicably not in produced in Mr. Rubin's own files. *Id.* at 2. This signaled to Panini that Mr. Rubin had deleted

[1] On Oct. 19, 2026, Fanatics' counsel wrote "We are reviewing your October 16 and October 19 correspondence, and we aim to respond to both tomorrow." Exhibit 2 at 1. Panini has not heard back.

text message data that other custodians preserved. Although Fanatics attempted to deflect by pointing to the number of emails produced from Mr. Rubin's files and the number of text messages produced from other custodians' files, it never explained to Panini or the Court why these messages were missing. *Id.* at 3–5.

At his October 8 deposition, [redacted] Ex. 1 (Rubin Tr.) at 155:11–156:15. He testified that although [redacted] *Id.* at 176:25–177:13, 223:9–18. [redacted] *Id.* at 225:5–226:1.

Notably, Mr. Rubin also confirmed that [redacted] Yet Fanatics never previously disclosed any issues about a [redacted] to Panini or the Court, despite Panini repeatedly asking for an explanation about the missing text messages for *months* beginning in the spring of 2026. Instead, Fanatics told the Court in its September 11, 2026 response regarding Mr. Rubin's missing text messages that it "timely issued Mr. Rubin a litigation hold in August 2023." ECF 529 at 2. But Fanatics has never identified any privilege log entry showing that Mr. Rubin received a hold for this litigation in 2023: [redacted] ECF 616 at 2. Neither shows that Mr. Rubin received a hold regarding this litigation in 2023. The only identified entries tying Mr. Rubin to a hold in this action are [redacted]. *See* ECF 612-2 at 3, 5. Fanatics' lack of transparency with respect to this preservation issue, with both Panini and the Court, is highly troubling and further supports the relief requested in Panini's September 11, 2026 motion regarding Mr. Rubin's messages. *See Aquino by Convergent Distributors of Texas, LLC v. Alexander Cap., LP*, 708 F. Supp. 3d 495, 514 (S.D.N.Y. 2023) (imposing sanctions for "prolong[ing]" a spoliation dispute by failing to disclose the loss during discovery and filing a "misleading" joint letter); *In re September 11th Liability Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007) (failing to disclose under Rule 37 encompasses both spoliation and untimely production of documents and information).

## II. <u>Fanatics Failed to Produce Certain Text Messages from Additional Six Fanatics Custodians, Revealing Broader Gaps in Production Prejudicing Panini</u>

Panini has now discovered that the same issue it identified with Mr. Rubin's text messages extends to ***six additional custodians***—their productions omit various post-August 2023 message chains that Panini discovered in other custodians' files. The third column below details the total number of unique, post-Complaint missing message chains for each custodian.[2] Panini has identified each missing message by Bates number for Fanatic. Ex. 2 (Correspondence) at 2–6.

| Custodian | Title | Missing Post-Complaint Chains[2] |
|---|---|---|

[2] Each of these messages were produced in 24-hour increments per the ESI protocol. This is a unique message count that excludes duplicate chains.

| | | |
|---|---|---|
| Michael Mahan | CEO, Fanatics Collectibles | 54 |
| Brian Bayne | VP of Athlete Partnerships, Fanatics Collectibles | 54 |
| Omar Wilkes | Head of Athlete Partnerships, Fanatics Collectibles | 32 |
| David Leiner | President of Trading Cards, Fanatics Collectibles | 17 |
| Nick Matijevich | VP of Product Development, Fanatics Collectibles | 9 |
| Carlos Sousa | SVP of Manufacturing, Fanatics Collectibles | 6 |
| **Total** | | **172** |

Beyond Mr. Rubin's missing messages, these gaps confirm that Fanatics either failed to issue an appropriate litigation hold to these custodians or failed to enforce it for text messages. And these are not tangentially relevant witnesses—they possess key information relevant to Panini's claims, which Fanatics should have known from the inception of this case. Mr. Mahan oversees Fanatics Collectibles and is directly involved in its commercial strategy, including hiring, acquisitions, pricing, and licensing agreements. Mr. Leiner oversees pricing and works closely with distributors and hobbyists. Mr. Wilkes and Mr. Bayne run Fanatics' athlete relationships, with Mr. Wilkes being the primary custodian communicating with athlete representatives. Mr. Sousa runs manufacturing. Several of Panini's claims implicate what Fanatics told those representatives.

The 172 missing chains reveal undisclosed gaps in Fanatics' text message production that prejudice Panini now that fact discovery is nearly closed and nearly every fact deposition is complete. These preservation issues are a pattern, not an anomaly or isolated issue. The missing messages span multiple time periods and a wide range of participants, reflecting a systemic failure to preserve rather than a handful of stray deletions. And nothing suggests that these preservation issues are limited to text messages where another custodian was on the chain. If these six custodians failed to preserve their messages with other custodians, they almost certainly failed to preserve messages with non-custodians too. For example, Panini cannot obtain from other custodians deleted messages that these custodians exchanged with third parties—such as Mr. Wilkes' key communications with athlete representatives—or with Fanatics employees who are not custodians. Panini has likely been deprived of an entire category of relevant communications that were uniquely within the custodians' possession that it cannot obtain from any other source, especially in this late stage of discovery.

## III. <u>The Court Should Grant Panini's Requested Relief</u>

Given the non-isolated preservation at issue, Fanatics' lack of transparency about them, and the prejudice to Panini, the Court should order Fanatics to produce the missing messages at issue and explain why they were not previously produced. Despite Fanatics' [redacted], the facts of a preservation failure—what happened, when, and what was done about it—are not privileged. *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 434–37 (S.D.N.Y. 2004) (requiring disclosure of preservation efforts after discovering unproduced emails and examining the counsel efforts and circumstances of lost discoverable materials ). Only Fanatics knows why these messages are missing, and only the custodians' devices can show what else has been lost. Both Panini and the Court are entitled to this information.

Respectfully submitted,

*/s/ Stuart Singer*

David Boies
Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com

James P. Denvir*
Richard A. Feinstein*
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com

*Counsel for Panini America, Inc.*

**pro hac vice*

cc: All Counsel of Record (by ECF)