BOIES SCHILLER FLEXNER

October 23, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023)—Letter Motion for Permanent Sealing**

Dear Judge Figueredo:

We write on behalf of Panini America, Inc. ("Panini") in the above-referenced matter, pursuant to Your Honor's prior order (*see* ECF No. 569), to request permanent targeted redactions and/or sealing of information filed by Fanatics in connection with Fanatics' Letter Regarding Reciprocal Discovery, and Exhibits A through Q thereto, filed on September 23, 2026. *See* ECF No. 558. Fanatics does not object to Panini's request for permanent sealing of the material as set forth below.

These documents were provisionally filed under seal in their entirety, or with limited redactions, on September 23, 2026. Pursuant to the protective order entered in this case, it is the designating party's burden—in this instance, Panini—to establish the basis for permanent sealing. ECF No. 160 ¶ 17 ("Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter."). Accordingly, pursuant to the protective order, Panini moves herein only on the information for which it is a designating party, and notes that Fanatics may propose additional redactions for certain materials for which Panini is not the designating party.

Panini requests permanent sealing or redaction of the following materials:

| **Document** | **ECF No.** | **Panini's Requested Sealing** |
|---|---|---|
| Fanatics' Letter Regarding Reciprocal Discovery | 558 | Redaction of highlighted portions on page 1<br><br>Redaction of highlighted portion on page 2 under the Sabrina Freddi section<br><br>Redaction of highlighted portions on page 2 under the Antonio Allegra section |


401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

BSF

| | | |
|---|---|---|
| | | Redaction of highlighted portion on page 3 under the Simona Spiaggia section<br><br>Redaction of highlighted portions on page 3 under the Licia Dallolio section<br><br>Redaction of highlighted portion on page 3 under the Eric Reasoner section<br><br>Redaction of highlighted portion on page 3 under the Monica Bellei section |
| Ex. A | 558-1 | Document in its entirety |
| Ex. B | 558-2 | Document in its entirety |
| Ex. C | 558-3 | Document in its entirety |
| Ex. D | 558-4 | Document in its entirety |
| Ex. E | 558-5 | Document in its entirety |
| Ex. F | 558-6 | Document in its entirety |
| Ex. G | 558-7 | Document in its entirety |
| Ex. H | 558-8 | Document in its entirety |
| Ex. I | 558-9 | Document in its entirety |
| Ex. J | 558-10 | Document in its entirety |
| Ex. K | 558-11 | Document in its entirety |
| Ex. L | 558-12 | Document in its entirety |
| Ex. M | 558-13 | Document in its entirety |
| Ex. N | 558-14 | Document in its entirety |
| Ex. O | 558-15 | Document in its entirety |
| Ex. P | 558-16 | Document in its entirety |
| Ex. Q | 558-17 | Document in its entirety |

These documents contain, discuss, or reference Panini's non-public business information, such as specific agreement terms and commercially sensitive business dealings, that warrant sealing. In the Second Circuit, courts may exercise "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the "common law presumption of access" to judicial documents against "countervailing factors" including "the privacy interests of those resisting disclosure." *Flores v. City of New York*, 2025 WL 2998058, at *2 (S.D. N.Y. Sept. 5, 2025) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). Documents may be sealed if the court finds it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. When weighing privacy interests, courts should "assess the nature and degree of injury, paying heed to the sensitivity of the information and the subject but also to how the person seeking access intends to use the information." *Id*. at *3 (quotations omitted). "Business secrecy" is a well-established factor "that can outweigh the presumption of public access." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D. N.Y. Mar. 24, 2021)

BSF

(citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)) (permanently sealing exhibits "contain[ing] specific, non-public financial statements, sales information and customer lists . . . [that] could advantage [the] [m]ovants' competitors and harm their businesses"); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order . . . requiring . . . confidential . . . commercial information not be revealed.").

"Business secrecy" applies here to the highlighted portions of Fanatics' letter and exhibits A–Q attached to ECF No. 558. The documents contain non-public terms of Panini's agreements, Panini's future business plans, Panini's business structure, and Panini's commercial strategies. Such information reflects proprietary, competitively sensitive business information that is not publicly known and would competitively harm Panini if disclosed. Accordingly, Panini respectfully submits that good cause exists to permanently redact portions of Fanatics' letter, and to permanently seal exhibits A–Q as requested herein.

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: October 27, 2026**

The motion to seal is **GRANTED**. Panini has adequately explained why sealing is necessary to protect commercially sensitive information.

The Clerk of Court is respectfully directed to close the motions at ECF Nos. 557 and 668.

Respectfully submitted,

*/s/ Stuart Singer*

David Boies
Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
Meredith Schultz*
Pascual Oliu*
Ana Carolina Varela*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com
mschultz@bsfllp.com
poliu@bsfllp.com
avarela@bsfllp.com

BSF

James P. Denvir*
Richard A. Feinstein*
William Harvey
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com
wharvey@bsfllp.com

*Counsel for Panini America, Inc.*

**pro hac vice*

cc: All Counsel of Record (by ECF)