BSF | BOIES SCHILLER FLEXNER

October 20, 2026

**Via ECF**
The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Motion for Protective Order**

Dear Judge Figueredo:

Panini America, Inc. ("Panini") respectfully moves under Rule 26(c) for a protective order confirming that the identities of prospective buyers in Panini S.p.A.'s ongoing sale process are properly redacted from the Citigroup production and barring Fanatics from eliciting those identities through deposition testimony from any witness. Fanatics has already obtained sweeping discovery into the confidential [redacted] What it now demands—the names of the parties [redacted]—does not bear on any issue in this case and is precisely the type of commercially sensitive information the Court's April 22, 2026 Order (ECF 316, the "Order") protects. Because depositions of Panini S.p.A. witnesses begin on October 28, 2026, Panini respectfully requests expedited consideration of this motion in advance of that date.[1]

The Order granted the protection Rule 26(c)(1)(G) authorizes—an order that confidential "commercial information not be revealed or be revealed only in a specified way." Here redaction, not merely OCEO designation, is the only adequate protection. Even outside counsel armed with the [redacted] could contact them under the guise of pursuing discovery, and every additional person who knows the names multiplies the risk of inadvertent disclosure by Fanatics' counsel to Fanatics itself, which in an ongoing sale "could be lethal." *In re Indep. Serv. Orgs. Antitrust Litig.*, 162 F.R.D. 355, 357 (D. Kan. 1995). A competitor that knows who is bidding can approach those parties directly, discourage them, or tailor its own conduct to undercut the process, and bidders who learn that their interest has been exposed may withdraw altogether, depressing competition for the company and the value Panini S.p.A. can obtain.

## I. Panini's Buyer-Identity Redactions Are Consistent with the Court's Order.

After Panini moved to quash Fanatics' subpoena to Citigroup, ECF 282, the Court directed Citigroup to produce "Panini S.p.A. materials" with redactions "where the information concerns Panini S.p.A. and is non-responsive or commercially sensitive," barring redaction of information that "discusses or relates to Panini America or an issue in this case," and permitting redaction of

[1] Fanatics has agreed to file a response to this motion within three (3) business days. The parties are also continuing to discuss the issue of Fanatics' in-house counsel's attendance at the Citigroup deposition and its respective OCEO designation. To the extent any motion practice is necessary on this issue, the parties agree it can occur after the October 21 deadline for filing motions to compel.

information about Panini S.p.A.'s international collectibles business only for commercially sensitive financial figures and metrics. Order at 1–3. The Court further ordered that "[a]ll Panini S.p.A. materials (whether redacted or not) must be produced by Citigroup with an Outside Counsels Eyes' Only designation," subject to a challenge procedure. *Id.* at 3.[2] Targeted redactions of prospective acquirers' names fit squarely within the redactions the Order permits.

Moreover, buyer identities are not probative of any of the grounds the Court credited in permitting the Citigroup discovery: how Panini responded to losing the licenses, what it told prospective acquirers, how it portrays itself, and how it defines the market. *Id.* at 1. Panini's response to losing the licenses is reflected [redacted]. What Panini told acquirers is reflected in the content of the pitches, which have been produced in full. How Panini portrays itself is likewise established by its own statements. And whatever bearing these sale materials might have on market definition, the identity of a prospective acquirer of Panini S.p.A. says nothing about the contours of any relevant market. Nor does the type of acquirer. Whether a bidder is "a strategic buyer" or "another company in the space," ECF 306 at 9, reflects that bidder's own investment calculus, not the boundaries of a product market in which Panini America competes. What Fanatics actually wants is competitive intelligence about Panini S.p.A.'s ongoing sale process—not legitimate discovery.

Fanatics' demand also cannot be squared with the compromise its own counsel proposed. During the hearing on Panini's motion to quash, counsel agreed that Panini could redact material tied to a pending transaction that is critically important to its business and does not bear on the issues in the case, subject to later challenge. ECF 306 at 35–36. Panini's redactions are confined to exactly that: in a [redacted], with a direct competitor as the recipient, Panini has redacted only the names of prospective buyers and produced every substantive statement in the Citigroup materials—[redacted].

