BSF | BOIES SCHILLER FLEXNER

October 26, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Letter Motion for Permanent Sealing (ECF No. 554)**

Dear Judge Figueredo:

We write on behalf of Panini America, Inc. ("Panini") in the above-referenced matter, pursuant to the Court's September 25, 2026 Order (ECF No. 570), to request permanent targeted redactions and/or sealing of information contained in Panini's September 23, 2026 Further Response to ECF No. 428 (ECF No. 554) and the exhibits thereto (together, the "Response"). Fanatics consents to Panini's request.

Panini provisionally filed the Response under seal, with redacted versions on the public docket, on September 23, 2026. *See* ECF No. 570 at 1–2. The Court directed Panini to submit a letter "establishing why sealing is appropriate under *Lugosch v. Pyramid Co. of Onondaga*" by October 26, 2026. *Id.* at 2. Panini requests permanent sealing or redaction of the following materials:

| **Document** | **ECF No.** | **Panini's Requested Sealing** |
|---|---|---|
| Panini's Further Response | 554 | Redaction of highlighted passages on pages 1–3 |
| Ex. 1 – Supplemental Declaration of Prof. Emanuele Rimini | 554-1 | Redaction of ¶¶ 3, 16, 20, and 21 |
| Ex. 2 – Declaration of Francesca Baroni | 554-2 | Document in its entirety |
| Ex. 3 – Annotated Fanatics Hearing Presentation | 554-3 | Document in its entirety |
| Ex. 4 – FAN-PAN-SDNY01100859 | 554-4 | Document in its entirety |
| Ex. 5 – PAN-FAN-AT_00000268 | 554-5 | Document in its entirety |
| Ex. 6 – PAN-CITI-SDNY_000008905 | 554-6 | Document in its entirety |

In the Second Circuit, courts may exercise "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed." *Geller v.*

*Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). Courts balance the presumption of access against "countervailing factors," including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). The "privacy interests of . . . third parties" and "[b]usiness secrecy" are both established countervailing factors. *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995); *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021).

The materials at issue fall squarely in the "business secrecy" exception to the presumption of public access. These materials describe the non-public ownership and corporate structure of Panini S.p.A. and other confidential, commercially sensitive information regarding Panini S.p.A.'s decision-making structures. The beneficial ownership of Panini S.p.A. and its holding companies has never been publicly disclosed. That ownership is held through an Italian fiduciary company precisely so that it remains private: under Italian law, the fiduciary structure ensures that "the principal's identity does not appear in public registers or in the corporate books of the investee company." ECF No. 554-1 ¶ 19. Fanatics' own expert agrees that such fiduciary companies "are generally used to shield the true ownership of a company from public disclosure." ECF No. 588-13 ¶ 41. Public disclosure of this information could cause serious competitive harm to Panini S.p.A. If made public, competitors and potential counterparties, including prospective buyers could exploit this information to gain an unfair advantage in future negotiations or otherwise use Panini's confidential decision-making structures against it. Further, the public's interest in access to this information is minimal. This information concerns the private financial holdings of non-parties, was submitted only in connection with a discovery dispute, and is not necessary to understand the parties' arguments or the Court's ruling. The redactions are narrowly tailored: the parties' legal arguments and the experts' analysis of Italian law remain public. Exhibits 5 (Panini's ownership structure chart) and 6 (a Citi internal discussion of Panini's ownership, designated Outside Counsel Eyes Only) consist almost entirely of this information and cannot be meaningfully redacted.

Accordingly, Panini respectfully submits that good cause exists to permanently seal or redact the materials identified above.

Respectfully submitted,

*<u>/s/ Stuart Singer</u>*

David Boies
Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
**BOIES SCHILLER FLEXNER LLP**

BSF

401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com

James P. Denvir*
Richard A. Feinstein*
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com

*Counsel for Panini America, Inc.*

**pro hac vice*

cc: All Counsel of Record (by ECF)

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: October 27, 2026**

The motion to seal is **GRANTED**. Panini has adequately explained why sealing is necessary to protect commercially sensitive information.

The Clerk of Court is respectfully directed to close the motions at ECF Nos. 553 and 674.