quinn emanuel trial lawyers | new york

**Via ECF**

The Honorable Valerie Figueredo October 27, 2026
United States District Court Magistrate Judge, S.D.N.Y.

Re: *Panini Am., Inc. v. Fanatics, Inc. et al.*, No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023)

Dear Judge Figueredo:

We write on behalf of Fanatics in the above-referenced matters to request permission to file under seal unredacted versions of Fanatics' forthcoming Letter Motion for Discovery Conference ("Letter") and Exhibits 2–9 thereto. Exhibit 2 is a confidential settlement agreement between Fanatics and Lincoln International resolving a motion to compel Lincoln to comply with Fanatics' third-party subpoena. Exhibits 3–8 are discovery materials produced and designated Highly Confidential or Outside Counsel Eyes Only by Panini (Exhibits 4 and 5), Lincoln International (Exhibit 3), and Citigroup (Exhibits 6-8), pursuant to the Confidentiality Stipulation and Protective Order in this matter (ECF 160, "Protective Order"). The redacted portions of Exhibit 9 reference production material from Panini. Limited portions of Fanatics' Letter quote from or characterize the above-referenced Exhibits. Fanatics therefore submits that good cause exists for filing Exhibits 3–8 under temporary seal and Exhibit 9 with redaction temporarily under seal, and for filing the Letter with temporary limited redactions. However, under the procedure set out in the Protective Order, it is Panini's burden to establish that these filings should remain under permanent seal.[1]

Under the standard established in *Lugosch v. Pyramid Co. of Onondaga*, to determine whether judicial documents should be placed under seal, courts must balance "the presumption of access attached to the documents in question" against any "countervailing concerns" that "weigh against full public access to the documents." *See Melwani v. Kiss Nail Prods., Inc.*, 2026 WL 2323215, at *2 (E.D.N.Y. Aug. 11, 2026) (citing *Lugosch*, 435 F.3d 110, 119-120 (2d Cir. 2006)). When balancing these concerns, courts consider factors including, "the degree to which the subject matter is traditionally considered private rather than public, the nature and degree of injury that may result from disclosure, and the reliability of such information." *Suffolk Reg'l Off Track Betting Corp. v. United States Small Bus. Admin.*, 2025 WL 1384157, at *3 (E.D.N.Y. May 13, 2025). "When these factors 'outweigh the value to the public of accessing the document at issue, then that

---

[1] The Protective Order Provides: "To the extent a party wishes to file with the Court documents or information designated as Designated Materials by an opposing party, that party shall file the Designated Materials electronically under seal in accordance with Rule I.g.2 of the Hon. Valerie Figueredo's Individual Practices In Civil Cases. The filing party shall simultaneously serve counsel for the opposing party via email with the materials filed under seal. Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter. The letter shall attach the documents with any proposed redactions. At the same time as the filing, the party seeking permission to seal shall email a copy of the letter to Judge Figueredo's chambers, with the proposed redactions highlighted in yellow."

documents should be sealed.'" *Id.* (quoting *Fourth IP (HK) Ltd. v. Moda Bros. Generators, S.A. de C.V.*, 2024 WL 1743109, at *8 (S.D.N.Y. Apr. 23, 2024)).

The presumption of access given to "filings submitted in connection with discovery disputes," such as the documents at issue here, "is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). Thus, the reasons for sealing such materials "need not be as compelling." *Id.* The Second Circuit applies the lower "good cause" standard when assessing whether to seal information. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000) (holding that courts have "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed").

Good cause exists to keep Exhibit 2 under seal. Exhibit 2 is a confidential settlement agreement between Fanatics and Lincoln. Confidential settlement agreements are precisely the kind of materials that warrant sealing. "[P]rotecting the confidentiality of the settlement negotiation process represents a significant countervailing factor that can outweigh the presumption of public access and warrant the sealing of settlement negotiations materials." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.,* 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020); *see also United States v. Glens Falls Newspapers, Inc.*, 160 F. 3d 853, 858 (2d Cir. 1998) ("[T]he presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent."); *Doe v. Columbia Univ.,* 2026 WL 1432899, at *4 (S.D.N.Y. May 21, 2026) (sealing exhibits attached to proposed amended complaint on the grounds that they contained confidential settlement communications and thus outweighed the presumption of public access to the exhibits).

Pursuant to Rule I.g.2 of the Court's Individual Practices In Civil Cases, Fanatics will file sealed versions of its Letter with the proposed redactions highlighted in yellow, and Exhibits 2–9 thereto, provide copies of the same via email, and file redacted versions on the docket.

Respectfully submitted,

*/s/ Michael B. Carlinsky*
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

**MEMO ENDORSED**



**HON. VALERIE FIGUEREDO**
**UNITED STATES MAGISTRATE JUDGE**

**Dated: October 29, 2026**

Fanatics has adequately explained why sealing is necessary to protect its commercially sensitive information. Panini, Lincoln, and Citigroup are directed to submit a letter establishing why sealing is appropriate under Lugosch v.Pyramid Co. of Onondaga, 435 F.3d 11 (2d Cir. 2006), by **November 30, 2026**. Fanatics is directed to serve Lincoln and Citigroup with a copy of this order.