BSF | BOIES SCHILLER FLEXNER

November 4, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York NY 10007-1312

**Re: *Panini America Inc. v. Fanatics Inc. et al.* No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Panini's Response to Fanatics' Further Reply at ECF No. 692**

Dear Judge Figueredo:

We write in response to Fanatics' further reply, ECF No. 693, regarding its pending motion to compel production of Panini's litigation holds, which—again—demands immediate action on Fanatics' own discovery requests, *see* ECF Nos. 595, 670, 680; Ex. A, even while Fanatics has had no compunction about telling the Court it is unavailable for a hearing on Panini's important motions (ECF Nos. 506, 529, 629, 648, 652) on any of the proposed dates in November. There is no emergency. Indeed, as a matter of substance, Fanatics' overheated rhetoric about supposed preservation issues is just one more attempt to distract from documented spoliation by Fanatics' CEO; Fanatics' failure to produce a single hold or identify any privilege log entry showing that Mr. Rubin received a hold for this litigation in 2023[1]; and the significant, unexplained gaps in Fanatics' production of text messages from multiple custodians, including Mr. Rubin himself. *See* ECF No. 648.

The underlying motion at issue (ECF No. 595) has been fully briefed, and Panini submitted its litigation holds to Chambers for *in camera* review in advance of the scheduled December 7 hearing. The Court possesses all information necessary to rule, and Fanatics' new submission adds nothing. Rather, it mischaracterizes witness testimony in another failed attempt to manufacture a spoliation issue. As set forth below, Panini's witnesses, including Mr. Faria, [redacted] And, as Fanatics' letter shows, Fanatics does not need Panini's litigation holds to ask witnesses whether and when they received one.

## I. Fanatics' Motion Misstates the Record and Shows No Evidence of Spoliation

The recent deposition testimony cited by Fanatics does not prove, or even suggest, spoliation. Mr. Faria testified that [redacted] Ex. B at 201:19-202:12. [redacted]

[1] Fanatics' identifies [redacted]

BSF

[redacted] Ex. C at 345:17-347:18; 349:16-350:1. [redacted] Ex. D at 321:2-22. [redacted] years after the fact does not change whether a litigation hold was sent and received. And it does not create spoliation when none occurred.

The limited number of text messages produced from Panini S.p.A. witnesses reinforces that these individuals rarely text for work purposes, not that anything was deleted. This is precisely why, consistent with well settled law, Panini, as disclosed, did not seek to collect such messages at the outset. ECF No. 536-17 at 2–3; ECF No. 536 at 7–8 (collecting cases). [redacted] Ex. B at 198:18-199:2; Ex. C at 344:7-345:4; Ex. E at 93:24-94:6; Ex. F at 107:2-12. And when Panini recently agreed to search for text messages from the phones of Francesca Baroni and Elisabetta Mussini at Fanatics' insistence, the results—just a very limited number of messages—were further confirmatory. As to Mr. Faria, Fanatics belatedly demanded that he be added as a custodian—after the deadline for finalizing custodian negotiations had passed—because he became CEO of Panini S.p.A. in April 2025. Panini agreed to add Mr. Faria as a custodian, but only for the period beginning when he became CEO through the agreed discovery cutoff of July 31, 2025, and thus the period of potentially responsive documents for Mr. Faria is limited to only a few months. None of this evidence justifies an inference that Panini's preservation efforts were somehow inadequate under the governing legal principles.

Finally, although it is irrelevant, Fanatics is also wrong in suggesting that Panini's duty to preserve [redacted] *See Cacace v. Meyer Mktg. (MACAU Com. Offshore) Co.*, 2011 WL 1833338, at *2 (S.D.N.Y. 2011) (duty to preserve arises when a party "reasonably anticipates litigation"). As Fanatics well knows, immediately afterward, Panini and Fanatics entered into protracted negotiations over accelerating certain licenses from Panini to Fanatics. There is no basis to conclude litigation was reasonably anticipated during these business discussions. *See id.*

## II. Fanatics' Motion Cannot Obscure Its Witnesses' Own Spoliation

For the reasons shown, Fanatics' strained efforts to manufacture preservation issues are baseless. They also burden the Court with unnecessary motion practice that—yet again—seeks to distract from the only proven spoliation in this case: that of its own CEO. Mr. Rubin testified that [redacted] Ex. G at 155:7-156:15, 176:25-177:13. Mr. Rubin admitted that [redacted] *id.* 176:21-177:13, 222:25-223:13. Put differently, while Fanatics is asking the Court to speculate about potential spoliation by Panini S.p.A. witnesses (without any basis at all), [redacted] And to make matters worse, [redacted], they not only failed to disclose it to Panini and

BSF

the Court, but actively obfuscated the issue during months of meet and confer discussions on precisely this point. [redacted] *Id.* at 175:14-179:22, 224:4-226:1. Nor is the possibility of spoliation by Mr. Rubin merely theoretical. Panini has already identified 36 text messages missing from Mr. Rubin's production between 2023-2025. ECF No. 530 at 1-2, 10-12. And, it is clear, not all of Mr. Rubin's missing text messages are available from the files of other Fanatics' custodians. For example, [redacted] Ex. G at 222:8-223:8. Panini can only identify those deleted texts that a third party or another custodian happened to produce. All the relevant texts that Mr. Rubin exchanged with anyone else are simply gone.

The significant gaps in Mr. Rubin's text messages are not an exception. Panini established that at least six other Fanatics custodians failed to produce text messages that were identified by other means: Carlos Sousa (missing 6 text messages produced by other custodians after August 2023); Nick Matijevich (9); David Leiner (17); Omar Wilkes (32); Michael Mahan (54); and Brian Bayne (54). Fanatics has never provided an explanation for these gaps in its text message productions. Instead, it tried to mitigate the issue by producing certain of the missing messages. But, even with this production, numerous text messages remain missing, including 47 of the identified text messages for Mr. Mahan, CEO of Fanatics trading card business. Fanatics' continued silence on these issues, and its continued inability to produce text messages that should exist but do not, just reinforce the obvious: while Fanatics relies on innuendo to try to suggest spoliation by Panini custodians, there is overwhelming evidence, [redacted], establishing that it is Fanatics' own witnesses—including its two very top executives—that deleted responsive materials. It is this conduct that deserves the Court's attention, notwithstanding Fanatics' baseless efforts to try to point the finger elsewhere.

Respectfully submitted,

*/s/ Stuart Singer*

David Boies
Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale FL 33301

BSF

Telephone: (954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com

James P. Denvir*
Richard A. Feinstein*
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave NW
Washington DC 20005
Telephone: (202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com

*Counsel for Panini America Inc.*

**pro hac vice*

cc: All Counsel of Record (by ECF)