LATHAM & WATKINS LLP quinn emanuel trial lawyers | new york

**Via ECF** November 5, 2026

The Honorable Valerie Figueredo
United States Magistrate Judge, S.D.N.Y.

Re: *Panini Am., Inc. v. Fanatics, Inc. et al.*, No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023)

Dear Judge Figueredo:

Pursuant to Local Rule 6.3, Fanatics respectfully seeks reconsideration of the Court's October 22, 2026 order (ECF 661) insofar as it denied Fanatics' motion to compel additional deposition time for Anna Baroni ("Ms. Baroni") based on Panini's representations that her role in and relevance to this case is limited. These representations are plainly contradicted by recent deposition testimony from Panini S.p.A.'s key senior executives. Because Ms. Baroni's deposition is scheduled for November 12 in Italy, Fanatics respectfully requests expedited consideration.

The Court held that "Fanatics ha[d] not demonstrated" that seven translated hours would be insufficient "given [Ms. Baroni's] limited role[]…." ECF 661 at 5. It likewise held that, "given [her] role[], 7 hours should provide ample time to obtain [her] testimony." *Id.* Two developments since the original briefing now make clear: Ms. Baroni's role is anything but limited, and seven hours of translated testimony cannot fairly cover her role.

*First*, on October 30, Panini S.p.A.'s CEO, Ivam Faria, provided critical testimony that undermined Panini's representations to this Court about Ms. Baroni's role. Mr. Faria testified that [redacted]. Ex. A (Faria Tr.) 31:14–16, 61:14–18, 69:6–11, 131:6–7. He further testified that Ms. Baroni [redacted] *Id.* 66:19–23, 130:19–23. *Second*, that same day, the Court found that [redacted] ECF 694 at 1.

Fanatics now knows Ms. Baroni is not "just a board member": she is [redacted]. Her testimony matters all the more because Aldo Sallustro, [redacted], is deceased. *See* Ex. C (Aravecchia Tr.) 99:22–100:5 ([redacted]); Ex. D (Harris Tr.) 308:4, 308:20–309:2 ([redacted]); Ex. E (F. Baroni Tr.) 185:22–186:4 ([redacted]). She is the only remaining party witness who can speak to those efforts. Indeed, [redacted]. *Id.* 186:19–187:8.

## I. LEGAL STANDARD

Reconsideration is warranted upon an intervening change of law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). It is likewise appropriate where the movant identifies "matters…that might reasonably be expected to alter the

conclusion reached by the court.” *Pelczar v. Pelczar*, 833 F. App’x 872, 875–76 (2d Cir. 2020) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Courts in this District grant reconsideration where new evidence bears directly on the basis for the prior ruling. *See Floyd v. City of N.Y.*, 813 F. Supp. 2d 457, 464 (S.D.N.Y. 2011) (“[C]ourts may reconsider their previous decisions in light of new information when manifest injustice would result from a refusal to do so.”); *see, e.g.*, *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 503 (S.D.N.Y. 2008) (reconsideration granted in light of newly submitted evidence). Fed. R. Civ. P. 30(d)(1) independently provides that the Court “must allow additional time…if needed to fairly examine the deponent.”

That standard is met here. The Court denied Fanatics’ motion because “Fanatics ha[d] not demonstrated” that seven translated hours would be insufficient “given [Ms. Baroni’s] limited role[]….” ECF 661 at 5. But this testimony did not exist when Fanatics moved and is precisely the new evidence that “might reasonably be expected to alter the conclusion reached by the court.” *Pelczar*, 833 F. App’x at 875–76 (quoting *Shrader*, 70 F.3d at 257).

