BSF | BOIES SCHILLER FLEXNER

November 9, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Letter Motion for Permanent Sealing**

Dear Judge Figueredo:

We write on behalf of Panini America, Inc. ("Panini") in the above-referenced matter to request permanent redactions and sealing of certain information filed by Fanatics in connection with its November 5, 2026 Motion for Reconsideration, ECF No. 704, and filed by Panini in connection with its forthcoming November 9, 2026 Opposition to Motion for Reconsideration.[1] Specifically, Panini requests that the highly sensitive information regarding Panini S.p.A.'s ownership, corporate structure, and internal strategic business decisions referenced in the parties' letter motions, and the exhibits attached thereto, be permanently sealed in their entirety.

Fanatics provisionally filed references to Panini's highly sensitive information, which Panini also referenced in its response, under seal on November 5, 2026. Pursuant to the protective order entered in this case, it is Panini's burden as the designating party to establish the basis for permanent sealing. ECF No. 160 ¶ 17 ("Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter.").

The highly sensitive information referenced in the parties' letters contains discussions of Panini S.p.A.'s corporate ownership and structure, competitive strategy, and confidential commercial transactions. In the Second Circuit, courts may exercise "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the "weight" of the "common law presumption of access" to judicial documents against "countervailing factors" including "the privacy interests of those resisting disclosure." *Flores v. City of New York*, No. 1:21-cv-05861, 2025 WL 2998058, at *2 (S.D.N.Y. Sept. 5, 2025) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20

[1] Specifically, Panini requests that the proposed redactions to Fanatics' letter motion at ECF No. 704 remain redacted, Exhibits A–E to Fanatics' motion at ECF Nos. 704-1 to -5 remain sealed in their entirety, the proposed redactions to Panini's forthcoming response remain redacted, and Exhibits F–G to Panini's forthcoming response letter remain sealed in their entirety.

BSF

(2d Cir. 2006)). Documents may be sealed if the court finds it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "When weighing privacy interests, courts should . . . assess the nature and degree of injury, paying heed to the sensitivity of the information and the subject but also to how the person seeking access intends to use the information." *Id.* at *3 (internal quotations omitted). "Business secrecy" is an established factor "that can outweigh the presumption of public access." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)) (permanently sealing exhibits "contain[ing] specific, non-public financial statements, sales information and customer lists . . . [that] could advantage [the] [m]ovants' competitors and harm their businesses"); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order . . . requiring . . . confidential . . . commercial information not be revealed.").

"Business secrecy" applies here to the highly sensitive information referenced in the parties' letters. It contains non-public information on Panini S.p.A.'s confidential commercial transactions, competitive strategy, and internal corporate structure. Such information reflects competitively sensitive business information that is not publicly known and would competitively harm Panini if disclosed. If made public, competitors and potential counterparties—including prospective buyers, licensors, and competitors—could exploit this information to gain an unfair advantage in future negotiations or otherwise use Panini's confidential decision-making structures and confidential commercial strategies against it.

Further, the redactions are narrowly tailored and the public's interest in access to this information is minimal. Panini requests only minimal, targeted redactions to the letter motion and response consisting of non-public information regarding Panini S.p.A.'s confidential commercial transactions, competitive strategy, and internal corporate structure. The information to be redacted was submitted only in connection with a discovery dispute and is not necessary to understand the parties' arguments. The proposed sealing leaves public the nature of the dispute, the parties' competing positions, and the legal authorities on which the parties rely.

Accordingly, Panini respectfully submits that good cause exists to file under seal the highly sensitive information in Fanatics' letter motion at ECF No. 704, in its attached exhibits at ECF Nos. 704-1 to -5, in Panini's response letter, and in Exhibits F–G to Panini's response letter.

Respectfully submitted,

*/s/ Stuart H. Singer*

Stuart H. Singer*
Sabria A. McElroy*
Meredith Schultz*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011

BSF

ssinger@bsfllp.com
smcelroy@bsfllp.com
mschultz@bsfllp.com

MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: November 12, 2026**

The motion to seal is **GRANTED**. Panini has adequately explained why sealing is appropriate to protect commercially sensitive information. The Clerk of Court is respectfully directed to terminate the motions at ECF No. 721.

David Boies
Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

James P. Denvir*
Richard A. Feinstein*
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com

*Counsel for Panini America, Inc.*

**pro hac vice*

cc: All Counsel of Record (by ECF)