LATHAM & WATKINS LLP quinn emanuel trial lawyers | new york

**Via ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge, S.D.N.Y.

November 9, 2026

Re: *Panini Am., Inc. v. Fanatics, Inc. et al.*, No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023)

Dear Judge Figueredo:

We write on behalf of Fanatics in the above-referenced matter to request permission to file under seal unredacted versions of Fanatics' Letter Reply ("Reply") in support of Fanatics' Motion for Reconsideration and Exhibits H through Q thereto. The Reply discusses the Court's October 30, 2026 order (ECF 694), which was temporarily filed under seal. The Reply discusses and attaches Exhibits H through P, which are documents containing Panini's business information that have been designated by Panini as Confidential, Highly Confidential, or Outside Counsel Eyes Only pursuant to the Confidentiality Stipulation and Protective Order in this matter (ECF 160, "Protective Order"). The Reply discusses and attaches Exhibit Q, which is a document containing Citi's business information that has been designated Outside Counsel Eyes Only pursuant to the protective order. Fanatics therefore submits that good cause exists for filing the Reply and Exhibits H through Q under temporary seal. However, under the procedure set out in the Protective Order, it is Panini and Citi's burdens to establish that these filings should remain under permanent seal.

The Protective Order provides:

> To the extent a party wishes to file with the Court documents or information designated as Designated Materials by an opposing party, that party shall file the Designated Materials electronically under seal in accordance with Rule I.g.2 of the Hon. Valerie Figueredo's Individual Practices In Civil Cases. The filing party shall simultaneously serve counsel for the opposing party via email with the materials filed under seal. Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter. The letter shall attach the documents with any proposed redactions. At the same time as the filing, the party seeking permission to seal shall email a copy of the letter to Judge Figueredo's chambers, with the proposed redactions highlighted in yellow.

ECF No. 160 ¶ 17.

Pursuant to Rule I.g.2 of the Court's Individual Practices In Civil Cases, Fanatics will file sealed versions of the Reply and Exhibits H through Q, provide copies of the same via email, and file redacted versions on the docket.

Respectfully submitted,

*/s/ Michael B. Carlinsky*
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1264

*Counsel for Fanatics*

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: November 12, 2026**

Panini is directed to submit a letter establishing why sealing is appropriate under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 11 (2d Cir. 2006), by **December 11, 2026**.