BSF | BOIES SCHILLER FLEXNER

November 6, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Letter Motion for Permanent Sealing**

Dear Judge Figueredo:

We write on behalf of Panini America, Inc. ("Panini") in the above-referenced matter, pursuant to the Court's October 7, 2026 Order (ECF No. 603), to request permanent targeted redactions and/or sealing of information contained in Fanatics' October 1, 2026 Supplemental Reply and Exhibits 1 through 13 thereto (ECF No. 588). Fanatics consents to Panini's request.

Fanatics provisionally filed these documents under seal—or with limited redactions—on October 1, 2026. The Court directed Panini and Citi to submit a letter "establishing why sealing is appropriate under *Lugosch v. Pyramid Co. of Onondaga*" by November 6, 2026. *Id.* at 4. Non-party Citigroup joins in this request as to the documents it produced, and its position is set forth below. Panini requests permanent sealing or redaction of the following materials:

| **Document** | **ECF No.** | **Panini's Requested Sealing** |
|---|---|---|
| Supplemental Reply | 588 | Redaction of highlighted passages on pages 1–3 |
| Exs. 1–12 | 588-1 to 588-12 | Documents in their entirety |
| Ex. 13 – Bordi Suppl. Decl. | 588-13 | Redaction of ¶¶ 7, 21, 22, 32–37, 41, 44 and n.10, 16–21 |

In the Second Circuit, courts may exercise "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). Courts balance the presumption of access against "countervailing factors," including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). The "privacy interests of [] third parties" and "[b]usiness secrecy" are both established countervailing factors. *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995); *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021).

The materials at issue fall within both countervailing factors. First, as with the materials addressed in Panini's October 26, 2026 letter (ECF No. 674), these materials describe the non-public ownership and corporate structure of Panini S.p.A. and its holding companies, which has

BSF

never been publicly disclosed, as well as confidential information regarding Panini S.p.A.'s decision-making structures. That information is held private by design, and its disclosure would implicate the privacy interests of non-parties. *See* ECF No. 674 at 2. The Court granted that request, finding that "Panini has adequately explained why sealing is necessary to protect commercially sensitive information." ECF No. 678 at 3. The same reasoning applies here. Second, the materials reflect confidential, commercially sensitive information regarding a potential strategic transaction, including non-public financial information, transaction terms, and process materials. Courts "commonly grant a company's request for sealing of proprietary business information, such as internal analyses, business strategies, or customer negotiations when disclosure of that information could provide competitors with an unearned advantage." *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (internal quotation marks and citation omitted). If made public, competitors and potential counterparties could exploit this information to gain an unfair advantage in future negotiations. Fanatics itself represented that these materials contain "Panini's and third parties' sensitive business information" warranting sealing. ECF No. 603 at 1.

The public's interest in access to this information is minimal. The materials were submitted only in connection with a discovery dispute and are not necessary to understand the Parties' arguments or the Court's ruling.

**Citigroup's Position**

Non-party Citigroup joins Panini's request that Exhibits 1–4 and 6–12 to Fanatics' Supplemental Reply (ECF Nos. 588-1 to 588-4 and 588-6 to 588-12) be permanently sealed. Citi designated these documents "Outside Counsel Eyes Only" under the Protective Order. They are non-public records of Citigroup's engagement as a financial adviser. They include Citigroup's internal M&A outreach and inside-information compliance form (Ex. 1) and its internal sanctions and anti-bribery clearance review (Ex. 4). They also include internal deal-team emails about process strategy, prospective bidders, and sign-off on marketing materials (Exs. 3, 8, 9). The rest are a draft engagement letter with comments (Ex. 7); kick-off materials with Citigroup's process strategy, buyer analysis, and personnel contact information (Exs. 10, 12); and Citigroup's briefing materials, engagement letter, and buyer script (Exs. 2, 6, 11).

Disclosure would reveal how Citigroup conducts internal compliance and sanctions reviews, runs sell-side M&A processes, and evaluates counterparties. Competitors and counterparties could use that information to Citigroup's disadvantage. Citigroup's internal processes are not at issue here: Fanatics cites these exhibits only in connection with a discovery dispute between the Parties.

Accordingly, Panini and Citigroup respectfully submit that good cause exists to permanently seal or redact the materials identified above.

Respectfully submitted,

*/s/ Stuart Singer*

David Boies

BSF

Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com

James P. Denvir*
Richard A. Feinstein*
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com

*Counsel for Panini America, Inc.*

**pro hac vice*

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: November 12, 2026**

The motion to seal is **GRANTED**. Panini and Citigroup have adequately explained why sealing is necessary to protect commercially sensitive information. The Clerk of Court is respectfully directed to close the motions at ECF Nos. 603 and 712.

cc: All Counsel of Record (by ECF)