BSF | BOIES SCHILLER FLEXNER

November 6, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York NY 10007-1312

**Re: *Panini America Inc. v. Fanatics Inc. et al.* No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Letter Motion for Permanent Sealing (ECF Nos. 595, 595-1, and 595-2)**

Dear Judge Figueredo:

We write on behalf of Panini America, Inc. ("Panini") in the above-referenced matter, pursuant to the Court's October 7, 2026 Order (ECF No. 601), to request permanent redactions and sealing of certain information filed by Fanatics in connection with its October 5, 2026 Letter Motion for Discovery Conference and the exhibits thereto (ECF Nos. 595, 595-1, and 595-2).[1] Specifically, Panini requests that (1) limited redactions of quotations from and descriptions of Terry Luna's deposition testimony at ECF No. 595 and 595-1 remain under seal and (2) excerpts from Ms. Luna's deposition transcript filed at ECF No. 595-2 be permanently sealed in their entirety. Fanatics provisionally filed these materials under seal and with limited redactions. ECF No. 594. The Court directed Panini to submit a letter establishing why sealing is appropriate under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

In the Second Circuit, courts balance the common-law presumption of access to judicial documents against countervailing factors, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120. "Business secrecy" is an established factor "that can outweigh the presumption of public access." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). Sealing is appropriate where it is essential to preserve higher values and narrowly tailored to serve that interest.

The requested redactions satisfy that standard. The identified passages in ECF Nos. 595 and 595-1 quote, summarize, or characterize testimony from the deposition of Panini Human Resources Director Terry Luna that Panini designated Highly Confidential and Confidential under the Protective Order, ECF No. 160. Those passages disclose Panini's nonpublic internal practices concerning litigation-hold and preservation communications, including the roles of particular executives in preparing and transmitting those communications. Public disclosure would expose internal legal-compliance procedures that are not otherwise public and could impair Panini's ability to administer confidential preservation processes.

[1] As of the time of this filing, Fanatics has not responded to Panini with its position on this request.

BSF

ECF No. 595-2 contains excerpted pages from Mr. Luna's deposition transcript, which (as noted above) Panini designated Highly Confidential and Confidential under the Protective Order and concern Panini's nonpublic internal policies and practices regarding confidentiality, document retention, and preservation communications. These matters implicate both Panini's legitimate business-secrecy interests and the privacy interests of nonparties and employees. *See Lexington Furniture Indus.*, 2021 WL 1143694, at *2. They are collateral to the narrow discovery issue presented by Fanatics' motion and are unnecessary for the public to understand either the parties' legal arguments or the Court's disposition.

Panini's request is narrowly tailored. The proposed sealing and redactions leave public the nature of the dispute, the parties' competing positions concerning litigation holds and preservation, and the legal authorities on which the parties rely.

Accordingly, Panini respectfully submits that good cause exists to permanently seal the excerpts, quotations from, and descriptions of Ms. Luna's testimony in Fanatics' letter at ECF No. 595 and the exhibits to Fanatics' letter at ECF Nos. 595-1 and 595-2.

Respectfully submitted,

*/s/ Eric Brenner*

David Boies
Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
Meredith Schultz*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale FL 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com
mschultz@bsfllp.com

James P. Denvir*
Richard A. Feinstein*
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave NW

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: November 12, 2026**

The motion to seal is **GRANTED**. Panini has adequately explained why sealing is necessary to protect commercially sensitive information. The Clerk of Court is respectfully directed to close the motions at ECF Nos. 601 and 716.

BSF

Washington DC 20005
Telephone: (202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com

*Counsel for Panini America Inc.*

**pro hac vice*

cc: All Counsel of Record (by ECF)