LATHAM & WATKINS LLP quinn emanuel trial lawyers | new york

November 17, 2026

**VIA ECF**

The Honorable Valerie Figueredo
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007-1312

Re: *Panini America, Inc. v. Fanatics, Inc.*, No. 1:23-cv-09714-LTS-VF; *Fanatics Collectibles TopCo, Inc. v. Panini S.p.A.*, No. 1:23-cv-06895 – Request for Emergency Conference Regarding 30(b)(6) Topics

Dear Judge Figueredo:

We write on behalf of Fanatics to request an immediate telephonic conference to resolve disputes regarding the November 20, 2026 deposition of Fanatics' corporate representative. Over the past several months, the parties have engaged in voluminous discovery. In addition to requesting and receiving more than a million pages of documents, Panini has conducted full-length depositions of 17 of Fanatics' top executives and critical employees, including: (i) Fanatics CEO Michael Rubin; (ii) Fanatics Collectibles CEO Mike Mahan; (iii) Fanatics CFO Glenn Schiffman; (iv) Fanatics President of Business Affairs Gary Gertzog; (v) Fanatics Collectibles President of Trading Cards David Leiner; (vi) Fanatics Chief Strategy and Growth Officer Tucker Kain; (vii) Fanatics Collectibles Head of Athlete Partnerships Omar Wilkes; and many more.

"A Rule 30(b)(6) deposition is not to be used to re-ask all the questions a party has previously explored with multiple witnesses." *BAT LLC v. TD Bank*, 2019 WL 13236131, at *5 (E.D.N.Y. Sept. 24, 2019). But Panini seeks to do exactly that, because the testimony from all these witnesses (and numerous non-parties) has established the lack of merit in Panini's claims. Equally troubling, Panini is manufacturing disputes in an attempt to delay expert reports and subsequent deadlines. To that end, by email last evening, Panini informed Fanatics it would not proceed with the deposition as scheduled (and hence extend the deposition schedule) unless Fanatics agreed to Panini's proposed scope. If the Court can accommodate this request for a conference, Fanatics' counsel can be available on November 17, 2026, at the Court's convenience.

On October 2, 2026, the parties exchanged 30(b)(6) notices seeking testimony. Panini served Fanatics with a 30(b)(6) notice containing 23 Topics, with over 90 subparts. Ex. 1, Oct. 2, 2026 Notice. For the past several weeks, as 30(b)(1) depositions advanced, the parties worked diligently to narrow the respective 30(b)(6) Topics. As part of those efforts, Fanatics even proposed to mutually dispense with 30(b)(6) depositions and provide information through interrogatories. On November 14, while Panini ultimately agreed to the use of interrogatories for some Topics, it wanted to continue negotiating testimony for others. Panini's counsel floated the possibility of conducting the 30(b)(6) depositions at some point after November 20, but represented that Panini did "not see the need to adjust the overall schedule even if the 30b6 depositions occur after other fact discovery finishes." Ex. 2 at 2, Nov. 14, 2026 email from S. Singer. The very next day, in a complete reversal, Panini's counsel reported that if Fanatics did

not agree to the scope of every Topic Panini wanted, then Panini would "likely ask the court to delay the expert report deadline" until Panini obtained that testimony. Ex. 3, Nov. 16, 2026 email.

Fact discovery closes on November 20, 2026, and, as this Court is aware, Fanatics is opposed to any further extension of the schedule. Accordingly, Fanatics told Panini it would proceed with a deposition on November 20 on most of the remaining Topics that Panini wanted to cover via deposition, albeit subject to certain objections Fanatics had raised. In response, last night Panini insisted it was "not going to go forward on Friday but will instead raise the 30b6 deposition issues with the court" unless Fanatics agreed entirely to Panini's improperly broad scope. *Id.* at 2.

The following are the disputed four Topics Panini wants to cover in a 30(b)(6) deposition:

***Panini Topic 2***: *For the period January 1, 2020 through present (a) any studies, analyses, or other documents prepared by or for the responding party, or relied upon by the responding party, concerning substitution (i) among NFL, NBA, and MLB trading cards, (ii) between those products and any other product, or (iii) between those products sold in the Primary Market and Sports Trading Cards resold in the Secondary Market; and (b) the extent to which the responding party considers the prices of products other than NFL, NBA, and MLB trading cards, including Secondary Market prices (e.g., on eBay, Whatnot, or other resale or auction marketplaces), in setting or adjusting its Primary Market prices for NFL, NBA, and MLB trading cards.*

Fanatics objected to Panini Topic 2 as overly broad and not sufficiently described to prepare a witness. Fanatics proposed clarifying Topic 2(a) to "any formal studies or formal analyses prepared . . . to assess" product substitution. Ex. 3 at 3, Nov. 16, 2026 email. Panini refused that compromise. The Court should quash Panini Topic 2, or limit it to Fanatics' proposal, as it is "almost impossible" to prepare a corporate witness to testify to "hundreds of documents." *Syntel Sterling Best Shores Mauritius v. Trizetto Grp.*, 2018 WL 11455780, at *4 (S.D.N.Y. Apr. 17, 2018). Panini's current scope encompassing "any . . . documents" "concerning" substitution is far from the "painstaking specificity" required in a 30(b)(6) topic. *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 2022 WL 2702378, at *2 (E.D.N.Y. Feb. 11, 2022). Moreover, Panini is seeking Topic 2 to improperly obtain premature expert testimony and engage in a "memory test" of impossible scope. *See In re Google Digital Advert. Antitrust Litig.*, 2026 WL 2212878, at *1 (S.D.N.Y. July 31, 2026).

