# EXHIBIT 4

**From:** David Johnson (DC)
**Sent:** Friday, November 6, 2026 4:27 PM
**To:** Jessica Mugler; Stuart Singer; Eric Brenner; Sabria McElroy; Meredith Schultz; Mark B. Singer; Rachael Schafer
**Cc:** Lawrence Buterman (NY-DC); Amanda Reeves (DC); Lindsay Martin (NY); Brian Goodell (DC); Adam Chernicoff (NY); Alicia Jovais (Bay Area); Christina Lantuh (NY); Michael Carlinsky; Derek Shaffer; Kathryn Bonacorsi; Ted Ovrom; Neil Phillips; Yvonne Zhang; Sophie Pearlman
**Subject:** RE: Notice of Fanatics 30(b)(6) Deposition

Counsel,

We write in response to Panini's revised list of 30(b)(6) Topics to Fanatics. Panini continues to maintain a long list of overbroad Topics, nearly all of which Fanatics witnesses addressed at length in 30(b)(1) depositions. If Panini does not significantly narrow or drop proposed Topics, Fanatics reserves all rights, including the right to seek a protective order from the Court, if necessary.

Fanatics' position on each topic is below.

1. **Consideration Provided To Licensors and OneTeam**: Fanatics objects to this Topic as vague, ambiguous, overbroad, duplicative, unduly burdensome, and not sufficiently described to permit Fanatics to reasonably prepare a witness. Panini has received extensive 30(b)(1) testimony on this Topic from multiple Fanatics witnesses, including from the employees most knowledgeable about this Topic, and the non-party licensors. Furthermore, the consideration provided is evident in the agreements themselves, which Fanatics has produced.

2. **Market Definition**: Fanatics objects to this Topic as vague, ambiguous, overbroad, duplicative, unduly burdensome, and not sufficiently described to permit Fanatics to reasonably prepare a witness. If Panini identifies the specific analyses that it has not received sufficient testimony regarding, Fanatics will meet and confer regarding whether a witness is needed on this Topic. Otherwise, Fanatics will not designate a witness for this Topic.

3. **Investor Materials Prepared by Goldman Sachs**: This Topic is vague, ambiguous, and overbroad. The Topic also seeks information that is beyond Fanatics' knowledge. Subject to those objections, Fanatics is willing to put forward a witness to testify to the non-privileged aspects of Fanatics' knowledge, if any, of the Investor Presentation Plaintiff identified (FAN-PAN-SDNY00482327). In doing so, Fanatics will not serve as a conduit for Plaintiff to seek discovery into Goldman that is outside of Fanatics' knowledge.

4. **Hiring of Panini Employees**: Fanatics objects to this Topic as vague, ambiguous, overbroad, duplicative, unduly burdensome, and not sufficiently described to permit Fanatics to reasonably prepare a witness. Panini has received extensive 30(b)(1) testimony on this Topic from multiple Fanatics witnesses, including from the employees most knowledgeable about this Topic. Fanatics further objects to this Topic as irrelevant to any antitrust claim or defense.

5. **Pricing Policies and Practices**: Fanatics objects to this Topic as vague, ambiguous, overbroad, duplicative, unduly burdensome, and not sufficiently described to permit Fanatics to reasonably prepare a witness. If Panini significantly narrows this Topic, Fanatics will meet and confer regarding this Topic.

6. **Product Quality and Control**: Fanatics objects to this Topic as vague, ambiguous, overbroad, duplicative, unduly burdensome, and not sufficiently described to permit Fanatics to reasonably prepare a witness. If Panini significantly narrows Topic 6(a) to clarify the issues Panini is seeking, Fanatics will meet and confer on Topic 6(a).

7. **Distribution Policies and Practices**: Fanatics objects to this Topic as vague, ambiguous, overbroad, duplicative, unduly burdensome, and not sufficiently described to permit Fanatics to reasonably prepare a witness. If Panini significantly narrows this Topic and identifies specific agreements, relationships, or resellers it is interested in, Fanatics will meet and confer on this Topic.

8. **Exclusive Athlete Agreements Entered Before The Exclusive Licenses**: Fanatics objects to this Topic as vague, ambiguous, overbroad, duplicative, unduly burdensome, and not sufficiently described to permit Fanatics to reasonably prepare a witness. Panini has received extensive 30(b)(1) testimony on this Topic from multiple Fanatics witnesses, including from the employees most knowledgeable about this Topic. Any additional testimony is unduly burdensome and not proportional to the needs of the case.

9. **Statements and Communications Concerning Panini**: Fanatics objects to this Topic as vague, ambiguous, overbroad, duplicative, unduly burdensome, and not sufficiently described to permit Fanatics to reasonably prepare a witness. Panini deposed the Fanatics employees named in this Topic, and Panini had the opportunity to ask these individuals, directly, any questions it would like. Any additional testimony on this Topic would be duplicative and unduly burdensome. Further, Panini did not identify a single actual statement in response to Fanatics' Interrogatory No. 9 in Case No. -9714, which asked Panini to identify false, derogatory, or defamatory statements that it is relying on in support of Count 9 of Panini's Amended Complaint. Thus, it would be impossible to prepare any witness on this Topic.

10. **Early Termination And Buyout Discussions With Panini**: Fanatics objects to this Topic to the extent it seeks privileged information regarding an HSR filing or antitrust risk assessment related to Fanatics' alleged efforts to acquire Panini. Nonetheless, Fanatics agrees to designate a corporate representative to testify to Topic 10 to the extent non-privileged, relevant information exists and is within Fanatics' reasonably ascertainable knowledge.

11. **Fanatics' Tortious Interference Claims**: Fanatics objects to this Topic as vague, ambiguous, overbroad, duplicative, unduly burdensome, and not sufficiently described to permit Fanatics to reasonably prepare a witness. Fanatics provided sufficient information on this Topic in its Responses and Objections to Panini's Interrogatories in Case No. -6895. Panini has not complained about the adequacy of those Interrogatory Responses.

12. **Document Preservation and Collection**: Fanatics agrees to designate a corporate representative to testify to Topic 12 to the extent non-privileged, relevant information exists and is within Fanatics' reasonably ascertainable knowledge.

Best,
David

---

**From:** Jessica Mugler
**Sent:** Wednesday, November 4, 2026 1:59 PM
**To:** Buterman, Larry (NY-DC) ; Michael Carlinsky ; Derek Shaffer ; Jovais, Alicia (Bay Area) ; Kathryn Bonacorsi ; Reeves, Mandy (DC) ; Johnson, David (DC) ; Ted Ovrom ; Martin, Lindsay (NY) ; Goodell, Brian (DC) ; Chernicoff, Adam (NY) ; Neil Phillips ; Yvonne Zhang ; Lantuh, Christina (NY) ; Sophie Pearlman
**Cc:** Stuart Singer ; Eric Brenner ; Sabria McElroy ; Meredith Schultz ; Mark B. Singer ; Rachael Schafer
**Subject:** Notice of Fanatics 30(b)(6) Deposition

Counsel,

Please see the attached notice of 30(b)(6) deposition.

Thanks,

**Jessica Mugler**
Associate
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
(c) +1 636-697-6497
(d) +1 202-274-1169
jmugler@bsfllp.com
www.bsfllp.com

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]