BOIES SCHILLER FLEXNER

November 19, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Panini's Motion to Compel More Deposition Time**

Dear Judge Figueredo:

Pursuant to Federal Rule of Civil Procedure 30(d)(1), Local Civil Rule 37.2, and Rule II(c)(2) of the Court's Individual Civil Rules, Panini America, Inc. ("Panini") respectfully moves for an additional four hours of deposition time with the most senior member of Fanatics' organization: CEO Michael Rubin. When Panini deposed Mr. Rubin, it was operating under the understanding that the parties had agreed to seven hours of deposition time for all witnesses, regardless of circumstance, as set forth in the deposition protocol. The Court has now found that good cause exists for modification of the deposition protocol's seven-hour presumption for each of Lincoln, Citigroup, and Anna Baroni. ECF No. 694 at 1; ECF No. 734 at 1. As to Lincoln and Citigroup, the Court found that the witnesses had "unique and highly relevant testimony." ECF No. 694 at 1. As to Ms. Baroni, the Court found that additional questioning was necessary "given her extensive involvement in the entire business, including as it concerns the at-issue licenses," and because she "exercised decision making power over aspects of the business" important to the case. ECF No. 734 at 1–2. Each of these reasons applies multiple-fold to Mr. Rubin.

## I. Background

Panini deposed Mr. Rubin on October 8, 2026, for approximately 6 hours and 54 minutes.[1] At the time, Panini understood the agreed deposition protocol to unambiguously contemplate one deposition day of seven hours for all witnesses, no matter the circumstances, as Panini represented to the Court. *See* ECF No. 625 at 1–2; ECF No. 688 at 2. Panini took the deposition of Mr. Rubin on this basis. The Court initially agreed with Panini's understanding of the deposition protocol, denying Fanatics' motion for more deposition time with Ms. Baroni and Mr. Faria on the basis that "the parties agreed to a firm 7-hour deposition limit for all witnesses." ECF No. 661 at 5. The Court further suggested that Fanatics could have more time with Ms. Baroni and Mr. Faria if it offered Panini more time with Mr. Rubin. ECF No. 729 (Oct. 22, 2026 Hr'g Tr.) at 3:24–4:4. Fanatics never approached Panini about this compromise.

The Court recently revisited its conclusion that the parties agreed to a firm seven-hour deposition limit for all witnesses. First, it granted Fanatics additional deposition time with each of Lincoln and Citigroup, ordering a twelve-hour deposition for each because they had "unique and highly relevant testimony." ECF No. 694 at 1. Second, the Court granted Fanatics' motion for reconsideration as to additional time with Ms. Baroni, finding good cause for extra time with Ms.

[1] At the end of the deposition, there was some disagreement over how much time Panini had left, if any. Counsel for Panini ended the deposition by stating, "I'm going to accept people's representation that I'm out of time."

BSF

Baroni because of her "extensive involvement in the entire business, including as it concerns the at-issue licenses" and her "decision making power over aspects of the business that are important to Fanatics' defenses in this case." ECF No. 734 at 1–2. In so doing, the Court suggested that Panini "could similarly make an application now to reopen the deposition" with Fanatics' CEO, Mr. Rubin. ECF No. 745 (Nov. 10, 2026 Hr'g Tr.) at 29:3–9. Panini now makes such an application for the reasons stated below.

## II. <u>Legal Standard</u>

"A district court has broad discretion to set the length of depositions appropriate to the circumstances of the case." *Arista Recs. LLC v. Lime Grp. LLC*, 2008 WL 1752254, at *1 (S.D.N.Y. Apr. 16, 2008). A court "*must* allow additional time . . . if needed to fairly examine the deponent." *Id.* (quoting Fed. R. Civ. P. 30(d)(1)). This Court has found that additional time was warranted to fairly examine a deponent because of the deponent's "extensive involvement in the entire business, including as it concerns the at-issue licenses" and "decision making power over aspects of the business that are important to" the defenses in this case. ECF No. 734 at 1–2. It further found that "good cause exists for modification of the deposition protocol" where "witnesses have unique and highly relevant testimony." ECF No. 694 at 1.

## III. <u>Good Cause Exists to Grant Panini Four Hours of Additional Time with Mr. Rubin, the Most Important Witness in the Case</u>

Panini should be afforded more deposition time with Mr. Rubin. He is the CEO of the entire Fanatics organization and the most important witness in the case. There can be no disagreement that Mr. Rubin has "extensive involvement" in the entire Fanatics business, including the "at-issue licenses." By his own account, [redacted]

There can similarly be no disagreement that Mr. Rubin has "decision making power over aspects of the business that are important to" Panini's claims in this case. Mr. Rubin [redacted]

Further, Mr. Rubin has unique and highly relevant testimony on numerous topics that Panini did not have time to cover with him. Additional time is needed to fairly examine Mr. Rubin

BSF

on these topics, which include:

Investor presentations. Fanatics' 2021 investor presentation materials include statements highly relevant to Panini's claims in this case, including two of the most central issues here: [redacted] Accordingly, he has unique, highly relevant knowledge of Fanatics' investment presentation materials and discussions and the statements made therein.

Product quality. Fanatics' poor product quality is relevant to showing that Fanatics' market power has resulted in diminished quality and other consumer harms. It is also relevant to disproving Fanatics' purported defenses, including its claims of innovation, competition on the merits, and purported "quality enhancements … across the board." ECF No. 173 at 3. Fanatics has been accused of overproducing trading cards, Ex. 9 (*2025 Fanatics Topps Flood: How Overproduction Crushed Card Values for Everyday Fans*, Jan. 31, 2026), and "loading" boxes for casebreakers, Ex. 10 (*Independent audit firm finds Topps cards packaged at random following 'loaded boxes' accusations*, April 29, 2024). Both result in diminished product quality for consumers. Mr. Rubin likely has unique, highly relevant knowledge of these issues [redacted]

Rookie lock-up. Mr. Rubin further has unique, highly relevant knowledge of Fanatics' efforts to lock up star, rookie athletes solely to harm Panini. According to [redacted]

These are only examples. Four additional hours of deposition time is a modest request. Fanatics argues that Panini should not get more time with Mr. Rubin because his deposition occurred in October. But Panini is moving expeditiously to reopen Mr. Rubin's deposition after the Court rejected Panini's understanding of the time allotted under the deposition protocol on November 10. Fanatics further argues that Panini should not get more time with Mr. Rubin because he speaks English, so there is no interpreter issue. But the Court granted Fanatics' request for more time with each of Lincoln and Citigroup, over Panini's objection, even though those witnesses likewise required no interpreters, finding that those witnesses had "unique and highly relevant testimony to Fanatics" that warranted additional time. ECF No. 694 at 1.

Accordingly, Panini respectfully requests it be granted four additional hours of deposition time with Mr. Rubin.

BSF

Respectfully submitted,

*/s/ Stuart Singer*

David Boies
Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
Meredith Schultz*
Pascual Oliu*
Ana Carolina Varela*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com
mschultz@bsfllp.com
poliu@bsfllp.com
avarela@bsfllp.com

James P. Denvir*
Richard A. Feinstein*
William Harvey
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com
wharvey@bsfllp.com

*Counsel for Panini America, Inc.*

**pro hac vice*

cc: All Counsel of Record (by ECF)