BOIES SCHILLER FLEXNER

November 20, 2026

**<u>Via ECF</u>**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York NY 10007-1312

**Re: *Panini America Inc. v. Fanatics Inc. et al.* No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Letter Motion for Permanent Sealing (ECF No. 617-2)**

Dear Judge Figueredo:

We write on behalf of Panini America, Inc. ("Panini") in the above-referenced matter, pursuant to the Court's October 20, 2026 Order (ECF No. 632), to request permanent sealing of an exhibit filed by Fanatics in connection with its October 14, 2026 Letter Motion (ECF No. 617), specifically Exhibit B thereto (ECF No. 617-2). Fanatics provisionally filed Exhibit B under seal (ECF No. 615) and the Court directed Panini to submit a letter establishing why permanent sealing is appropriate under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) (ECF No. 632). Fanatics does not object to permanent sealing of Exhibit B.

In the Second Circuit, courts balance the common-law presumption of access to judicial documents against countervailing factors, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120. "Business secrecy" is an established factor "that can outweigh the presumption of public access." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). Sealing is appropriate where it is essential to preserve higher values and narrowly tailored to serve that interest.

Exhibit B (ECF No. 617-2) meets this standard. This exhibit is a document produced by third-party Citigroup (PAN-CITI-SDNY 000009363), which it designated Outside Counsel Eyes' Only pursuant to the Protective Order (ECF No. 160). The document features an email chain between Panini S.p.A. executives and Citigroup advisors discussing non-public competitive and commercially sensitive information. These matters implicate both Panini's legitimate business-secrecy interests as well as those of non-party Citigroup. *See Lexington Furniture Industries, 2021 WL 1143694 at *2*. Panini (and Citigroup) would experience competitive harm if this commercially sensitive information were made public, including through potential competitors or buyers using the information against Panini or Citigroup in potential commercial negotiations.

Panini's request is also narrowly tailored. The proposed sealing does nothing to obscure the nature of the dispute, the parties' competing positions concerning litigation holds and ESI preservation, or the legal authorities on which the parties rely. Exhibit B is entirely collateral to

BSF

the narrow discovery issue presented by Fanatics' Letter Motion and unnecessary for the public to understand either the parties' legal arguments or the Court's disposition.

Non-party Citigroup requested Panini include its position as follows:

Non-party Citigroup joins Panini's request that Exhibit B (ECF No. 617-2) be permanently sealed. Citigroup designated this document "Outside Counsel Eyes Only" under the Protective Order. It is a non-public internal email chain among members of a Citigroup deal team, prepared during Citigroup's engagement as a financial adviser. In it, the deal team reviews a public announcement and gives its internal assessment of whether it could create competitive sensitivities for the engagement. The chain also includes a confidential communication between a Citigroup banker and a third party about a meeting with a prospective counterparty.

Disclosure would reveal how Citigroup's deal teams monitor market developments, assess competitive sensitivities, and evaluate counterparties during sell-side M&A processes. Competitors and counterparties could use that information to Citigroup's disadvantage. The document also contains the names and contact information of non-party Citigroup personnel and an internal distribution list. Citigroup's internal processes are not at issue here. Fanatics cites this exhibit only in connection with a discovery dispute between the Parties.

Accordingly, Panini and Citigroup respectfully submit that good cause exists to permanently seal Exhibit B at ECF No. 617-2.

MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

Dated: November 24, 2026

The motion to seal is **GRANTED**. Panini and Citigroup have adequately explained why sealing is necessary to protect commercially sensitive information. The Clerk of Court is respectfully directed to close the motions at ECF Nos. 617 and 761.

Respectfully submitted,

*/s/ Stuart Singer*

David Boies
Eric Brenner
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York NY 10001
Telephone: (212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

Stuart H. Singer*
Sabria A. McElroy*
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale FL 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com

BSF

smcelroy@bsfllp.com

James P. Denvir*
Richard A. Feinstein*
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave NW
Washington DC 20005
Telephone: (202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com

*Counsel for Panini America Inc.*

**pro hac vice*

cc: All Counsel of Record (by ECF)