LATHAM&WATKINS LLP quinn emanuel trial lawyers | new york

November 20, 2026

**VIA ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Fanatics' Letter Motion to Seal Forthcoming Opposition Letter Motion

Dear Judge Figueredo:

We write on behalf of Fanatics in the above-referenced matter to request permission to file under seal unredacted versions of Fanatics' forthcoming Letter Motion (the "Letter Motion") in opposition to Panini's October 19, 2026 letter motion seeking appointment of a Special Master or, alternatively, *in camera* review of certain documents on Fanatics' Amended Privilege Logs. *See* ECF No. 629. Fanatics also seeks permission to file under seal unredacted versions of Fanatics' Exhibits 1 through 3 thereto. The Letter Motion and Exhibits characterize, quote from, or include Fanatics' Privilege Log, which Fanatics designated "Highly Confidential" pursuant to the Protective Order.[1] They likewise disclose Fanatics' confidential third-party business relationships and licensing strategy. Fanatics respectfully submits that its continued privacy interests in these commercially and competitively sensitive documents outweigh the presumption of open access to documents filed on the docket.

Fanatics respectfully requests that this Court grant Fanatics' request to file under seal competitively sensitive business information that would harm Fanatics' competitive standing if disclosed. *See New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (granting motion to seal "business information that might harm a litigant's competitive standing in the market"). The information proposed for sealing concerns Fanatics' confidential licensing negotiations and proprietary strategy information, as well as Fanatics' confidential business communications. Courts in this district routinely find good cause to seal this sort of "confidential commercial information . . . particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors." *Actavis*, 2014 WL 5353774, at *3; *see also In re Google Digital Advertising Antitrust Litig.*, 2026 WL 959978, at *2 (S.D.N.Y. Apr. 8, 2026) ("A showing that the information sought to be sealed is proprietary business information treated as confidential, such as internal analyses, business

[1] The Protective Order allows documents to be designated "Highly Confidential" to "protect the interests of the producing party in information for which unauthorized disclosure would result in competitive, commercial, or financial harm." ECF No. 160 ¶¶ 2–4.

strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents."). Further, because the Letter Motion is a non-dispositive discovery submission, the presumption of access is "somewhat lower," and the reasons for sealing "need not be as compelling." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *see also CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *3 (S.D.N.Y. Sept. 10, 2021) ("Established factors and values that can outweigh the presumption of public access include legal privilege, business secrecy, and privacy interests."). Consistent with these principles, this Court has previously sealed descriptions of privileged communications contained in a privilege log. *See* ECF No. 527 (granting motion to seal privilege log in its entirety).[2]

Fanatics' proposed redactions to the Letter Motion are limited to discrete passages that describe Fanatics' highly confidential and commercially sensitive business information and the Highly Confidential privilege log entries. They would leave Fanatics' legal arguments and the remainder of the Letter Motion available on the public docket. Where, as here, the public "would still be able to understand the Court's rationale for its decision without the specific [redacted] details," sealing is appropriate. *CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-CV-2581 (PKC) (JLC), 2021 WL 4135007, at *5 (S.D.N.Y. Sept. 10, 2021).

As set forth in the chart below, Fanatics respectfully submits that Exhibits 1 through 3 and the following limited excerpts of the Letter Motion warrant sealing:[3]

| ECF No. | Description | Reason for Sealing |
|---|---|---|
| Exhibit 1 to the Letter Motion | October 19, 2026 email from B. Goodell to R. Forbush regarding Sealing and Confidentiality Designations | Quotes and characterizes the contents of Fanatics' privilege logs and describes Fanatics' confidential business information, including the identities of and specific relationships with certain co-investors, joint venture partners, and advisors. Describes nonpublic information about Fanatics' internal governance and document review processes. Public disclosure of this information would reveal commercially and competitively sensitive descriptions of privileged communications. It would also reveal highly confidential, nonpublic |

[2] This Court has repeatedly granted Fanatics' sealing requests to protect confidential business information in this action. *See* ECF No. 424 (finding Fanatics made "an appropriate showing under *Lugosch*" to seal "competitively sensitive commercial information"); ECF No. 517 (granting motion to seal exhibits containing confidential financial data, strategic analyses, and deal terms); ECF No. 527 (granting motion to seal exhibits containing confidential business information regarding the parties' financial and organizational structure, business operations, and negotiations); ECF No. 544 (granting motion to seal excerpts revealing confidential licensing negotiations and proprietary financial data).

