LATHAM & WATKINS LLP quinn emanuel trial lawyers | new york

November 20, 2026

**VIA ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023)

Dear Judge Figueredo:

We write on behalf of Fanatics in the above-referenced matter to request permission to file under seal unredacted versions of Fanatics' forthcoming Letter Opposition to Panini's Motion to Extend Discovery ("Opposition") and Exhibits 1–3 to the accompanying Declaration. The Opposition and Exhibits 1–3 contain references to deposition transcripts produced and designated "Outside Counsel Eyes Only" pursuant to the Confidentiality Stipulation and Protective Order. *See* ECF No. 160 ("Protective Order"). Exhibits 1–3 contains excerpts from deposition transcripts that Panini designated Outside Counsel Eyes Only under the Protective Order. Fanatics therefore submits that good cause exists for filing the Opposition and Exhibits 1–3 under temporary seal. However, under the procedure set out in the Protective Order, it is Panini's burden to establish that these filings should remain under seal. The Protective Order provides in relevant part:

> To the extent a party wishes to file with the Court documents or information designated as Designated Materials by an opposing party, that party shall file the Designated Materials electronically under seal in accordance with Rule I.g.2 of the Hon. Valerie Figueredo's Individual Practices In Civil Cases. The filing party shall simultaneously serve counsel for the opposing party via email with the materials filed under seal. Within ten business days of the filing under seal, the designating party shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter. The letter shall attach the documents with any proposed redactions. At the same time as the filing, the party seeking permission to seal shall email a copy of the letter to Judge Figueredo's chambers, with the proposed redactions highlighted in yellow.

Protective Order ¶ 17.

Pursuant to Rule I.g.2. of the Court's Individual Practices In Civil Cases, Fanatics will file sealed versions of the Opposition and Exhibits 1–3 thereto with the proposed redactions highlighted in yellow, provide copies of the same via email, and file redacted versions on the docket.

Respectfully submitted,

*/s/ Michael B. Carlinsky*[1]
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1200

*Counsel for Fanatics*

cc: All Counsel of Record (via ECF)

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: November 24, 2026**

Panini is directed to submit a letter establishing why sealing is appropriate under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 11 (2d Cir. 2006), by **January 4, 2027**.

[1] Fanatics uses electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.