LATHAM & WATKINS LLP quinn emanuel trial lawyers | new york

November 16, 2026

**VIA ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023) – Fanatics' Response to Panini's Letter Motion to Seal (ECF No. 611)

Dear Judge Figueredo:

We write on behalf of Fanatics in the above-referenced matter to request permanent sealing of limited excerpts of Panini's Response and Cross-Motion regarding Fanatics' October 5, 2026 letter motion (ECF No. 612, "Panini's Response") that quote from or purport to summarize Exhibits A and B (ECF Nos. 612-1 and 612-2). We also request permanent sealing of Exhibits A and B in their entirety. Exhibit A contains highly confidential excerpts of the October 8, 2026 deposition of Fanatics' Founder & Chief Executive Officer, Michael Rubin.[1] Exhibit B contains excerpts of Fanatics' July 17, 2026 privilege log, which Fanatics designated "Highly Confidential" pursuant to the Protective Order.[2] Fanatics respectfully submits that its continued privacy interests in the material identified below, which includes commercially and competitively sensitive descriptions of privileged communications, personal information of Mr. Rubin, and commercially and competitively sensitive business information, outweigh the presumption of open access to documents filed on the docket.

Fanatics respectfully requests that this Court maintain under seal competitively sensitive business information that would harm Fanatics' competitive standing if disclosed. *See New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (granting motion to seal "business information that might harm a litigant's competitive standing in the market"). The information proposed for sealing concerns Fanatics' confidential business communications and confidential personal information about Fanatics' Founder & CEO. Courts in this district routinely find good cause to seal this sort of "confidential commercial information . . . particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors." *Actavis*, 2014 WL 5353774, at *3; *see also In re Google Digital Advertising Antitrust Litig.*, 2026 WL 959978, at *2 ("A showing that the information

[1] Fanatics' confidentiality designations regarding Mr. Rubin's deposition testimony are currently due on November 20, 2026.

[2] The Protective Order allows documents to be designated Highly Confidential" to "protect the interests of the producing party in information for which unauthorized disclosure would result in competitive, commercial, or financial harm." ECF No. 160 ¶¶ 2–4.

sought to be sealed is proprietary business information treated as confidential, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents.").[3] This Court likewise has the power to seal documents to protect individuals' personal information and their legitimate expectations of privacy. *See Sajous v. Decker*, 2019 WL 13246809, at *3 (S.D.N.Y. Sept. 25, 2019) (sealing "documents [that] contain personal information"); *Kewazinga Corp. v. Google LLC*, 2020 WL 8224932, at *1 (S.D.N.Y. July 22, 2020) (finding it proper to seal confidential "personal information"); *In re Google Digital Advertising Antitrust Litig.*, 2026 WL 959978, at *3 (S.D.N.Y. Apr. 8, 2026) (permitting redaction of non-executive employee names and all employees' electronic contact information). Further, this Court has previously sealed descriptions of privileged communications contained in a privilege log. *See* ECF No. 527 (granting motion to seal privilege log in its entirety).

Fanatics' proposed redactions to Panini's Response are limited to discrete passages that quote from or characterize the sealed deposition testimony and privilege log entries. They leave Panini's legal arguments and the remainder of Panini's Response available on the public docket. Where, as here, the public "would still be able to understand the Court's rationale for its decision without the specific [redacted] details," sealing is appropriate. *CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-CV-2581 (PKC) (JLC), 2021 WL 4135007, at *5 (S.D.N.Y. Sept. 10, 2021); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (judicial documents may be sealed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest").

As set forth in the chart below, Fanatics respectfully submits that Exhibits A and B and the following limited portions of Panini's Response warrant sealing:[4]

| ECF No. | Description | Reason for Sealing |
|---|---|---|
| 612-1 (Exhibit A) | Excerpts of the October 8, 2026 deposition of Fanatics' Founder & Chief Executive Officer, Michael Rubin. | Reflects personal information of Mr. Rubin as well as Fanatics' confidential business strategies, including communications with licensors, potential acquisitions, and the terms of a commercial partnership. Public disclosure |

[3] This Court has repeatedly granted Fanatics' sealing requests to protect confidential business information in this action. *See* ECF No. 424 (finding Fanatics made "an appropriate showing under *Lugosch*" to seal "competitively sensitive commercial information"); ECF No. 517 (granting motion to seal exhibits containing confidential financial data, strategic analyses, and deal terms); ECF No. 527 (granting motion to seal exhibits containing confidential business information regarding the parties' financial and organizational structure, business operations, and negotiations); ECF No. 544 (granting motion to seal excerpts revealing confidential licensing negotiations and proprietary financial data).

[4] The proposed redactions to Panini's Response are designated with yellow highlighting and attached as Exhibit 1 to this sealing request. Fanatics' proposed redactions are more limited than those provisionally sealed by Panini and narrowly tailored to protect Fanatics' confidential and competitively sensitive information.

