SIDLEY

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

+1212 839 6785
JHEYWORTH@SIDLEY.COM

November 13, 2026

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York

**Re: *Panini America, Inc. v. Fanatics, Inc. et al.*, No. 1:23-cv-09714-LTS-VF. Non-Party Clearlake Capital Group, L.P.'s Letter Regarding Sealing of ECF 607-4**

Dear Judge Figueredo:

Pursuant to the Court's October 13, 2026 Order (ECF 609) and Paragraph 17 of the Protective Order (ECF 160), non-party Clearlake Capital Group, L.P. ("Clearlake") respectfully requests that four pages of Exhibit 4 to Panini's letter motion to compel, Bates-numbered CCG_00000030 through CCG_00000033 (the "Analysis Pages"), remain under seal. Panini does not oppose sealing. ECF 605.

**Background.** Exhibit 4 is Clearlake's August 2022 investment committee memorandum concerning a fund's investment in Fanatics Holdings, Inc. (ECF 607-4). Clearlake prepared it to decide whether to invest, and it synthesizes Clearlake's confidential and proprietary analysis for that purpose. *See* ECF 683. Clearlake produced it in response to Panini's non-party subpoena and designated it "Outside Counsel Eyes' Only" under Paragraph 4 of the Protective Order, as amended to permit non-parties to so designate their "highly sensitive non-public information" (ECF 405 at 3-4). *See* ECF 607-3 at 7.

The Analysis Pages are the core of Clearlake's assessment of the collectibles market and its financial analysis of, and forecasts for, Fanatics' collectibles business, and revealing that highly-sensitive analysis would provide Clearlake's competitors with an unwarranted and unfair advantage.

**Legal standard.** Courts have "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In exercising that discretion, courts balance the presumption of public access against "countervailing factors," including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citation omitted). Protecting "sensitive business information" is among the "higher values" that "can prevail over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (quotation marks omitted). That is especially true of a non-party's information. "[C]ourts in this Circuit have recognized that protecting confidential non-party information and competitively sensitive business information may constitute higher values sufficient to overcome the presumption of access." *United States v. Anthem, Inc.*, 2026 WL 1230856, at *2 (S.D.N.Y. May 5, 2026). Courts also consider whether the request is "narrowly tailored." *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (quoting *Lugosch*, 435 F.3d at 120).

**The Analysis Pages should remain sealed.** The Analysis Pages are a non-party's proprietary investment analysis. They reveal how Clearlake's investment professionals assessed a market and evaluated a business. That is the kind of information this Court has sealed in this case under *Lugosch*, including a non-party's "internal business strategies, analyses and decision-making structures" (ECF 425) and "sensitive financial valuations and models, and confidential market analysis and business strategy" (ECF 387). *See also FuboTV Inc. v. Walt Disney Co.*, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024) (sealing "proprietary financial analyses, marketing data, and business strategies"). Public disclosure would give Clearlake's competitors and counterparties a view into how Clearlake evaluates and prices investments.

The request is also narrowly tailored. Clearlake seeks to seal only the four Analysis Pages. It does not seek to seal the memorandum's cover or disclosure pages, or any other portion of Exhibit 4. Nor does it seek to maintain the redactions in Panini's letter motion (ECF 607 at 3 n.3), which describe the general subject matter of two pages but reveal no figures or analysis. The Analysis Pages consist almost entirely of financial figures, forecasts, and analysis, so redaction within the pages would leave little of substance and would not meaningfully serve the public interest. *See Stegmann on Behalf of Covetrus, Inc. v. Wolin*, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (granting sealing request where redactions were "narrowly tailored to protect against disclosure of confidential and commercially sensitive information").

* * *

Consistent with Paragraph 17 of the Protective Order (ECF 160) and Rule I(g)(2) of the Court's Individual Practices, Clearlake is filing as Exhibit A a proposed public version of Exhibit 4 to Panini's letter motion to compel with the Analysis Pages redacted, and is emailing chambers a copy with the Analysis Pages highlighted. Clearlake respectfully requests that the Court maintain the viewing restrictions on ECF 607-4 and permit the version attached as Exhibit A, which redacts only CCG_00000030 through CCG_00000033, to be filed as the public version of Exhibit 4.

MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: November 24, 2026**

The motion to seal is **GRANTED**. Clearlake has adequately explained why sealing is necessary to protect commercially sensitive information.

The Clerk of Court is respectfully directed to close the motion at ECF No. 605.