Fanatics' remaining objections fare no better. *First*, Fanatics argues that because the Court declined to quash Request 6—which seeks documents "sufficient to identify [parties] that have considered acquiring . . . Panini's business," ECF 282, Ex. A at 9—buyer names must be produced unredacted. That argument misreads the Order. The Court declined to quash the surviving requests and, in the same ruling, authorized Panini to redact commercially sensitive information concerning Panini S.p.A. unless it "discusses or relates to Panini America or an issue in this case" or is non-financial information about Panini S.p.A.'s international collectibles business. Order at 1–3. Request 6 is subject to those limits like every other request the Court left standing. Declining to quash a request is a ruling that documents must be produced, not that every item of information within them must be disclosed. And because the Court quashed only Request 8, Fanatics' contrary rule would read the redaction permission out of the Order altogether. Rule 26(c) forecloses that result—it permits protection of competitively sensitive information even where discovery is otherwise allowed. Furthermore, the sensitivity of specific bidders' identities was not before the Court on the motion to quash. [redacted], ECF 282 at 1, 4; ECF 306 at 24, 43. [redacted]

*Second*, Fanatics' assertion that buyer names are not "Panini S.p.A. material" rests on a

[2] That express authorization to redact for commercial sensitivity is specific to the Citigroup materials. For Lincoln's historical sale materials, the Court permitted redaction only of information that "does appear to be irrelevant" and otherwise left commercial sensitivity to an OCEO designation. ECF 323 at 1–2. The distinction reflects the heightened sensitivity of an ongoing sale process.

strained reading of the Order that is unsupported by the record. The Order's distinction between "Panini S.p.A. materials" and Panini America information tracks the line the Court drew at the March 18 conference—between "the Panini America materials," to be produced unredacted and OCEO, and "the Panini S.p.A. materials," which could be redacted where commercially sensitive and unrelated to the issues. ECF 306 at 25–26, 34–35. It distinguishes one Panini entity from another, not Panini's information from a bidder's. Panini explained that "all of these materials are Panini S.p.A. materials," *id.* at 36, 38, and the Court adopted that usage: "Panini S.p.A. materials" is the Order's label for Citigroup's entire production, which is why the Order requires that "[a]ll Panini S.p.A. materials (whether redacted or not)" be produced OCEO. Order at 3. Fanatics' tortured construction would mean that a buyer's name is neither redactable nor even OCEO—a result no one proposed and the Court plainly did not intend. Nor does the Order's "financial figures and metrics" limitation help Fanatics because it governs information about Panini S.p.A.'s international collectibles business. A bidder's name is not such information. *Id.*

*Finally*, Fanatics has no unmet need for buyer names. It already has extensive third-party productions from the advisors involved in Panini's current and historical sale efforts—including J.P. Morgan, Lincoln International, and Citigroup itself—as well as Panini's own production of documents concerning the Citigroup sale and all prior sales efforts. All that is redacted is the identity of prospective buyers in the current sales process. The Order's treatment of that information reflects the settled approach of courts, which routinely shield counterparty identities from a competitor where, as here, the substance has been produced and the names serve no issue in the case. *See Briese Lichttechnik Vertriebs GmbH v. Langton*, 272 F.R.D. 369, 374 (S.D.N.Y. 2011) (redacting customer identities is "a permissible step in a case against a competitor" absent "a showing of need"); *In re Indep. Serv. Orgs. Antitrust Litig.*, 162 F.R.D. at 356–59 (protecting supplier identities from competitor although access to supply was "a central issue," where all non-identifying information was produced, "even inadvertent disclosure" threatened harm, and the claimed need was "primarily supposition"). The case for protection is stronger still where, as here,

[redacted].

## II. <u>The Protection Should Extend to Deposition Testimony.</u>

Fanatics should not be permitted to elicit from a Citigroup or Panini witness what the Order shields in documents; otherwise, the Order "would quickly be rendered a nullity." *SEC v. Oakford Corp.*, 141 F. Supp. 2d 435, 437–38 (S.D.N.Y. 2001) (barring question that "might well serve to obtain indirectly" what counsel "had failed to obtain directly").

***

For the reasons set forth above, Panini respectfully requests an order confirming that the identities of prospective buyers and counterparties in Panini S.p.A.'s sale process are properly redacted as commercially sensitive and precluding Fanatics from eliciting them through deposition testimony from any Citigroup, Panini America, or Panini S.p.A. witness. Should the Court wish to hear argument, Panini will make itself available for a telephonic conference at the Court's convenience.

Respectfully submitted,

*/s/ Sabria McElroy*

David Boies

Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com

James P. Denvir*
Richard A. Feinstein*
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com

*Counsel for Panini America, Inc.*

**pro hac vice*

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: October 27, 2026**

For the reasons discussed at today's conference, the Clerk of Court is respectfully directed to close the motions at ECF Nos. 635 and 636.

cc: All Counsel of Record (by ECF)