## II. PANINI MISCHARACTERIZED MS. BARONI’S ROLE: NEW TESTIMONY SHOWS MS. BARONI CONTROLS THE COMPANY AND SALES PROCESS

Panini told the Court that Ms. Baroni “has never even been an executive of Panini S.p.A., just a board member.”[1] ECF 626 at 1. It also told the Court that Panini S.p.A.’s leadership was “not core to the case,” that she has “limited relevant information,” and that she did not have a “central ‘coordination’ role.” *Id.* at 1–3. [redacted]

Mr. Faria testified that Ms. Baroni [redacted] Ex. A 31:14–16, 131:6–7. She is [redacted] *Id.* 48:17–49:2, 49:21–50:4, 51:12–16. Ms. Baroni [redacted] Ex. E 70:23–72:8; *see also id.* 73:19–74:3 ([redacted] When Mr. Faria became CEO in April 2025, he [redacted] Ex. A 167:8–14 (emphasis added). [redacted]:

**The sales process.** As to the sales process, Ms. Baroni is the only individual with knowledge as to numerous key decisions that bear on this case. Ms. Baroni [redacted]. Ex. A 33:21–34:7. [redacted] *Id.* 61:14–18. The same is true of [redacted] *Id.* 130:19–23. Ms. Baroni [redacted] *id.* 66:19–23, [redacted], Ex. E 206:3–10, 371:4–14. She is [redacted] [redacted]” Ex. A 136:10–16. Indeed, Ms. Baroni [redacted]. Ex. E 78:5–9.

---

[1] Notably, later on in its response letter, Panini seemingly concedes that Ms. Baroni is currently an executive, noting that “until 2025, when Mr. Faria became the Panini S.p.A. CEO, ***neither*** was even an executive of Panini S.p.A.” ECF 626 at 3 (emphasis added).

**Valuation and price.** [redacted] Ex. A 69:6–11. [redacted] *Id.* 95:14–21. Francesca Baroni testified that [redacted] Ex. E 316:5–318:13. Ms. Baroni [redacted], Ex. A 39:25–40:7, 51:12–16, 235:25–236:7, all of which bear on valuation and damages.

**Information only Ms. Baroni holds.** [redacted], *id.* 220:25–221:5, and [redacted] *id.* 170:8–171:14. Francesca Baroni testified about [redacted] Ex. E 355:13–356:2.

Panini S.p.A.'s other senior witness confirmed the point. Elisabetta Mussini, Panini's Group Licensing Director [redacted] testified that [redacted] Ex. B (Mussini Tr.) 11:11–13, 395:8–12. [redacted] *Id.* 166:17–167:1. Only two people can answer that question; [redacted] Ex. A 131:4–7; Ex. E 72:9–11 [redacted]). Giorgio Aravecchia, Panini S.p.A.'s CFO, testified that [redacted]" Ex. C 58:2–5. And she [redacted] Ex. D 97:9–10.

The Court denied Fanatics' motion to compel partially because Ms. Baroni was "not the only individual[] with [] knowledge" on certain topics. ECF 661 at 5. On the sales process, that is no longer so. Mr. Sallustro is deceased and Mr. Faria [redacted] Ex. A 32:25–33:11, [redacted], *id.* 95:14–21, and was [redacted], *id.* 102:13–103:9. No Panini witness other than Ms. Baroni can now testify [redacted]

## III. TRANSLATION LEAVES ROUGHLY 3.5 HOURS, WHICH THE COURT HAS FOUND INSUFFICIENT FOR TESTIMONY ON THE SALES PROCESS

Seven hours, halved by translation, leaves Fanatics roughly 3.5 hours of examination for the decision-maker at the center of the sales process. Last week, the Court [redacted]. ECF 694 at 1. The same conclusion follows for Ms. Baroni.

Fanatics recognizes that the Court relied in part on the Stipulation in reaching its October 22, 2026 decision. But the Stipulation does not foreclose relief. The Court's October 30 Order confirms [redacted] *Id.* That standard is now met as to Ms. Baroni.

## IV. CONCLUSION

Panini told the Court that Ms. Baroni was "just a board member." Its own CEO has since testified that she is [redacted]. Fanatics respectfully requests that the Court grant additional time for Ms. Baroni's deposition as the Court deems appropriate to account for translation and the unique evidence that Ms. Baroni can offer.

Respectfully submitted,

*/s/ Michael B. Carlinsky*
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1264

*Counsel for Fanatics*

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: November 6, 2026**

Panini is directed to respond by **Monday, November 9, 2026**.