***Panini Topic 3***: *In this Topic, Panini seeks testimony regarding a November 3, 2021 "Investor Due Diligence Tracker" that Goldman Sachs prepared.*

Fanatics offered to produce a witness "to testify to the non-privileged aspects of Fanatics' knowledge, if any, of the" document Panini identified. Ex. 4 at 1, Nov. 6, 2026 email from D. Johnson. Fanatics reiterated its identical prior commitment on November 16. That same day, Panini inexplicably claimed that, "[t]oday, you have limited" the topic to "'non privileged knowledge, if, any [sic] of the document.' That is not acceptable." Ex. 3 at 1. Panini's objection is nonsensical. Of course a witness cannot be required to provide privileged material. And Fanatics' "obligations under Rule 30(b)(6) obviously cease" if Fanatics "does not possess knowledge of the topics in a Rule 30(b)(6) notice." *Beverley v. N.Y.C. Health & Hosps.*, 2024 WLW 2125402, at *6 (S.D.N.Y. May 13, 2024) (citation omitted). Further, Panini had the opportunity to seek this discovery directly from Goldman Sachs, but chose not to do so.

***<u>Panini Topic 4</u>***: *In this Topic, Panini seeks testimony regarding "Fanatics' knowledge of, and compliance with, any non-solicitation and confidentiality restrictions applicable to current or former Panini employees, and the context of and statements" in three documents Panini identified.*

The testimony regarding the three documents is not in dispute. Fanatics also agreed to prepare a witness to discuss "Fanatics' knowledge of any non-solicitation or confidentiality restrictions applicable to current or former Panini employees on or prior to April 28, 2023." Ex. 3 at 3. Panini refused to accept that offer, insisting that a witness also must be prepared to testify regarding Fanatics' "compliance with" any "non-solicitation and confidentiality restrictions applicable to" Panini employees. *Id.* at 1.

The Court should quash this Topic, or at least reject Panini's request for irrelevant and duplicative testimony regarding "compliance" with Panini's supposed employment agreements. Panini filed a separate lawsuit to advance its employment allegations. *Panini America v. Eli Nicholas Matijevich, Jr.*, No. 23-DC-04798 (Tex. Dist. Ct. Apr 14, 2023). But those issues are irrelevant to this later-filed antitrust litigation. Moreover, Panini explored this issue in at least 17 depositions, for countless hours, including over an hour yesterday with a former Panini employee. A corporate representative can provide no further testimony, and seeking it is "counterproductive and wasteful." *Baker v. Saint-Gobain*, 2024 WL 4523805, at *5 (N.D.N.Y. Mar. 21, 2024).

***<u>Panini Topic 6</u>***: *Information concerning the quality of Your Sports Trading Card products, including but not limited to: (a) any known defects, collation errors, missing inserts, off-center cutting, delamination, or other manufacturing defects in Sports Trading Cards produced by or for Fanatics, and the frequency and severity of such defects; (b) any allegations, complaints, or investigations—whether internal or external—concerning the intentional pre-sorting, "loading," or preferential allocation of boxes or cases containing a disproportionate number of high-value, rare, or limited-edition cards to particular streamers, Case Breakers, influencers, or other preferred customers or partners; and (c) policies, procedures, or practices governing the allocation, distribution, or sequencing of high-value or limited-edition cards across boxes, cases, or product runs, including any practices designed to ensure or undermine randomization.*

Panini has not offered to narrow this Topic. This Topic is both irrelevant and impossibly broad, in that it captures "any known defects" or "complaints" across, likely, billions of trading cards that Fanatics has produced. Additionally, it vaguely requests testimony regarding allegations, complaints, practices, or procedures that Panini has never identified or described, sending Fanatics on an unreasonable fishing expedition. *Syntel Sterling*, 2018 WL 11455780, at *4; *DDK Hotels*, 2022 WL 2702378, at *6, *9. Panini's own quality defects are relevant because they motivated licensors to move away from Panini. The same is not true of Fanatics.

* * *

Because Fanatics' corporate representative is available to testify on November 20, but Panini is refusing to go forward (and is instead threatening to seek to delay the schedule), Fanatics requests emergency Court intervention. Namely, Fanatics seeks a conference call to decide the scope of Panini's four disputed Topics so that a deposition may proceed on November 20, as scheduled. Alternatively, Fanatics remains willing to mutually dispense with 30(b)(6) depositions and/or provide interrogatory responses, as long as neither impacts the agreed-upon schedule.

Respectfully submitted,

*/s/ Michael B. Carlinsky*[1]
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1200

*Counsel for Fanatics*

[1] Fanatics uses electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.