[3] The proposed redactions to the Letter Motion are designated with yellow highlighting in the sealed version of the Letter Motion.

| ECF No. | Description | Reason for Sealing |
|---|---|---|
| | | information about Fanatics' proprietary business endeavors and its relationships with third parties. |
| Exhibit 2 to the Letter Motion | September 24, 2026 Letter from Panini to Fanatics regarding Amended Privilege Logs | Quotes and characterizes the contents of Fanatics' amended privilege logs, including descriptions of the subject matter of privileged communications. Describes Fanatics' confidential business information, including its trading card license negotiations, its gaming business, and its investment and commercial relationships with third parties. Public disclosure of this information would reveal commercially and competitively sensitive descriptions of privileged communications. It would also reveal highly confidential, nonpublic information about Fanatics' proprietary business endeavors and the confidential dealings of non-parties. |
| Exhibit 3 to the Letter Motion | Privilege log entries describing requests for and provision of legal advice | Designated Highly Confidential under the Protective Order. Reflects the dates, participants, and subject matter of privileged communications and work product. Also reflects personal contact information of Fanatics employees. Public disclosure would reveal commercially and competitively sensitive descriptions of privileged communications. |
| Letter Motion at 2 | Excerpt of Letter Motion beginning after "three categories of communications—" to before "—ignore the specificity" | Quotes the contents of Fanatics' privilege log. Public disclosure of this information would reveal the commercially and competitively sensitive subject matter of privileged communications described in Fanatics' privilege log. |
| Letter Motion at 2 | A.i. section heading. | Same as previous row. |
| Letter Motion at 2 | Excerpt of Letter Motion beginning after "Fanatics described as" through before "arguing that there is" | Same as previous row. |
| Letter Motion at 2 | A.ii. section heading. | Same as previous row. |
| Letter Motion at 2 | Excerpt of Letter Motion beginning after "Fanatics described as" through the end of the sentence. | Same as previous row. |

| ECF No. | Description | Reason for Sealing |
|---|---|---|
| Letter Motion at 2 | Excerpt of Letter Motion beginning after "“business-oriented topics like” through the end of the sentence. | Same as previous row. |
| Letter Motion at 2 | Excerpt of Letter Motion beginning after “that use of the phrase” through before “as part of its re-review.” | Same as previous row. |
| Letter Motion at 2 | Excerpt of Letter Motion beginning after “legal advice concerning” through before “was being conveyed or otherwise” | Characterizes the contents of Fanatics’ privilege log. Public disclosure of this information would reveal the commercially and competitively sensitive subject matter of privileged communications described in Fanatics’ privilege log. |
| Letter Motion at 2 | Excerpt of Letter Motion beginning after “argument, topics like” through before “are often entirely” | Quotes the contents of Fanatics’ privilege log. Public disclosure of this information would reveal the commercially and competitively sensitive subject matter of privileged communications described in Fanatics’ privilege log. |
| Letter Motion at 3 | A.iii. section heading. | Same as previous row. |
| Letter Motion at 3 | Excerpt of Letter Motion beginning after “Fanatics described as” through before “asserting these emails have” | Same as previous row. |
| Letter Motion at 3 | Excerpt of Letter Motion beginning after “engaged in discussions regarding” through the end of the sentence. | Characterizes the contents of Fanatics’ privilege log. Public disclosure of this information would reveal the commercially and competitively sensitive subject matter of privileged communications described in Fanatics’ privilege log. |
| Letter Motion at 3 | Excerpt of Letter Motion beginning after “That is false:” through before “*See In re Bank of New York*” | Reflects highly confidential business information about non-party entities and their specific relationship to Fanatics. Public disclosure of this information would reveal competitively sensitive information about Fanatics’ and third parties’ business endeavors. |
| Letter Motion at 3 | Excerpt of Letter Motion beginning after “as is the case with” through the end of the sentence. | Same as previous row. |
| Letter Motion at 3, Footnote 3 | Excerpt of Letter Motion beginning after “various legal | Characterizes the contents of Fanatics’ privilege log. Public disclosure of this information would reveal the commercially and |

| ECF No. | Description | Reason for Sealing |
|---|---|---|
| | aspects of the" through the end of the sentence. | competitively sensitive subject matter of privileged communications described in Fanatics' privilege log. |

Accordingly, Fanatics respectfully submits that there is good cause to file under seal Exhibits 1 through 3 and the limited excerpts of the Letter Motion detailed in the chart above.

Respectfully submitted,

*/s/ Michael B. Carlinsky*[4]
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1200

*Counsel for Fanatics*

cc: All Counsel of Record (via ECF)

**MEMO ENDORSED**

**HON. VALERIE FIGUEREDO**
**UNITED STATES MAGISTRATE JUDGE**

**Dated: November 24, 2026**

The motion to seal is **GRANTED**. Fanatics has adequately explained why sealing is necessary to protect commercially sensitive information.

[4] Fanatics uses electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.