| ECF No. | Description | Reason for Sealing |
|---|---|---|
| | | would reveal Fanatics' confidential business information. |
| 612-2 (Exhibit B) | Privilege log entries describing requests for and provision of legal advice. | Designated Highly Confidential under the Protective Order. Reflects the dates, participants, and subject matter of privileged communications and work product. Also reflects personal contact information of party and non-party employees. Public disclosure would reveal commercially and competitively sensitive descriptions of privileged communications. |
| 612 at 1 | Excerpt of Panini's Response beginning after "Michael Rubin," through the end of the sentence. | Characterizes Mr. Rubin's deposition testimony in Exhibit A concerning his personal text-messaging practices. Public disclosure would reveal non-public details (and, in some respects, blatant mischaracterizations) about Mr. Rubin's personal communication practices. |
| 612 at 1 | Excerpt of Section I heading of Panini's Response beginning after "from Its" through before "and Rests on" | Same as previous row. |
| 612 at 1 | Excerpt of Panini's Response beginning after "about Panini before" through the end of the sentence. | Same as previous row. |
| 612 at 1 | Excerpt of Panini's Response beginning after "testified that he" through before "Rubin Tr. 153:25-154:15" | Summarizes Mr. Rubin's deposition testimony in Exhibit A. The testimony describes the personal mobile device Mr. Rubin uses for private communications. Public disclosure would reveal personal, non-public information about Fanatics' Founder & CEO and could expose his personal communications to security and privacy risks. |
| 612 at 1–2 | Excerpt of Panini's Response beginning after "(Ex. A); that he has" through before "*id.* 155:7– 156:15" | Quotes and characterizes Mr. Rubin's deposition testimony in Exhibit A. The testimony describes Mr. Rubin's personal practices for managing his private text messages. Public disclosure would reveal personal, non-public information Mr. Rubin's personal communication practices. |
| 612 at 2 | Excerpt of Panini's Response beginning after "*id.* 155:7–156:15" through before "*id.* 176:25–177:1" | Quotes Mr. Rubin's deposition testimony in Exhibit A. The testimony concerns the backup settings and data-storage configuration of Mr. Rubin's personal device. Public disclosure |

| ECF No. | Description | Reason for Sealing |
|---|---|---|
| | | would reveal non-public personal and technical information about how Fanatics' Founder & CEO stores his communications and could expose his personal communications to security and privacy risks. |
| 612 at 2 | Excerpt of Panini's Response beginning after "and that" through before "*id.* 176:21-177:13" | Quotes Mr. Rubin's deposition testimony in Exhibit A. The testimony describes Fanatics' internal coordination between Mr. Rubin's administrative staff and Fanatics' legal team in implementing a litigation hold. Public disclosure would reveal confidential details of Fanatics' internal legal and administrative processes. |
| 612 at 2 | Excerpt of Panini's Response beginning after "*id.* 176:21-177:13" through before "*id.* 222:21-223:8" | Same as previous row. |
| 612 at 2 | Excerpt of Panini's Response beginning after "*id.* 222:21-223:8" through before "*id.* 223:9-18—i.e." | Same as previous row. |
| 612 at 2 | Excerpt of Panini's Response beginning "*id.* 223:9-18—i.e.," through the end of the sentence. | Same as previous row, and also includes Fanatics' counsel's confidential instructions to Mr. Rubin during his deposition. |
| 612 at 2 | Excerpt of Panini's Response beginning after "Rubin Mot. at 3–4." through before "while trying to" | Characterizes Mr. Rubin's deposition testimony in Exhibit A concerning his personal text-messaging practices. Public disclosure would reveal non-public details (and, in some respects, blatant mischaracterizations) about Mr. Rubin's personal communication practices. |
| 612 at 3 | Excerpt of Panini's Response beginning after "relevant documents"—" through the end of the sentence. | Same as previous row. |
| 612 at 3 | Excerpt of Panini's Response beginning after "222:21-223:13." through before "together with the" | Fanatics does not seek to seal this portion of Panini's Response; the Dyroff Declaration quoted in this excerpt was filed publicly on Sept. 11, 2026 (ECF No. 530-3). |
| 612 at 3 | Excerpt of Panini's Response beginning after "Dyroff Decl. ¶¶ 8–12," through "destroyed" | Fanatics does not seek to seal this portion of Panini's Response; it is a high-level legal characterization. |
| 612 at 3 | Excerpt of Panini's Response beginning after "595-1 at 1, | Fanatics does not seek to seal this portion of Panini's Response; it is a high-level |

| ECF No. | Description | Reason for Sealing |
|---|---|---|
| | 5." through before "—despite Fanatics'" | characterization of the contents of Fanatics' privilege log in Exhibit B. |
| 612 at 3 | Excerpt of Panini's Response beginning after "logs instead show" through the end of the sentence. | Quotes and characterizes the contents of Fanatics' privilege log in Exhibit B. Public disclosure of this information would reveal the specific dates and subject matter of privileged communications described in Fanatics' privilege log. |
| 612 at 3 | Excerpt of Panini's Response beginning after "(Priv. Log Nos. 0019095–96) & at 5 (0019138)." through before "Rubin Tr. 222:21-223:13" | Characterizes privilege log entries in Exhibit B and Mr. Rubin's deposition testimony in Exhibit A. Public disclosure would reveal confidential details of Fanatics' internal legal and administrative processes and the purported timing of litigation hold notices. |
| 612 at 3 | Excerpt of Panini's Response beginning after "Rubin Tr. 222:21-223:13, and" through the end of the sentence. | Same as previous row. |
| 612 at 3 | Excerpt of Panini's Response beginning after "together with the" through before "and related hold" | Quotes and characterizes the contents of Fanatics' privilege log in Exhibit B. Public disclosure would reveal the date and subject matter of confidential, privileged communications. |

Accordingly, Fanatics respectfully submits that there is good cause to permanently seal Exhibits A and B and the limited excerpts of the Response detailed in the chart above.

**MEMO ENDORSED**

[signature]

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: November 24, 2026**

The motion to seal is **GRANTED**. Fanatics has adequately explained why sealing is necessary to protect commercially sensitive information.